UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:14-CV-1955-T-35AEP

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

      Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPLANY, INC.,
a Nevada corporation,
JEFFREY L. OHAI, an individual California resident,

      Defendants.
_____/

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a Nevada corporation,
JEFFREY L. OHAI, an individual California resident,

      Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

      Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida residents,

      Third-Party Defendants.
_____/

Counterclaim-Defendant Barn Light Electric Co., LLC ("Barn Light Electric"), by and through its undersigned counsel Feldman Gale, P.A., hereby answers the Counterclaim as follows.

## THE PARTIES

1.      Barn Light Electric admits the allegations contained in paragraph 1 of the Counterclaim.

2.      Barn Light Electric admits the allegations contained in paragraph 2 of the Counterclaim.

3.      Barn Light Electric admits the allegations contained in paragraph 3 of the Counterclaim.

4.      Barn Light Electric admits the allegations contained in paragraph 4 of the Counterclaim.

5.      Barn Light Electric admits the allegations contained in paragraph 5 of the Counterclaim.

6.      In response to paragraph 6 of the Counterclaim, Barn Light Electric admits that Counterclaim-Plaintiffs filed an action against Barn Light Electric for (I) Infringement of a Federally Registered Trademark pursuant to 15 U.S.C § 114 et al.; (II) Common Law Trademark Infringement; (III) Unfair Competition (Trademark Infringement) pursuant to § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and Florida common law; (IV) Unfair Competition ("Reverse Passing Off") pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Florida common law; and (V) False Advertising pursuant to § 43(a)(1)(B) of the Lanham Act, 15 U.S.C.

§ 1125(a)(1)(B) , but denies that any of Counterclaim-Plaintiffs' claims have merit.

7.      In response to paragraph 7 of the Counterclaim, Barn Light Electric admits that Counterclaim-Plaintiffs filed an action against Bryan Scott and Donna Scott for (VI) Contributory Infringement of a Federally Registered Trademark; and (VII) Vicarious Infringement of a Federally Registered Trademark, but denies that any of Counterclaim-Plaintiff's claims have merit.

8.      Barn Light Electric is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 8 of the Counterclaim, and therefore denies the same.

## VENUE AND JURISDICTION

9.       In response to paragraph 9 of the Counterclaim, Barn Light Electric admits that Counterclaim-Plaintiffs filed an action under the Lanham Act and 28 U.S.C. § 1338(a), but denies that any of Plaintiffs' claims have merit.

10.      Barn Light Electric admits its principal place of business is in this district, Bryan and Donna Scott are domiciled in this district, and jurisdiction and venue are proper in the Middle District of Florida.  Barn Light Electric otherwise denies the allegations in paragraph 11 of the Counterclaim.

11.      Barn Light Electric admits it operates an interactive website and solicits customers in this Judicial District, and that personal jurisdiction and venue are proper in the Middle District of Florida.  Barn Light Electric otherwise denies the allegations contained in paragraph 11 of the Counterclaim.

12.      Barn Light Electric admits the allegations contained in paragraph 12 of the

Counterclaim.

13.     Barn Light Electric admits the allegations contained in paragraph 13 of the Counterclaim.

14.     Barn Light Electric denies the allegations contained in paragraph 14 of the Counterclaim.

15.     Barn Light Electric denies the allegations contained in paragraph 15 of the Counterclaim.

## **BACKGROUND**

16.     Barn Light Electric denies that Hi-Lite specializes in barn lighting and provides a wide range of American-made quality lighting to its customers.  Barn Light Electric is otherwise without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of the Counterclaim, and therefore denies the same.

17.     Barn Light Electric denies the allegations contained in paragraph 17 of the Counterclaim.

18.     Barn Light Electric denies the allegations contained in paragraph 18 of the Counterclaim.

19.     Barn Light Electric admits Hi-Lite products have been used in numerous restaurant chains, hotels, national retail chains, national grocery stores, and big box retailers.

