UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.                                                 CASE NO: 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada Corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

    Defendants.
_____/

## **AGREED PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.     <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.     <u>Definitions</u>:

    a.     "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that constitutes business or technical trade secrets or plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

3. <u>Designation of information as Confidential or Highly Confidential</u>:

a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without

marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient. The parties agree to treat all discovery material inspected, and the information contained therein, as Highly Confidential until such time as the discovery materials are marked, if at all, and delivered to the selecting party.

    c.    A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential. If a person present at a deposition is not authorized under this Order to receive Confidential information or Highly Confidential discovery material to be disclosed by counsel or the witness at the deposition under the terms of this Order, that person shall leave the deposition room while such material is being disclosed or used during the deposition.

    d.    A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

    e.    A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

    f.    If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and

confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

    4.    <u>Use and disclosure of Confidential [or Highly Confidential] information</u>:

    a.    Confidential and Highly Confidential information may be used exclusively for purposes of this litigation and subject to the restrictions of this order.

    b.    Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside litigation counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in‑house litigation counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

    c.    Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)( i), (iv), (v), and (vi).

d. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

e. Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

6. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney‐client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502. Documents unintentionally produced without designation as Confidential information or Highly Confidential information may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

7. <u>Filing with the Court</u>:

a. This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing Confidential or Highly Confidential information must move the Court, consistent with Local Rule 1.09 for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public‐record version that excludes any Confidential or Highly Confidential information.

b. Any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 1.09;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

8. <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential [or Highly Confidential] information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information.

Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9. Originals: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

10. Survival of obligations: This order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

Date: __November 12, 2014__

| | |
|---|---|
| s/ Michael J. Colitz, III | s/ David M. Stahl |
| Michael J. Colitz, III | Alejandro J. Fernandez, Esq. |
| Florida Bar No. 164348 | Fla. Bar # 32221 |
| michael.colitz@gray-robinson.com | afernandez@feldmangale.com |
| GrayRobinson, P.A. | Feldman Gale, P.A. |
| 401 E. Jackson Street, Suite 2700 | 400 North Tampa Street, Suite 2830 |
| Tampa, Florida 33602 | Tampa, Florida 33602 |
| (813) 273-5000 (Telephone) | (813) 374-8890 (Telephone) |
| (813) 273-5145 (Facsimile) | (305) 358-3309 (Facsimile) |
| Attorneys for Defendants | David M. Stahl |
| | Fla. Bar No. 84713 |
| | E-mail: DStahl@FeldmanGale.com |
| | Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 12, 2014, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, pro se parties or defendants identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

                                              *s/David M. Stahl*
                                              David M. Stahl

<u>Service List</u>

Michael J. Colitz, III
Trial Counsel
Florida Bar No.: 164348
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700 (33602)
Post Office Box 3324
Tampa, FL 33601
(813) 273-5000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.                              CASE NO: 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada Corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

    Defendants.
_____/

## EXHIBIT A TO PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the Protective Order in the above-styled action, that I understand the terms thereof, that I agree to be bound by such terms, and that I agree to submit to the Jurisdiction of the District Court, Middle District of Florida for purposes of enforcing the Stipulation and Protective Order.

    This _____ day of _____, 2014.

                                                  _____
                                                  Signature

                                                  Address:

                                                  _____

                                                  _____