UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

       Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

       Defendants.

_____/

CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT    ORIGINALS,    INC.,    a
Nevada    corporation;    and    HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

       Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

       Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

       Third-Party Defendants.

_____/

**DEFENDANTS' SUPPLEMENTAL ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendants, Barnlight Originals, Inc., Hi-Lite Manufacturing Company, Inc., and Jeffrey L. Ohai ("Defendants"), by and through their undersigned counsel hereby respectfully submits this Supplemental Answer to Plaintiff's Second Amended Complaint.

## INTRODUCTION

1.      Defendants admit that the Plaintiffs have filed an action for trademark infringement, unfair competition, and declaratory judgment, otherwise denied.

2.      Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 2 of the Second Amended Complaint and therefore deny the same.

3.      Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 3 of the Second Amended Complaint and therefore deny the same.

4.      Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 4 of the Second Amended Complaint and therefore deny the same.

5.      Defendants admit they sold light fixtures and, from time to time, certain replacement components for Hi-Lite fixtures.  Defendants also admit their total sales to Barn Light Electric exceeded over one million dollars, making Barn Light Electric one of Hi-Lite's largest purchasers.

6.      Defendants deny the allegations contained in paragraph 6 of the Second Amended Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the Second Amended Complaint.

8.      Defendants admit they terminated their relationship with Barn Light Electric on September 4, 2012, otherwise denied.

9.      Defendants admit that Jeffrey Ohai registered the domain name www.barnlightoriginals.com, but Defendants deny the remaining allegations of paragraph 9 of the Second Amended Complaint.

10.     Defendants deny the allegations of paragraph 10 of the Second Amended Complaint.

11.     Defendants deny the allegations of paragraph 11 of the Second Amended Complaint.

12.     Defendants deny the allegations of paragraph 12 of the Second Amended Complaint.

13.     Defendants admit that Plaintiff seeks a judgment of infringement and unfair competition against Defendants, entry of permanent injunctive relief, and an award of damages or other relief, otherwise denied.

14.     Defendants admit the allegations of paragraph 14 of the Second Amended Complaint.

15.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 15 of the Second Amended Complaint and therefore deny the same.

16.     Defendants deny the allegations of paragraph 16 of the Second Amended Complaint.

17.     Defendants deny the allegations of paragraph 17 of the Second Amended Complaint.

## PARTIES, JURISDICTION AND VENUE

18.     Defendants admit that this Court has subject matter jurisdiction over Plaintiff's trademark infringement and unfair competition claims.

19.     Defendants admit Plaintiffs have brought a declaratory judgment action, however Defendants deny that this Court has subject matter jurisdiction over Plaintiff's declaratory judgment claims.

20.     Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims that arise under Florida law.

21.     Defendants admit that venue is proper, but deny infringing products are advertised or sold in this district.

22.     Defendants admit the allegations of paragraph 22 of the Second Amended Complaint.

23.     Defendants admit BLO is a corporation organized and existing under the laws of Nevada with a principle place of business in Nevada.  Defendants admit BLO is subject to this Court's jurisdiction and receives revenue from Florida residents.  Defendants deny the remaining allegations of paragraph 23 of the Second Amended Complaint.

24.     Defendants admit Hi-Lite has a principle place of business in California and is subject to this Court's jurisdiction by maintaining sales representatives in Florida, engaging in extensive business transactions with Barn Light Electric and others throughout Florida, shipping products to Florida residents, and receiving revenue from Florida residents.  Defendants also admit sending a cease and desist letter in this district.  Defendants deny the remaining allegations of paragraph 24 of the Second Amended Complaint.

25.     Defendants admit Mr. Ohai  is a resident of California, operates the website www.barnlightoriginals.com, and is the owner and inventor of the '477 Patent.  Defendants deny the remaining allegations of paragraph 25 of the Second Amended Complaint.

## BARN LIGHT ELECTRIC COMPANY

26.     Defendants deny the allegations contained in paragraph 26 of the Second Amended Complaint.

27.     Defendants deny that Mr. Scott coined the term BARN LIGHT and deny Barn Light Electric had its origins in a barn.  Defendants are without knowledge or information sufficient to enable them to admit or deny the remaining allegations contained in paragraph 27 of the Second Amended Complaint and therefore deny the same.

