# EXHIBIT C



400 NORTH TAMPA STREET
SUITE 2830
TAMPA, FL 33602
TEL. 813-374-8890
FAX. 800-695-6306

REPLY TO:  TAMPA OFFICE

E-MAIL: AFERNANDEZ @**FeldmanGale.com**

TOLL FREE: 800.489.9814
www.FeldmanGale.com

April 10, 2015

*via electronic mail*
Stephen G. Anderson, Ph.D.
Gray Robinson
401 E. Jackson Street, Suite 2700
Tampa, Florida 33601
Stephen.Anderson@gray-robinson.com

RE:   Barn Light Electric Company, LLC v. Barnlight Originals, Inc., et al.
      Case No.: 8-14-CV-01955-MSS-AEP

Dear Stephen:

This responds to your email of April 7, 2015, Defendant's Responses to Plaintiff's First Request for Production of Documents, and Defendants' Responses to Plaintiff's first Set of Interrogatories.

1. We are in agreement that the parties will not exchange privilege logs of attorney-client privilege/work product documents generated after the filing date of the complaint in this matter.

2. Regarding Defendants' discovery requests, we are diligently examining a substantial volume of documents in connection with Defendants' requests for production and interrogatories. We anticipate completion of this review and subsequent production in May.

3. Please advise us of the status of your document review on behalf of Defendants and an anticipated production time frame.

4. Regarding the use of search terms in connection with production, Defendants' obligations to produce documents are exclusively governed by our requests for production, not a list of search terms. Without limiting or eliminating any aspect of our requests for production or interrogatories, searches of Defendants' electronically stored documents for the terms in Schedule 1 may facilitate identification of a number of documents sought in our requests for production.

5. Please consider this our good faith attempt to resolve disputes concerning your responses and objections to our pending requests for production.

    a. Defendants assert generalized objections based on ambiguity and vagueness of request numbers 1, 5-10, 12-34, 38, 43, 44.

Stephen G. Anderson, Ph.D.
April 10, 2015
Page 2

>   Please confirm that Defendants are not withholding any documents pursuant to objections based on ambiguity and vagueness. To the extent any documents are withheld on this basis, precisely identify which documents and the reason for your belief that the requests are ambiguous and vague.
>
>   Plaintiff maintains that each of its requests are clear and concise.
>
>   Further, pursuant to Fed. R. Civ. P. 34(b)(2), objections to a part of a request must "specify the part" that is the subject of the objection. Defendants' objections fail to specify the part of the requests that are ambiguous or vague.
>
>   Further still, given your narrowing objections, the nature of the documents withheld should be asserted explicitly. *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida*, Section III.A.7. Defendants should supplement their responses to fully comply its discovery obligations.

   b. Defendants assert generalized objections based on overbreadth and undue burden regarding request numbers 1-12, 14-21, 25-26, 28-33, 43 and 44.

>   Please confirm that Defendants are not withholding any documents pursuant to objections of overbreadth and undue burden. To the extent any documents are withheld on this basis, precisely identify which documents and the reason for your belief that the requests are overly broad or unduly burdensome.
>
>   Plaintiff maintains that each of its requests is narrowly tailored.
>
>   Pursuant to Fed. R. Civ. P. 34(b)(2), objections to a part of a request must "specify the part" that is the subject of the objection. Defendants' objections fail to specify the part of the requests that are objected to as overbroad or unduly burdensome.
>
>   Further, given your narrowing objections, the nature of the documents withheld should be asserted explicitly. *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida*, Section III.A.7. Defendants should supplement their responses to fully comply its discovery obligations.

   c. Defendants object to requests 45-86 on the basis of a pending motion to dismiss.

>   The Court denied Defendants' motion to dismiss. Accordingly, there is no basis for Defendants to maintain their objections regarding requests 45-46.
>
>   Moreover, even if the Court had not yet ruled on this motion, *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* leaves no doubt that a pending motion to dismiss does not excuse the

Stephen G. Anderson, Ph.D.
April 10, 2015
Page 3

> moving parties from abiding by discovery obligations. *See* Section I.E.4. Defendants should immediately supplement their responses to fully comply with their discovery obligations.

    d.  Defendants object to request 30 for documents relating to Walter L. Solms, III, also known as Trey Solms for lack of relevance, among other things.

> Documents relating to Mr. Solms are reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26(b)(1). Mr. Solms left Barn Light Electric and is believed to have consulted with one or more of the Defendants in connection with the Defendants' bad faith registration/creation of www.BarnLightOriginals.com domain name and the associated website, as well as the willful infringement of the BARN LIGHT ELECTRIC trademarks by the defendants. Such conduct is directly relevant to Barn Light Electric's cybersquatting and trademark infringement claims.

> Please withdraw this objection and produce documents responsive to this request.

    e.  Defendants object to request 42 for lack of relevance as to Hi-Lite.

> Plaintiff maintains that the Defendants have engaged in willful trademark infringement and cybersquatting, either directly or indirectly. Hi-Lite's advertising activities, including the purchase of keyword advertising on behalf of Barnlight Originals, is relevant to both of these causes of action.

> Please withdraw this objection and produce documents responsive to this request.

6. Please consider this our good faith attempt to resolve disputes concerning your responses and objections to our interrogatories:

    a.  Improper Verifications.

> Pursuant to Fed. R. Civ. P. 33(b)(5), answers to interrogatories *must* be *signed by the person who makes the answers*. None of your interrogatories were verified by the Defendant Jeffrey Ohai. Moreover, the answers do not identify the party answering the interrogatory. Lastly, to the extent the answers pertain to an entity, the signature by that entity's attorney makes that attorney a witness. *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536, 538-39 (S.D. W. Va. 2005).

> Please properly verify the Defendants' interrogatory answers.

    b.  Defendants maintain that interrogatory 4 is overbroad, irrelevant, vague and ambiguous.

Stephen G. Anderson, Ph.D.
April 10, 2015
Page 4

    Interrogatory 4 requests information directly relevant to the likelihood of consumer confusion relative to the BARNLIGHT ORIGINALS mark and the BARN LIGHT ELECTRIC marks.

    Please withdraw these objections and respond in full to interrogatory 4.

  c. Defendants have refused to answer interrogatories 6 and 8 based on the previously pending motion to dismiss.

    The Court denied Defendants' motion to dismiss. Accordingly, there is no basis for Defendants to maintain their objections regarding interrogatories 6 and 8.

    Moreover, even if the Court had not yet ruled on this motion, *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* leaves no doubt that a pending motion to dismiss does not excuse the moving parties from abiding by discovery obligations. *See* Section I.E.4.

    Please withdraw your objections and fully respond to interrogatories 6 and 8.

  We anticipate your cooperation in the next few days with the discovery issues raised in this letter. Otherwise, we will need to proceed with a Motion to Compel.

                Sincerely,

                Alejandro J. Fernandez

Copy: Michael Colitz, III, Esq.

Stephen G. Anderson, Ph.D.
April 10, 2015
Page 5

# SCHEDULE 1

Barn Light Electric
Barnlight Electric
@barnlightelectric.com
Licens!
Assignment
The Authentic
BLO
Bryan Scott
Donna Scott
Solms
Asa
Patent
Trademark
Confus!
Google
@google.com
Houzz
@houzz.com
Twitter
@twitter.com
MU-3/4
Mount
Post
Bold Array
Marketers Media
Go Home
ATG
@marketersmedia.com
Keyword