IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation; and
JEFFREY L. OHAI, an individual California Resident

    Defendant.
_____/     Case No. 8:14-CV-1955-T-35AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.
_____/

**COUNTERCLAIM PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.04(a), Barnlight Originals, Inc. and Hi-Lite Manufacturing Company, Inc. (collectively "Counterclaim Plaintiffs") hereby move for entry of an order compelling Counterclaim Defendant Barn Light Electric Company, LLC and Third-Party Defendants Bryan and Donna Scott (collectively "Counterclaim Defendants") to (i) produce documents responsive to Counterclaim Plaintiffs' Requests for Production 4-10 and (ii) provide answers to Interrogatories 3-10. Counterclaim Plaintiffs also seek recovery of the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5). In support of this Motion to Compel ("Motion"), Counterclaim Plaintiffs state as follows:

**I.      BACKGROUND**

On October 30, 2014, Counterclaim Plaintiffs served Counterclaim Defendants with their First Requests for Production and First Set of Interrogatories (collectively "Discovery Requests"). *See* Exhibits A and B, respectively. The Discovery Requests sought information relating to Counterclaim Plaintiffs' claims of, among other things, trademark infringement, trade dress infringement, copyright infringement, and unfair competition. In response to the Discovery Requests, Counterclaim Defendants agreed to produce responsive documents at a mutually agreeable place and time, which was subsequently defined by the parties as May 2015. As of the filing of this Motion, nearly nine months after service of the Discovery Requests and nearly two months after the agreed time for production, Counterclaim Defendants have not produced documents responsive to several of the Discovery Requests.

On June 5, 2015, Counterclaim Plaintiffs' counsel sent a letter to Counterclaim Defendants' counsel, notifying it of certain deficiencies in its production. *See* Exhibit C. On June 19, 2015, Counterclaim Defendants subsequently produced their final round of documents and, on July 1,

2015, confirmed that its production of documents responsive to Counterclaim Plaintiffs' First Requests for Production was complete. *See* Exhibit D. Following verification that certain deficiencies in document production still exist, counsel for Counterclaim Plaintiffs sent a second letter to Counterclaim Defendants' counsel on July 7, 2015, reiterating its demand for the production of certain documents and answers to interrogatories. *See* Exhibit E. To date, Counterclaim Plaintiffs have not received any response to the July 7 letter. Accordingly, Counterclaim Plaintiffs are left with no choice but to file this Motion to Compel and seek the Court's intervention.

While Counterclaim Defendants have produced tens of thousands of purchase orders showing the sales of its infringing products, they have yet to produce any documents or answer any interrogatories relating to the gross income, net income, profits, or fixed or variable costs associated with the manufacture, production, marketing, advertising, or selling of certain identified products. Counterclaim Plaintiffs have tried repeatedly to come to an amicable resolution of this matter with Counterclaim Defendants, but Counterclaim Plaintiffs' letters of June 5, 2015 and July 7, 2015 resulted in no documents or answers responsive to these requests.

## II.     GOVERNING LAW

Motions to compel under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. *See Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See id*. Pursuant to Fed. R. Civ. P. 26(b), a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed.

R. Civ. P. 26(b)(1).

### III.     DOCUMENT REQUESTS AT ISSUE

Pursuant to Local Rule 3.04(a), Counterclaim Plaintiffs are including below full quotations of each document production request and interrogatory for which they currently seek an Order compelling a response. Also included below are Counterclaim Defendants' responses to the requests.

### Counterclaim Plaintiffs' Request for Production No. 4

4.      All documents sufficient to show the following information for all products identified in Exhibit A attached hereto:
   a)      The number of units sold, and to whom the units were sold;
   b)      The sales price of each unit;
   c)      The gross income received from sales of these units;
   d)      The net income received from sale of these units;
   e)      The profits received from sales of these units; and
   f)      An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.
   A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 4

Barn Light and the Scotts object to this Request as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object to this Request as overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to this request as unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek documents from third parties. The Scotts object to this request because it seeks documents not in the individual custody, control or possession of the Scotts.
Subject to these objections and its general objections, and without waiver thereof, Barn Light and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist, at a mutually convenient time and place.

