# EXHIBIT C



401 EAST JACKSON STREET
SUITE 2700
POST OFFICE BOX 3324 (33601-3324)
TAMPA, FLORIDA 33602
TEL 813-273-5000
FAX 813-273-5145
gray-robinson.com

BOCA RATON
FORT LAUDERDALE
GAINESVILLE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
MIAMI
NAPLES
ORLANDO
TALLAHASSEE
TAMPA

813-273-5298

MICHAEL.COLITZ@GRAY-ROBINSON.COM

June 5, 2015

**VIA ELECTRONIC MAIL**

Alejandro J. Fernandez, Esq.
Feldman Gale
400 North Tampa Street
Suite 2830
Tampa, FL 33602

Re: Barn Light Electric Company, LLC. v. Barnlight Originals, Inc., et al.
Client-Matter No. 5500060-1

Dear Alex:

This letter addresses significant deficiencies in your recent document production.

The Defendants propounded their First Request for Production back in October of 2014. These requests were neither voluminous nor complicated. The 11 requests largely sought gross income, net income, and profits for certain identified products. Despite the straightforward nature of these requests, the documents you produced do not appear to be responsive. Equally as troubling is the delay associated with your production. After pressing you for responsive documents, your letter of April 10, 2015 promised a production in May. We responded by requesting that the production be in early May so that we could meet the necessary deadlines in the Case Management Report ("CMR"). As noted in our prior email exchange, we did not receive the bulk of your documents until June 2nd -- over six months after they were originally due to be produced. Such a delay is completely inexcusable.

Equally as troubling is your representation to the Court during the May 28th hearing [Dkt. 65] that the Plaintiff had produced over 100,000 pages of documents. This was untrue for two reasons. First, we have not received, as you stated, in excess of 100,000 pages. Your actual document production to date is somewhere around 80,000 pages. Is there perhaps another volume that we are unaware of ? Moreover, the documents had not been "produced" at the time of the May 28th hearing. On Wednesday, May 27th at 9:15 you sent us a link to Feldman Gale's fileshare site. The subject matter line of that email was "Document Production: Volumes 1 and 2." These two volumes represented less than 2,000 documents. It now appears that at some point *after* that email--and unbeknownst to us-- you uploaded Volume III containing the vast majority of your documents. You did not notify us beforehand to expect additional documents, nor did you alert us after the additional documents were uploaded. Instead, you notified us of the existence of Volume III a week later on June 2.

We are now in the position of having to review 80,000 pages of documents, 7 months after requesting them, and with only thirty days left before the expert report deadline. I previously asked you to confirm whether the three volumes represents the entirety of your document production. Thus far you have not responded. I can only surmise that additional documents will be forthcoming. This is all tremendously unfair to the Defendants and prejudices our ability to effectively defend the litigation. Also our initial pass through the documents suggests that there are many missing documents. For example, the documents detailing the gross income, net income, and profit figures for the products identified in Request Nos. 4, 5, 6, 7, 8, and 9 appear to be incomplete. Please let me know when you plan to remedy this.

Under the circumstances, we think it is only reasonable that the parties stipulate to an enlargement of the upcoming expert disclosure deadline. Specifically, we would propose the initial expert report date be moved from July 17th to August 14th and that the rebuttal report date be moved from August 14th to September 11th. Such a modification to the scheduling order would not require modifying the trial date nor any other dates in the CMR. It would also allow ample time to schedule the depositions of our respective experts in late September. If this is agreeable, let us know so we may prepare a suitable stipulation. Of course, if there are any delays associated correcting the inadequacies noted in this letter, we will have no choice but to request further modifications to the CMR.

Please let me know your position on these topics by Monday, June 8th.

Sincerely,

*Michael J. Colitz, III*

Michael J. Colitz, III

MJCjmg

# 5908795 v2