UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,

a Florida limited liability company,

      Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a

Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a

California corporation; and
JEFFREY L. OHAI, an
individual California Resident,

      Defendants.

_____/    CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a

Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

      Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,LLC,

a Florida limited liability company,

      Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual

Florida Residents,

      Third-Party Defendants.

_____/

**JOINT MOTION TO MODIFY DEADLINES IN
CASE MANAGEMENT AND SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rules of the United States District Court for the Middle District of Florida 3.05 and 3.09, Plaintiff, Barn Light Electric Company, LLC ("Barn Light Electric"), Defendants, Barnlight Originals, Inc. ("Barnlight Originals"), Hi-Lite Manufacturing Company, Inc. ("Hi-Lite"), and Jeffrey L. Ohai ("Ohai") and Third-Party Defendants, Bryan and Donna Scott ("The Scotts") (collectively, the "Parties"), by and through their respective undersigned counsel, for good cause, hereby move for the limited modification of several deadlines contained in the Court's November 19, 2014 Case Management and Scheduling Order ("Scheduling Order"). (Dkt. 43). This motion is made in good faith and not for purposes of delay. The requested modification as set forth in the proposed Amended Case Management and Scheduling Order ("Amended Scheduling Order") will not require modification or delay of the trial date contained therein and will still comply with the Court's recommended scheduling guidelines. *See* Amended Case Management and Scheduling Order; attached hereto as "Exhibit A".

**I.     INTRODUCTION**

Under Federal Rule of Civil Procedure 16(b)(4), this Court has the authority to modify the Scheduling Order for good cause shown. Here, good cause exists. First, the Parties agree an extension of time is necessary because of the size and scope of the case, which involves some thirty-one claims and counterclaims. The Parties are analyzing hundreds of thousands of documents already produced and completing production of additional documents in response to the Parties' pending discovery requests. Second, discovery regarding Plaintiff's patent claims was delayed due to a stay put into place by the Court pending Defendants' Motion to Dismiss.

As a result of the stay, patent-related discovery has been substantially delayed in this case as Defendants were not compelled to produce any patent-related discovery until July 29, 2015. Moreover, for the sake of efficiency and to avoid taking multiple costly out-of-state depositions of key deponents, the Parties refrained from conducting such depositions during the Court imposed stay. Accordingly, the Parties must still complete substantial discovery on both patent-related and other matters in this case given the Court's recent lifting of its stay. Third, modification of the Scheduling Order is necessary to prevent manifest injustice to the Parties. Without modification of the Scheduling Order, the Parties will not have the opportunity to fully develop their claims, defenses or dispositive motions and mediation is not likely to be meaningful until the parties have completed discovery.

Accordingly, the Parties respectfully request that this Court enter the Parties' proposed Amended Scheduling Order to allow the Parties to complete factual discovery, prepare and disclose expert and rebuttal reports, file dispositive motions and meaningfully participate in mediation following the close of discovery.

## II.     BACKGROUND AND PROCEDURAL HISTORY

This is a complex case involving patent, trademark, copyright, trade dress, unfair competition, false advertising and cybersquatting claims. Plaintiff, Barn Light Electric asserted claims for trademark infringement in violation of 15 U.S.C. § 1114, contributory trademark infringement, cancellation of trademark registration under 15 U.S.C. § 1119 based upon confusing similarity, cancellation of supplemental trademark registration under 15 U.S.C. § 1119 based upon confusing similarity, Federal Unfair Competition under 15 U.S.C. § 1125, Common Law Unfair Competition, Common Law Trademark Infringement and Cybersquatting under 15 U.S.C. § 1125(d), the Anticybersquatting Consumer Protection Act (Dkt. 21).

Also pending before this Court is Barn Light Electric's Declaratory Judgment Complaint seeking this Court's declaration of noninfringement, invalidity and unenforceability of U.S. Patent No. 8,556,477 (the "'477 Patent") (Dkt. 21), Defendants' Second Motion to Dismiss Under 12(b)(1) and Plaintiff's Opposition (Dkts. 64 & 69), Plaintiff's Motion to Dismiss and Defendants' Opposition (Dkts. 63 & 68) and Plaintiff's Motion to Amend Pleadings and Defendants' Opposition (Dkt. 66 & 77).

Additionally, Barn Light Originals and Hi-Lite filed counterclaims against Barn Light Electric for Trademark Infringement, Unfair Competition, False Advertising, Copyright Infringement and Trade Dress Infringement. Moreover, Barn Light Originals filed a Third Party Complaint against The Scotts including claims for Contributory Trademark Infringement and Vicarious Trademark Infringement. Moreover, Hi-Lite filed claims for Contributory Copyright Infringement, Vicarious Copyright Infringement, Contributory Trade Dress Infringement and Vicarious Trade Dress Infringement (Dkt. 60).

Moreover, until recently, discovery relating to the '477 Patent was stayed pending the Court's ruling on the Defendants' Second Motion to Dismiss and Plaintiff's Motion in Opposition. (Dkts. 64 & 69). On June 29, 2015, however, the Court issued an order lifting the stay of discovery on the '477 Patent action and ordered Defendants to produce documents relevant to the '477 Patent on July 29, 2015 (Dkt. 95). The Parties are in the early stages of discovery regarding this matter and will require additional time to complete document production, review documents and conduct relevant depositions. Furthermore, the Parties have each asserted numerous affirmative defenses and counterclaims and Defendants have filed a third-party complaint against The Scotts.

