UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

     Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a

California corporation; and
JEFFREY L. OHAI, an
individual California Resident,

     Defendants.

_____/    CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

     Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

     Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

     Third-Party Defendants.

_____/

**PLAINTIFF BARN LIGHT ELECTRIC COMPANY, LLC'S**
**EXPEDITED THIRD MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS AND FOR DISCOVERY SANCTIONS** [1]

Pursuant to Federal Rule of Civil Procedure 26(g)(3) and 37(b)(2), the Local Rules of the United States District Court for the Middle District of Florida 3.04(a), 3.05 and 3.09 (the "Local Rules") and the Discovery Rules of the Middle District of Florida, Rev. June 5, 2015 (the "Discovery Rules"), Plaintiff, Barn Light Electric Company, LLC ("Barn Light Electric" or "Plaintiff"), joined by Bryan Scott and Donna Scott (the "Scotts"), by and through their undersigned counsel, hereby respectfully moves this Court on an expedited basis for an order compelling Barnlight Originals, Inc. ("Barnlight Originals"), Hi-Lite Manufacturing Company, Inc. ("Hi-Lite"), and Jeffrey L. Ohai ("Ohai") (collectively, "Defendants") to produce documents and respond to interrogatories, as well as imposing sanctions on Defendants and awarding Plaintiff expenses, including attorney's fees and costs.

## I.    INTRODUCTION

Despite numerous telephone conferences, an in-person meeting, as suggested by this Court, letters, e-mails, hearings, and even this Court's Order directing Defendants to complete its document production (Dkt. 95), Defendants still refuse to produce documents and discovery responses. For example, Defendants categorically refuse to provide *any* financial documents related to Hi-Lite, a defendant and counterclaim plaintiff in this case. Such documents are crucial to the damages theories advanced in Plaintiff's affirmative claims *and* Defendants' own counterclaims. Defendants' refusal to produce any Hi-Lite financial documents has, and continues to, prevent Plaintiff's damages expert from conducting the orderly and full damages analyses required for the numerous counts in suit.

---

[1] Plaintiff, Barn Light Electric Company, LLC, files this motion and exhibits thereto as a correction to its previously filed motion and exhibits thereto [Document No. 108].

Defendants have also harmed Plaintiff by over-producing a mountain of documents so improperly reviewed that it includes more than 10 megabytes of hardcore pornography and nearly 40,000 pages of incomprehensible computer code and Wingdings. To make matters worse, Defendants have ignored this Court's Protective Order (Dkt. 40) governing the specific criteria that the parties must use in classifying documents, and instead decided it would suffice to "batch" classify as "Highly Confidential/Attorney's Eyes Only" all documents associated with any of Defendants' employees, distributors and vendors. Defendants' process yielded approximately 40,000 pages (27% of Defendant's produced documents) classified as "Highly Confidential/Attorney's Eyes Only." In what is perhaps the most egregious example of Defendants misclassification of documents, Defendants have produced documents containing hardcore pornography with the classification "Highly Confidential/Attorney's Eyes Only."

Defendants' strategy of stonewalling the production of key documents while dumping improperly reviewed and classified documents on Plaintiff has, and continues to, seriously harm Plaintiff. First, Plaintiff cannot prepare its expert reports without financial data and other critical documents from Defendants. Second, Defendants have mounted upon Plaintiff, layer upon layer of unnecessary expense, delay and inefficiency to an already sizeable litigation burden.

Pursuant to this Court's direction, Plaintiff has made multiple attempts to meet and confer with Defendants in person and via telephone in an effort to fully resolve this discovery *impasse* and avoid seeking the further assistance of this Court. However, even after an in person meeting between counsel for the parties, Plaintiff's attempts have been met with empty promises, a reluctance to commit to dates certain for the long overdue production of documents responsive to Plaintiff's discovery requests, and additional adversarial gamesmanship by Defendants. Given the impending expert report and discovery deadlines in this case, Plaintiff is, once again, left

with no choice but to seek the assistance of this Court in compelling Defendant's production of documents and seeking sanctions to make Plaintiff whole and in an effort to deter Defendants continued discovery violations.

Plaintiff urges this Court to exercise its discretion and impose sanctions against Defendants pursuant to Federal Rules of Civil Procedure Rules 26(g)(3) and 37(b)(2) issuing an order: (i) directing Defendants to provide compensation for Plaintiff's expenses, including attorneys' fees, in bringing Defendants into compliance with this Court's Discovery Order (Dkt. 95) and for its previously filed motions to compel (Dkts. 65 & 91)[2]; (ii) directing Defendants to complete production of all documents responsive to Plaintiff's long overdue First, Second, Third and Fourth Requests for Production of Documents, including the financial information Plaintiff's have requested relating to both Hi-Lite and Barnlight Originals, by a date certain[3]; (iii) directing Defendants to provide compensation for Plaintiff's expenses, including attorneys' fees, associated with the unnecessary and unduly burdensome review of approximately forty thousand (40,000) pages of irrelevant and unresponsive documents including pornography, pages of nonsensical font type and hyper text machine language ("HTML") code; and (iv) precluding and/or striking Defendants' Expert Reports in this matter due to Defendants' failure to comply with this Court's Discovery Order (Dkt. 95) and to remedy the prejudice and inequity caused to

