IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation; and
JEFFREY L. OHAI, an individual California Resident

    Defendant.
_____/    Case No. 8:14-CV-1955-T-35AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.
_____/

**COUNTERCLAIM PLAINTIFFS' RENEWED
MOTION TO COMPEL DISCOVERY RESPONSES
AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.04(a), Barnlight Originals, Inc. and Hi-Lite Manufacturing Company, Inc. (collectively "Counterclaim Plaintiffs") hereby move for entry of an order compelling Counterclaim Defendant Barn Light Electric Company, LLC and Third-Party Defendants Bryan and Donna Scott (collectively "Counterclaim Defendants") to (i) produce documents responsive to Counterclaim Plaintiffs' Requests for Production 4-9 and (ii) provide answers to Interrogatories 3-8. Counterclaim Plaintiffs also seek recovery of the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5). In support of this motion, Counterclaim Plaintiffs state as follows:

**I.    SUMMARY OF ARGUMENT**

This motion concerns Requests for Production Nos. 4-9 and corresponding Interrogatories Nos. 3-8. These discovery requests are simple. For certain identified products, they seek the number of units sold, sales price, gross/net income, profit, and costs. The information sought is directly relevant to the calculation of Counterclaim Plaintiffs' damages. Counterclaim Defendants have unfortunately played a shell game in responding. They initially responded indicating that responsive documents exist and would be produced, and that the interrogatory responses could be derived from such documents. When responsive documents were not forthcoming, Counterclaim Plaintiffs filed their Motion to Compel [Dkt. 99]. Counterclaim Defendants thereafter sought to moot the motion by indicating that no responsive documents exist and promising to instead provide complete interrogatory responses. Following the withdraw of the motion, supplemental interrogatory responses were provided. But instead of providing written responses as promised, Counterclaim Defendants relied upon documents (documents they previously indicated did not exist). The referenced documents, however, come no where close to answering the interrogatories. As a consequence, Counterclaim Plaintiffs hereby renew it previously filed motion to compel.

## II.  BACKGROUND

On October 30, 2014, Counterclaim Plaintiffs served Counterclaim Defendants with their First Requests for Production and First Set of Interrogatories (collectively "Discovery Requests"). *See* EXHIBITS A and B, respectively.  The Discovery Requests sought information relating to Counterclaim Plaintiffs' claims of, among other things, trademark infringement, trade dress infringement, copyright infringement, and unfair competition.  In response to the Discovery Requests, Counterclaim Defendants agreed to produce responsive documents at a mutually agreeable place and time, which was subsequently defined by the parties as May 2015.  As of the filing of this Motion, nearly ten months after service of the Discovery Requests and nearly four months after the agreed time for production, and following repeated assurances by opposing counsel, Counterclaim Defendants still have not produced documents responsive to several of the Discovery Requests.

On June 5, 2015, undersigned counsel sent a letter to opposing counsel, notifying Counterclaim Defendants of several deficiencies in its production. *See* EXHIBIT C.  On June 19, 2015, Counterclaim Defendants subsequently produced their final round of documents and, on July 1, 2015, confirmed that its production of documents responsive to Counterclaim Plaintiffs' First Requests for Production was complete.  *See* EXHIBIT D.  Following verification that certain deficiencies in document production still exist, counsel for Counterclaim Plaintiffs sent a second letter to Counterclaim Defendants' counsel on July 7, 2015, reiterating its demand for the production of certain documents and answers to interrogatories.  *See* EXHIBIT E.  Given opposing counsel's continued refusal to provide the requested documents and answers to interrogatories, Counterclaim Plaintiffs filed a Motion to Compel Discovery Responses on July 15, 2015.  *See* [Dkt. 99].

Counterclaim Plaintiffs' counsel and Counterclaim Defendants' counsel then held a conference call on July 20, 2015 to discuss the lack of production, which was memorialized in a letter sent to Counterclaim Defendants' counsel on the same day. *See* EXHIBIT F. Counterclaim Defendants' counsel confirmed in a July 22, 2015 email that there were "no documents . . . responsive to subsections (d)-(f) of [Requests for Production] 4-9" but that they would supplement any answers to Interrogatories 3-10 to provide the requested information. *See* EXHIBIT G. In light of opposing counsel's apparent willingness to provide the requested financial information, Counterclaim Plaintiffs withdrew their motion to compel on July 23, 2015. *See* [Dkt. 100].

