UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a

California corporation; and
JEFFREY L. OHAI, an
individual California Resident,

    Defendants.

_____/   CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.

_____/

1

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
DISCOVERY RESPONSES AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to the Federal Rules of Civil Procedure 26 and 37, and Rule 3.01(b) of the Local Rules of the United States District Court for the Middle District of Florida (the "Local Rules" or "M.D. Fla. L.R."), Plaintiff and Counterclaim Defendant, Barn Light Electric Company, LLC ("Barn Light Electric") and Third-Party Defendants', Bryan and Donna Scott ("The Scotts") (collectively, "Plaintiff"), by and through their undersigned counsel, hereby provide their Response in Opposition to Defendants and Counterclaim Plaintiffs, Barnlight Originals, Inc.'s ("BLO") and Hi-Lite Manufacturing Company, Inc.'s ("Hi-Lite") (collectively, "Defendants") Motion to Compel Discovery Responses and Memorandum of Law in Support (Dkt. 110), and state as follows:

**I.   INTRODUCTION**

Defendants' Motion to Compel Discovery Responses (Dkt. 110) has been rendered moot by Barn Light Electric's supplemental document production and discovery responses. Accordingly, this Court should deny Defendants' Motion because: (i) Plaintiff produced all documents in its custody, possession and control that are responsive to Defendants' Requests for Production of Documents (Nos. 4-9) ("Requests"), (ii) Plaintiff properly relied upon Fed. R. Civ. P. 33(d) in specifically identifying all responsive financial and business records it produced to enable Defendants to ascertain the answers to Interrogatories (Nos. 3-8) ("Interrogatories") and (iii) the burden of deriving or ascertaining answers to Defendants' Interrogatories through Plaintiff's specifically identified financial and business records is substantially the same for either party.  In support of its Response in Opposition, Plaintiff has attached hereto the

declaration of John G. Plumpe, Plaintiff's expert witness, who is familiar with and has personally reviewed the financial documents produced by Plaintiff in this matter.[1]

During the in-person meet/confer this Court recommended following the hearing relating to Plaintiff's allegation of Defendants' continued failure to comply with this Court's Order (*see* Dkt. 95) and the Federal Rules of Civil Procedure, Plaintiff informed Defendants that it would promptly supplement its discovery responses with additional detailed Bates ranges and produce additional responsive documents as soon as they were collected and processed for production. During that meeting—and again during a call on August 26, 2015—Plaintiff's counsel urged Defendants' counsel, Mr. Colitz, to call if, after receiving the supplemental responses and documents, Defendants did not believe Plaintiff's discovery response was sufficient.

Plaintiff made its promised production on August 26, 2015, long before the deadline for expert reports of September 18, 2015. Despite its reservations in producing highly sensitive financial and sales information to a direct competitor, and in the hope its good faith efforts would engender reciprocity from Defendants, Plaintiff produced its financial documents relying on the confidentiality provisions of the Protective Order entered in this case (*see* Dkts. 40, 41) in complying with the broad scope of discovery afforded to litigants under Fed. R. Civ. P. 26(b)(1).[2] Fed. R. Civ. P. 26(b)(1). Defendants have come before this Court with unclean hands. Defendants' mistaken and indefensible assertion that Hi-Lite and Mr. Ohai are somehow

---

[1] Attached hereto as Exhibit A is the Declaration of John G. Plumpe in Support of Plaintiff's Response in Opposition to Defendants' (herinafter, referred to as the "Plumpe Decl.").

[2] Plaintiff stands ready to produce to the Court for its *in camera* review, under seal, the Highly Confidential documents it has produced to Defendants in response to the Requests and Interrogatories that are the subject of this motion. Moreover, to the extent the Court would like to conduct an *in camera* review the same, Plaintiff shall provide samples under seal, of the unresponsive documents produced by Defendants, e.g., Wing Dings, computer code and hardcore pornography, referenced in its earlier filed Motion to Compel (Dkt. 109), all of which have been batch classified as Highly Confidential by Defendants.

3

exempt from their obligation under the Federal Rules of Civil Procedure to produce exactly the same information in connection with the claims and defenses at issue in this case is simply inexplicable. The Court should not aid or reward Defendants for their egregious misconduct.

