UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC,

    Plaintiff,

v.                                                    Case No. 8:14-cv-1955-T-35AEP

BARNLIGHT ORIGINALS, INC., *et al.*,

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court upon Defendant Hi-Lite Manufacturing Company, Inc's ("Defendant") Motion for Protective Order Regarding the Deposition of Dorothy Ohai ("Ms. Ohai") on September 24 (Doc. 115), Plaintiff's response in opposition thereto (Doc. 116), and Defendant's Notices of Filing Exhibit in Support of Motion for Protective Order Regarding the Deposition of Dorothy Ohai on September 24 ("Notices") (Docs. 117, 118). By the motion, Defendant contends that Ms. Ohai is "medically unable to participate in any deposition proceedings at this time" (Doc. 115, at 2). Ms. Ohai's condition was brought to the attention of defense counsel via a September 17, 2015 e-mail from Ms. Ohai's personal attorney, who stated that the deposition needed to be canceled since Ms. Ohai is 77 years old and is medically incapable of sitting for a deposition as she has endured multiple strokes and heart bypass surgery (Doc. 115, Ex. B). Plaintiff responded in opposition, arguing that Ms. Ohai is a critical witness in this matter, given her role as president and exclusive owner of Defendant, and that Defendant failed to meet its heavy burden of demonstrating good cause for precluding the deposition.

Following the filing of Plaintiff's response, Defendant filed its Notices attaching letters from one of Plaintiff's physicians indicating that Ms. Ohai experienced short-term memory loss as a result of her physical ailments and is at high risk for recurrent strokes (Doc. 118).[1]

Under Rule 26, Federal Rules of Civil Procedure, a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including but not limited to forbidding the disclosure or discovery, specifying terms for the disclosure or discovery, and prescribing a discovery method other than the one selected by the party seeking discovery. Fed. R. Civ. P. 26(c)(1)(A)-(C). The burden of demonstrating good cause for preclusion of a deposition is a heavy one, which is why the granting of protective orders precluding depositions rarely occurs. *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005) (citations omitted). Indeed, "'[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.'" *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)[2]). The medical incapacity of a witness to attend and sit through a deposition constitutes one such extraordinary circumstance that may preclude a deposition. *Dunford*, 233 F.R.D. at 637. The question the court must determine in such a scenario is whether the witness's medical situation is so grave that he or she cannot

---

[1] Notably, the initial letter was not signed by the physician (Doc. 117). The second letter is signed and additionally notes that Ms. Ohai is at high risk for recurrent strokes (Doc. 118).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2

participate in any kind of deposition, even if special accommodations could be made. *S.E.C. v. Children's Internet, Inc.*, No. C-06-6003 CW (EMC), 2008 WL 346419, at *3 (N.D. Cal. Feb. 7, 2008).

In this instance, though Ms. Ohai is of advanced age and suffers from various physical ailments, her doctor did not state that she could not proceed with a deposition or indicate that her medical situation is so grave that a deposition was not advisable or that reasonable accommodations could not be made (Docs. 117, 118). Rather, Ms. Ohai's doctor merely stated that her short-term memory had been affected by multiple medical conditions, including recent stroke, carotid artery surgery, and history of cardiac bypass surgery, and that she was at high risk for recurrent strokes (Doc. 118). Under similar circumstances, courts have declined to preclude a deposition. *See Children's Internet,* 2008 WL 346419, at *3-4 (noting that a declaration from a witness's doctor was conclusory and failed to address whether a deposition with special accommodations would be possible and thus compelling the deposition of a witness with a serious medical condition).

Although the Court empathizes with Ms. Ohai's situation, Defendant failed to meet its burden for precluding, or even postponing, the deposition of Ms. Ohai. As such, the deposition shall go forward, as scheduled, on September 24, 2015, with the instruction that, to the extent that the parties can arrange for reasonable accommodations for Ms. Ohai, the parties shall endeavor to do so. For the foregoing reasons, therefore, it is hereby

ORDERED:

1. Defendant's Motion for Protective Order Regarding the Deposition of Dorothy Ohai

on September 24 (Doc. 115) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 23rd day of September, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record