BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

     Plaintiff,

v.                                    CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE  MANUFACTURING
 COMPANY, INC., a California corporation; and
JEFFREY L.  OHAI, an individual California Resident,

     Defendants.

_____/

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE  MANUFACTURING
COMPANY, INC., a California corporation; and
JEFFREY L.  OHAI, an individual California Resident,

     Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

     Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

     Third-Party Defendants.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF ITS EXPEDITED THIRD MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND FOR DISCOVERY SANCTIONS**

     Plaintiff Barn Light Electric Company, LLC ("Barn Light Electric" or "Plaintiff"), by and

through its undersigned counsel, Feldman Gale, P.A., pursuant to and Federal Rules of Civil

Procedure 15(a)(2) and 16(b)(4) and Local Rules 3.01 and 4.01, respectfully files this reply to

Defendants' Barnlight Originals, Inc. ("BLO"), Hi-Lite Manufacturing, Inc. ("Hi-Lite"), and

Jeffrey Ohai's ("Ohai")(collectively, "Defendants") Opposition to BLE's Expedited Third

Motion to Compel Production of Documents and for Sanctions [Dkt. 113] ("Opposition").

## I.     INTRODUCTION

Defendants' Opposition attempts to distract this Court through citation to inapposite case

law and arguments that ring hollow, in a final effort to delay the production of Defendant Hi-

Lite's financial and business records.  However, Defendants' Opposition amounts to nothing

more than mere hyperbole.  Defendants cannot avoid the inescapable conclusion that Plaintiff is

entitled to discovery of Defendant Hi-Lite's business records and financial information under the

broad constructs and liberal discovery afforded to parties under Fed.R.Civ.P. 26(b)(1) and well

established case law.  Defendants' admission that it continues to intentionally withhold Hi-Lite's

financial and business records on the basis of its unilateral determination that such information is

somehow irrelevant, further underscores Defendants' improper, ongoing and sanctionable

obstruction of Plaintiff's discovery efforts throughout this litigation.  Opposition at 3.  Defendant

Hi-Lite's discovery responses, financial and business records are long overdue, unquestionably

relevant and necessary for Plaintiff to complete its damages analyses and fully develop its claims

and defenses in this matter.  With the rebuttal expert reports due in ten days, and the discovery

deadline only weeks away, Defendants' failure to provide Hi-Lite's discovery has, and continues

to, severely prejudice Plaintiff.  Accordingly, this Court should grant Plaintiff's Expedited Third

Motion to Compel Production of Documents and for Discovery Sanctions [Dkt. 109].

## II.    ARGUMENT AND MEMORANDUM OF LAW

This Court should order Defendant Hi-Lite to produce its business and financial records and to provide responses to Plaintiff's interrogatories.  Defendants incorrectly assert that its refusal to produce its business and financial records is justified because Plaintiff's claims for direct trademark infringement relate only to BLO, not Hi-Lite or Ohai.  *See* Opposition at 10-11.  Defendants are mistaken.  Plaintiff's Third Amended Complaint alleges facts and asserts claims for direct and contributory trademark infringement, unfair competition and cybersquating under both state and federal law against *all* Defendants, including Hi-Lite and Ohai.  *See* Dkt. 107 at ¶¶ 109-118, 119-126, 127-132, 143-147 & 148-153.  Additionally, in its Complaint, Plaintiff seeks *inter alia* damages for direct and contributory trademark infringement, unfair competition and cybersquating against *all* Defendants in an amount equal to "three times profits or damages, whichever amount is greater, together with attorney's fees pursuant to 15 U.S.C. § 1117(a)."  *Id.* at ¶¶ 118, 126, 147, 153, 162, 187.  Accordingly, Defendants reliance on inapposite case law relating solely to secondary liability for trademark infringement under the Lanham Act is misguided and inapplicable here.  Opposition at 10-11.  On this basis alone, there can be no question that Hi-Lite's financial and business records are highly relevant and necessary for Plaintiff to complete its damages analyses and to fully develop its claims and defenses.

Moreover, Hi-Lite's financial and business records are also relevant and necessary for Plaintiff: (1) to determine whether it will elect to pursue lost profits damages pursuant to 15 U.S.C. § 1117(a) or statutory damages pursuant to 15 U.S.C. § 1117(c) for its federal trademark infringement claims; (2) to determine if sales made by Hi-Lite originated through or were diverted from BLO to Hi-Lite; (3) to determine whether Hi-Lite or Ohai are manipulating the

stated profitability of BLO by siphoning profits or transferring disproportionate costs to BLO; (4) to determine the true nature of the relationship between Hi-Lite, Ohai and BLO; (5) to analyze and compare Defendants' sales trends in relation to Plaintiff's claims, defenses and damages theories, including the specific products identified by both Plaintiff and Defendants; (6) to determine, compare and confirm the accuracy of *all* Defendants' sales and financial data, annual reports, profits, losses, costs, overhead, and internal transfer sales; and (7) to disprove any claimed entitlement or offset for damages claimed by Defendants.

