IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation; and
JEFFREY L. OHAI, an individual California Resident

    Defendant.
_____/    Case No. 8:14-CV-1955-T-35AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.
_____/

## COUNTERCLAIM PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM THIRD PARTY BAI, INC.

Pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 45 and L.R. 3.04(a), Barnlight Originals, Inc. and Hi-Lite Manufacturing Company, Inc. (collectively "Counterclaim Plaintiffs") hereby move for entry of an order compelling third party BAI, Inc. ("BAI") to produce documents responsive to Counterclaim Plaintiffs' Subpoena to BAI, which was issued on September 24, 2015. A copy of this subpoena is attached as **EXHIBIT A**. Despite the successful service of this subpoena, BAI has neither provided written objections nor responsive documents. A copy of the Proof of Service is attached as **EXHIBIT B**. Counterclaim Plaintiffs therefore file this motion and seek entry of an order compelling BAI's to comply with the subpoena.

## I. BACKGROUND

This action was originally filed by Barn Light Electric against Barnlight Originals, Inc., Hi-Lite Manufacturing Co, Inc. and Mr. Jeffrey L. Ohai. Barn Light Electric's claims included counts for: Trademark Infringement in Violation of 15 U.S.C. § 1114; Contributory Trademark Infringement against Hi-Lite; Federal Unfair Competition under 15 U.S.C. § 1125; Cancellation of Supplemental Registration under 15 U.S.C. § 1119; Common Law Unfair Competition; Common Law Trademark Infringement; Cybersquatting in Violation of the ACPA; and counts seeking declarations of non-infringement, invalidity, an unenforceability of U.S. Patent No. 8,556,477.

Counterclaim Plaintiffs subsequently counterclaimed against Barn Light Electric and its owners Bryan and Donna Scott. These counterclaims included counts for: Infringement of a Federally Registered Trademark pursuant to 15 U.S.C. § 1114 et al.; Common Law Trademark Infringement; Unfair Competition pursuant to § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and Florida common law; Unfair Competition pursuant to § 43(a) of the Lanham

2

Act, 15 U.S.C. § 1125(a) and Florida common law; False Advertising pursuant to § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); Infringement of U.S. Copyright Registration No. VA0001931982 pursuant to 17 U.S.C. § 501; Infringement of U.S. Copyright Registration No. VA0001931193 pursuant to 17 U.S.C. § 501; Infringement of U.S. Copyright Registration No. VA0001931001 pursuant to 17 U.S.C. § 501; and Trade Dress Infringement pursuant to the Lanham Act. Corresponding claims were brought against Bryan an Donna Scott for contributory infringement and inducement to infringe.

Third Party BAI is believed to be in possession of documents that are directly relevant to the trade dress infringement claims of Hi-Lite Manufacturing. In particular, Counterclaim Plaintiffs believe that certain Hi-Lite products were delivered to BAI for the purpose of having the lighting fixtures copied and reproduced. Pursuant to Fed. R. Civ. P. 45(a)(1)(D), Counterclaim Plaintiffs issued the attached subpoena to BAI seeking all communications with Barn Light Electric and any documents relating to the reproduction, copying, or reverse engineering of Hi-Lite lighting fixtures.

The undersigned called BAI on October 26, 2015 in an effort to determine whether any responsive documents were forthcoming. Mr. Shawn R. Best indicated that he had not responded to the subpoena and further indicated that he was in possession of responsive documents. He did not specify any date by which responsive documents would be provided. Accordingly, Counterclaim Plaintiffs have brought the present motion seeking to enforce compliance with the subpoena.

II.    GOVERNING LAW

Motions to compel under Federal Rule of Civil Procedure 37 are committed to the sound

3

discretion of the trial court. *See Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See id.* Pursuant to Fed. R. Civ. P. 26(b), a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

## III. DOCUMENT REQUESTS AT ISSUE

Pursuant to Local Rule 3.04(a), Counterclaim Plaintiffs are including below full quotations of each document production request for which they currently seek an Order compelling a response.

### REQUEST NO. 1
1. All Communications between BAI and Barn Light Electric.

### RESPONSE TO REQUEST NO. 1
BAI has provided no objections or responsive documents.

### REQUEST NO. 2
2. All Communications between BAI and Barn Light Electric concerning Hi-Lite.

### RESPONSE TO REQUEST NO. 2
BAI has provided no objections or responsive documents.

### REQUEST NO. 3
3. All Communications between BAI and John LaCorte concerning Barn Light Electric.

### RESPONSE TO REQUEST NO. 3
BAI has provided no objections or responsive documents.

### REQUEST NO. 4
4. All Communications between BAI and John LaCorte concerning Hi-Lite.

**RESPONSE TO REQUEST NO. 4**

BAI has provided no objections or responsive documents.

**REQUEST NO. 5**

5. All Communications concerning any efforts by BAI to reproduce, replicate, copy, or reverse engineer any lighting fixtures manufactured, sold, or produced by Hi-Lite.

**RESPONSE TO REQUEST NO. 5**

BAI has provided no objections or responsive documents.

**REQUEST NO. 6**

6. All Communications concerning any efforts by John LaCorte to reproduce, replicate, copy, or reverse engineer any lighting fixtures manufactured, sold, or produced by Hi-Lite.

**RESPONSE TO REQUEST NO. 6**

BAI has provided no objections or responsive documents.

**REQUEST NO. 7**

7. All Documents concerning any efforts by BAI to reproduce, replicate, copy, or reverse engineer any lighting fixtures manufactured, sold, or produced by Hi-Lite.

**RESPONSE TO REQUEST NO. 7**

BAI has provided no objections or responsive documents.

**REQUEST NO. 8**

8. All Documents concerning any efforts by John LaCorte to reproduce, replicate, copy, or reverse engineer any lighting fixtures manufactured, sold, or produced by Hi-Lite.

**RESPONSE TO REQUEST NO. 8**

BAI has provided no objections or responsive documents.

IV. **ANALYSIS**

A. **Requests for Production Nos. 1-8**

The foregoing requests are all directly relevant to the claims in this litigation. In particular, the documents would be relevant to, inter alia, Hi-Lite's claims of trade dress infringement. Barn Light Electric has provided certain documents reflecting email

communications with representaties of BAI. Thus, BAI is believed to be in possession of responsive documents. Thus far, BAI has neither objected to providing documents nor has it produced any documents.

## V. CONCLUSION

Counterclaim Plaintiffs respectfully seek an order compelling BAI to comply with the attached subpoena. Furthermore, because BAI's refusal to produce the requested documents is not substantially justified, Counterclaim Plaintiffs also seek recovery of the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5).

Date: October 26, 2015

Respectfully submitted,

/s/ *Michael J. Colitz, III*
Michael J. Colitz, III
Florida Bar No. 164348
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Counterclaim Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 3.01(g), counsel for Counterclaim Plaintiffs contacted third party BAI regarding compliance with the subject subpoena. Representatives of BAI indicated that they were in possession of responsive documents, but had not provided such documents or otherwise responded to the subpoena. The matter is therefore being submitted to the Court for resolution.

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy to all counsel of record. A copy of the foregoing was also delivered via U.S. First Class Mail on October 26, 2015 to the following address: BAI, Inc. c/o Shawn R. Best, 20115 Bay Cedar Avenue, Tampa, Florida 33647.

/s/ *Michael J. Colitz, III*
Michael J. Colitz, III