IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

      Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation; and
JEFFREY L. OHAI, an individual California Resident

      Defendant.

_____/     Case No. 8:14-CV-1955-T-35AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

      Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

      Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

      Third-Party Defendants.

_____/

**COUNTERCLAIM PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.04(a), Barnlight Originals, Inc. and Hi-Lite Manufacturing Company, Inc. (collectively "Counterclaim Plaintiffs") hereby move for entry of an order compelling Counterclaim Defendant Barn Light Electric Company, LLC and Third-Party Defendants Bryan and Donna Scott (collectively "Counterclaim Defendants") to produce documents responsive to (i) Counterclaim Plaintiffs' Third Request for Production; and (ii) Counterclaim Plaintiffs' Fourth Request for Production (collectively "Discovery Requests"). Counterclaim Plaintiffs also seek recovery of the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5). In support of this Motion to Compel ("Motion"), Counterclaim Plaintiffs state as follows:

## I.      BACKGROUND

On July 2, 2015, Counterclaim Plaintiffs served Counterclaim Defendants with their Third Request for Production. *See* Exhibit A. On July 29, 2015, Counterclaim Plaintiffs served Counterclaim Defendants with their Fourth Request for Production. *See* Exhibit B. The Discovery Requests sought information relating to Counterclaim Plaintiffs' claims of, among other things, trademark infringement, trade dress infringement, copyright infringement, and unfair competition. As of the filing of this Motion, approximately three to four months after service of the Counterclaim Plaintiffs Third and Fourth Requests for Production, and following repeated assurances by opposing counsel, Counterclaim Defendants and Third-Party Plaintiffs *still* have not produced all documents responsive the Discovery Requests.

## II.     GOVERNING LAW

Motions to compel under Federal Rule of Civil Procedure 37 are committed to the sound

discretion of the trial court. *See Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See id.* Pursuant to Fed. R. Civ. P. 26(b), a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

## III. DOCUMENT REQUESTS AT ISSUE

Pursuant to Local Rule 3.04(a), Counterclaim Plaintiffs are including below full quotations of each document production request for which they currently seek an Order compelling a response. Also included below are Counterclaim Defendants' responses to the requests.

## A. COUNTERCLAIM PLAINTIFFS' THIRD REQUEST FOR PRODUCTION

### Counterclaim Plaintiffs' Request for Production No. 39
All Federal and State tax returns filed by Barn Light Electric Company, LLC from 2008 through the present.
### Counterclaim Defendants' Response to Request for Production No. 39
Barn Light Electric and The Scotts object to Request No. 39 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it would invade or seeks to invade a right of privacy. Barn Light Electric and The Scotts further object to the definition of the term "Barn Light Electric Company, LLC" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Additionally, Barn Light Electric and The Scotts object to this Request as overly broad in that it is not limited to activities within the United States. Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and The Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist. [1]

---

[1] Counterclaim Defendants and Third-Party Defendants responded to each of the quoted requests from Counterclaim Plaintiffs' Third Request for Production with the same language and some occasional additions. To conserve space, Counterclaim Plaintiffs have stated [Same response as No. 39] where Counterclaim Defendants and Third-Party Defendants used the same response as they used for Request No. 39. Counterclaim Plaintiffs have noted any additional

3

**Counterclaim Plaintiffs' Request for Production No. 41**

Documents sufficient to show contact information for all current and former employees of Barn Light Electric Company, LLC, including names, mailing addresses, phone numbers, and email addresses.

**Counterclaim Defendants' Response to Request for Production No. 41**

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object on the basis that the Request seeks contact information for "all current and former employees" without limitation to the causes of action in this litigation. Barn Light Electric and The Scotts further object to this Request as unduly burdensome to the extent that it requires Barn Light Electric and The Scotts to investigate and seek documents without the consent of third parties.

**Counterclaim Plaintiffs' Request for Production No. 42**

Documents evidencing any communication between You and Your attorneys, or other representatives, and any former employees of Hi-Lite Manufacturing Company, Inc. or Barnlight Originals, Inc.

**Counterclaim Defendants' Response to Request for Production No. 42**

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object to the definition of the terms "You" and "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object to the extent that the Request would require the production of documents subject to the attorney/client, work product, and/or common interest/joint defense privileges. Barn Light Electric and The Scotts further object to the term "other representatives" as being vague and ambiguous in that it is not defined.

**Counterclaim Plaintiffs' Request for Production No. 43**

All Documents relating to Your selection, creation, adoption and/or clearance of the BLE Marks.