20.     Barn Light Electric denies the allegations contained in paragraph 20 of the Counterclaim.

21.     Barn Light Electric admits the allegations contained in paragraph 21 of the Counterclaim.

4

22.     Barn Light Electric denies the allegations contained in paragraph 22 of the Counterclaim.

23.     Barn Light Electric denies the allegations contained in paragraph 23 of the Counterclaim.

24.     Barn Light Electric denies the allegations contained in paragraph 24 of the Counterclaim.

25.     Barn Light Electric denies the allegations contained in paragraph 25 of the Counterclaim.

26.     Barn Light Electric denies the allegations contained in paragraph 26 of the Counterclaim.

27.     Barn Light Electric denies the allegations contained in paragraph 27 of the Counterclaim.

28.     Barn Light Electric denies the allegations contained in paragraph 28 of the Counterclaim.

29.     Barn Light Electric is without sufficient information to form a belief as to the allegations in paragraph 29, and therefore denies the same.

30.     Barn Light Electric denies the allegations contained in paragraph 30 of the Counterclaim.

31.     Barn Light Electric denies the allegations contained in paragraph 31 of the Counterclaim.

32.     Barn Light Electric denies the allegations contained in paragraph 32 of the Counterclaim.

33.     Barn Light Electric denies the allegations contained in paragraph 33 of the Counterclaim.

34.     Barn Light Electric denies the allegations contained in paragraph 34 of the Counterclaim.

35.     Barn Light Electric denies the allegations contained in paragraph 35 of the Counterclaim.

36.     Barn Light Electric denies the allegations contained in paragraph 36 of the Counterclaim.

37.     Barn Light Electric denies the allegations contained in paragraph 37 of the Counterclaim.

38.     The email of Exhibit D speaks for itself.    Barn Light Electric otherwise denies the allegations contained in paragraph 38 of the Counterclaim.

39.     The email of Exhibit D speaks for itself.  Barn Light Electric otherwise denies the allegations contained in paragraph 39 of the Counterclaim.

40.     Barn Light Electric denies the allegations contained in paragraph 40 of the Counterclaim.

41.     Barn Light Electric denies the allegations contained in paragraph 41 of the Counterclaim.

42.     Barn Light Electric denies the allegations contained in paragraph 42 of the Counterclaim.

43.     Barn Light Electric admits that Hi-Lite referred its customers to Barn Light Electric.  Barn Light Electric otherwise denies the allegations contained in paragraph 43 of the

Counterclaim.

44.     Barn Light Electric denies the allegations contained in paragraph 44 of the Counterclaim.

45.     Barn Light Electric denies the allegations contained in paragraph 45 of the Counterclaim.

46.     Barn Light Electric is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 46 of the Counterclaim, and therefore denies the same.

47.     The email of Exhibit G speaks for itself.  Barn Light Electric otherwise denies the allegations contained in paragraph 47 of the Counterclaim.

48.     The email of Exhibit H speaks for itself.  Barn Light Electric otherwise denies the allegations contained in paragraph 48 of the Counterclaim.

49.     Barn Light Electric denies the allegations contained in paragraph 49 of the Counterclaim.

50.     Barn Light Electric denies the allegations contained in paragraph 50 of the Counterclaim.

51.     Barn Light Electric denies the allegations contained in paragraph 51 of the Counterclaim.

52.     Paragraph 52 states a legal conclusion to which no response is required, and is therefore denied on that basis.

53.     Barn Light Electric admits Exhibit K includes print-outs from Barn Light Electric's website and they are pages from magazines such as *Old House Interiors*, *This Old*

*House*, and *Country Living*.   Barn Light Electric otherwise denies the allegations contained in paragraph 53 of the Counterclaim.

54.     Barn Light Electric is without information and knowledge to form a belief about the allegations of paragraph 54 and therefore denies the same.