28.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 27 of the Second Amended Complaint and therefore deny the same.

29.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 29 of the Second Amended Complaint and therefore deny the same.

30.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 30 of the Second Amended Complaint and therefore deny the same.

31.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 31 of the Second Amended Complaint and therefore deny the same.

32.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 32 of the Second Amended Complaint and therefore deny the same.

33.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 33 of the Second Amended Complaint and therefore deny the same.

34.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 34 of the Second Amended Complaint and therefore deny the same.

35.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 35 of the Second Amended Complaint and therefore deny the same.

## <u>BARN LIGHT ELECTRIC'S MARKETING EFFORTS</u>

36.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 36 of the Second Amended Complaint and therefore deny the same.

37.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 37 of the Second Amended Complaint and therefore deny the same.

38.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 38 of the Second Amended Complaint and therefore deny the same.

39.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 39 of the Second Amended Complaint and therefore deny the same.

40.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 40 of the Second Amended Complaint and therefore deny the same.

41.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 41 of the Second Amended Complaint and therefore deny the same.

42.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 42 of the Second Amended Complaint and therefore deny the same.

43.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 43 of the Second Amended Complaint and therefore deny the same.

44.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 44 of the Second Amended Complaint and therefore deny the same.

## THE BARN LIGHT ELECTRIC MARKS

45.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 45 of the Second Amended Complaint and therefore deny the same.

46.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 46 of the Second Amended Complaint and therefore deny the same.

47.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 47 of the Second Amended Complaint and therefore deny the same.

48.     Defendants admit that U.S. Trademark Registration No. 3,748,277 is attached as Exhibit 2, otherwise denied.

49.     Defendants admit that U.S. Trademark Registration No. 3,723,964 is attached as Exhibit 3, otherwise denied.

50.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 50 of the Second Amended Complaint and therefore deny the same.

51.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 51 of the Second Amended Complaint and therefore deny the same.

52.     Defendants deny the allegations of paragraph 52 of the Second Amended Complaint.

53.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 53 of the Second Amended Complaint and therefore deny the same.

## HI-LITE, OHAI AND BLO

54.     Defendants admit that Barn Light Electric purchased various replacement components for its Hi-Lite light fixtures from Hi-Lite.  Defendants are without knowledge or information sufficient to enable them to admit or deny the remaining allegations contained in paragraph 54 of the Second Amended Complaint and therefore deny the same.

55.     Defendants admit that Barn Light Electric purchased light fixtures from Hi-Lite. Defendants are without knowledge or information sufficient to enable them to admit or deny the remaining allegations contained in paragraph 55 of the Second Amended Complaint and therefore deny the same.

56.     Defendants admit Barn Light Electric was purchasing over one million dollars in light fixtures and replacement components from Hi-Lite, making Barn Light Electric one of Hi-Lite's top buyers, otherwise denied.

57.     Defendants deny the allegations of paragraph 57 of the Second Amended Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Second Amended Complaint.

59.     Defendants deny the allegations of paragraph 59 of the Second Amended Complaint.

## OHAI, HI-LITE AND BLO ENGAGE IN TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

60.     Defendants deny the allegations of paragraph 60 of the Second Amended Complaint.

61.     Defendants admit the allegations of paragraph 61 of the Second Amended Complaint.

62.     Defendants admit that the domain name was registered via a proxy, otherwise denied.

63.     Defendants admit that BLO was formed to sell Hi-Lite light fixtures, otherwise denied.

64.     Defendants admit that BLO sells products manufactured by Hi-Lite, otherwise denied.

65.     Defendants admit that Hi-Lite sells lighting fixtures via BLO, otherwise denied.

66.     Defendants deny the allegations of paragraph 66 of the Second Amended Complaint.

67.     Defendants deny the allegations of paragraph 67 of the Second Amended Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Second Amended Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Second Amended Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Second Amended Complaint.

71.     Defendants deny the allegations of paragraph 71 of the Second Amended Complaint.

72.     Defendants deny the allegations of paragraph 72 of the Second Amended Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Second Amended Complaint.

## **OHAI, HI-LITE AND BLO'S OTHER UNFAIR COMPETITION TACTICS**

74.     Defendants deny the allegations of paragraph 74 of the Second Amended Complaint.

75.     Defendants deny the allegations of paragraph 75 of the Second Amended Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Second Amended Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Second Amended Complaint.