### Counterclaim Plaintiffs' Request for Production No. 5

5.      All documents sufficient to show the following information for all products identified in Exhibit B attached hereto:

      a)      The number of units sold, and to whom the units were sold;
      b)      The sales price of each unit;
      c)      The gross income received from sales of these units;
      d)      The net income received from sale of these units;
      e)      The profits received from sales of these units; and
      f)      An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### **Counterclaim Defendants' Response to Request for Production No. 5**

[Same response][1]

### **Counterclaim Plaintiffs' Request for Production No. 6**

6.      All documents sufficient to show the following information for all products sold in which the purchaser's initial entry to www.barnlightelectric.com was via www.barnlightelectric.com/barn-light-originals.html:
      a)      The number of units sold, and to whom the units were sold;
      b)      The sales price of each unit;
      c)      The gross income received from sales of these units;
      d)      The net income received from sale of these units;
      e)      The profits received from sales of these units; and
      f)      An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### **Counterclaim Defendants' Response to Request for Production No. 6**

[Same response]

### **Counterclaim Plaintiffs' Request for Production No. 7**

7.      All documents sufficient to show the following information for all sales of the "Outback Cord Hung Pendant":
      a)      The number of units sold, and to whom the units were sold;
      b)      The sales price of each unit;

---

[1] Counterclaim Defendants responded to each of the quoted requests with the same language and some occasional additions. To conserve space, Counterclaim Plaintiffs have stated [Same response] where Counterclaim Defendants used the same response as they used for Request No. 4. Counterclaim Plaintiffs have noted any additional objections as well.

      c)      The gross income received from sales of these units;
      d)      The net income received from sale of these units;
      e)      The profits received from sales of these units; and
      f)      An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 7

[Same response]

### Counterclaim Plaintiffs' Request for Production No. 8

8.     All documents sufficient to show the following information for all sales of "The Outback Gooseneck Light":
      a)      The number of units sold, and to whom the units were sold;
      b)      The sales price of each unit;
      c)      The gross income received from sales of these units;
      d)      The net income received from sale of these units;
      e)      The profits received from sales of these units; and
      f)      An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 8

[Same response]

### Counterclaim Plaintiffs' Request for Production No. 9

9.     All documents sufficient to show the following information for all sales of the "Barn Light Benjamin Industrial Pendant":
      a)      The number of units sold, and to whom the units were sold;
      b)      The sales price of each unit;
      c)      The gross income received from sales of these units;
      d)      The net income received from sale of these units;
      e)      The profits received from sales of these units; and
      f)      An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

**Counterclaim Defendants' Response to Request for Production No. 9**

[Same response with the following objection:]

Barn Light and the Scotts object to the term "interrogatory" as vague and ambiguous in this Request.

**Counterclaim Plaintiffs' Request for Production No. 10**

10.   All documents sufficient to show each and every instance in which BLE has used a photograph of a Hi-Lite product on any of its websites or third-party websites since September 4, 2012.  A complete response to this interrogatory will include BLE's use of photographs that were provided to it by Hi-Lite as well as any and all photographs depicting Hi-Lite products.

**Counterclaim Defendants' Response to Request for Production No. 10**

Barn Light and the Scotts object to this Request as vague and ambiguous, unclear, overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to admissible evidence. This Request is overly broad, unduly vague and ambiguous because it is written so broadly as to include documents not relevant to the Complaint or Counterclaims. For example, this Request is so broad as to include Barn Light's use of photographs taken by Barn Light or third-parties of Hi-Lite products even when Barn Light offered for sale Hi-Lite products.

Barn Light and the Scotts further object to this Request because it is not limited to activities occurring within the United States. Barn Light and the Scotts further object to this Request because it is not limited temporally. Barn Light and the Scotts object to the term "interrogatory" as vague and ambiguous in this Request.

Further, identification of responsive documents, if any, would require extensive research, compilation or evaluation of documents. A number of Barn Light's marketing designers and marketing managers, including individuals who are no longer employees of Barn Light, over years have published unknown thousands of photographs of vast numbers of products currently or previously offered on the Barn Light website since September 4, 2012. Barn Light estimates the requested analysis to involve at the very minimum a *Terabyte* of data. Further, many products photographed or offered by Barn Light are not readily identifiable in every photograph/image depending on lighting or angle of a given photograph. Identification of responsive documents would be impracticable, and at a minimum would require the undue effort and expense of researching and analyzing on a one by one basis each of the many thousands of photographs of vast numbers of products photographed by Barn Light after September 4, 2012 is of a Hi-Lite product.

Barn Light and the Scotts further object to this Request to the extent it seeks documents not in the possession, custody or control of Barn Light and the Scotts, including, for example, photographs maintained on third-party websites.

Barn Light and the Scotts further object to this Request to the extent it seeks documents that is in the possession, custody or control of Hi-Lite. Specifically, Hi-Lite has possession, custody and control of any and all photographs provided to Barn Light and the Scotts.