### III. MEMORANDUM OF LAW

#### A. Standard of Review

A decision whether to grant or deny a motion to modify the Scheduling Order is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to Fed. R. Civ. P. 16(b)(4), a party requesting amendment to a Scheduling Order must first make a showing of good cause. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998). To show good cause, "a party must establish that, despite his diligence, the deadline could not be met." *Sosa*, 133 F.3d at 1419. *See also United States ex rel. Walker v. R & F Props. of Lake County, Inc.*, 2008 WL 976786, at *2 (M.D. Fla. Apr. 9, 2008). If the parties diligently and timely pursue their rights but for reasons other than their own negligence are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997); *Fellows v. Earth Construction Inc.*, 794 F.Supp. 531 (D.Va. 1992).

#### B. Modification of the Scheduling Order Is Necessary and Appropriate

Each of the Parties maintain that they have diligently engaged in fact discovery under the current Scheduling Order entered in this case. However, circumstances beyond the Parties' control now necessitate that certain dates in the Scheduling Order be modified. Further, neither party will be prejudiced by the modification of the Scheduling Order. In view of the substantial number and scope of claims in this case and the discovery still left for the parties to complete, there exists good cause for the modification of the deadlines proposed in the Amended Scheduling Order. Accordingly, the Parties respectfully request that the Court exercise its discretion and permit the requested extensions of time for the good cause stated herein.

Specifically, the Parties jointly move to modify the Scheduling Order as follows:

| **Event or Deadline** | **Current Dates** <br> **(Dkts. 43 & 93)** | **Proposed Dates** <br> **(Exhibit A)** |
|---|---|---|
| Disclosure of Expert Reports (Party with the burden) | 8/14/15 | 9/18/15 |
| Rebuttal Expert Reports | 9/22/15 | 10/16/15 |
| Discovery Deadline | 9/25/15 | 10/26/15 |
| Dispositive, *Daubert*, and *Markman* Motions | 10/1/15 | 11/23/15 |
| Mediation | 9/30/15 | 12/14/15 |
| Trial Briefs | 2/24/16 | 3/7/16 |

**1.     Disclosure of Expert Reports**

The parties require additional time to complete depositions and to produce and review documents relevant to the preparation of their respective expert reports.  Further, the claims in suit involve tens of thousands of product sales and potentially hundreds of products.  To establish their claims and defenses, the Parties' respective experts must undertake lengthy analyses of the evidence pertaining to such sales and products pursuant to multiple damages theories.  Accordingly, additional time is needed to prepare expert reports and rebuttals.

**2.     Discovery Deadline**

The proposed modification to the discovery deadline is necessary to accommodate the completion of voluminous production and review of documents by the Parties.  Significantly, the Court only recently lifted a stay of discovery on the patent claims at issue in this litigation and the Parties each require additional time to collect, produce and review relevant documents, and to take depositions.

### 3. Dispositive, *Daubert* and *Markman* Motions

The Parties require additional time to prepare their respective dispositive, *Daubert* and *Markman* motions as each is dependent upon the completion of fact discovery, including discovery on the '477 Patent. The proposed modification to the deadline for dispositive, *Daubert* and *Markman* motions allows the Parties sufficient time to address some thirty-one separate counts—thus, hopefully limiting the scope of this case—without impacting the trial date.

### 4. Mediation

The proposed modification of the mediation deadline in the Amended Scheduling Order comports with the Court's recommended timeline for mediation following the close of discovery. Modifying the date for mediation to follow the completion of fact discovery will benefit the Parties and facilitate a more thorough and meaningful mediation.

## III. CONCLUSION

The Parties respectfully request that the Court exercise its discretion and permit the requested extensions of time for the good cause stated herein and enter the Amended Case Management and Scheduling Order in the form of the proposed order attached hereto as Exhibit "A." The dates in the Amended Scheduling Order provide the Parties with the bare minimum amount of time within which to complete fact discovery, prepare expert reports and rebuttals, file dispositive motions and engage in meaningful mediation. The Parties therefore respectfully request that the Court modify the Scheduling Order accordingly.

Respectfully submitted, Dated: August 6, 2015

/s/ Alejandro J. Fernandez
Alejandro J. Fernandez
Florida Bar No. 32221
Joseph R. Sozzani
Gregory L. Hillyer
Florida Bar No. 682489

David M. Stahl
Florida Bar No. 84713
Matthew N. Horowitz
Florida Bar No. 98564
FELDMAN GALE, P.A.
400 N. Tampa Street, Suite 2830
Tampa, FL 33602
(813) 374-8890
(305) 358-3309
afernandez@feldmangale.com
jsozzani@feldmangale.com
ghillyer@feldmangale.com
dstahl@feldmangale.com
mhorowitz@feldmangale.com

*Attorneys for Plaintiff, Counterclaim-Defendant*
 *and Third Party Defendants*


AND


/s/ Michael J. Colitz, III
Michael J. Colitz, III
Florida Bar No. 164348
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants, Counterclaim-Plaintiffs*
*And Third-Party Plaintiff*

## CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies on this 6th day of August 2015, pursuant to M.D. Fla. L.R. 3.01(g), counsel for Plaintiffs conferred with counsel for Defendants regarding the relief requested in this motion and the parties agree to the requested relief.

| /s/ Alejandro J. Fernandez | /s/ Michael J. Colitz, III |
|---|---|
| Alejandro J. Fernandez | Michael J. Colitz, III |

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

/s/ Alejandro J. Fernandez
Alejandro J. Fernandez