---

2 In its Discovery Order, this Court held that attorney's fees and costs were denied without prejudice. ("Plaintiff's request for attorney's fees and costs in association with the filing of this motion is denied without prejudice, however.") Dkt. 95, FN1. Given Defendants failure to fully comply with this Court's Order, Plaintiff hereby renews its request for attorney's fees and costs associated with its motion to compel pursuant to Rule 37.
3 Attached hereto as Exhibit A (Exhibits to this Motion are identified herein as "Ex._") is Plaintiff's discovery tracking chart which includes Plaintiff's good faith assessment of the status of Defendant's production in response to Plaintiff's First, Second, Third and Fourth Requests for Production of Documents. Because Defendants have not identified the specific requests for which it has not yet produced documents or specific Bates Ranges for documents it has already produced as responsive to Plaintiff's specific Requests, the production status with regard to certain specific Requests remains unclear. Accordingly, the status of such requests have been marked as "unidentified" in the attached discovery tracking chart.

Plaintiff, Counterclaim-Defendants' and Third-Party Defendants' resulting from Defendants' refusal to produce critical discovery required for the development of Plaintiff's expert reports.

Additionally, given the impending expert report deadline in this case, and as a sanction for Defendants' abusive and unfounded assertion that Hi-Lite's financial information is not subject to discovery, this Court should enter an order requiring Defendants to allow immediate access to its financial databases and business records by Plaintiff's third party vendor for copying and also deeming that Defendants have waived any privilege that might otherwise excuse it from producing documents responsive to Plaintiff's outstanding and long overdue discovery requests.

## II.    FACTUAL BACKGROUND

1.    On August 14, 2014, Plaintiff filed its complaint.

2.    On October 10, 2014, Defendant filed its Answer.

3.    On November 19, 2014, this Court entered its Case Management and Scheduling Order.

4.    On April 10, 2015, Alejandro J. Fernandez mailed a letter to Michael J. Colitz III, Esq., and Stephen G. Anderson, Ph.D., Esq., a letter memorializing the stipulations reached by the parties as to certain procedures they would each follow with regard to the collection and production of documents in this matter. With regard to the use of search terms to identify documents for production, the letter sent to Defendant's counsel relayed the following:

> Regarding the use of search terms in connection with production, Defendants' obligations to produce documents are exclusively governed by our requests for production, not a list of search terms. Without limiting or eliminating any aspect of our requests for production or interrogatories, searches of Defendants' electronically stored documents for the terms in Schedule 1 may facilitate identification of a number of documents sought in our requests for production.

*See* Ex. B at ¶4.[4]

5.      On July 17, 2015, Alejandro J. Fernandez transmitted an electronic mail correspondence Michael J. Colitz III, Esq., and Stephen G. Anderson, Ph.D., Esq., relating to Plaintiff's demand that Defendants withdraw their Motion to Compel for failure to comply with Local Rule 3.01(g). Defendants subsequently withdrew their motion. *See* Ex. C.

6.      On July 27, 2015, Alejandro J. Fernandez transmitted an electronic mail correspondence to Michael J. Colitz III, Esq., and Stephen G. Anderson, Ph.D., Esq., relating to Plaintiff's demand that Defendants complete production as ordered by the Court (Dkt. 95) and requesting that Defendants conduct a review of all documents produced in order to withdraw all non-responsive and irrelevant documents, including documents containing pornography, thousands of pages of unreadable and irrelevant Wingdings font type and in excess of thirty six thousand five hundred ("36,500") non-responsive pages of HTML code. *See* Ex. D.

7.      On July 28, 2015, Michael J. Colitz III, Esq., sent a letter correspondence to Alejandro J. Fernandez relating to: (i) Defendants exclusive use of keywords for the wholesale collection and production of documents without review, (ii) Defendants' demand that Plaintiff identify all documents for which it seeks confidentiality reclassifications, and (iii) further requesting that Plaintiff identify all categories of documents included in Plaintiff's propounded written discovery requests for which documents have not yet been produced. *See* Ex. E.

8.      On July 28, 2015, Alejandro J. Fernandez transmitted  an electronic mail

---

4 Attached hereto as Exhibits B through J are true and correct copies of correspondence between Plaintiff's counsel and Defendants' counsel relevant to the discovery matters discussed herein.

correspondence Michael J. Colitz III, Esq., and Stephen G. Anderson, Ph.D., Esq., relating to Defendants failure to respond to correspondence from Mr. Fernandez and Mr. Fernandez's attempted telephone calls and voicemail to Mr. Colitz, further informing counsel for Defendants that, having received no response from Defendants, Plaintiff contacted the Court to request a hearing as expressly instructed by Judge Porcelli in the Court's Order (Dkt. 95). *See* Ex. F.

9.      On July 30, 2015, Stephen G. Anderson, Ph.D., Esq., transmitted an electronic mail correspondence to Alejandro J. Fernandez relating to Defendants use of search terms to identify, collect and blindly produce documents without review and further claiming all documents produced were, therefore, relevant over Plaintiff's objections that a majority of said document production included pornography and clearly irrelevant and non-responsive documents (i.e., in excess of 100 explicit pornographic images, over 36,500 pages of HTML code, 2,154 pages of Wing Ding font type). *See* Ex. G.