On July 31, 2015 Counterclaim Defendants supplemented their interrogatory responses. However, instead of providing the promised written answers, the supplemental interrogatory responses simply pointed to various spreadsheets from which the answers could supposedly be derived. The spreadsheets, however, failed to identify any gross/net income, profit, or fixed or variable costs associated with the products. Moreover, the information was not broken down on a product-by-product basis. Nor did the documents provide information over the requested time period of 2008 to present. These objections were detailed in a letter to counsel for Counterclaim Defendants on August 14, 2015. *See* EXHBIIT H. On August 26, 2015, Counterclaim Defendants' counsel served its second supplemental responses to the identified interrogatories. Again, however, the referenced spreadsheets are incomplete with regard to their responsiveness to the discovery requests.1

Ultimately, while Counterclaim Defendants have produced a large volume of documents, they have yet to produce any documents that answer the identified interrogatories relating to the gross income, net income, profits, or fixed or variable costs associated with the manufacture,

---

1 The spreadsheets were marked as Highly Confidential pursuant to the Agreed Protective Order and are not being included with this filing. Representative examples will be filed under seal for review by the Court.

production, marketing, advertising, or selling of certain identified products in the manner proscribed in the Requests for Production or Interrogatories. Counterclaim Plaintiffs have tried repeatedly to come to an amicable resolution of this matter with Counterclaim Defendants, but Counterclaim Plaintiffs' numerous letters and emails resulted in no documents or answers responsive to these requests.

## MEMORANDUM OF LAW IN SUPPORT

### III. GOVERNING LAW

Motions to compel under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. *See Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See id*. Pursuant to Fed. R. Civ. P. 26(b), a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

### IV. DOCUMENT REQUESTS AT ISSUE

Pursuant to Local Rule 3.04(a), Counterclaim Plaintiffs are including below full quotations of each document production request and interrogatory for which they currently seek an Order compelling a response. Also included below are Counterclaim Defendants' responses to the requests.

**Counterclaim Plaintiffs' Request for Production No. 4**

4.      All documents sufficient to show the following information for all products identified in Exhibit A attached hereto:
   a)   The number of units sold, and to whom the units were sold;
   b)   The sales price of each unit;
   c)   The gross income received from sales of these units;
   d)   The net income received from sale of these units;
   e)   The profits received from sales of these units; and
   f)   An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

**Counterclaim Defendants' Response to Request for Production No. 4**

Barn Light and the Scotts object to this Request as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object to this Request as overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to this request as unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek documents from third parties. The Scotts object to this request because it seeks documents not in the individual custody, control or possession of the Scotts.

Subject to these objections and its general objections, and without waiver thereof, Barn Light and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist, at a mutually convenient time and place.

**Counterclaim Plaintiffs' Request for Production No. 5**

5.      All documents sufficient to show the following information for all products identified in Exhibit B attached hereto:
   a)   The number of units sold, and to whom the units were sold;
   b)   The sales price of each unit;
   c)   The gross income received from sales of these units;
   d)   The net income received from sale of these units;
   e)   The profits received from sales of these units; and
   f)   An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 5

[Same response][2]

### Counterclaim Plaintiffs' Request for Production No. 6

6. All documents sufficient to show the following information for all products sold in which the purchaser's initial entry to www.barnlightelectric.com was via www.barnlightelectric.com/barn-light-originals.html:
 a) The number of units sold, and to whom the units were sold;
 b) The sales price of each unit;
 c) The gross income received from sales of these units;
 d) The net income received from sale of these units;
 e) The profits received from sales of these units; and
 f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.
 A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 6

[Same response]

### Counterclaim Plaintiffs' Request for Production No. 7

7. All documents sufficient to show the following information for all sales of the "Outback Cord Hung Pendant":
 a) The number of units sold, and to whom the units were sold;
 b) The sales price of each unit;
 c) The gross income received from sales of these units;
 d) The net income received from sale of these units;
 e) The profits received from sales of these units; and
 f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.
 A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 7

[Same response]

---

[2] Counterclaim Defendants responded to each of the quoted requests with the same language and some occasional additions. To conserve space, Counterclaim Plaintiffs have stated [Same response] where Counterclaim Defendants used the same response as they used for Request No. 4. Counterclaim Plaintiffs have noted any additional objections as well.