Defendants never contacted Plaintiff regarding its supplemental responses and document production. Instead, Defendants responded to Plaintiff's good faith production efforts by once again filing a motion that once again fails to meet the strict requirements of Local Rule 3.01(g) and further contravenes this Court's admonition that the parties *confer* in person or telephonically *prior* to filing a discovery motion. Defendants' true intent in filing this motion is to distract the Court from Defendants' obstreperous refusal to produce Defendants Hi-Lite and Ohai's long overdue financial discovery, and to mask its failure to produce numerous documents relating to the '477 Patent as ordered by this Court. *See* Dkt. 95. Let there be no mistake: Defendants' motion amounts to pointing out a speck of sawdust in another's eye, while ignoring the plank protruding from its own.

## II.     STANDARD OF LAW

### A.     Federal Rule of Civil Procedure 37.

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See Westrope*, 730 F.2d at 731.

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, even where a motion to compel discovery is granted or discovery is provided after a motion is filed, sanctions are not appropriate where: (i) a movant filed the motion before attempting in good faith to obtain the

disclosure, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Courts in the Middle District of Florida have refused to grant sanctions, including attorney's fees, where a motion to compel is filed prematurely without allowing a party to complete its supplemental production, where the movant failed to engage in a good faith meet and confer, or where nondisclosure is otherwise substantially justified. *See Eli Research, LLC v. Must Have Info Inc.*, Case No. 2:13-cv-695-FtM-38CM (M.D. Fla. Aug 20, 2015) ("[S]anctions are not warranted when the moving party files the motion before attempting in good faith to obtain the disclosure or discovery without court action. . . . While the Court notes that these issues were resolved after the motions to compel were filed, the Court finds that Defendants filed the motions prematurely. . . . Rather than immediately filing the motions to compel, Defendants could have continued to work with Plaintiffs in an effort to resolve this matter prior to filing the motions to compel." *Id.* at 4.). "Discovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § I(A)(1).

  **B.**  **Federal Rule of Civil Procedure 33(d).**

Federal Rule of Civil Procedure 33(d) permits a party to rely upon business records in responding to interrogatories when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." *Wolk v. Seminole Cnty., Florida*, No. 605CV-1722-ORL-18KRS, 2007 WL 328685, at *1 (M.D. Fla. Jan. 31, 2007). Furthermore, Rule 33(d) makes clear that "it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained . . . [a] specification shall be in sufficient detail to permit the interrogating party to locate and to

identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d); *see also U.S.C.F.T.C. v. Am. Derivatives Corp.*, No. CIVA 1:05CV2492 RWS, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007) (finding that reliance on Fed.R.Civ.P. 33(d) in answering an interrogatory relating to financial information was "entirely proper" and that "a party may refer to records, as opposed to providing a narrative, if those records are clearly identified." *Id.*).

Courts in the Middle District of Florida have held that "Rule 33 is to be liberally construed." *ParkerVision, Inc. v. Qualcomm Inc.*, No. 3:11-CV-719-J-37TEM, 2013 WL 84926, at *2 (M.D. Fla. Jan. 8, 2013) citing *Puerto Rico Aqueduct and Sewer Authority v. Clow Corp.*, 108 F.R.D. 304, 307 (D.P.R.1985). In answering an interrogatory seeking financial information, pursuant to Rule 33(d), a responding party may fulfill its obligation under the Federal Rules of Civil Procedure by providing a response which directs the propounding party to "financial data within its possession, custody or control to the extent such financial data is kept in the ordinary course of business . . . [and the responding party] is not required to reformat, reconfigure, or independently generate this financial data to satisfy the parameters set forth in [an] Interrogatory . . . ." *Id.* at *3. In short, courts in this district have made clear that with regard to interrogatories directed to financial information, parties are obligated only to "provide financial information . . . that already exists." *Id.*

    **C.**    **Federal Rule of Civil Procedure 34(b)(2).**

Moreover, with regard to Requests for Production of Documents, pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, a responding party may properly choose to "produce documents as they are kept in the usual course of business." *See* Fed.R.Civ.P. 34(b)(2)(E)(i). Courts have made clear that a responding party is under no obligation to

"produce data that is not kept in the ordinary course of business." *See Peterson v. Seagate U.S. LLC*, No. CIV.07-2502(MJD/AJB), 2009 WL 3430150, at *2 (D. Minn. Oct. 19, 2009).