Pursuant to Rule 26(b)(1), Plaintiff is entitled to discovery "regarding any non-privileged matter that is relevant to any parties' claim or defense." Fed.R.Civ.P.26(b)(1). Relevant information need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. *Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-CV-1190-T-30AEP, 2013 WL 6858319, at *3 (M.D. Fla. Dec. 30, 2013). Defendants' insistence that its financial information is confidential does not change this analysis. Even so, Plaintiff has shown both relevancy and need. Thus, this Court should order the production of Hi-Lite's financial and business records. *Id.* at *4 (Holding that ". . . if relevancy and need are shown, the [confidential information] should be disclosed."). As Defendants know, any alleged fear that it holds regarding the production of Hi-Lite's financial and business records can be alleviated simply by limiting access to such data by designating it as "Highly Confidential - Attorneys' Eyes Only" under the Protective Order [Dkt. 40] entered in this case. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, No. 1:12-cv-00296-JVB-RBC, 2013 WL 682848, at *3 (N.D. Ind. Feb. 25, 2013) (ordering defendant in trademark infringement matter to produce a complete copy of its financial database, including all of supporting files, subject to the "Attorneys' Eyes Only" provision of the protective order in that case) citing *Goshawki Dedicated Ltd. v. Am.*

*Viatical Servs., LLC*, No. 1:05-CV-2343-RWS, 2007 WL 3492762, at *1 (N.D. Ga. Nov. 5, 2007) (ordering production of a database when it was relevant to the claims and defenses in the case despite defendant's assertions that it contained a significant amount of irrelevant data and that the database was its "single greatest asset").

With regard to Defendants production of nearly 40,000 pages of unresponsive html computer code, wing-dings and hardcore pornography,[1] Defendants' strained reading of a single discovery request in an attempt to justify its failure to properly review and classify its production of documents is no excuse for its misconduct.[2] Opposition at 8. Moreover, Defendants attempt to explain away the hardcore pornography and wing-dings it produced by pointing to keyword searches which it knew were not to be exclusively relied upon in preparing its production is equally unavailing. *Id.* at 9. Furthermore, Defendants fail to justify its batch misdesignation of html computer code, pornography and wing-dings as Highly Confidential when such information is clearly outside of the scope of such information as defined in the Protective Order. *See* Dkt. 40 at 2. The names of customers, distributors, or vendors are not trade secrets and, at most, fall under the "Confidential" designation, not "Highly Confidential." *Id.*, *see* ¶2(a) *cf.* ¶2(b). Finally, Defendants contention that it has completed its production of documents relevant to this Court's Discovery Order [Dkt. 95] is inaccurate. Defendants have not produced all of BLO's invoices in readable form, nor has it produced all documents relevant to the alleged field testing, design and manufacture of the MU-3/4 product embodying the invention claimed in the '477 Patent.

---

1 Plaintiff, Barn Light Electric, LLC, will seek the permission of this Court to file an exhibit to this motion under seal in order to provide the Court with exemplars of the computer code, wing-dings and pornography which Defendants produced with a designation of "Highly Confidential."

2 Section 3(a) of the Protective Order [Dkt. 40] requires that a Party making a confidentiality designation do so only if the party "believes in good faith, **upon reasonable inquiry**, that the information qualifies as such." *Dkt. 40* at 3. Batch designations without individual review of the the documents in question necessarily fail to comply with this directive.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff, Barn Light Electric, respectfully requests that this

Court enter an order granting Plaintiff's Motion to Compel and for Sanctions [Dkt 109].

Dated:  October 6, 2015

Respectfully submitted,

/s/ Joseph R. Sozzani
Joseph R. Sozzani
*Admitted Pro Hac Vice*
Alejandro J. Fernandez
Florida Bar No. 32221
Gregory L. Hillyer
Florida Bar No. 682489
David M. Stahl
Florida Bar No. 84713
Matthew N. Horowitz
Florida Bar No. 98564
FELDMAN GALE, P.A.
400 N. Tampa Street, Suite 2830
Tampa, FL 33602
(813) 374-8890
(305) 358-3309
afernandez@feldmangale.com
ghillyer@feldmangale.com
jsozzani@feldmangale.com
dstahl@feldmangale.com
mhorowitz@feldmangale.com

*Attorneys for Plaintiff, Counterclaim-Defendants and Third Party Defendants*
BARN LIGHT ELECTRIC COMPANY, LLC AND
BRYAN AND DONNA SCOTT

Michael J. Colitz, III
Florida Bar No. 164348
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)

michael.colitz@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants, Counterclaim-Plaintiffs and Third Party Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of October 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

/s/ Joseph R. Sozzani
Joseph R. Sozzani