**Counterclaim Defendants' Response to Request for Production No. 43**

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object on the basis that the terms "creation," "adoption," and "clearance" are not defined and are therefore vague and ambiguous. [2]

---

objections as well. Also, please note that the Requests that do not mention the term "Barn light Electric Company, LLC" are not objected to by the Counterclaim Defendants and Third-Party Defendants for that reason. To further conserve space, this distinction is not reflected in the responses above.

[2] Note that Barn Light Electric and The Scotts do not object to this Response on the basis of invasion of privacy. To conserve space, Counterclaim Plaintiffs have placed an asterisk ("*") where Counterclaim used the same response as they

## Counterclaim Plaintiffs' Request for Production No. 44

All publications, whether printed or electronic, wherein Products under the BLE Marks were offered for sale.

## Counterclaim Defendants' Response to Request for Production No. 44

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object to Request No. 44 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Barn Light Electric and The Scotts further object on the basis that the term "publications" is not defined and is therefore vague and ambiguous. Barn Light Electric and The Scotts object to the phrases "Products under the BLE Marks" and "offered for sale" as being vague and ambiguous.

## Counterclaim Plaintiffs' Request for Production No. 45

All Documents, including advertisements, relating to how You have marketed and/or advertised in the past and/or now market and advertise the BLE Marks.

## Counterclaim Defendants' Response to Request for Production No. 45

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object on the basis that the terms "advertisement," "advertise(d)," and "market(ed)" are not defined and are therefore vague and ambiguous.

## Counterclaim Plaintiffs' Request for Production No. 46

All Documents relating to Your date of first use of the BLE marks anywhere.

## Counterclaim Defendants' Response to Request for Production No. 46

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object on the basis that the term "first use" is not defined and are therefore vague and ambiguous.

## Counterclaim Plaintiffs' Request for Production No. 47

All Documents relating to Your date of first use of the BLE Marks in commerce.

## Counterclaim Defendants' Response to Request for Production No. 47

[Same response as No. 39 with the following objection:]*

Barn Light Electric and The Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity

---

used for Request No. 39, but did not object to the Response on the basis of an invasion of privacy.

other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object on the basis that the term "first use" is not defined and is therefore vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 48
All Documents relating to the BLE Marks not being in continuous use since the date of first actual use.
### Counterclaim Defendants' Response to Request for Production No. 48
[Same response as No. 39 with the following objection:]*
Barn Light Electric and The Scotts further object on the basis that the phrases "continuous use" and "first actual use" are not defined and are therefore vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 49
All Documents evidencing the BLE Marks being in continuous use since the date of first actual use.
### Counterclaim Defendants' Response to Request for Production No. 49
[Same response as No. 39 with the following objection:]*
Barn Light Electric and The Scotts further object on the basis that the phrases "continuous use" and "first actual use" are not defined and are therefore vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 50
Representative Documents showing the name and address of each employee, officer, director or other person working for You, with You, or on Your behalf who had, now has, or in the future may have responsibility for the following activities:
Sales of Products sold under the BLE Marks;
Marketing of Products sold under the BLE Marks;
Licensing, franchising and assignment of trademarks; and
Creation, adoption, use and registration of trademarks.
### Counterclaim Defendants' Response to Request for Production No. 50
[Same response as No. 39 with the following objection:]*
Barn Light Electric and The Scotts further object to the definition of the terms "You" and "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further objects on the basis that the phrase "other person working for You, with You, or on Your behalf" is vague and ambiguous. Barn Light Electric and The Scotts further object on the basis that the term "Products" is overly broad in that the terms "light fixtures" and "light fixture components" are not defined and are therefore vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 51
All Documents relating to any instances or occurrences of actual confusion between the BLE Marks and any marks used by the Defendants.

## Counterclaim Defendants' Response to Request for Production No. 51

[Same response as No. 39 with the following objection:]*

Barn Light Electric and The Scotts further object on the basis that the term "actual confusion" is not defined and is therefore vague and ambiguous. Barn Light Electric and The Scotts further object on the basis that the phrase "any marks used by the Defendants" makes the Request overly broad.

## Counterclaim Plaintiffs' Request for Production No. 53

All Documents referring or relating to inquiries or comments on the relationship between You and Barnlight Originals, Inc.

## Counterclaim Defendants' Response to Request for Production No. 53

[Same response as No. 39 with the following objection:]*

Barn Light Electric and The Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts object to the phrase "inquiries or comments on the relationship between You and Barnlight Originals, Inc." as vague and ambiguous.