55.     Barn Light Electric denies the allegations of paragraph 55.

56.     Barn Light Electric admits the allegations contained in paragraph 56 of the Counterclaim.

57.     Barn Light Electric admits the allegations contained in paragraph 57 of the Counterclaim.

58.     Barn Light Electric denies the allegations contained in paragraph 58 of the Counterclaim.

59.     Barn Light Electric admits the allegations contained in paragraph 59 of the Counterclaim.

60.     Barn Light Electric denies the allegations contained in paragraph 60 of the Counterclaim.

61.     Barn Light Electric denies the allegations contained in paragraph 61 of the Counterclaim.

62.      Barn Light Electric denies the allegations contained in paragraph 62 of the Counterclaim.

63.     Barn Light Electric admits that Exhibit S and Exhibit T show trademark registrations for BARNLIGHT ORIGINALS, INC., and BARNLIGHT ORIGINALS in connection with the recited goods on the recited trademark registers.   Otherwise, Barn Light

Electric is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 63 of the Counterclaim, and therefore denies the same.

64.    Barn Light Electric denies the allegations contained in paragraph 64 of the Counterclaim.

65.     Barn Light Electric denies the allegations contained in paragraph 65 of the Counterclaim.

66.    Barn Light Electric denies the allegations contained in paragraph 66 of the Counterclaim.

67.    Barn Light Electric denies the allegations contained in paragraph 67 of the Counterclaim.

68.    Barn Light Electric is without information or knowledge sufficient to form a belief as to Ohai's monitoring activities.  Barn Light Electric otherwise denies the allegations contained in paragraph 68 of the Counterclaim.

69.    Barn Light Electric denies the allegations contained in paragraph 69 of the Counterclaim.

70.    Barn Light Electric denies the allegations contained in paragraph 70 of the Counterclaim.

71.    Barn Light Electric denies the allegations contained in paragraph 71 of the Counterclaim.  Barn Light Electric maintains a marketing department, which is responsible for marketing, advertising, photography, promotions, sales, and social media, among other things. *See*    http://www.barnlightelectric.com/media/press/barn_light_electric_digital_press_kit.pdf Exhibit 1, p4.

72.     Barn Light Electric denies the allegations contained in paragraph 72 of the Counterclaim.

73.     Barn Light Electric denies the allegations contained in paragraph 73 of the Counterclaim.

## COUNT I – INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK
### (Counterclaim-Defendant BLE)

74.     Barn Light Electric restates and incorporates by reference its responses to paragraphs 1-73 inclusive.

75.     In response to paragraph 75 of the Counterclaim, Barn Light Electric admits that Counterclaim-Plaintiffs filed an action against Barn Light Electric for trademark infringement that arises under the trademark laws of the United States, but denies that any of Counterclaim-Plaintiffs' claims have merit.

76.     Barn Light Electric denies the allegations contained in paragraph 76 of the Counterclaim.

77.     Barn Light Electric denies the allegations contained in paragraph 77 of the Counterclaim.

78.     Barn Light Electric denies the allegations contained in paragraph 78 of the Counterclaim.

79.     Barn Light Electric denies the allegations contained in paragraph 79 of the Counterclaim.

80.     Barn Light Electric denies the allegations contained in paragraph 80 of the Counterclaim.

## COUNT II – FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

### (Counterclaim-Defendant BLE)

81.    Barn Light Electric restates and incorporates by reference its responses to paragraphs 1-73 inclusive.

82.    Barn Light Electric denies the allegations contained in paragraph 82 of the Counterclaim.

83.    Barn Light Electric denies the allegations contained in paragraph 83 of the Counterclaim.

84.    The allegation of paragraph 84 calls for a legal conclusion and thereforeBarn Light Electric denies the same.

85.    Barn Light Electric denies the allegations contained in paragraph 85 of the Counterclaim.

86.    Barn Light Electric denies the allegations contained in paragraph 86 of the Counterclaim.

## COUNT III – UNFAIR COMPETITION (TRADEMARK INFRINGEMENT)
### (Counterclaim-Defendant BLE)

87.    Barn Light Electric restates and incorporates by reference its responses to paragraphs 1-73 inclusive.

88.    Barn Light Electric denies the allegations contained in paragraph 88 of the Counterclaim.

89.    Barn Light Electric denies the allegations contained in paragraph 89 of the Counterclaim.

90.    Barn Light Electric denies the allegations contained in paragraph 90 of the

Counterclaim.