78.     Defendants deny the allegations of paragraph 78 of the Second Amended Complaint.

79.     Defendants deny the allegations of paragraph 79 of the Second Amended Complaint.

80.     Defendants deny the allegations of paragraph 80 of the Second Amended Complaint.

81.     Defendants deny the allegations of paragraph 81 of the Second Amended Complaint.

82.     Defendants deny the allegations of paragraph 82 of the Second Amended Complaint.

**BLO'S SHAM TRADEMARK REGISTRATIONS**

83.     Defendants admit they have secured two trademark registrations, otherwise denied.

84.     Defendants deny the allegations of paragraph 84 of the Second Amended Complaint.

85.     Defendants admit that BLO owns U.S. Trademark Registration No. 4,464,241, the face of which speaks for itself.

86.     Defendants admit the allegations of paragraph 86 of the Second Amended Complaint.

87.     Defendants deny the allegations of paragraph 87 of the Second Amended Complaint.

**OHAI, HI-LITE AND BLO'S UNLAWFUL ACTS ARE CAUSING ACTUAL CONSUMER CONFUSION**

88.     Defendants deny the allegations of paragraph 88 of the Second Amended Complaint.

89.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 89 of the Second Amended Complaint and therefore deny the same.

90.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 90 of the Second Amended Complaint and therefore deny the same.

91.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 91 of the Second Amended Complaint and therefore deny the same.

## HI-LITE AND OHAI'S FALSE PATENT INFRINGEMENT ALLEGATIONS

92.     Defendants admit the allegations of paragraph 92 of the Second Amended Complaint.

93.     The '477 Patent speaks for itself.

94.     The '477 Patent and USPTO assignment records speak for themselves.

95.     Hi-Lite's letter dated August 21, 2014 speaks for itself.

96.     Hi-Lite's letter dated August 21, 2014 speaks for itself.

97.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 97 of the Second Amended Complaint and therefore deny the same.

98.     Defendants deny the allegations of paragraph 98 of the Second Amended Complaint.

## THE CLAIMS OF THE '477 PATENT ARE INVALID

99.     The '477 patent speaks for itself.  Defendants deny the remaining allegations of paragraph 99 of the Second Amended Complaint.

100.    The '477 Patent speaks for itself.

101.    The '477 Patent speaks for itself.

102.    Defendants deny the allegations contained in paragraph 102 of the Second Amended Complaint.

103.    Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 103 of the Second Amended Complaint and therefore deny the same.

104.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 104 of the Second Amended Complaint and therefore deny the same.

105.     Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 105 of the Second Amended Complaint and therefore deny the same.

106.     Defendants deny the allegations contained in paragraph 106 of the Second Amended Complaint.

107.     Defendants deny the allegations contained in paragraph 107 of the Second Amended Complaint.

<u>**COUNT I**</u>
<u>**(Trademark Infringement in Violation of 15 U.S.C. § 1114)**</u>

108.     Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

109.     Defendants deny the allegations of paragraph 109 of the Second Amended Complaint.

110.     Defendants deny the allegations of paragraph 110 of the Second Amended Complaint.

111.     Defendant Barnlight Originals, Inc. admits using its own marks in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants otherwise deny the remaining allegations of paragraph 111 of the Second Amended Complaint.

112.    Defendants deny the allegations of paragraph 112 of the Second Amended Complaint.

113.    Defendants deny the existence of any plan, otherwise Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 113 of the Second Amended Complaint and therefore deny the same.

114.    Defendants deny the allegations of paragraph 114 of the Second Amended Complaint.

115.    Defendants deny the allegations of paragraph 115 of the Second Amended Complaint.

116.    Defendants deny the allegations of paragraph 116 of the Second Amended Complaint.

117.    Defendants deny the allegations of paragraph 117 of the Second Amended Complaint.

## COUNT II
### (Contributory Trademark Infringement)

118.    Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

119.    Defendant Barnlight Originals, Inc. admits using its own marks in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants otherwise deny the remaining allegations of paragraph 119 of the Second Amended Complaint.