Subject to these objections and its general objections, and without waiver thereof, Barn Light

and the Scotts will produce responsive, non-privileged documents in their possession, custody or control, to the extent any exist, at a mutually convenient time and place.

### Counterclaim Plaintiffs' Interrogatory No. 3

3. Please provide the following information for all products identified in Exhibit A attached hereto:
    a) The number of units sold, and to whom the units were sold;
    b) The sales price of each unit;
    c) The gross income received from sales of these units;
    d) The net income received from sale of these units;
    e) The profits received from sales of these units; and
    f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 3

Barn Light and the Scotts object to Interrogatory No. 3 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to the Interrogatory as it is unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these and its General Objections, and without waiver thereof, and pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Plaintiffs' Interrogatory No. 4

Please provide the following information for all products identified in Exhibit B attached hereto:
    a) The number of units sold, and to whom the units were sold;
    b) The sales price of each unit;
    c) The gross income received from sales of these units;
    d) The net income received from sale of these units;
    e) The profits received from sales of these units; and
    f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 4

Barn Light and the Scotts object to Interrogatory No. 4 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to the Interrogatory as it is unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these objections and its general objections, and without waiver thereof, pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Plaintiffs' Interrogatory No. 5

Please provide the following information for all products sold in which the purchaser's initial entry to www.barnlightelectric.com was via www.barnlightelectric.com/barn-light-originals.html:

- a) The name and part number of each product;
- b) The number of units sold, and to whom the units were sold;
- c) The sales price of each unit;
- d) The gross income received from sales of these units;
- e) The net income received from sale of these units;
- f) The profits received from sales of these units; and
- g) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above for any product in which the purchaser's initial entry to www.barnlightelectric.com was via www.barnlightelectric.com/barn-light-originals.html.

### Counterclaim Defendants' Response to Interrogatory No. 5

Barn Light and the Scotts object to Interrogatory No. 5 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to the Interrogatory as it is unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these objections and its general objections, and without waiver thereof, pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Plaintiffs' Interrogatory No. 6

Please provide the following information for all sales of the "Outback Cord Hung Pendant":
- a) The number of units sold, and to whom the units were sold.
- b) The sales price of each unit;
- c) The gross income received from sales of these units;
- d) The net income received from sale of these units;
- e) The profits received from sales of these units; and
- f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 6

Barn Light and the Scotts object to Interrogatory No. 6 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to this interrogatory as it is unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. Barn Light and the Scotts further object to this interrogatory as it seeks information in the possession of Defendants. In particular, Defendants are in possession of information pertaining to sales information for the "Outback Cord Hung Pendant" prior to September 4, 2012.

The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these objections and its general objections, and without waiver thereof, pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Plaintiffs' Interrogatory No. 7

Please provide the following information for all sales of "The Outback Gooseneck Light":
- a) The number of units sold, and to whom the units were sold.
- b) The sales price of each unit;
- c) The gross income received from sales of these units;
- d) The net income received from sale of these units;
- e) The profits received from sales of these units; and
- f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has

purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 7

Barn Light and the Scotts object to this interrogatory as exceeding the allowed number of 25 interrogatories under the Fed. R. Civ. P. 33(a). Barn Light and the Scotts object to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

### Counterclaim Plaintiffs' Interrogatory No. 8

Please provide the following information for all sales of the "Barn Light Benjamin Industrial Pendant":
- a) The number of units sold, and to whom the units were sold.
- b) The sales price of each unit;
- c) The gross income received from sales of these units;
- d) The net income received from sale of these units;
- e) The profits received from sales of these units; and
- f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 8

Barn Light and the Scotts object to this interrogatory and its subsections as exceeding the allowed number of interrogatories under the Fed. R. Civ. P. 33(a). Barn Light and the Scotts object to Interrogatory No. 8 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

### Counterclaim Plaintiffs' Interrogatory No. 9

Please specify whether you received any clearance opinions or any other opinions relating to whether the "BLE Marks" could be registered on the principal register.

### Counterclaim Defendants' Response to Interrogatory No. 9

Barn Light and the Scotts object to this interrogatory as exceeding the allowed number of interrogatories under the Fed. R. Civ. P. 33(a). Barn Light and the Scotts object to Interrogatory No. 9 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States. Barn Light and the Scotts further object to the phrase "clearance opinions or any other opinions" as vague and ambiguous. Barn Light and the Scotts further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

### Counterclaim Plaintiffs' Interrogatory No. 10

Please describe the terms of any agreement or release between BLE and third-party publishers relating to the display of any images in third-party publications depicted in Exhibit C attached hereto.