10.     On July 31, 2015, Michael J. Colitz III, Esq., sent a letter correspondence to Alejandro J. Fernandez relating to alleged deficiencies in Plaintiff's production. *See* Ex. H.

11.     On July 31, 2015, Alejandro J. Fernandez transmitted an electronic mail correspondence to Michael J. Colitz III, Esq., and Stephen G. Anderson, Ph.D., Esq., memorializing the stipulation reached between the parties relating to the necessity to file a joint motion requesting modification of the Case Management and Scheduling Order in this matter and further memorializing the parties' agreed upon dates for Defendants' production of documents responsive to Plaintiff's

Second, Third and Fourth Requests for Production of Documents on August 7, 2015 and August 14, 2015. *See* Ex. I.

12. On August 11, 2015, Michael J. Colitz III, Esq., sent a letter correspondence to Alejandro J. Fernandez relating to: (i) Defendants' assertion that it relied on "keyword searches" to produce its documents without review for relevancy or responsiveness, (ii) Defendants' offer to withdraw unresponsive documents from their prior productions as identified by Bates Numbers, (iii) Defendants' request that Plaintiff conduct its own review of Defendants' production and identify any specific documents that may require reclassification, and (iv) Defendants' request that Plaintiff identify categories of documents missing from Defendants' production. *See* Ex. J.

13. On May 28, 2015, this Court held a hearing on Plaintiff's Motion to Compel Production of Documents (Dkt. 83) before Honorable Anthony E. Porcelli, United States Magistrate Judge. *See* Transcript, attached as Ex. K.

14. On June 29, 2015, this Court held a hearing on Plaintiff's Motion to Compel Production of Documents (Dkt. 94) before Honorable Anthony E. Porcelli, United States Magistrate Judge. *See* Transcript, attached as Ex. L.

15. On June 29, 2015, this Court entered its Order (Dkt. 95) ("Discovery Order") directing that "[w]ithin fourteen (14) days of the date of this Order, Defendants shall produce all outstanding discovery responsive to the requests outlined in the motion. . . . [w]ithin thirty (30) days of the date of this Order, Defendants produce all outstanding discovery relating to the '477 Patent, as detailed in Plaintiff's Motion to Compel Discovery Responses (Doc. 65)." Dkt. 95.

16.     On July 13, 2015, Defendants produced 61,556 pages to Plaintiffs in response to this Court's Discovery Order (Dkt. 95) directing Defendants to complete discovery on all requests contained in Plaintiff's First Requests for Production of Documents on or before this date.  Of the 61,556 pages produced, over 36,500 pages consisted of unresponsive and irrelevant computer code and 2,154 pages of Wingdings font type.

17.     On July 29, 2015, Defendants produced a total of 929 pages of documents in response this Court's Discovery Order (Dkt. 95) directing Defendants to complete discovery on the '477 Patent on or before this date.

18.     Under the current Case Management and Scheduling Order (Dkt. 106), Expert Reports are due on September 18, 2015 with Rebuttal Expert Reports due on October 16, 2015.

19.     Under the current case Management and Scheduling Order (Dkt. 106), the Discovery Deadline in this case is October 26, 2015.

## III.    STANDARD OF LAW

### A.    *Federal Rule of Civil Procedure 26.*

Rule 26 imposes a duty on parties to comply with disclosure deadlines and "grants them no right to produce information in a belated fashion." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012) *aff'd*, 505 F. App'x 928 (11th Cir. 2013)(striking a party's expert report due to its failure to timely disclose discovery).

Rule 26(g) was "designed to curb discovery abuse by explicitly encouraging the imposition of sanctions."  *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545 (11th Cir. 1993) (citing Fed.R.Civ.P. 26(g) advisory committee's notes (1983 Amendment)).  Rule 26(g) requires

an attorney to sign "every request for discovery or response or objection thereto." *Id.* An attorney's signature certifies, in relevant part, "that the signer has read the request, response, or objection, and that to the best of the signer's ... belief formed after a reasonable inquiry it is ... not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation...." *Id.* If a certification is made in violation of Rule 26(g), "the court ... *shall* impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *Id.*; *See also*, *In re Seroquel Products Liab. Litig.*, 244 F.R.D. 650, 657 (M.D. Fla. 2007) (holding defendants and their counsel jointly and severally responsible for "the Plaintiff's attorney's fees and costs associated with th[e] protracted and costly discovery period" because defendants answered and objected to interrogatories with the improper purpose of "caus [ing] unnecessary delay, increas[ing] the cost of litigation for the Plaintiff, and caus[ing] the time for discovery to end before the Plaintiff had obtained the discovery materials [] needed to litigate th[e] case.").

> ### B. *Federal Rule of Civil Procedure 37.*

Rule 37 governs a party's failure to make a proper disclosure or cooperate in discovery. Fed.R.Civ.P. 37. Rule 37 is enforced in this district. *See* Discovery Rules, at ¶ E(3). "Further, if a Court order is obtained compelling discovery, unexcused failure to comply with such an order is treated by the Court with special gravity and disfavor." *Id.* "For purposes of Rule 37, an incomplete response is to be treated as a failure to respond." *In re Seroquel Products Liab. Litig.*, 244 F.R.D. 650, 655 (M.D. Fla. 2007) (citing Fed.R.Civ.P. 37(a)(3)).