### Counterclaim Plaintiffs' Request for Production No. 8

8. All documents sufficient to show the following information for all sales of "The Outback Gooseneck Light":
   a) The number of units sold, and to whom the units were sold;
   b) The sales price of each unit;
   c) The gross income received from sales of these units;
   d) The net income received from sale of these units;
   e) The profits received from sales of these units; and
   f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

   A complete response to this request will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 8

[Same response]

### Counterclaim Plaintiffs' Request for Production No. 9

9. All documents sufficient to show the following information for all sales of the "Barn Light Benjamin Industrial Pendant":
   a) The number of units sold, and to whom the units were sold;
   b) The sales price of each unit;
   c) The gross income received from sales of these units;
   d) The net income received from sale of these units;
   e) The profits received from sales of these units; and
   f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

   A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Request for Production No. 9

[Same response with the following objection:]

Barn Light and the Scotts object to the term "interrogatory" as vague and ambiguous in this Request.

### Counterclaim Plaintiffs' Interrogatory No. 3

3.   Please provide the following information for all products identified in Exhibit A attached hereto:
   a)   The number of units sold, and to whom the units were sold;
   b)   The sales price of each unit;
   c)   The gross income received from sales of these units;
   d)   The net income received from sale of these units;
   e)   The profits received from sales of these units; and
   f)   An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 3

Barn Light and the Scotts object to Interrogatory No. 3 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to the Interrogatory as it is unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these and its General Objections, and without waiver thereof, and pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Defendants' Supplemental Response to Interrogatory No. 3

Pursuant to Federal Rule of Civil Procedure 33(d), Barn Light and the Scotts identify bates numbered documents BLE0000327-BLE0000332, BLE0000348-BLE0000349, BLE0115215-BLE0115217. Additionally, Barn Light Electric and the Scotts identify invoices sent from Hi-Lite to Barn Light that reside in the possession, custody, or control of Counterclaim Plaintiffs.

### Counterclaim Defendants' Second Supplemental Response to Interrogatory No. 3

Barn Light and The Scotts object to Interrogatory No. 3 as vague, ambiguous, overly broad, and unduly burdensome, and to the extent that it would invade or seeks to invade a right of privacy. Barn Light and The Scotts further object to the definition of the term "Barn Light Electric Company" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light and The Scotts. Additionally, Barn Light and The Scotts object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to activities within the United States and seeks Barn Light's gross revenue without any

attempt to limit it to the subject matter of this action.

Pursuant to Fed. R. Civ. P. 33(d), and incorporating its General and Specific Objections as though fully set forth herein, Barn Light and the Scotts hereby identify the following bates numbered documents and records from which the answer to this interrogatory may be ascertained: BLE0000327-BLE0000332, BLE0000348, BLE0000349, BLE0115215, BLE0115216, BLE0115259-BLE0115339, BLE0115997-BLE0115999, BLE0116000-BLE0116027.

Responding further, subject to these and the General Objections, and without waiver thereof, and pursuant to Federal Rule of Civil Procedure 33(d), to the extent that the answer to this interrogatory is not fully ascertained from the documents and records identified above, the Plaintiff answers the interrogatory as follows: Barn Light and The Scotts will allow Defendants and Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Plaintiffs' Interrogatory No. 4

Please provide the following information for all products identified in Exhibit B attached hereto:
- a) The number of units sold, and to whom the units were sold;
- b) The sales price of each unit;
- c) The gross income received from sales of these units;
- d) The net income received from sale of these units;
- e) The profits received from sales of these units; and
- f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 4

Barn Light and the Scotts object to Interrogatory No. 4 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to the Interrogatory as it is unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these objections and its general objections, and without waiver thereof, pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Defendants' Supplemental Response to Interrogatory No. 4

Pursuant to Federal Rule of Civil Procedure 33(d), Barn Light and the Scotts identify bates numbered documents BLE0000327-BLE0000332, BLE0000348-BLE0000349, BLE0115215-

BLE0115217. Additionally, Barn Light Electric and the Scotts identify invoices sent from Hi-Lite to Barn Light that reside in the possession, custody, or control of Counterclaim Plaintiffs.