## III.     ARGUMENT AND MEMORANDUM OF LAW

### A.     Defendants motion has been rendered moot by Plaintiff's supplemental production of documents and discovery responses.

Plaintiff supplemented its discovery responses and produced all responsive documents in its custody, possession and control relating to the Requests and Interrogatories that are the subject of Defendants' Motion to Compel (Dkt. 110). (*Plumpe Decl. ¶1-8*). Accordingly, the issues raised in Defendants' motion have been rendered moot and the motion should be denied.

### 1.     *Plaintiff has produced all documents responsive to Defendants' Request for Production of Documents (Nos. 4-9).*

Plaintiff has produced documents that exist in its custody, possession and control which are responsive to each of Defendants' Requests (Nos. 4-9). Defendants' expansive Requests for Production of Documents (Nos. 4-9) each request *all* of Plaintiff's financial documents and sales data dating back to the launch of Barn Light Electric in 2008 through the present, including the following data relating to an extensive list of products contained in multiple exhibits to its Requests for Production ("Identified Products"):

(a) The number of units sold, and to whom the units were sold;
(b) The sales price of each unit;
(c) The gross income received from sales of these units;
(d) The net income received from sale [sic] of these units;
(e) The profits received from sales of these units; and
(f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

Each of Defendants' Requests also seek the identity of each customer or distributor that has ever purchased or received Plaintiff's products, including the information contained in subsections (a-f) as noted above.

7

Plaintiff has produced documents responsive to Requests (Nos. 4-9) which are sufficient to show the number of units sold, identity of persons to whom the units were sold, sales price of each unit, gross income and net income received from sales of the Identified Products for the time period 2008 through the present. (*Plumpe Decl.* ¶1-8). Prior to the filing of this Motion, Plaintiff produced and specifically identified its "Products Sold Report" which includes a complete record of all commercial and consumer sales data from January 2010 through July 2015. More specifically, Plaintiff's "Products Sold Report" identifies the number of units sold, identity of persons to whom the units were sold, sales price of each unit, gross income and net income received from sales of the identified products. (*Plumpe Decl.* ¶1-6). Plaintiff has also produced and specifically identified individual purchase orders for sales of the Identified Products.[3]

Additionally, prior to Defendants' filing of this motion, Plaintiff also produced and specifically identified Plaintiff's audited and unaudited financial statements, including profit and loss statements, for 2011 through July 2015 which show the monthly and annual sales and costs totals for all of Plaintiff's sales for this time period. (*Plumpe Decl.* ¶7). However, because Plaintiff has transitioned to differing accounting platforms commensurate with the development and growth of the company from a small proprietorship to a mid-sized company over the past seven years, locating financial data relating back to the launch of Barn Light Electric in 2008 has

---

3 Defendants argue in their motion that individual purchase orders are insufficient to derive the data required for their damages analysis. *See* Dkt. 110 at p.15. While Plaintiff has produced extensive financial data relating to its sales, Defendants have themselves produced only individual purchase orders relating to the product level sales data. Moreover, while BLE has produce tabulated spreadsheets containing all data contained in the individual purchase orders it has produced, while clearly able to do so, Defendants have refused to provide the same in an effort to stymie Plaintiff's ability to analyze its financial data in time to meet the expert report deadline in this matter. Moreover, a significant number of the purchase orders that *were* produced are unfortunately in unreadable condition with key data including revenue received and quantity missing from the produced images. Plaintiff has had to absorb additional, needless costs in manually tabulating incomplete data from over 2,000 purchase orders. With expert reports due today, Defendants, while on notice of all of these issues, still refuse to produce any documents or discovery responses relating to Hi-Lite's or Ohai's financials, and have yet to produce complete purchase orders for in a readable format or a tabulated report.

been a difficult and time consuming process. Plaintiff has gone to great lengths in conducting an exhaustive search of its records for responsive documents, including requesting documents from third parties and identifying and retrieving data from accounting programs no longer utilized by the company in order to seasonally supplement its production of documents throughout the discovery process. Plaintiff most recently produced and specifically identified its unaudited financials, including profit and loss statements, for the time period April 2008 through the December 31, 2010. *Id.* Additionally, prior to the filing of Defendants' motion, Plaintiff produced and specifically identified all of its purchase orders and payment files for all purchases from Hi-Lite for the time period, April 2008 through October 2014. Finally, prior to the filing of Defendants' motion, Plaintiff also produced and specifically identified all coupon and promo codes it has utilized from January 2010 through the present. (*Plumpe Decl.* ¶7-8). Accordingly, Plaintiff's production of documents responsive to subsections (a-f) of Defendants' Requests is complete.