## Counterclaim Plaintiffs' Request for Production No. 60

Representative Documents evidencing any instances in which the BLE Marks have been licensed.

## Counterclaim Defendants' Response to Request for Production No. 60

[Same response as No. 39]*

## Counterclaim Plaintiffs' Request for Production No. 66

All transcripts of any depositions taken in legal proceedings in connection with the BLE Marks.

## Counterclaim Defendants' Response to Request for Production No. 66

[Same response as No. 39 with the following objection:]*

Barn Light Electric and The Scotts further object on the basis that the terms "depositions" and "legal proceedings" are not defined and are therefore vague and ambiguous.

## Counterclaim Plaintiffs' Request for Production No. 67

All Documents relating to Your decision to adopt and begin using the BLE Marks, (including Documents relating to selection, creation, conception and/or adoption of the mark, and relating to the reasoning behind the selection, creating, conception and/or adoption of the mark).

## Counterclaim Defendants' Response to Request for Production No. 67

Barn Light Electric and The Scotts object to Request No. 67 as vague, ambiguous, and overly broad, unduly burdensome. Barn Light Electric and The Scotts further object on the basis that this Request is duplicative of Request No. 43. Barn Light Electric and The Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery

obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object on the basis that the terms "selection," "creation," "conception," "adoption," "clearance," and "reasoning" are not defined and are therefore vague and ambiguous. Additionally, Barn Light Electric and The Scotts object to this Request as overly broad in that it is not limited to activities within the United States. The Scotts object to this Request because it seeks documents not in the individual custody, control or possession of The Scotts. Barn Light Electric and The Scotts further object on the basis of attorney-client privilege, attorney work product, joint defense and/or common interest privileges. Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and The Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 68
All Documents relating to the disclaimer of the term "barn light" in association with any federal trademark applications or registrations for the BLE Marks.
### Counterclaim Defendants' Response to Request for Production No. 68
[Same response as No. 39]*

### Counterclaim Plaintiffs' Request for Production No. 77
All Documents evidencing any instances in which You or one of Your customers used the term "barn light" in a descriptive manner to describe a type of lighting fixture.
### Counterclaim Defendants' Response to Request for Production No. 77
[Same response as No. 39 with the following objection:]
Barn Light Electric and The Scotts further object to the definition of the terms "You" and "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object to the phrase "used the term 'barn light' in a descriptive manner to describe a type of lighting fixture" as being vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 78
All written memoranda concerning any oral communications between You and any of the Defendants.
### Counterclaim Defendants' Response to Request for Production No. 78
[Same response as No. 39 with the following objection:]
Barn Light Electric and The Scotts further object to the definition of the terms "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object to the extent that the term "written memoranda" is not defined and is therefore vague and ambiguous

### Counterclaim Plaintiffs' Request for Production No. 79

All written communications and All Documents between You and any of the Defendants relating to the BLE Marks.

### Counterclaim Defendants' Response to Request for Production No. 79

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object to the definition of the terms "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object to the extent that the term "written communications" is not defined and is therefore vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 82

All Documents reflecting any corrective advertising undertaken by You as a result of any actions taken by any of the Defendants.

### Counterclaim Defendants' Response to Request for Production No. 82

[Same response as No. 39 with the following objection:]*

Barn Light Electric and The Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object to the phrase "corrective advertising taken by You as a result of any actions taken by any of the Defendants" as being vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 84

All Documents reflecting communications between You and any insurance business that may be liable to satisfy all or a part of any possible judgment in this action or to indemnify or reimburse You for payments made to satisfy a judgment.

### Counterclaim Defendants' Response to Request for Production No. 84

[Same response as No. 39 with the following objection:]

Barn Light Electric and The Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further object on the basis that the term "insurance business" is not defined and is therefore vague and ambiguous.

## B.     COUNTERCLAIM PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION

### Counterclaim Plaintiffs' Request for Production No. 116

All Documents relied upon or referenced in the creation of Documents produced as BLE0348 and BLE0349.