91.     Barn Light Electric denies the allegations contained in paragraph 91 of the Counterclaim.

92.     Barn Light Electric denies the allegations contained in paragraph 92 of the Counterclaim.

93.     Barn Light Electric denies the allegations contained in paragraph 93 of the Counterclaim.

## COUNT IV – UNFAIR COMPETITION ("REVERSE PASSING OFF")
### (Counterclaim-Defendant BLE)

94.     Barn Light Electric restates and incorporates by reference its responses to paragraphs 1-73 inclusive.

95.     Barn Light Electric denies the allegations contained in paragraph 95 of the Counterclaim.

96.     Barn Light Electric denies the allegations contained in paragraph 96 of the Counterclaim.

97.     Barn Light Electric denies the allegations contained in paragraph 97 of the Counterclaim.

98.     Barn Light Electric denies the allegations contained in paragraph 98 of the Counterclaim.

99.     Barn Light Electric denies the allegations contained in paragraph 99 of the Counterclaim.

## COUNT V – FALSE ADVERTISING UNDER § 43(a)(1)(B) OF THE LANHAM ACT

### (Counterclaim-Defendant BLE)

100.   Barn Light Electric restates and incorporates by reference its responses to paragraphs 1-73 inclusive.

101.   Barn Light Electric denies the allegations contained in paragraph 101 of the Counterclaim.

102.   Barn Light Electric denies the allegations contained in paragraph 102 of the Counterclaim.

103.   Barn Light Electric denies the allegations contained in paragraph 103 of the Counterclaim.

## COUNT VI – CONTRIBUTORY INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK
### (Third-Party Defendants Bryan and Donna Scott)

104.   Barn Light Electric restates and incorporates by reference its responses to paragraphs 1-73 inclusive.

105.   Barn Light Electric denies the allegations contained in paragraph 105 of the Counterclaim.

106.   Barn Light Electric denies the allegations contained in paragraph 106 of the Counterclaim.

107.   Barn Light Electric denies the allegations contained in paragraph 107 of the Counterclaim.

108.   Barn Light Electric denies the allegations contained in paragraph 108 of the

Counterclaim.

109.    Barn Light Electric denies the allegations contained in paragraph 109 of the Counterclaim.

## COUNT VII – VICARIOUS INFRINGEMENT OF A

### FEDERALLY REGISTERED TRADEMARK
### (Third-Party Defendants Bryan and Donna Scott)

110.    Barn Light Electric restates and incorporates by reference its responses to paragraphs 1-73 inclusive.

111.    Barn Light Electric denies the allegations contained in paragraph 111 of the Counterclaim.

112.    As shown in the Barn Light Electric Press Kit 2013, which is attached as Exhibit 1 hereto, Barn Light Electric does not have an apparent or actual partnership with Bryan and Donna Scott.  Barn Light Electric denies the allegations contained in paragraph 112 of the Counterclaim.

113.    Barn Light Electric denies the allegations contained in paragraph 113 of the Counterclaim.

114.    Barn Light Electric denies the allegations contained in paragraph 114 of the Counterclaim.

115.    Barn Light Electric denies the allegations contained in paragraph 115 of the Counterclaim.

116.    Barn Light Electric denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense—Invalid Trademarks

117.    The Defendants' claims are barred because Barn Light Electric is the true, prior owner of the marks BARN LIGHT ELECTRIC, BARN LIGHT, and THE ORIGINAL, and thus the Defendants' purported BARN LIGHT ORIGINALS mark is invalid.  Additionally, the product numbers that Defendants claim rights to are not valid trademarks at least because they do not function as a trademark, are merely descriptive and have not acquired any secondary meaning.