120.    Defendant Hi-Lite admits it is a previous supplier to Barn Light Electric. Defendants otherwise deny the remaining allegations of paragraph 120 of the Second Amended Complaint.

121.    Defendant Hi-Lite admits to supplying its products to Barnlight Originals, Inc. Defendants otherwise deny the remaining allegations of paragraph 121 of the Second Amended Complaint.

122.    Defendants deny the allegations of paragraph 122 of the Second Amended Complaint.

123.    Defendants deny the allegations of paragraph 123 of the Second Amended Complaint.

124.    Defendants deny the allegations of paragraph 124 of the Second Amended Complaint.

125.    Defendants deny the allegations of paragraph 125 of the Second Amended Complaint.

## COUNT III
### (Federal Unfair Competition Under 15 U.S.C. § 1125)

126.    Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

127.    Defendants deny the allegations of paragraph 127 of the Second Amended Complaint.

128.    Defendants deny the allegations of paragraph 128 of the Second Amended Complaint.

129.     Defendants deny the allegations of paragraph 129 of the Second Amended Complaint.

130.     Defendants deny the allegations of paragraph 130 of the Second Amended Complaint.

131.     Defendants deny the allegations of paragraph 131 of the Second Amended Complaint.

**COUNT IV**
**(Cancellation of Supplemental Registration**
**Under 15 U.S.C. § 1119 Based Upon Confusing Similarity)**

132.     Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

133.     Defendants admit this is a claim for cancellation of Barnlight Original, Inc.'s trademark registration for the mark BARNLIGHT ORIGINALS, INC., U.S. Registration No. 4,464,241, otherwise denied.

134.     Defendants deny the allegations of paragraph 134 of the Second Amended Complaint.

135.     Defendants deny the allegations of paragraph 135 of the Second Amended Complaint.

136.     Defendants admit that Plaintiff seeks cancellation of U.S. Trademark Registration No. 4,464,241.   Defendants deny the remaining allegations of paragraph 136 of the Second Amended Complaint.

**COUNT V**
**(Cancellation of Registration Under 15 U.S.C. § 1119 Based Upon Confusing Similarity)**

137. Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

138. Defendants admit this is a claim for cancellation of Barnlight Original, Inc.'s trademark registration for the design plus word mark BARNLIGHT ORIGINALS, U.S. Registration No. 4,489,514, otherwise denied.

139. Defendants deny the allegations of paragraph 139 of the Second Amended Complaint.

140. Defendants deny the allegations of paragraph 140 of the Second Amended Complaint.

141. Defendants admit that Plaintiff seeks cancellation of U.S. Trademark Registration No. 4,489,514. Defendants deny the remaining allegations of paragraph 141 of the Second Amended Complaint.

**COUNT VI**
**(Common Law Unfair Competition)**

142. Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

143. Defendants deny the allegations of paragraph 143 of the Second Amended Complaint.

144. Defendants deny the allegations of paragraph 144 of the Second Amended Complaint.

145. Defendants deny the allegations of paragraph 145 of the Second Amended Complaint.

146.    Defendants deny the allegations of paragraph 146 of the Second Amended Complaint.

## COUNT VII
### (Common Law Trademark Infringement)

147.    Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

148.    Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 148 of the Second Amended Complaint and therefore deny the same.

149.    Defendants deny the allegations of paragraph 149 of the Second Amended Complaint.

150.    Defendants deny the allegations of paragraph 150 of the Second Amended Complaint.

151.    Defendants deny the allegations of paragraph 151 of the Second Amended Complaint.

152.    Defendants deny the allegations of paragraph 152 of the Second Amended Complaint.

## COUNT VIII
### (Cybersquatting in Violation of the ACPA)

153.    Defendants admit that paragraphs 1 through 107 of the Second Amended Complaint are incorporated by reference.

154.    Defendants deny the allegations of paragraph 154 of the Second Amended Complaint.

155.    Defendants deny the allegations of paragraph 155 of the Second Amended Complaint.

156.    Defendants deny the allegations of paragraph 156 of the Second Amended Complaint.

157.    Defendants deny the allegations of paragraph 157 of the Second Amended Complaint.

158.    Defendants deny the allegations of paragraph 158 of the Second Amended Complaint.

159.    Defendants deny the allegations of paragraph 159 of the Second Amended Complaint.

160.    Defendants deny the allegations of paragraph 160 of the Second Amended Complaint.

161.    Defendants deny the allegations of paragraph 161 of the Second Amended Complaint.

## Count IX
### (Declaratory Judgment of Non-infringement of the '477 Patent)

162.    Defendants admit that Barn Light Electric restates the allegations set forth in Paragraphs 1 through 107.

163.    Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 163 of the Second Amended Complaint and therefore deny the same.