### Counterclaim Defendants' Response to Interrogatory No. 10

Barn Light and the Scotts object to this interrogatory as exceeding the allowed number of interrogatories under the Fed. R. Civ. P. 33(a). Barn Light and the Scotts object to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Barn Light and the Scotts object to this interrogatory on the basis that it would require that Barn Light and the Scotts investigate and seek out information from third parties. Barn Light and the Scotts further object to the phrase "agreement or release" as vague and ambiguous. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

### IV. ANALYSIS

### A. Requests for Production Nos. 4-10 and Interrogatories No. 3-8.

Counterclaim Defendants have repeatedly failed to produce documents or answer interrogatories relating to the gross income, net income, profit figures, and/or an itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and

selling of the products identified in Requests for Production 4-9 and Interrogatories No. 3-8. The requested information is unquestionably relevant to this case. In trademark litigation, one measure of damages is lost profits. *See* 15 U.S.C. § 1114. The products identified in Requests 4-9 and Interrogatories 3-8 are directly related to, among other causes of action, Counterclaim Plaintiffs' allegations of trademark infringement and unfair competition.

Regarding Request for Production 10, Counterclaim Plaintiffs contend that the request is directly relevant to, among other causes of action, its allegations of unfair competition and copyright infringement. As indicated in Counterclaim Plaintiffs' Second Amended Counterclaims [Dkt. 60], Counterclaim Defendants were caught red-handed using depictions of Hi-Lite products to sell their own products. The depictions included Hi-Lite's copyrighted photographs (copyright infringement and unfair competition) or other photographs of Hi-Lite products (unfair competition). Request 10 is aimed at uncovering certain instances in which Counterclaim Defendants' unlawful practices have occurred and continue to occur, and is undoubtedly relevant to this case.

Despite agreeing to produce responsive documents at a mutually convenient time and place, Counterclaim Defendants have thus far failed to do so. Instead, Counterclaim Defendants have only produced purchase orders showing individual sales of the identified products. Counterclaim Plaintiffs are entitled to receive documents and answers to interrogatories related to Counterclaim Defendants' profits so Counterclaim Plaintiffs can estimate their ultimate monetary damages. Under the broad right of discovery in Fed. R. Civ. P. 26, Counterclaim Defendants must produce all relevant documents, and Counterclaim Plaintiffs respectfully request an Order by this Court compelling them to do so.

**B.      Interrogatories 7-10.**

Counterclaim Plaintiff's objections to Interrogatories 7-10 on the basis that they exceed the permissible number of interrogatories is without merit. While Fed. R. Civ. P. 33(a) limits the number of interrogatories to twenty-five, inclusive of discrete subparts, "Rule 33 does not define 'discrete subparts' . . . ." *Oliver v. City of Orlando*, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007). When determining whether an interrogatory includes discrete subparts, this Court applies the "related question" test, which involves "assessing whether the particular subparts are logically or factually subsumed within and necessarily related to the primary question." *Id*. In other words, the relevant inquiry becomes whether "the subparts are sufficiently logically related to the information sought in the primary question to be counted as a single interrogatory." *Id*. at *3.

Here, the definitive sections of Interrogatories 3-8 are logically and factually related, as they are all aimed at determining and verifying the profits received as the result of a sale of an infringing product(s). Accordingly, Interrogatories 3-8 each count as single interrogatory. Thus, Interrogatories 9 and 10 are the ninth and tenth interrogatories, respectively, and are also within the permissible number of interrogatories under Rule 33. Counterclaim Defendants should be compelled to answer the interrogatories.

**V.      CONCLUSION**

Counterclaim Plaintiffs respectfully seek an order compelling Counterclaim Defendants to produce documents responsive to Counterclaim Plaintiffs' Requests for Production 4-10 and completely answer Interrogatories 3-10. Furthermore, because Counterclaim Defendants' refusal to both produce the requested documents and answer the relevant Interrogatories is not substantially justified, Counterclaim Plaintiffs also seek recovery of the attorneys' fees and expenses necessitated

by this motion pursuant under Fed. R. Civ. P. 37(a)(5).

Date: July 15, 2015  Respectfully submitted,

*/s/Stephen G. Anderson*
Michael J. Colitz, III
Florida Bar No. 164348
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Counterclaim Plaintiffs*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Counterclaim Plaintiffs conferred with opposing counsel regarding the relief requested herein. No resolution was achieved and it is therefore submitted to the Court for determination.

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy to all counsel of record.

*/s/ Stephen G. Anderson*
Stephen G. Anderson