The Eleventh Circuit Court of Appeals and district courts in the Middle District of Florida have repeatedly held that "[i]n making the determination of whether to impose sanctions, Rule 37(b)(2) does not require a showing of willfulness or bad faith as a prerequisite to the imposition of sanctions upon a party." *In re Seroquel Products Liab. Litig.*, 244 F.R.D. 650, 656 (M.D. Fla. 2007) citing *Melendez v. Ill. Bell Tel. Co.,* 79 F.3d 661, 671 (7th Cir.1996) ("Bad faith . . . is not required for a district court to sanction a party for discovery abuses. Sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the non-complying litigant."). Rule 37 of the Federal Rules of Civil Procedure authorizes wide ranging sanctions against a party that "fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2)(A) (i-vii); *See Scipione v. Advance Stores Co.,* 294 F.R.D. 659, 667-68 (M.D. Fla. 2013) (awarding expenses and attorney's fees pursuant to Rule 37 relating to costs related to seeking information not included in discovery responses, motions to compel and motions for sanctions); *U & I Corp. v. Advanced Med. Design, Inc.,* 251 F.R.D. 667, 677 (M.D. Fla. 2008)(awarding retroactive sanctions and fees for numerous motions to compel necessitated by the discovery violations of the nonmovant throughout the litigation); *See also*, *Stuart I. Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1140 (11th Cir. 1998) (awarding extensive attorney's fees and costs); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.1999) (per curiam) (dismissing the case as a Rule 37 sanction).

Rule 37(b)(2) also permits courts to preclude a party who "fails to obey an order to provide or permit discovery" from "supporting or opposing designated claims or defenses." Fed.R.Civ.P. 37(b)(2)(A)(ii). In addition to preclusion orders, Rule 37 also provides that a court "must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the reasonable

expenses, including attorney's fees" unless the court finds "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," that the failure was "substantially justified" or that "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(i-iii). "Rule 37 'places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.'" *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 259 F.R.D. 591, 610 (M.D. Fla. 2009)(rejecting defendant's argument that it was substantially justified in failing to timely produce documents in violation of a discovery order from the Court) citing *Hawkins v. Fulton County*, 96 F.R.D. 416, 421 (N.D.Ga.1982) (*quoting* Fed.R.Civ.P. 37 Advisory Comm. Notes (1970)).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 674 (M.D. Fla. 2008) citing *Aztec Steel Co. v. Fla. Steel Corp.,* 691 F.2d 480, 482 (11th Cir.1982). "The most severe spectrum of sanctions must be available to district courts not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976).

    **C.**    ***The Court's Inherent Powers to Impose Sanctions.***

Courts may also invoke their inherent powers to impose sanctions for abuse of the discovery process or failing to obey a court order. *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). Courts in the Eleventh Circuit have found bad faith "where a party or attorney knowingly or recklessly . . . delays or disrupts the litigation, or hampers the enforcement of a court order." *Qantum Communications Corp. v. Star Broadcasting, Inc.*, 473 F. Supp. 2d 1249, 1269 (S.D.

Fla. 2007) (citing *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1545–46 (11th Cir.1993) (affirming district court's award of default judgment for violation of discovery orders, award of attorney's fees and costs, and additional fines under the court's inherent powers)). "Bad faith can be predicated upon knowing or reckless conduct." *Scipione v. Advance Stores Co.*, 294 F.R.D. 659, 664 (M.D. Fla. 2013).

## III.    ARGUMENT

Pursuant to Local Rule 3.04(a), Barn Light Electric's interrogatories and requests with Defendants' responses are set forth below, followed by a statement of the reasons for granting this motion.[5]

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY #2:** As to each product promoted, sold, or distributed in connection with the BARNLIGHT ORIGINALS marks, please provide the following information:
a. the number of units sold, and to whom the units were sold;
b. the sales prices of each unit;
c. the gross income received from sales of these units;
d. the net income received from sales of these units;
e. the profits received from sales of these unites; and f. an itemized list of the fixed and variable costs associated with the manufacture, production, marketing, adve1iising, and selling of these units. A complete response to this interrogato1y will identify each entity that promotes, sells, or offers for sells Defendants' products and include all of the information in (a) through (f) above.

**RESPONSE:** Pursuant to Fed. R. Civ. P. 33(d), Barnlight Originals will provide documents, to the extent any exist, at a mutually agreeable time and place from which the information can be gathered.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 15:** Please state Hi-Lite's total annual volume of sales of all Hi-Lite products (including, but not limited to, products sold under any mark or brand that Hi-Lite claims to own, including Barnlight Originals) to all of its purchasers (including, but not limited to, Barn Light Electric) in each year from 2004 through 2015 (to date), in both total annual revenues and total unit sold. In responding to this interrogatory, please specify how much of the total annual revenues and total annual units sold in each year was attributable to sales of products sold under a given brand or mark that Hi-Lite claims to own, including Barnlight Originals.

---

5 In the interest of efficiency and economy of space, additional overlapping requests covered by the scope of broader requests as contained herein have been excluded from the body of this motion.