**Counterclaim Defendants' Second Supplemental Response to Interrogatory No. 4**

Barn Light and The Scotts object to Interrogatory No. 4 as vague, ambiguous, overly broad, and unduly burdensome, and to the extent that it would invade or seeks to invade a right of privacy. Barn Light and The Scotts further object to the definition of the term "Barn Light Electric Company" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light and The Scotts. Additionally, Barn Light and The Scotts object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to activities within the United States and seeks Barn Light's gross revenue without any attempt to limit it to the subject matter of this action.

Pursuant to Fed. R. Civ. P. 33(d), and incorporating its General and Specific Objections as though fully set forth herein, Barn Light and the Scotts hereby identify the following bates numbered documents and records from which the answer to this interrogatory may, in substantial part, be ascertained: BLE0000327-BLE0000332, BLE0000348, BLE0000349, BLE0115215, BLE0115216, BLE0115259-BLE0115339, BLE0115997-BLE0115999, BLE0116000-BLE0116027.

Responding further, subject to these and the General Objections, and without waiver thereof, and pursuant to Federal Rule of Civil Procedure 33(d), to the extent that the answer to this interrogatory is not fully ascertained from the documents and records identified above, the Plaintiff answers the interrogatory as follows: Barn Light and The Scotts will allow Defendants and Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

**Counterclaim Plaintiffs' Interrogatory No. 5**

Please provide the following information for all products sold in which the purchaser's initial entry to www.barnlightelectric.com was via www.barnlightelectric.com/barn-light-originals.html:

- a) The name and part number of each product;
- b) The number of units sold, and to whom the units were sold;
- c) The sales price of each unit;
- d) The gross income received from sales of these units;
- e) The net income received from sale of these units;
- f) The profits received from sales of these units; and
- g) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above for any product in which the purchaser's initial entry to www.barnlightelectric.com was via www.barnlightelectric.com/barn-light-originals.html.

### Counterclaim Defendants' Response to Interrogatory No. 5

Barn Light and the Scotts object to Interrogatory No. 5 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to the Interrogatory as it is unduly burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these objections and its general objections, and without waiver thereof, pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Defendants' Supplemental Response to Interrogatory No. 5

Pursuant to Federal Rule of Civil Procedure 33(d), Barn Light and the Scotts identify bates numbered documents BLE0000327-BLE0000332, BLE0000348-BLE0000349, BLE0115215-BLE0115217. Additionally, Barn Light Electric and the Scotts identify invoices sent from Hi-Lite to Barn Light that reside in the possession, custody, or control of Counterclaim Plaintiffs.

### Counterclaim Plaintiffs' Interrogatory No. 6

Please provide the following information for all sales of the "Outback Cord Hung Pendant":

a) The number of units sold, and to whom the units were sold.
b) The sales price of each unit;
c) The gross income received from sales of these units;
d) The net income received from sale of these units;
e) The profits received from sales of these units; and
f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 6

Barn Light and the Scotts object to Interrogatory No. 6 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States or limited in time. Barn Light and the Scotts further object to this interrogatory as it is unduly

burdensome to the extent that it requires Barn Light and the Scotts to investigate and seek information from third parties. Barn Light and the Scotts further object to this interrogatory as it seeks information in the possession of Defendants. In particular, Defendants are in possession of information pertaining to sales information for the "Outback Cord Hung Pendant" prior to September 4, 2012.

The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

Subject to these objections and its general objections, and without waiver thereof, pursuant to Federal Rule of Civil Procedure 33(d), Barn Light will allow Counterclaim Plaintiffs a reasonable opportunity to examine the relevant business records at a mutually convenient time.

### Counterclaim Defendants' Supplemental Response to Interrogatory No. 6

Pursuant to Federal Rule of Civil Procedure 33(d), Barn Light and the Scotts identify bates numbered documents BLE0000327-BLE0000332, BLE0000348-BLE0000349, BLE0115215-BLE0115217. Additionally, Barn Light Electric and the Scotts identify invoices sent from Hi-Lite to Barn Light that reside in the possession, custody, or control of Counterclaim Plaintiffs.