Defendants' assertion that Plaintiff has engaged in a shell game lacks any factual basis and is a gross mischaracterization of the good faith representations made by Plaintiff's counsel throughout the discovery process. Plaintiff has consistently represented that it would respond to the Interrogatories and produce documents responsive to the Requests. Plaintiff has also informed Defendants on numerous occasions, prior to the filing of the instant motion, that certain classifications of documents in Defendants' Requests—including documents that Defendants complain are missing from Plaintiff's production—simply do not exist. For example, Plaintiff does not keep financial records in the ordinary course of business which track the profitability of its products at the individual product level. (*Plumpe Decl.* ¶7). Instead, Plaintiff tracks and reports its profits for *all* products in its annual and monthly financial statements and reports.

9

(*Plumpe Decl.* ¶7). Given this fact, Plaintiff met its discovery obligations by producing and specifically identifying its annual and monthly financial statements and reports for the time period 2008 through July 2015. (*Plumpe Decl.* ¶1-8).

Likewise, Plaintiff does not keep financial records in the ordinary course of business which include the costs associated with the sale, manufacture, production, marketing, advertising, and selling of its products at the *individual product level*. (*Plumpe Decl.* ¶8). Instead, Plaintiff includes such costs in monthly and annual reports for *all* products. *Id.* Thus, in addition to its annual financial statements, including profit and loss statements, Plaintiff also produced and specifically identified numerous documents reporting taxes, wages, professional fees, bank fees, merchant service fees, sub-contract labor, real estate and other costs from which Plaintiff's total costs can be derived. (*Plumpe Decl.* ¶1-8).

Furthermore, while Plaintiff has produced its financial statements, including profit and loss statements, for 2008 and 2009, Plaintiff simply does not have documents or data relating to the number of individual units sold, identity of the purchasers of such units, or sales price for the sale of individual products for the time period April 1, 2008 through December 31, 2009. During this time period, when Barn Light Electric was merely a small startup, the company's financial statements were fully developed through general journal entries. Although Defendants refuse to accept the same, Plaintiff cannot produce documents or provide data that it does not have.

Finally, Defendants' assertion that Plaintiff has not produced documents responsive to Request No. 6 is baseless. On May 26, 2015, Plaintiff completed its production of documents responsive to this Request by producing a Google analytics document which specifies the precise

number of sales and total revenue resulting from said sales for the specific webpage identified in the Request. Moreover, Plaintiff also produced the corresponding invoices relating to each sale.

    2.    *Plaintiff has provided complete responses to Defendants' Interrogatories.*

Pursuant to Federal Rule of Civil Procedure Rule 33(d), Plaintiff fulfilled its discovery obligation by providing responses to each of Defendants' Interrogatories (Nos. 3-8), specifically identifying the business and financial records by Bates ranges from which the answer to each Interrogatory may be ascertained. (*Plumpe Decl.* ¶1-8). Defendants' motion has been rendered moot by Plaintiff's supplemental discovery responses and production. Thus, Defendants' motion should be denied.

On August 26, 2015, prior to the filing of Defendants' motion, Plaintiff supplemented its responses to the Interrogatories and also produced additional responsive financial documents.[4] (*Plumpe Decl.* ¶1-8). Plaintiff also informed Defendants on numerous occasions in person and by phone that it was in the process of gathering additional responsive financial documents for production and would also supplement its responses to the Interrogatories at that time. However, Defendants instead chose to file this motion, prior to receiving Plaintiff's supplemental production and discovery responses, and without insomuch as a telephonic meet/confer. Nevertheless, on September 15, 2015, Plaintiff once again supplemented its responses to the Interrogatories and completed its production of all remaining financial documents responsive to the Requests.