### Counterclaim Defendants' Response to Request for Production No. 116

Barn Light Electric and the Scotts object to Request No. 116 to the extent it is vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 117
All of Barn Light Electric's invoices for all Products sold from 2008 to date.
### Counterclaim Defendants' Response to Request for Production No. 117
Barn Light Electric and the Scotts object to Request No. 117 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the definition of the term "Barn Light Electric" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts.[3] Barn Light Electric and the Scotts further object on the basis that the term "Products" is overly broad in that the terms "light fixtures" and "light fixture components" are not defined and are therefore vague and ambiguous. Furthermore, Barn Light Electric and the Scotts object to this Request as overly broad in that it is not limited to activities within the United States. Barn Light Electric and the Scotts further objects to the extent the Request seeks the identity of the purchaser of the Barn Light Electric's products, which constitutes a trade secret and is not relevant to the subject matter of this action. Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 118
All of Barn Light Electric's purchase orders for Products sold from 2008 to date.
### Counterclaim Defendants' Response to Request for Production No. 118
[Same response as No. 117]

### Counterclaim Plaintiffs' Request for Production No. 119
All documents showing the term "Barn Light Originals".
### Counterclaim Defendants' Response to Request for Production No. 119

Barn Light Electric and the Scotts object to Request No. 119 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to this request to the extent it seeks all

---

[3] Counterclaim Defendants responded to each of the quoted requests from Counterclaim Plaintiffs' Fourth Request for Production with the same language and some occasional additions. To conserve space, Counterclaim Plaintiffs have stated [Same response as No. 117] where Counterclaim Defendants used the same response as they used for Request No. 117. Responses to requests that do not include the term "product" do not include the associated objections. Counterclaim Plaintiffs have noted any additional objections as well. Also, please note that the Requests that do not seek the identity of the purchaser are not objected to by the Counterclaim Defendants and Third-Party Plaintiffs for that reason. To further conserve space, this distinction is not reflected in the responses above.

documents showing the term "Barn Light Originals" without any attempt to limit the scope of this Request to the subject matter of this action.

Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 120
All documents showing the term "Barnlight Originals".
### Counterclaim Defendants' Response to Request for Production No. 120
[Same response as No. 119, however, this response objects to the term "Barnlight Originals".]

### Counterclaim Plaintiffs' Request for Production No. 121
All documents showing the term "BLO".
### Counterclaim Defendants' Response to Request for Production No. 121
[Same response as No. 119, however, this response objects to the term "BLO".]

### Counterclaim Plaintiffs' Request for Production No. 122
All documents relating to former Barn Light Electric employee Michael Schultz.
### Counterclaim Defendants' Response to Request for Production No. 122
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents relating to former Barn Light Electric employee Michael Schultz" without any attempt to limit the scope of this Request to the subject matter of this action.

### Counterclaim Plaintiffs' Request for Production No. 123
All documents relating to former Barn Light Electric employee Walter "Trey" Solms.
### Counterclaim Defendants' Response to Request for Production No. 123
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents relating to former Barn Light Electric employee Walter 'Trey' Solms" without any attempt to limit the scope of this Request to the subject matter of this action.

### Counterclaim Plaintiffs' Request for Production No. 124
All documents evidencing any instance wherein the backing plate of a Product purchased from, or supplied by, Hi-Lite was removed or replaced by Barn Light Electric.

### Counterclaim Defendants' Response to Request for Production No. 124
[Same response as No. 117]

### Counterclaim Plaintiffs' Request for Production No. 125
All documents evidencing any instance wherein the instruction manual for a Product purchased from, or supplied by, Hi-Lite was removed or replaced by Barn Light Electric.

**Counterclaim Defendants' Response to Request for Production No. 125**
[Same response as No. 117]

**Counterclaim Plaintiffs' Request for Production No. 126**

All documents showing both a Hi-Lite part number and a Barn Light Electric part number.

**Counterclaim Defendants' Response to Request for Production No. 126**
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also object to this Request as vague and ambiguous on the basis that the terms "Hi-Lite part number" and "Barn Light Electric part number" are not defined and are indeterminable in scope.

**Counterclaim Plaintiffs' Request for Production No. 127**

All documents containing any instructions to a Barn Light Electric employee regarding how to fulfill orders for Hi-Lite products.

**Counterclaim Defendants' Response to Request for Production No. 127**
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also objects to this Request as vague and ambiguous on the basis that the terms "instructions" and "employee" are not defined and are indeterminable in scope.

**Counterclaim Plaintiffs' Request for Production No. 128**

All photographs of Hi-Lite products on any of Your websites between September 4, 2012 through the present that were used to sell products manufactured by a company other than Hi-Lite.

**Counterclaim Defendants' Response to Request for Production No. 128**
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also objects to this Request as vague and ambiguous on the basis that the phrase "photographs . . . that were used to sell products" is indeterminable in scope.