### Second Affirmative Defense—Abandonment and Failure to Police

118.    The Defendants' claims are barred, in whole or in part, by the doctrines of abandonment and failure to police trademarks.  For many years, the Defendants did not police or enforce their purportedly exclusive rights to one or more of those marks, allowing the public to use those purported marks unchecked.

### Third Affirmative Defense—Naked Licensing

119.    Even if the Defendants had a valid trademark claim to the marks they claim rights to, which they do not, the Defendants engaged in naked licensing of those marks by failing to maintain the necessary control over use of the marks by their licensee(s).

### Fourth Affirmative Defense—Fraud in the Procurement

120.    The Defendants' trademark claims are barred, in whole or in part, by the doctrine of fraud in the procurement as a result of willful misrepresentations made by Defendants to the USPTO, including without limitation the conduct described in the Second Amended Complaint.

### Fifth Affirmative Defense—Fair Use

121.    To the extent Defendants marks are valid, which they are not, use of them by Barn Light Electric' has been in their primary, descriptive sense to describe products sold by Barn Light Electric.  As such, Barn Light Electric's usage of the terms constitutes classic fair use.

### Sixth Affirmative Defense—Laches

122.    The Defendants' claims for relief are barred, in whole or in part, by the doctrine of laches.  The Defendants offer no justification for its multi-year delay in raising any of its counterclaims.  As a result of the Defendants' unjustified delay, Barn Light Electric and the public have suffered prejudice.

### Seventh Affirmative Defense—Waiver/Acquiescence

123.    The Defendants' claims for relief are barred, in whole or in part, by the doctrines of Waiver and Acquiescence.

### Eighth Affirmative Defense—Estoppel

124.    The Defendants' claims for relief are barred, in whole or in part, by the doctrine of estoppel.

### Ninth Affirmative Defense—Unclean Hands

125.    The Defendants' claims for relief are barred, in whole or in part, by the doctrine of unclean hands, including without limitation the Defendants' conduct before the USPTO as set forth in the Second Amended Complaint.

### Tenth Affirmative Defense—Failure to State a Claim

126.    The Defendants' claims for relief are barred, in whole or in party for failure to state a claim upon which relief may be granted.

**Eleventh Affirmative Defense—Truth**

127.    To the extent that any statements published by Barn Light Electric contain statements of facts, those statements are truthful.

**Twelfth Affirmative Defense—Set-Off**

128.    Barn Light Electric is entitled to set off any award of damages to Defendants against the award due Barn Light Electric in connection with its claims in the Second Amended Complaint.

129.    Additionally, Defendants' Counterclaims fail to provide sufficient information to permit Barn Light Electric from asserting all applicable defenses.  Accordingly, Barn Light Electric reserves its right to amend or supplement this Answer and affirmative defenses.

WHEREFORE, Barn Light Electric respectfully requests that this Court enter judgment in favor of Barn Light Electric and against the Defendants on all claims; Barn Light Electric also respectfully requests an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1117.  Finally, Barn Light Electric respectfully requests such other relief as this Court deems to be just and proper.

Dated:  November 3, 2014               Respectfully submitted,

By: *s/Alejandro J. Fernandez*
    Alejandro J. Fernandez, Esq.
    Fla. Bar No.: 32221
    **FELDMAN GALE, P.A.**
    *Counsel for Plaintiff*
    400 N. Tampa Street, Suite 2830
    Tampa, FL 33602
    Telephone No.  (813) 374-8890
    Telefacsimile No.  (305) 358-3309
    E-mail:  AFernandez@FeldmanGale.com
    David M. Stahl
    Fla. Bar No. 84713
    E-mail:  DStahl@FeldmanGale.com

    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 3, 2014, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, pro se parties or defendants identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*s/Alejandro J. Fernandez*
Alejandro J. Fernandez

Service List

Michael J. Colitz, III
Trial Counsel
Florida Bar No.: 164348
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700 (33602)
Post Office Box 3324
Tampa, FL 33601
(813) 273-5000