164.    Defendants deny the allegations contained in Paragraph 164 of the Second Amended Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of the Second Amended Complaint.

## Count X
## (Declaratory Judgment of Invalidity of the '477 Patent)

166.    Defendants admit that Barn Light Electric restates the allegations set forth in Paragraphs 1 through 107.

167.    Defendants admit that the '477 patent is entitled to a presumption of validity under 35 U.S.C. § 282.

168.    Barn Light Electric's contentions speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 168 of the Second Amended Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the Second Amended Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Second Amended Complaint.

## Count XI
## (Declaratory Judgment of Unenforceability of the '477 Patent)

171.    Defendants admit that Barn Light Electric restates the allegations set forth in Paragraphs 1 through 107.

172.    The '404 Application speaks for itself.

173.    The '477 Patent speaks for itself.

174.    Defendants deny the allegations contained in Paragraph 174 of the Second Amended Complaint.

175.    The '477 Patent speaks for itself.

176.    Defendants deny the allegations contained in Paragraph 176 of the Second Amended Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Second Amended Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Second Amended Complaint.

179.    The '477 Patent speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 179 of the Second Amended Complaint.

180.    37 C.F.R. § 1.56 speaks for itself.

181.    Defendants deny the allegations contained in Paragraph 181 of the Second Amended Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of the Second Amended Complaint.

183.    Defendants deny the allegations contained in Paragraph 183 of the Second Amended Complaint.

184.    Defendants are without knowledge or information sufficient to enable them to predict the USPTO's reaction to a hypothetical set of facts.  Defendants deny the remaining allegations contained in Paragraph 184 of the Second Amended Complaint.

185.    Defendants deny the allegations contained in Paragraph 185 of the Second Amended Complaint.

186.    Defendants deny the allegations contained in Paragraph 186 of the Second Amended Complaint.

**Count XII**
**(Declaration of Noninterference with Patent Rights)**

187.    Defendants admit that Barn Light Electric restates the allegations set forth in Paragraphs 1 through 107.

188.    Defendants deny the allegations contained in Paragraph 188 of the Second Amended Complaint.

189.    Defendants deny the allegations contained in Paragraph 189 of the Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

190.    Plaintiffs failed to state a claim for trademark infringement against Defendants under 15 U.S.C. § 1114 or common law because its alleged marks are merely descriptive and have not acquired distinctiveness or secondary meaning in the minds of the consuming public and thus are not entitled to trademark protection.

**SECOND AFFIRMATIVE DEFENSE**

191.    Plaintiff's claims for equitable relief fail because of Plaintiff's unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

192.    Defendants are entitled to set-off any potential award of damages to Plaintiff based upon Defendants' counterclaims and third-party complaint.

**FOURTH AFFIRMATIVE DEFENSE**

194.    Plaintiff's complaint contains insufficient information to permit Defendants to raise all of its potentially appropriate defense and, therefore, Defendants reserve their rights to amend and/or supplement this Answer with additional affirmative defenses.

Date: March 2, 2015          Respectfully submitted,

                             */s/ Michael J. Colitz, III*
                             Michael J. Colitz, III
                             Trial Counsel
                             Florida Bar No. 164348
                             Stephen G. Anderson
                             Florida Bar No. 0105697
                             GRAYROBINSON, P.A.
                             401 E. Jackson Street, Suite 2700
                             Tampa, FL 33602
                             (813) 273-5000
                             (813) 273-5145 (fax)
                             michael.colitz@gray-robinson.com
                             stephen.anderson@gray-robinson.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I filed the foregoing with the Court's CM/ECF

system which will send a Notice of Electronic Filing to all counsel of Record.

                             */s/ Michael J. Colitz, III*
                             Michael J. Colitz, III

\5500060\1 - # 5674746 v1