**RESPONSE TO INTERROGATORY NO. 15:** Pursuant to Fed. R. Civ. P. 33(b)(4), Defendants object to this request as being irrelevant, overly broad, burdensome, not reasonably calculated to lead to admissible evidence, vague, and ambiguous. Hi-Lite has never owned Barnlight Originals.

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST #14**

Documents sufficient to identify the annual dollar and unit volumes of sales for each good and/or service sold in connection with the BARNLIGHT ORIGINALS marks since such goods and/or services were introduced.

**RESPONSE:**

Pursuant to Fed. R. Civ. P. 34(b), Defendants object to this request as being overly broad, unduly burdensome, vague and ambiguous. Subject to the foregoing general and specific objections, Barnlight Originals will produce responsive, non-privileged documents, to the extent any exist, at a mutually agreeable place and time.

**REQUEST #46**

All documents relating to the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad by seeking "all documents," unduly burdensome, not reasonably calculated to lead to admissible evidence, and irrelevant to the extent it relates to Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #47**

All documents mentioning or discussing the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #48**

All documents mentioning or discussing the ownership of the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #51**

All documents mentioning or discussing any lost profits allegedly caused by Barn Light Electric's alleged infringement of the '477 Patent.

**RESPONSE:** [SAME AS RESPONSE TO REQUEST #46]

**REQUEST #54**

All documents that were used, referenced or considered in the preparation or prosecution of the application that led to the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants'

pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad by seeking "all documents," unduly burdensome, not reasonably calculated to lead to admissible evidence, vague and ambiguous regarding documents "used," and irrelevant to the extent it relates to Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #57**

All of the purported inventor's notebooks, workbooks, invention disclosures, notes, record and files relating to the subject matter of the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad by seeking "all" documents, vague and ambiguous to the extent it refers to a "purported inventor," not reasonably calculated to lead to admissible evidence, and irrelevant to the extent it relates to Hi-Lite or Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #59**

All documents mentioning or discussing the conception of the subject matter of the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad to the extent it seeks "all documents," not reasonably calculated to lead to admissible evidence, and irrelevant to the extent it relates to Hi-Lite or Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will

produce responsive, non- privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #60**

All documents mentioning or discussing the reduction to practice of the subject matter of the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #62**

All documents that have ever been considered or evaluated relating to the novelty, patentability, validity, enforceability, or scope of the claims in the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #63**

All documents mentioning, or discussing any patentability searches relating to the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #64**

All documents mentioning, or discussing the research, development or manufacture of any commercial embodiments of the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #66**

All documents mentioning or discussing the first sale or offer for sale of any commercial embodiment of the '477 Patent.

**RESPONSE:** [SAME AS RESPONSE TO REQUEST #59]

**REQUEST #67**

Documents sufficient to show the date of the first offer for sale and sale of any commercial embodiment of the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #68**

All documents relating to the marking or the failure to mark any commercial embodiment of the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad to the extent it seeks "all documents," not reasonably calculated to lead to admissible evidence, vague and ambiguous to the extent it seeks "documents relating to the marking or the failure to mark any commercial embodiment," and irrelevant to the extent it relates to Hi-Lite or Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #71**

All documents mentioning or discussing any changes, modification or re-design of any

commercial embodiment of the '477 Patent.

**RESPONSE:** [SAME AS RESPONSE TO REQUEST #59]

**REQUEST #72**

All documents mentioning or discussing the first date the alleged invention of the '477 Patent was made public.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad to the extent it seeks "all documents," not reasonably calculated to lead to admissible evidence, vague and ambiguous to the extent it seeks documents relating to the "alleged invention" and "made public," and irrelevant to the extent it relates to Hi- Lite or Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #73**

All documents mentioning or discussing any trade shows, conventions, expos, or meetings at which any commercial embodiment of the '477 Patent was marketed, advertised, promoted, presented, displayed, described, offered for sale, or sold.

**RESPONSE:** [SAME AS RESPONSE TO REQUEST #59]

**REQUEST #74**

All advertisements, marketing or promotional materials for any commercial embodiment of the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad to the extent it seeks "all" documents, not reasonably calculated to lead to admissible evidence, and irrelevant to the extent it relates to Hi-Lite or Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non- privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #75**

All documents mentioning or discussing any commercial embodiment of the '477 Patent prior to the earliest filing date to which the '477 is allegedly entitled, including but not limited to presentations, price lists, and manuals.

**RESPONSE:** [SAME AS RESPONSE TO REQUEST #59]

**REQUEST #76**

Documents sufficient to show the total number of units sold per year of any commercial embodiment of the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being irrelevant to the extent it relates to Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #77**

All documents mentioning, or discussing any research, development, or testing activities relating to the subject matter claimed of the '477 Patent prior to the earliest filing date to which the '477 is allegedly entitled.

**RESPONSE:** [SAME AS RESPONSE TO REQUEST #59]

**REQUEST #78**

All documents mentioning, or discussing any communications, disclosure, showing, sampling, display, or demonstration of the subject matter claimed in the '477 Patent prior to the earliest filing date to which the '477 Patent is allegedly entitled.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #79**

All documents mentioning, or discussing any opinion, search, analysis, or advice relating to the validity, inventorship, ownership, infringement, enforceability, or scope of the claims of the '477 Patent.