### Counterclaim Plaintiffs' Interrogatory No. 7

Please provide the following information for all sales of "The Outback Gooseneck Light":
    a)    The number of units sold, and to whom the units were sold.
    b)    The sales price of each unit;
    c)    The gross income received from sales of these units;
    d)    The net income received from sale of these units;
    e)    The profits received from sales of these units; and
    f)    An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 7

Barn Light and the Scotts object to this interrogatory as exceeding the allowed number of 25 interrogatories under the Fed. R. Civ. P. 33(a). Barn Light and the Scotts object to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

### Counterclaim Defendants' Supplemental Response to Interrogatory No. 7

Pursuant to Federal Rule of Civil Procedure 33(d), Barn Light and the Scotts identify bates numbered documents BLE0000327-BLE0000332, BLE0000348-BLE0000349, BLE0115215-BLE0115217. Additionally, Barn Light Electric and the Scotts identify Counterclaim Plaintiffs' own

records relating to the invoices sent from Hi-Lite to Barn Light Electric. Additionally, Barn Light Electric and the Scotts identify invoices sent from Hi-Lite to Barn Light that reside in the possession, custody, or control of Counterclaim Plaintiffs.

### Counterclaim Plaintiffs' Interrogatory No. 8

Please provide the following information for all sales of the "Barn Light Benjamin Industrial Pendant":
- a) The number of units sold, and to whom the units were sold.
- b) The sales price of each unit;
- c) The gross income received from sales of these units;
- d) The net income received from sale of these units;
- e) The profits received from sales of these units; and
- f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

A complete response to this interrogatory will identify each customer or distributor who has purchased or received Plaintiff's products and include all of the information in (a) through (f) above.

### Counterclaim Defendants' Response to Interrogatory No. 8

Barn Light and the Scotts object to this interrogatory and its subsections as exceeding the allowed number of interrogatories under the Fed. R. Civ. P. 33(a). Barn Light and the Scotts object to Interrogatory No. 8 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Additionally, Barn Light and the Scotts object that the questions are overbroad in that they are not limited to activities within the United States. The Scotts object to this interrogatory because it seeks information not in the individual custody, control or possession of the Scotts.

### Counterclaim Defendants' Supplemental Response to Interrogatory No. 8

Pursuant to Federal Rule of Civil Procedure 33(d), Barn Light and the Scotts identify bates numbered documents BLE0000327-BLE0000332, BLE0000348-BLE0000349, BLE0115215-BLE0115217. Additionally, Barn Light Electric and the Scotts identify invoices sent from Hi-Lite to Barn Light that reside in the possession, custody, or control of Counterclaim Plaintiffs.

**V.     ANALYSIS**

**A.     Requests for Production Nos. 4-9 and Interrogatories No. 3-8.**

Counterclaim Defendants have repeatedly failed to produce documents or answer interrogatories relating to the gross income, net income, profit figures, and/or an itemized list of the

fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of the products identified in Requests for Production 4-9 and Interrogatories No. 3-8. The requested information is unquestionably relevant to this case. In trademark litigation, one measure of damages is lost profits. *See* 15 U.S.C. § 1114. The products identified in Requests 4-9 and Interrogatories 3-8 are directly related to, among other causes of action, Counterclaim Plaintiffs' allegations of trademark infringement and unfair competition.

Despite agreeing to produce responsive documents and answers at a mutually convenient time and place, Counterclaim Defendants have thus far failed to do so. Instead, Counterclaim Defendants have only produced purchase orders showing individual sales of the identified products. Counterclaim Defendants' Supplemental Responses do not cure this deficiency. The documents identified in the supplemental responses amount to computer-generated printouts of inputted data designed to look favorably on Counterclaim Defendants. These spreadsheets include information such as the transaction total, the name of the customer, and the order date. However, knowing the number of products sold and details of purchase orders tells an observer nothing about the "net income received" or the "profits received" and does not provide an "itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling" of any products. The documents include no information regarding overhead, inventory costs, selling expenses, administrative expenses, operating profits, net profit, taxes, or any other metric associated with income or profits which are normally kept in the ordinary course of business. In fact, the documents Counterclaim Defendant point to suggest Counterclaim Defendants' have been running reports on the underlying financial data (data which has not been produced) and providing the resulting spreadsheets instead of producing hard financial numbers.