---

4 Notably, Plaintiff included in its supplemental discovery responses, the following General Objection which was incorporated into each and every response to the Interrogatories: "17. As discovery is currently on-going, Barn Light Electric and The Scotts remain in the process of reviewing and producing non-privileged, responsive documents. Barn Light Electric's and The Scotts' investigation into information responsive to this Interrogatory is ongoing and Barn Light Electric and The Scotts reserve the right to supplement its responses as discovery continues or as circumstances otherwise warrant."

Defendants' Interrogatories (Nos. 3-8) are virtually identical to the broad Requests it has propounded upon Plaintiff and seek answers including the following expansive financial information and sales data for *all* of Plaintiff's sales dating back to the launch of Barn Light Electric in 2008 through the present, including the following data relating to an extensive list of Identified Products contained in multiple exhibits to its Interrogatories:

(a) The number of units sold, and to whom the units were sold;
(b) The sales price of each unit;
(c) The gross income received from sales of these units;
(d) The net income received from sale [sic] of these units;
(e) The profits received from sales of these units; and
(f) An itemized list of the fixed and variable costs associated with the manufacture, production, marketing, advertising, and selling of these units.

Each of Defendants' Interrogatories also seek answers including the identity of each and every customer or distributor that has ever purchased or received Plaintiff's products from 2008 through the present, including the information contained in (a-f) as noted above.

Given the sheer breadth of information requested by Defendants, including *all* sales dating back to 2008 for every customer or distributor that has ever purchased or received Plaintiff's products, including the information contained in (a-f) noted above, a written response to Defendants' Interrogatories would be overly burdensome and impractical. Thus, pursuant to Rule 33(d), Plaintiff fulfilled its obligation under the Federal Rules by specifically identifying the Bates ranges for all responsive documents produced to Defendants, to the extent such documents exist, containing the data requested. (*Plumpe Decl.* ¶1-8). The burden of deriving or ascertaining the answers to the Interrogatories Plaintiff has propounded through reference to the documents identified by Plaintiffs in its response is substantially the same for Defendant as it is for Plaintiff. *Id.*; *see also Wolk v. Seminole Cnty., Florida*, No. 605CV-1722-ORL-18KRS, 2007

WL 328685, at *1 (M.D. Fla. Jan. 31, 2007). Accordingly, Plaintiff has fulfilled its obligation under the Federal Rules and Defendants' Motion should be dismissed.

> **B.  Defendants motion must be denied for failure to meet the requirements of Local Rule 3.01(g) and ignoring this Court's admonition that it engage in an in-person or telephonic meet and confer *prior* to filing a discovery motion.**

Defendants Motion to Compel should be denied because Defendants have ignored this Court's admonition that pursuant to Local Rule 3.01(g), the parties communicate in good faith through an in-person or telephonic meet/confer prior to seeking this Court's intervention. *See* Ex. B, Transcript of Motion Hearing, August 14, 2015 at p. 43 ln.14-24 ("I'm going to direct that if there is a dispute . . . the Court will not attend to it unless there's been a conversation, telephonically or in-person, between the parties to see [if] under 3.01(g) there can be a resolution of those matters and a discussion in detail regarding those matters. So, if you have any further issues, make sure you talk to one another first before you bring them to the Court."). Instead, Defendants filed the instant motion without insomuch as a telephone call to Plaintiff's counsel to satisfy the meet and confer requirements of Local Rule 3.01(g) which requires counsel to meet in confer in good faith "[b]efore filing any motion in a civil case." M.D. Fla. L.R. 3.01(g).

Rule 3.01(g) does not except renewed motions. *See id.*; *see also Communications Center, Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31GJK, 2008 WL 1777725, at *1 (M.D. Fla. Mar. 9, 2009) (noting previous denial of a renewed motion to compel without prejudice in part for failure to comply with Local Rule 3.01(g)); *Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105924, at *2 (M.D. Fla. Apr. 27, 2010) (requiring parties to meet and confer pursuant to M.D. Fla. L.R. 3.01(g) before filing a renewed motion). Defendants' reliance on the parties' discussion of the subject matter of this motion weeks prior to its renewed filing, which occurred prior to Plaintiff's subsequent supplemental responses, supplemental production of documents and the further assurances by Plaintiff's counsel of the impending

supplementation of its production and discovery responses, flies in the face of M.D. Fla. L.R. 3.01(g).