**Counterclaim Plaintiffs' Request for Production No. 147**

All documents sufficient to show the total value of all assets currently owned by Barn Light Electric.

**Counterclaim Defendants' Response to Request for Production No. 147**
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also objects to this Request as not reasonably calculated to lead to admissible evidence as it seeks "the total value of all assets currently owned by Barn Light Electric", which is not relevant to the subject matter of this litigation. Further, this Request seeks "[a]ll documents" beyond those sufficient to show "the total value of all assets currently owned by Barn Light Electric".

**Counterclaim Plaintiffs' Request for Production No. 150**

All personal tax returns filed by Bryan Scott for each year from 2008 to the present.

**Counterclaim Defendants' Response to Request for Production No. 150**
Barn Light Electric and the Scotts object to Request No. 150 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible

evidence. Barn Light Electric and the Scotts further object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks Bryan Scott's personal tax returns, which are not relevant to the subject matter of this litigation. Rather this request is a mere fishing expedition that is purely intended to harass the Scotts and invades the Scotts right of privacy.

Barn Light Electric Company, LLC and The Scotts further object to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent such information is discoverable or relevant to this matter pursuant to Rule 26, any such discoverable or relevant information may reasonably be ascertained or derived from documents already produced by Barn Light Electric Company, LLC and The Scotts.

### Counterclaim Plaintiffs' Request for Production No. 151
All personal tax returns filed by Donna Scott for each year from 2008 to the present.
### Counterclaim Defendants' Response to Request for Production No. 151
[Same response as No. 150]

### Counterclaim Plaintiffs' Request for Production No. 152
All Documents relating to any transfer of Barn Light Electric's assets valued at greater than 10% of its total assets to any other company under the Control of Bryan and/or Donna Scott between January 1, 2012 through the present.
### Counterclaim Defendants' Response to Request for Production No. 152
Barn Light Electric and the Scotts object to Request No. 152 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents relating to any transfer of Barn Light Electric's assets valued at greater than 10% of its total assets to any other company under the control of Bryan and or Donna Scott", which are not relevant to the subject matter of this litigation and is a mere fishing expedition.

Barn Light Electric Company, LLC and The Scotts further object to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent such information is discoverable or relevant to this matter pursuant to Rule 26, any such discoverable or relevant information may reasonably be ascertained or derived from documents already produced by Barn Light Electric Company, LLC and The Scotts.

### Counterclaim Plaintiffs' Request for Production No. 153
All Documents, meeting notes, and agendas relating to any discussions by You regarding Barnlight Originals.

### Counterclaim Defendants' Response to Request for Production No. 153
Barn Light Electric and the Scotts object to Request No. 153 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts also object to the term "You" and to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and

entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "any discussions by You regarding Barnlight Originals".

### Counterclaim Plaintiffs' Request for Production No. 154

All Documents relating to barnlightoriginalsishilite@gmail.com.

### Counterclaim Defendants' Response to Request for Production No. 154

[Same response as No. 117]

Barn Light Electric and the Scotts also object to the term "You" and to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "barnlightoriginalsishilite@gmail.com".

### Counterclaim Plaintiffs' Request for Production No. 155

All Documents showing any communication between You and any Hi-Lite employee since September 4, 2012.

### Counterclaim Defendants' Response to Request for Production No. 155

[Same response as No. 117 with the following objection]

Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Additionally, the term "Hi-Lite employee" is vague and ambiguous as it is undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks communications between Barn Light Electric and the Scotts and any Hi-Lite employee made prior to or after the time of employment.

### Counterclaim Plaintiffs' Request for Production No. 156

All Documents showing any communication between You and any Barnlight Originals employee.

### Counterclaim Defendants' Response to Request for Production No. 156

[Same response as No. 117 with the following objection:]

Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric

and the Scotts. Additionally, the term "Barnlight Originals employee" is vague and ambiguous as it is undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks communications between Barn Light Electric and the Scotts and any Barnlight Originals employee made prior to or after the time of employment.

### Counterclaim Plaintiffs' Request for Production No. 157
All Documents evidencing any order placed by You for any Barnlight Originals product.
### Counterclaim Defendants' Response to Request for Production No. 157
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Additionally, the term "Barnlight Originals product" is vague and ambiguous as it is undefined and indeterminable in scope.