**RESPONSE:** [SAME AS RESPONSE]

**REQUEST #80**

All documents supporting any Defendants' contention that Barn Light Electric has allegedly infringed the '477 Patent, including but not without limitation, all claim charts that show, explain, or demonstrate how Baill Light Electric's products allegedly infringe any of the claims of the '477 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad to the extent it seeks "all documents," not reasonably calculated to lead to admissible evidence because Defendants *do*

*not* contend Barn Light Electric has infringed the '477 Patent, and irrelevant to the extent it relates to Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #82**

All documents mentioning, or discussing any of Defendants' lost profits allegedly caused by Barn Light Electric's alleged infringement of the '477 Patent.

**RESPONSE:** [SAME RESPONSE]

**REQUEST #84**

All documents relating to any charge of infringement or other notice of the '477 Patent given to any third party.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b) in view of Defendants' pending Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 64]. Defendants further object on the basis that the Court's Order [Dkt. 84] imposing the stay of all discovery relating to the '477 Patent should have been maintained. In view of the covenants provided to the Plaintiff in this matter, Defendants also object to this request as seeking irrelevant information and information that is not reasonably calculated to lead to admissible evidence. Defendants also object to the request as being overly broad to the extent it seeks "all documents," not reasonably calculated to lead to admissible evidence, vague and ambiguous to the extent is seeks information relating to a "third party," and irrelevant to the extent it relates to a "third party," Hi-Lite, or Barnlight Originals. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST #85**

All correspondence with any third party mentioning or discussing Prior Art or other evidence of invalidity to the '477 Patent.

**RESPONSE:** [SAME RESPONSE]


## THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 53:**

All audited, prepared, and/or reviewed financial statements for Barnlight Originals, and Hi-Lite including but not limited to: (i) Income statements / profit & loss statements, (ii) balance sheets, and (iii) cash flow statements.

**RESPONSE:**

Pursuant to Fed. R. Civ. P. 34(b), Defendants object to this request as being overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, vague, and ambiguous. Defendants also object to this request as irrelevant to the extent it relates to Hi-Lite. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Barnlight Originals will produce responsive, non-privileged

documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST NO. 54:**

All internally generated profit and loss or income statements for each Barnlight Originals and Hi-Lite business unit or division which sells the products at issue in this litigation.

**RESPONSE:** [SAME RESPONSE]

**REQUEST NO. 55:**

All data and/or documents containing Barnlight Originals and Hi-Lite sales transaction data, including: product/model number, description, gross sales, net sales, returns, cost of sales, units sold, customer name and shipping location.

**RESPONSE:** [SAME RESPONSE]

**REQUEST NO. 56:**

Summary documents from which it is possible to determine the types and amounts of costs or expenses incurred by Barnlight Originals, Hi-Lite and Ohai in connection with the creation, production, performance, and delivery of products at issue.

**RESPONSE:**

Pursuant to Fed. R. Civ. P. 34(b), Defendants object to this request as being overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, vague, and ambiguous. Defendants also object to this request as irrelevant to the extent it relates to Hi-Lite and Mr. Ohai. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Barnlight Originals will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

**REQUEST NO. 64:**

All sales, revenue, and/or profit forecasts or projections generated by Barnlight Originals and Hi-Lite in connection with products at issue in this litigation.

**RESPONSE:**

Pursuant to Fed. R. Civ. P. 34(b), Defendants object to this request as being overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, vague, and ambiguous. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced, at a mutually agreeable place and time.

## FOURTH REQUEST FOR PRODCUTION OF DOCUMENTS AND THINGS

**REQUEST NO. 10:** All documents relating to the manufacture, including the cost and method of manufacture, of each completed product, and each component part of each completed product, asserted against BLE as part of Defendants' trade dress infringement claims in this litigation.

**RESPONSE:** Pursuant to Fed. R. Civ. P. 34(b), Defendants object to this request as being overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, vague, and ambiguous. Defendants object to the request as irrelevant to the extent it relates to Barnlight Originals and Jeffrey Ohai. Defendants further object to this request to the extent that it seeks information protected by attorney-client privilege and/or the work product doctrine. Subject to the foregoing general and specific objections, Defendants will produce

responsive, non-privileged documents, to the extent any exist that have not previously been produced,  at  a mutually agreeable place and time.

**REQUEST NO. 16:**  All documents showing damages suffered by Defendants in connection with the allegations made in the Second Amended Counterclaims against BLE.

**RESPONSE:** [SAME RESPONSE]

**REQUEST NO. 31:**  All documents used or to be relied upon by Defendants in calculating or ascertaining the damages allegedly sustained by Hi-Lite due to BLE's allegedly false and misleading advertisements.