Counterclaim Defendant had a duty to provide underlying financial data so that Counterclaim

Plaintiff can meet its burden of proving damages. Counterclaim Plaintiff is not asking for Counterclaim Defendant to reformat, reconfigure, or independently generate any financial data but, instead, produce all underlying financial data within its possession, custody, or control as kept in the ordinary course of business so that lost profits could be calculated. *See ParkerVision, Inc. v. Qualcomm, Inc.*, 2013 WL 84926, at *3 (M.D. Fla. Jan. 8, 2013) (granting motion to compel against Defendant directing production of financial data so as to allow for calculation of lost profits). Counterclaim Defendants' burden would be met by providing all relevant financial data without manipulation.

Counterclaim Defendant cannot go from claiming they will produce responsive documents and answers to stating there are no responsive documents to providing half-responsive spreadsheets seemingly created for this litigation. Counterclaim Plaintiffs are entitled to receive documents and answers to interrogatories related to Counterclaim Defendants' profits so Counterclaim Plaintiffs can estimate their ultimate monetary damages. Under the broad right of discovery in Fed. R. Civ. P. 26, Counterclaim Defendants must produce all relevant documents, and Counterclaim Plaintiffs respectfully request an Order by this Court compelling them to do so. In particular, Counterclaim Plaintiffs request this Court order Counterclaim Defendants to produce the underlying financial data used to create the spreadsheets described above.

### B.     Interrogatories 7-8.

Counterclaim Plaintiffs initially objected to Interrogatories 7-8 on the basis that they exceeded the permissible number of interrogatories. It is unclear given the subsequent amendments whether these objections still stand. If so, the objections are without merit. While Fed. R. Civ. P. 33(a) limits the number of interrogatories to twenty-five, inclusive of discrete subparts, "Rule 33

does not define 'discrete subparts' . . . ." *Oliver v. City of Orlando*, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007). When determining whether an interrogatory includes discrete subparts, this Court applies the "related question" test, which involves "assessing whether the particular subparts are logically or factually subsumed within and necessarily related to the primary question." *Id*. In other words, the relevant inquiry becomes whether "the subparts are sufficiently logically related to the information sought in the primary question to be counted as a single interrogatory." *Id*. at *3.

Here, the definitive sections of Interrogatories 3-8 are logically and factually related, as they are all aimed at determining and verifying the profits received as the result of a sale of an infringing product(s). Accordingly, Interrogatories 3-8 each count as single interrogatory. Further, Counterclaim Defendants waived any objection that the number of interrogatories was exceeded by providing responses. *Pepperwood of Naples Condominium Ass'n, Inc. v. National Mut. Fire Ins. Co.*, 2011 WL 4382104, at *5 (M.D. Fla. Sept. 20, 2011); *see also* Wright, Miller & Marcus, *Federal Practice and Procedure: Civil* §2173 (stating "[a] voluntary answer to an interrogatory is also a waiver of the objection."). Counterclaim Defendants should be compelled to answer the interrogatories in the manner proscribed above.

## VI. CONCLUSION

Counterclaim Plaintiffs respectfully seek an order compelling Counterclaim Defendants to produce documents responsive to Counterclaim Plaintiffs' Requests for Production 4-9 and completely answer Interrogatories 3-8. Furthermore, because Counterclaim Defendants' refusal to both produce the requested documents and answer the relevant Interrogatories is not substantially justified, Counterclaim Plaintiffs also seek recovery of the attorneys' fees and expenses necessitated by this motion pursuant under Fed. R. Civ. P. 37(a)(5).

Date: September 1, 2015 Respectfully submitted,

*/s/Michael J. Colitz, III*
Michael J. Colitz, III
Florida Bar No. 164348
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Counterclaim Plaintiffs*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Counterclaim Plaintiffs conferred with opposing counsel regarding the relief requested herein. No resolution was achieved and it is therefore submitted to the Court for determination.

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy to all counsel of record.

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III