Moreover, where, as is the case here, a movant fails to adhere to the strict requirements of Local Rule 3.01(g) prior to filing a renewed motion to compel, courts in the Middle District of Florida have flatly denied such motions. *See American Registry, LLC v. Hanaw et. al.*, Case No. 2:13-cv-352-FtM-29CM, Doc. 58 at 3 (M.D. Fla. May 19, 2014)("In light of counsel for Plaintiff's failure to meet and confer with counsel for Defendants as required by Local Rule 3.01(g) prior to filing the [Renewed] Motion to Compel, and because the motions and response suggest that some issues raised in Plaintiff's Motion to Compel may be resolved by a good faith conference, the Court will deny Plaintiff's Motion to Compel without prejudice to refiling after the parties meet and confer in good faith pursuant to the Local Rules." *Id.*).

Defendants have failed to comply with this Court's admonition and Local Rule 3.01(g). Given this Court's express and unmistakable direction regarding the procedure to be followed in filing any subsequent motions to compel and the Court's admonition that this "Court would not attend to such issues" if a movant failed to comply with its direction, Plaintiff respectfully requests that Defendants' Renewed Motion to Compel (Dkt. 110) be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff, Barn Light Electric Company, LLC, respectfully requests that this Court enter an order denying Defendants' Renewed Motion to Compel as moot in view of Plaintiff's supplemental production of documents and discovery responses which, to the extent possible, respond in full to Defendants' Requests and Interrogatories. Moreover, this Court should deny Defendants' motion for sanctions because: (i) Defendants prematurely filed its renewed motion prior to receiving Plaintiff's supplemental production and discovery

responses; (ii) Defendants failed to comply with the requirements of Local Rule 3.01(g) and this Court's admonition to meet and confer with Plaintiff in good faith *prior* to filing its motion, (iii) Plaintiff's have, in good faith, consistently and seasonally supplemented its production of documents and discovery responses as additional information has been discovered throughout the discovery period in this matter, which is still open, (iv) Defendants come before this Court with unclean hands, and have themselves intentionally failed to produce documents and discovery responses critical to Plaintiff's claims and defenses in this matter, and (v) the circumstances surrounding the filing of Defendants' motion would otherwise make an award of expenses unjust.

     Finally, Plaintiff respectfully requests that this Court, pursuant to the Federal Rules of Civil Procedure and this Court's inherent authority grant Plaintiff its attorneys fees and costs associated with the filing of this Response. Defendants improperly and prematurely filed its Motion, unnecessarily burdening the resources of this Court and further causing unnecessary and avoidable expense to Plaintiff.

Dated: September 18, 2015

                                              Respectfully submitted,

                                              <u>/s/ Joseph R. Sozzani</u>
                                                  Joseph R. Sozzani
                                               *Admitted Pro Hac Vice*
                                               Alejandro J. Fernandez
                                               Florida Bar No. 32221
                                               Gregory L. Hillyer
                                               Florida Bar No. 682489
                                               David M. Stahl
                                               Florida Bar No. 84713
                                               Matthew N. Horowitz
                                               Florida Bar No. 98564
                                               FELDMAN GALE, P.A.

400 N. Tampa Street, Suite 2830
Tampa, FL 33602
(813) 374-8890
(305) 358-3309
jsozzani@feldmangale.com
afernandez@feldmangale.com
ghillyer@feldmangale.com
dstahl@feldmangale.com
mhorowitz@feldmangale.com

*Attorneys for Plaintiff, Counterclaim-Defendants and Third Party Defendants*
BARN LIGHT ELECTRIC COMPANY, LLC AND
BRYAN AND DONNA SCOTT
_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record (see service list).

/s/ Joseph R. Sozzani
Joseph R. Sozzani

## **SERVICE LIST**

Michael J. Colitz, III
Trial Counsel
Michael.colitz@gray-robinson.com
Stephen Gregory Anderson
Stephen.anderson@gray-robinson.com
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
Post Office Box 3324
Tampa, FL 33601
(813) 273-5000

*Attorneys for Defendants/Counter-Plaintiffs*