### Counterclaim Plaintiffs' Request for Production No. 159
All Documents showing any communication between Bryan Scott and Katie Schilling regarding Hi-Lite, Barnlight Originals, and/or Jeffrey Ohai.
### Counterclaim Defendants' Response to Request for Production No. 159
Barn Light Electric and the Scotts object to Request No. 159 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 160
All Documents showing any communication between Donna Scott and Katie Schilling regarding Hi-Lite, Barnlight Originals, and/or Jeffrey Ohai.
### Counterclaim Defendants' Response to Request for Production No. 160
[Same response as No. 159]

### Counterclaim Plaintiffs' Request for Production No. 161
All Documents showing any communication between Bryan Scott and Donna Scott regarding Hi-Lite, Barnlight Originals, and/or Jeffrey Ohai.
### Counterclaim Defendants' Response to Request for Production No. 161
[Same response as No. 159]

### Counterclaim Plaintiffs' Request for Production No. 162
All Documents concerning policies and procedures of Barn Light Electric.
### Counterclaim Defendants' Response to Request for Production No. 162
Barn Light Electric and the Scotts object to Request No. 162 to the extent it is vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence as the terms "policies" and "procedures" are not defined and indeterminable in scope and seek documents not relevant to the subject matter of this action. More specifically, this Request can be reasonably interpreted to seek almost every document in Barn Light Electrics possession, custody, or control as it is unclear what "policies" or "procedures" this Request seeks. Barn Light Electric and the Scotts further object to the definition of the term "Barn Light Electric" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric further objects to this Request as it is not limited in temporal scope.

### Counterclaim Plaintiffs' Request for Production No. 163
All Documents showing any relationship between Barn Light Electric and any affiliated companies.
### Counterclaim Defendants' Response to Request for Production No. 163
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents" beyond those sufficient to show "any relationship between Barn Light Electric and any affiliated companies."

### Counterclaim Plaintiffs' Request for Production No. 164
All Documents showing any communication between You and Baselite regarding Jeffrey Ohai, Hi-Lite, or any Hi-Lite products.
### Counterclaim Defendants' Response to Request for Production No. 164
Barn Light Electric and the Scotts object to Request No. 164 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the term "Baselite" as it is undefined and therefore vague and ambiguous.
Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 165
All Documents evidencing instances in which a Product not manufactured or sold by Hi-Lite was used to fulfill an order for a Hi-Lite product.
### Counterclaim Defendants' Response to Request for Production No. 165
[Same response as No. 117]

### Counterclaim Plaintiffs' Request for Production No. 166

All Documents concerning U.S. Patent No. 8,556,477.

**Counterclaim Defendants' Response to Request for Production No. 166**

[Same response as No. 117]

**Counterclaim Plaintiffs' Request for Production No. 167**

All Documents concerning Hi-Lite's lighting fixture mounting post.

**Counterclaim Defendants' Response to Request for Production No. 167**

Barn Light Electric and the Scotts object to Request No. 167 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the term "Hi-Lite's lighting fixture mounting post" as vague and ambiguous because it is not defined and it is indeterminable in scope.

Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

**Counterclaim Plaintiffs' Request for Production No. 168**

All Documents concerning Your lighting fixture mounting post.

**Counterclaim Defendants' Response to Request for Production No. 168**

Barn Light Electric and the Scotts object to Request No. 168 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the term "lighting fixture mounting post" as vague and ambiguous because it is not defined and it is indeterminable in scope. Barn Light Electric and the Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts.

Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

**Counterclaim Plaintiffs' Request for Production No. 170**

All documents evidencing Your affixing the BLE Marks to a product manufactured by Hi-Lite.

**Counterclaim Defendants' Response to Request for Production No. 170**

Barn Light Electric and the Scotts object to Request No. 170 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts object to this Request as seeking documents already in the possession, custody, or control of Counterclaim Plaintiffs.

Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 171
All Documents evidencing Your removal of a Hi-Lite mark or logo from a Product.
### Counterclaim Defendants' Response to Request for Production No. 171
[Same response as No. 170 with the following objection:]
 Barn Light Electric and the Scotts further object on the basis that the term "Product" is overly broad in that the terms "light fixtures" and "light fixture components" are not defined and are therefore vague and ambiguous.

### Counterclaim Plaintiffs' Request for Production No. 173
All Documents relating to Your first purchase of a metal spinning lathe.
### Counterclaim Defendants' Response to Request for Production No. 173
[Same response as No. 170 with the following objection:]
Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "Your first purchase of a metal spinning lathe."