**RESPONSE:** [SAME RESPONSE]

## A. *Defendants Have Willfully Violated This Court's Discovery Order.*

Defendants have engaged in a consistent pattern of obstruction and abuse of the discovery process since the inception of this litigation.  "It is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process." *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 676 (M.D. Fla. 2008).  Defendants' repeated failures to meet their obligation to provide discovery in this matter and comply with the Discovery Rules, Local Rules and the Federal Rules of Civil Procedure has necessitated costly and unnecessary motion practice by Plaintiff in order to compel Defendants to provide discovery. *See* Dkt. Nos. 65, 72, 78, 79 & 91.  Notwithstanding this Court's Discovery Order (Dkt. 95), expressly directing Defendants to complete production of all responsive documents relating to the '477 Patent and Plaintiff's First Requests for Production of Documents, Plaintiff has willfully withheld responsive documents and is in violation of this Court's order.  Defendants repeated promises to provide production of documents have rung hollow.  Courts in this district have noted that "[a] party will not be permitted to gain an advantage by agreeing to cure the discovery violation, then fail to implement the cure, and hope to avoid a sanction by forestalling the sanctions ruling." *In re Seroquel Products Liab. Litig.*, 244 F.R.D. 650, 657 (M.D. Fla. 2007). *See* Ex. I (Defendants' once again failed to complete production after agreeing to a date certain.).

Plaintiff, Counterclaim-Defendants and Third-Party Defendants have suffered prejudice as a direct result of Defendants' failure to timely produce documents in response to their written requests for the production of documents. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (noting that prejudice from unreasonable delay in the production of documents is presumed); *see also Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997) (noting that last-minute tender of documents does not cure prejudice).   For example, Defendants' delays in producing documents responsive to Plaintiff's Requests for Production of Documents have resulted in: (i) the delay and increased cost of expert reports which must now be expedited at an additional cost, (ii) the piecemeal production of documents has required second and third reviews of documents previously produced due to incomplete data from which to coduct analyses, (iii) the delay in scheduling and conducting critical depositions and third-party discovery, (iv) injury to Plaintiff's ability to complete critical discovery prior to the deadline and to fully develop its claims and defenses in this case.  Moreover, Defendants' failure to timely provide discovery has increased the cost of this litigation by requiring Plaintiff to engage in unnecessary and costly motion practice with this court including three motions to compel and the amendment of certain deadlines in the Case Management and Scheduling Order.

Furthermore, Defendants have unjustly shifted their burden, adding substantial expense, including attorney's fees and costs, to Plaintiff by failing to meet their obligation to review documents for responsiveness and relevancy prior to production.  Instead, Plaintiff has been forced to unnecessarily waste time and resources reviewing nearly forty thousand pages of clearly irrelevant and unresponsive documents, including nearly forty-thousand pages of computer code, hundreds of pornographic images and pages filled with nonsensical content (e.g., pages filled with various icons and Wing Dings fonts).  More than half of Defendants' document

production in response to this Court's Discovery Order (Dkt. 95) was clearly unresponsive and irrelevant to the issues in this litigation. Thus, this Court should order that Defendants compensate Plaintiff for its expenses, including attorneys' fees, incurred in conducting its unnecessary review of the aforementioned documents and order any other such sanctions this Court finds just in balancing the prejudice caused to Plaintiff.

**B.** ***Defendants Have Willfully Withheld Responsive Documents from its Production.***

Despite Plaintiff's multiple requests for discovery in both its interrogatories and requests for production of documents, Defendants have willfully withheld responsive documents relating to Defendant Hi-Lite's financial and business records. Notwithstanding the fact that Plaintiff has claimed contributory and vicarious trademark infringement by Hi-Lite, and that Hi-Lite has asserted multiple counterclaims, including claims for damages, against Plaintiff, Defendants have continued to willfully withhold from its production, the financial records of Defendant, Hi-Lite. Moreover, Hi-Lite is the primary supplier and manufacturer of products sold by Defendant, Barnlight Originals, and directly profits from the sale of its products by Barnlight Originals. Defendants' counsel has withheld Hi-Lite's financial information on the basis of its unilateral determination that such documents are irrelevant to the issues in the lawsuit.

Hi-Lite's financial information is critical and directly relevant to Plaintiff's analysis of damages and its expert report. Accordingly, this Court should order Defendants' immediate production of Hi-Lite's financial records as requested in Plaintiff First, Second, Third and Fourth Requests for Production of Documents and allow Plaintiff's third-party vendor access to Hi-Lite's relevant computer systems and business records in order to expedite the collection and review of Hi-Lite's financial information. In crafting sanctions under Rule 37 and their inherent powers, Courts in this district have ordered similar directives to cure prejudice caused by

offending parties' refusal to provide discovery. *See U & I Corp..*, 251 F.R.D. 667, 676 (M.D. Fla. 2008) ("The court finds that burden and expense of the independent inspection of the hard drives is outweighed by the benefits of the proposed discovery.").

### C.   *Defendants Have Engaged in Multiple Sanctionable Discovery Abuses and Have Actively Obstructed the Discovery Process.*

Defendants ongoing pattern of obstruction and abuse of the discovery process has necessitated the filing of multiple motions to compel by Plaintiff. Accordingly, Plaintiff respectfully requests that the Court exercise its discretion and hereby moves this Court for an order directing Defendants to compensate Plaintiff for its costs and expenses, including attorneys' fees, for the unnecessary and avoidable motion practice it has been forced to engage in, and to grant such further relief as this Court deems just. Plaintiff's request for attorney's fees and costs as set forth herein are substantial and result directly from Defendants' failure to comply with the Discovery Rules, Local Rules, Federal Rules of Civil Procedure and, perhaps most significantly, this Court's Discovery Order (Dkt. 95).