### Counterclaim Plaintiffs' Request for Production No. 174
All Documents evidencing Your plan to substitute Your products for those of Hi-Lite.
### Counterclaim Defendants' Response to Request for Production No. 174
[Same response as No. 170]

### Counterclaim Plaintiffs' Request for Production No. 175
All Documents relating to any agreement between You and Walter "Trey" Solms.
### Counterclaim Defendants' Response to Request for Production No. 175
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also object that the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "any agreement . . . ." Barn Light Electric and the Scotts also object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[all] Documents relating to any agreement between You and Walter 'Trey' Solms" without any attempt to limit the scope of this Request to the subject matter of this action.

### Counterclaim Plaintiffs' Request for Production No. 176
All Documents relating to any agreement between You and Michael Schultz.
### Counterclaim Defendants' Response to Request for Production No. 176
[Same response as No. 175 with the following objection]
Barn Light Electric and the Scotts also object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[all] Documents relating to any agreement between You and Michael Schultz" without any attempt to limit the scope

of this Request to the subject matter of this action.

### Counterclaim Plaintiffs' Request for Production No. 179

All Documents evidencing your intent prior to September 4, 2012 to terminate your business relationship with Hi-Lite.

### Counterclaim Defendants' Response to Request for Production No. 179

[Same response as No. 170 with the following objection:]

Barn Light Electric and the Scotts further object to the term "business relationship" as vague and ambiguous because it is undefined and indeterminable in scope.

Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 180

All Documents evidencing your motivation prior to September 4, 2012 for terminating Your business relationship with Hi-Lite.

### Counterclaim Defendants' Response to Request for Production No. 180

[Same response as No. 179]

### Counterclaim Plaintiffs' Request for Production No. 183

All Documents relating to Your relationship with lighting manufacturers other than Hi-Lite between 2008 and September 4, 2012.

### Counterclaim Defendants' Response to Request for Production No. 183

Barn Light Electric and the Scotts object to Request No. 183 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts object to the terms "relationship" and "lighting manufacturers" as vague and ambiguous because they are undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "Your relationship with lighting manufacturers . . . ." Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts.

Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 184

All purchase orders for lighting fixtures You sent to a company other than Hi-Lite between 2008 and September 4, 2012.

### Counterclaim Defendants' Response to Request for Production No. 184

[Same response as No. 117 with the following objection:]

Barn Light Electric and the Scotts object to the term "lighting fixtures" as vague and ambiguous because it is undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts.

### Counterclaim Plaintiffs' Request for Production No. 185
All invoices for lighting fixtures You sent to a company other than Hi-Lite between 2008 and September 4, 2012.
### Counterclaim Defendants' Response to Request for Production No. 185
[Same response as No. 184]

### Counterclaim Plaintiffs' Request for Production No. 186
All Documents showing Your instruction to a company other than Hi-Lite to replicate a Hi-Lite product.
### Counterclaim Defendants' Response to Request for Production No. 186
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts object to the terms "instruction" and "replicate" as vague and ambiguous because they are undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts.

### Counterclaim Plaintiffs' Request for Production No. 187
All Documents showing Your instruction to an employee to replicate a Hi-Lite product.
### Counterclaim Defendants' Response to Request for Production No. 187
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts also objects to the terms "instruction," "employee" and "replicate" as vague and ambiguous because they are undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts.

### Counterclaim Plaintiffs' Request for Production No. 188
All Documents evidencing Michael Schultz' job description and/or responsibilities at Barn Light Electric.
### Counterclaim Defendants' Response to Request for Production No. 188
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents" beyond those sufficient to show "Michael Schultz' job description and/or

responsibilities".

### Counterclaim Plaintiffs' Request for Production No. 190
All Documents relating to Your plan to compete with Barnlight Originals.
### Counterclaim Defendants' Response to Request for Production No. 190
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further object to the definition of the term "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "Your plan to compete with Barnlight Originals."

### Counterclaim Plaintiffs' Request for Production No. 191
All Documents showing any renderings of a Hi-Lite product You prepared or had prepared on Your behalf.
### Counterclaim Defendants' Response to Request for Production No. 191
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further objects to the definition of the terms "You" and "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the term "renderings" as vague and ambiguous as the term is not defined and not limited in scope.

### Counterclaim Plaintiffs' Request for Production No. 192
All Documents showing any use of a Hi-Lite product in the design of a Barn Light Electric product.
### Counterclaim Defendants' Response to Request for Production No. 192
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further objects to the definition of the term "Barn Light Electric" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the phrase "showing any use of a Hi-Lite product in the design of a Barn Light Electric product" as vague and ambiguous as it is not determinable in scope.