Under Federal Rule of Civil Procedure 37(b)(2)(A), if this Court finds that Defendants have violated its Discovery Order (Dkt. 95) without substantial justification, it is obligated to impose sanctions upon Defendant for "failure to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2)(A). Here, Defendant is in direct violation of this Court's Discovery Order because Defendants have: (i) failed to complete their production of documents relating to Plaintiff's First Requests for Production of Documents or the '477 Patent, as ordered by this Court (Dkt. 95), (ii) failed to produce long overdue documents responsive to Plaintiff's Second, Third and Fourth Requests for the Production of Documents, (iii) failed to produce Hi-Lite's financial information, instead, has willfully withheld such information from its production, and has (iv) failed to cooperate with the discovery process as obligated under the Federal Rules of

Civil Procedure, Local Rules and Discovery Rules. Accordingly, Plaintiff respectfully requests that this Court order Defendants to provide remuneration for Plaintiff's expenses relating to the filing of its multiple motions to compel Defendants' production of documents.

**D.** ***Defendants Have Misclassified Thousands of Documents in its Production.***

To the extent that Defendants have produced responsive documents, they have limited their usefulness by improperly designated a disproportionate number of their production as Highly Confidential under the protective order in this case. To be sure, in stark contrast to the terms of the protective order, Defendants have admitted that they have classified approximately twenty-seven percent of documents in their production as "Highly Confidential" by improperly using keywords to batch classify such documents. *See Fernandez Decl.,* Ex. E. According to Counsel for Defendants, prior to producing documents to Plaintiff, Defendants blindly classified "any documents reflecting the names of Defendants' customers, distributors, or vendors . . . ***regardless of the content of the document***" as Highly Confidential. *Id.* Rather than reviewing each document for its specific substance to determine whether it fits within the narrow confines of the "Highly Confidential" classification under the protective order, Defendants improperly classified documents as "Highly Confidential." As a result of its wholesale misclassification, thousands of documents produced by Defendants in this case are misclassified as Highly Confidential. Upon discovering this issue and requesting that Defendants review and reclassify their documents under the parameters contained in the protective order governing this case, and the Federal Rules, Defendants responded by directing Plaintiffs to identify each specific document that has been misclassified—essentially shifting the burden and cost of Defendants' discovery to Plaintiffs. *Id.* When Plaintiffs refused Defendants' invitation to identify each and every document for reclassification—which would require a costly second review of all

documents—Defendants simply ignored Plaintiff's request that it review and reclassify its own documents, and, to date, have failed to do so. Defendants' attempt to shift the burden and cost of its own failure to properly classify its produced documents is yet another example of Defendants' dilatory conduct and cavalier attitude toward discovery in this matter.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff, Barn Light Electric Company, LLC, respectfully requests that this Court exercise its discretion and enter an order: (i) directing Defendants to provide compensation for Plaintiff's expenses, including attorneys' fees, in bringing Defendants into compliance with this Court's Discovery Order and for this, and its previously filed motions to compel; (ii) directing Defendants to provide compensation for Plaintiff's expenses, including attorneys' fees, associated with the unnecessary and unduly burdensome review of approximately forty thousand (40,000) pages of irrelevant and unresponsive documents; (iii) directing Defendants to provide access to its computer systems and business records for the copying of Hi-Lite's and Barnlight Original's financial records by an independent third-party vendor; (iv) directing Defendants' to complete production of all documents responsive to Plaintiff's long overdue First, Second, Third and Fourth Requests for Production of Documents by a date certain; and (v) an order precluding and/or striking Defendants' Expert Reports in this matter due to Defendants' failure to comply with this Court's Discovery Order (Dkt. 95) and to remedy the prejudice and inequity caused to Plaintiff, Counterclaim-Defendants' and Third-Party Defendants' resulting from Defendants' delay in providing discovery and intentional refusal to produce critical discovery required for the development of Plaintiff's expert reports.

Dated:  August 27, 2015                                                              Respectfully submitted,

                                                                                             /s/  Joseph R. Sozzani
                                                                                             Joseph R. Sozzani

*Admitted Pro Hac Vice*
Alejandro J. Fernandez
Florida Bar No. 32221
Gregory L. Hillyer
Florida Bar No. 682489
David M. Stahl
Florida Bar No. 84713
Matthew N. Horowitz
Florida Bar No. 98564
FELDMAN GALE, P.A.
400 N. Tampa Street, Suite 2830
Tampa, FL 33602
(813) 374-8890
(305) 358-3309
afernandez@feldmangale.com
jsozzani@feldmangale.com
ghillyer@feldmangale.com
dstahl@feldmangale.com
mhorowitz@feldmangale.com

*Attorneys for Plaintiff, Counterclaim-Defendants and Third Party Defendants*
BARN LIGHT ELECTRIC COMPANY, LLC AND
BRYAN AND DONNA SCOTT

Michael J. Colitz, III
Florida Bar No. 164348
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants, Counterclaim-Plaintiffs and Third Party Plaintiff*

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

Pursuant to M.D. Fla. L.R. 3.01(g), counsel for Plaintiff has conferred in good faith with counsel for Defendants regarding the relief requested in this motion and the parties were unable to reach agreement.

/s/ Alejandro J. Fernandez
Alejandro J. Fernandez

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

<u>/s/ Alejandro J. Fernandez</u>
Alejandro J. Fernandez