### Counterclaim Plaintiffs' Request for Production No. 193
All Documents relating to Bay Area Innovations.
### Counterclaim Defendants' Response to Request for Production No. 193
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts object to the term "Bay Area Innovations" as vague and

ambiguous as it is undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "Bay Area Innovations." Barn Light Electric further objects to this Request as it is not limited in temporal scope.

### Counterclaim Plaintiffs' Request for Production No. 194
All Documents relating to John LaCorte.
### Counterclaim Defendants' Response to Request for Production No. 194
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "John LaCorte." Barn Light Electric further objects to this Request as it is not limited in temporal scope.

### Counterclaim Plaintiffs' Request for Production No. 195
All Documents showing a correlation between Barn Light Electric's Product names and Barn Light Electric's part numbers.
### Counterclaim Defendants' Response to Request for Production No. 195
[Same response as No. 117]

### Counterclaim Plaintiffs' Request for Production No. 196
All Documents relating to Barn Light Electric Order No. 601930 dated January 13, 2012 and included as Exhibit F to Defendants' First Amended Counterclaims [Dkt. 47].
### Counterclaim Defendants' Response to Request for Production No. 196
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "Barn Light Electric Order . . . ."
### Counterclaim Plaintiffs' Request for Production No. 197
All Documents in Your possession custody or control reflecting any investigations carried out by representatives of any insurance company to determine whether or not insurance coverage applies to any of the claims in the present litigation.
### Counterclaim Defendants' Response to Request for Production No. 197
[Same response as No. 117 with the following objection:]
Barn Light Electric and the Scotts further object to the term "reflecting" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "reflecting" in connection with "any investigations . . . ."

### Counterclaim Plaintiffs' Request for Production No. 198
All Documents reflecting communications between You and any representatives of The Travelers Indemnity Company, Valley Forge Insurance Company, J.W. Edens & Company, Inc., or CNA Commercial Insurance regarding the present litigation.

**Counterclaim Defendants' Response to Request for Production No. 198**

Barn Light Electric and the Scotts object to Request No. 198 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the terms "reflecting," "The Travelers Indemnity Company," "Valley Forge Insurance Company," "J.W. Edens & Company, Inc.," and "CNA Commercial Insurance" as vague and ambiguous as the terms are not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "reflecting" in connection with "communications". Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object on the basis of attorney-client privilege, attorney work product, joint defense and/or common interest privileges.

Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

## IV.    ANALYSIS

Counterclaim Defendants have repeatedly failed to produce all documents relating to the requests listed above. The requested information is not unduly burdensome to disclose and is unquestionably relevant to this case. Despite agreeing to produce responsive documents, Counterclaim Defendants have thus far failed to do so. Under the broad right of discovery in Fed. R. Civ. P. 26, Counterclaim Defendants must produce all relevant documents, and Counterclaim Plaintiffs respectfully request an Order by this Court compelling them to do so. In particular, Counterclaim Plaintiffs request this Court order Counterclaim Defendants to produce all documents responsive to the requests listed above.

## V.    CONCLUSION

Counterclaim Plaintiffs respectfully seek an order compelling Counterclaim Defendants to produce documents responsive to Counterclaim Plaintiffs' Requests for Production listed herein. Furthermore, because Counterclaim Defendants' refusal to produce the requested documents is not

substantially justified, Counterclaim Plaintiffs also seek recovery of the attorneys' fees and expenses necessitated by this motion pursuant under Fed. R. Civ. P. 37(a)(5).

Date: October 26, 2015                    Respectfully submitted,

                                          */s/Stephen G. Anderson*
                                          Michael J. Colitz, III
                                          Florida Bar No. 164348
                                          Stephen G. Anderson
                                          Florida Bar No. 0105697
                                          GRAYROBINSON, P.A.
                                          401 E. Jackson Street, Suite 2700
                                          Tampa, FL 33602
                                          (813) 273-5000
                                          (813) 273-5145 (fax)
                                          michael.colitz@gray-robinson.com
                                          stephen.anderson@gray-robinson.com

                                          *Attorneys for Counterclaim Plaintiffs*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Counterclaim Plaintiffs, Michael J. Colitz, III, conferred with opposing counsel regarding the relief requested herein. No resolution was achieved and it is therefore submitted to the Court for determination.

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy to all counsel of record.

                                          */s/ Stephen G. Anderson*
                                          Stephen G. Anderson

\5500060\1 - # 6172564 v2