UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a

California corporation; and
JEFFREY L. OHAI, an
individual California Resident,

    Defendants.

_____/    CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.

_____/

**PLAINTIFF BARN LIGHT ELECTRIC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to the Federal Rules of Civil Procedure 26 and 37, and Rule 3.01(b) of the Local Rules of the United States District Court for the Middle District of Florida (the "Local Rules" or "M.D. Fla. L.R."), Plaintiff and Counterclaim Defendant, Barn Light Electric Company, LLC ("Barn Light Electric") and Third-Party Defendants, Bryan and Donna Scott ("The Scotts") (collectively, "Plaintiff"), by and through their undersigned counsel, hereby provide their Response in Opposition to Defendants and Counterclaim Plaintiffs, Barnlight Originals, Inc.'s ("BLO") and Hi-Lite Manufacturing Company, Inc.'s ("Hi-Lite") (collectively, "Defendants") Motion to Compel Discovery Responses ("Motion") [Dkt. 133], and states as follows:

## I. INTRODUCTION

Defendants' Motion is the latest in a string of diversionary countermotions filed each time Plaintiff files a motion to compel. In this instance, Plaintiff met and conferred with Defendants counsel about Defendants' designations of grossly unprepared, willfully ignorant and overtly dishonest 30(b)(6) witnesses. Defendants thus knew that a motion to compel regarding such misconduct was forthcoming. At the time of Plaintiff's meet and confer, Defendants' counsel reacted by indicating they would file a similar countermotion concerning Plaintiff's 30(b)(6) witnesses. Rather than filing the threatened motion, Defendants filed their "gotcha" Motion having nothing to do with the topics discussed during Plaintiff's meet and confer.

Defendants' Motion must be denied. First, Plaintiff produced all existing non-privileged documents in its custody, possession or control that are responsive to the Requests at issue ("Requests"). Consistent with the Fed. R. Civ. P. and the Local Rules, Plaintiff's written discovery responses and objections state: "Subject to these and the General Objections, and

without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist." *See, e.g,,* Dkt. 133 at p.3.  As stated, Plaintiff completed its production of all existing responsive, non-privileged documents in its possession, custody or control, and thereby met its production obligations.  Defendants offer no evidence to the contrary, instead relying on a laundry list of discovery requests and conclusory assertions that documents were not produced.

Second, Defendants repeatedly refused to comply with this Court's mandate and L.R. 3.01(g), which require that Defendants counsel *speak* with Plaintiff's counsel before filing a discovery motion.  Here, Defendants again sidestepped the L.R., even though such a conference could have happened at any number of the depositions in the waning weeks of discovery—it did not.  Instead, Defendants' Counsel filed the Motion hours before the discovery deadline without *any* attempt to speak with Plaintiff's Counsel.  This shows that Defendants had no interest in resolving the complaints raised in the Motion, but rather filed it as a diversionary tactic after learning that Plaintiff would file its Motion to Compel Defendants' Testimony Pursuant to Rule 30(b)(6), For The Production of Documents and For Sanctions [Dkt. 135].  Accordingly, Plaintiff respectfully requests that this Court give meaning to M.D. Fla. L.R. 3.01(g) and dismiss the instant Motion for failure to so comply.

Third, Defendants' Motion should be denied because Defendants have come before this Court with unclean hands.  Currently before this Court is Plaintiff's Motion to Compel the Testimony of Defendants Hi-Lite and Barnlight Originals Pursuant to Rule 30(b)(6), the Production of Documents and for Sanctions [Dkt. 135].  Among other things, Plaintiff's motion sets forth facts and evidence substantiating Defendants' misconduct including Defendants' unilateral refusal to provide testimony, failure to provide knowledgeable witnesses pursuant to

Rule 30(b)(6) and admitted withholding of documents and information responsive to Plaintiff's discovery requests. *See* Dkt. 135; *see also* Dkt. 109 (also currently pending before this Court). Plaintiff's motion provides further confirmation of Defendants' pattern of discovery misconduct, particularly in light of the other motions to compel that this Court already granted.

The Motion [Dkt. 133] is yet another instance of the litigation misconduct Plaintiff has endured in this case. On the one hand, Defendants advance unfounded allegations that Plaintiff has not produced all documents responsive to the Requests, yet, on the other hand, Defendants themselves come before this Court having admittedly and categorically withheld *all* the financial and business documents they seek in the Motion. Indeed, Defendants maintain, without any legal authority, that Hi-Lite and Ohai are somehow exempt from any obligation under Federal Rule of Civil Procedure 26 to produce exactly the same information they sought (and received) from Plaintiff and The Scotts. This Court should not aid or reward Defendants for their misconduct by considering the instant Motion.

Accordingly, this Court should deny Defendants' Motion and, pursuant to Rule 37, award Plaintiff its reasonable expenses and costs in connection with the filing of this Response.

## II. STANDARD OF LAW

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See, id.* at 731.

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, even where a motion to compel discovery is granted or discovery is provided after a motion is filed, sanctions are not

appropriate where: (i) a movant filed the motion before attempting in good faith to obtain the disclosure, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Courts in the Middle District of Florida have refused to grant sanctions, including attorney's fees, where a motion to compel is filed prematurely, without allowing a party to complete a supplemental production, where the movant failed to engage in a good faith meet and confer, or where nondisclosure is otherwise substantially justified. *See Eli Research, LLC v. Must Have Info Inc.*, Case No. 2:13-cv-695-FtM-38CM (M.D. Fla. Aug 20, 2015) ("[S]anctions are not warranted when the moving party files the motion before attempting in good faith to obtain the disclosure or discovery without court action. . . . While the Court notes that these issues were resolved after the motions to compel were filed, the Court finds that Defendants filed the motions prematurely. . . . Rather than immediately filing the motions to compel, Defendants could have continued to work with Plaintiffs in an effort to resolve this matter prior to filing the motions to compel." *Id.* at 4.). "Discovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, (2015) at § I(A)(1).

### III. ARGUMENT AND MEMORANDUM OF LAW

    **A. Defendants' Motion Must Be Denied Because Plaintiff Produced All Nonprivileged Responsive Documents In Its Custody, Possession or Control.**

Defendants' motion alleges, without any factual or evidentiary support whatsoever, that Plaintiff withheld responsive documents. In reality, Plaintiff produced all existing nonprivileged documents in its custody, possession or control that are responsive to Defendants' Requests. Defendants' motion lacks merit and represents nothing more than a fishing expedition filed in the final hours of the close of discovery. Accordingly, Plaintiff respectfully requests that this Court

deny Defendants' Motion and award Plaintiff its reasonable costs and expenses in connection with the filing of this Response.

Defendants' expansive Third and Fourth Requests for Production of Documents (collectively, "Requests") contain a total of 163 Requests—many of which include numerous subparts. When taken together with subparts, the number of Requests propounded by Defendants in its Third and Fourth Requests exceed 200 Requests. Furthermore, each of Defendants' Requests seek "all" of Plaintiff's documents dating back to the launch of Barn Light Electric through the present and fail to make any attempt to proportionally limit the scope of the documents requested pursuant to Rule 26(b)(1). Plaintiff produced documents responsive to the Requests on a rolling basis, as they were discovered, and timely completed its production before discovery closed. Plaintiff's supplemental production of documents, including its final production made on the day the Motion was filed, effectively mooted any and all claims in Defendants' Motion that Plaintiff has not yet produced all existing, nonprivileged documents in its possession, custody or control which are responsive to the Requests.

The Requests that are the subject of Defendants' Motion, can be categorized as follows: (i) Requests concerning Plaintiff's financial information and tax returns, (ii) Requests relating to the Barn Light Electric Marks ("BLE Marks"), (iii) Requests relating to communications between BLE, its attorneys, insurance company and Defendants, (iv) Requests relating to current and former employees of BLE, (v) Requests concerning Defendant, Barn Light Originals, and (vi) Requests concerning U.S. Patent No. 8,556,477 (the "'477 Patent") and other miscellaneous subjects. *See* Dkt. 133, §III(A & B).

1. *Plaintiff Produced Financial Information and Tax Returns.*

In short, Plaintiff meticulously produced all existing nonprivileged documents responsive to Defendants' Requests regarding its financial information and tax returns. For example, amongst other financial documents produced to Defendants, Barn Light Electric (Bates Nos. BLE0124849 – BLE0125147) and The Scotts (Bates Nos. BLE0124255 – BLE0124839) produced their 2008-2014 income tax returns; Barn Light Electric has also produced its 2008-2015 (year-to-date) Financial Statements (Bates Nos. BLE0116000-BLE0116027; BLE0122621-BLE0122634; BLE0122678-BLE0122693); tabulated Products Sold Reports containing all existing data relating to Barn Light Electric's purchase orders including over 55,000 lines of sales data (Bates Nos. BLE0115259-BLE0115339); Purchase Reports totaling over 1,000 pages of data, showing all Hi-Lite purchase order data from 2008-2012 (Bates Nos. BLE0000328-BLE0000332; BLE0123978); a tabulated Vendor Purchases Report with 1845 pages of detailed line item information for all payments made to vendors (Bates No. BLE0115217); a Cost of Sales Report (Bates No. BLE0123981); Products Sold Reports (Bates No. BLE0115215-BLE0115216); a Promotional Offerings Report and a corresponding Sales Report showing all discount coupon percentages and codes applied to specific sales (Bates Nos. BLE0115997-BLE0115998); a Product Offering Report showing all BLE product codes offered (Bates No BLE0115999); and, both summary and expanded versions of its SG&A Reports showing salary expense by department, professional fees paid, merchant services fees, subcontracted labor costs, sales commissions and other detailed costs incurred by Plaintiff in the production, sale and marketing of its products (Bates Nos. BLE0123981; BLE0122621-BLE0122714). Moreover, Barn Light Electric fully complied with the Federal Rules in producing many additional financial

documents responsive to Defendants additional numerous and expansive discovery requests which are not the subject of the Motion.

Defendants' *own expert* relied on many of the documents Defendant now claims Plaintiff has not produced. Report On Economic Damages By Stanley P. Stephenson, Ph.D._, September 18, 2015, §3 Materials Reviewed at p.3. Defendants were fully aware that Plaintiff produced all such documents prior to filing the Motion, thus, Defendants' allegations that Barn Light Electric has not produced documents responsive to its Requests relating to Plaintiff's financial information are thus unwarranted and frivolous. Accordingly, Defendants' Motion should be dismissed with sanctions awarded to Plaintiff.

### 2. *Plaintiff Produced Documents Regarding The Barn Light Electric Marks.*

With regard to the second category of documents relating to Barn Light Electric's Trademarks ("BLE Marks"), Plaintiff has likewise produced all nonprivileged documents in its custody, possession or control which are responsive to Defendants' Requests. For example, long before the filing of the instant motion, Barn Light Electric produced documents responsive to the Requests Defendants now complain of including documents: (i) substantiating the continuous use of its trademarks, (ii) evidencing advertisements which display its trademarks, (iii) evidencing photos used to sell products other than Hi-Lite products, (iv) documents evidencing the continuous use of the BLE Marks since the date of first actual use, including electronic mail advertisements, flyers, catalogs and screenshots of the Barn Light Electric website.

To the extent documents have not been produced in response to Defendants' Requests, such documents are either not in Plaintiff's custody, possession or control, privileged or simply do not exist. For example, Defendants' Requests *inter alia* improperly request the production of documents relating to communications between Plaintiff and its trademark prosecution

counsel—communications which are clearly protected from disclosure under the attorney-client and work product privileges. *See, e.g.,* Request Nos. 42, 67 & 198, Dkt. 133 at pp.4, 7-8 & 22.

Additionally, many of the Requests complained of in Defendants' motion seek publicly available documents filed with the United States Patent and Trademark Office ("USPTO"). *See e.g.,* Request Nos. 46, 47 & 68, Dkt. 133 at pp. 5, 8. Such documents are not in the custody, possession or control of Plaintiff and the burden of collecting such documents is substantially the same for Defendants as it is for Plaintiff. To the extent Defendants' Requests sought discovery of such documents, Barn Light Electric properly asserted its objections to such Requests and produced all existing non-privileged responsive documents in its custody, possession or control.

Finally, numerous of Defendants' Requests seek documents that do not exist. For example, Defendants seek documents relating to Plaintiff's licensing of the BLE Marks. *See* Request No. 60, Dkt. 133 at p.7. However, Plaintiff has never licensed the BLE Marks, thus, such documents do not exist. Likewise, Defendants' Requests seek "all transcripts of any depositions taken in legal proceedings in connection with the BLE Marks." *See* Request No. 66, Dkt. 133 at 7. Plaintiff has never been involved in any legal proceedings wherein a deposition was taken in connection with the BLE Marks and Defendants are already in possession of all deposition transcripts relating to the instant case. Thus, documents responsive to Defendants' Requests do not exist. Furthermore, some of Defendants' Requests seek documents in the negative. For example, one of Defendants' Requests seeks "[a]ll Documents relating to the BLE Marks ***not*** being in continuous use since the date of first actual use." *See* Request No. 48, Dkt. 133 at p.6. Plaintiff's marks have been in continuous use since the date of first actual use, thus, no such documents exist. Numerous additional Requests in Defendants' motion likewise seek documents that simply do not exist. In short, Plaintiff produced all nonprivileged responsive

documents, to the extent such documents exist, relating to the BLE Marks. Defendants' Motion is frivolous, lacks merit and should, therefore, be dismissed.

> 3. ***Requests Relating To Communications Between Barn Light Electric, Its Attorneys, Insurance Company and Defendants.***

As explained above, to the extent Defendants' Requests improperly sought the disclosure of communications protected under the attorney-client or attorney work product privileges, Barn Light Electric timely asserted its written objections to such Requests and produced all existing nonprivileged responsive documents to Defendants. For example, some of Defendants' Requests seek disclosure of privileged communications between Plaintiff and its attorneys as well as Plaintiff's counsel and counsel for Plaintiff's insurance carrier. *See, e.g.*, Request Nos. 42, 84, 67, 197 & 198; Dkt. 133 at pp. 4, 7-9 & 22. Such documents are clearly privileged and not subject to Defendants' discovery. Plaintiff has produced copies of its insurance policies and other nonprivileged responsive documents to Defendants in response to its insurance related Requests. There are, however, no remaining nonprivileged documents to produce. Finally, with regard to Defendants' Requests seeking communication between Plaintiff and any of the Defendants, or their employees, all such documents have been produced.

> 4. ***Requests Relating To Current And Former Employees Of BLE.***

Defendants Requests for Production include numerous Requests relating to current and former employees of Barn Light Electric. Plaintiff has produced all existing documents in its custody, possession or control relating to such Requests. Furthermore, Plaintiff has always maintained that any of its employees should be contacted through the offices of the undersigned counsel for Plaintiff. Further, in their motion, Defendants also include a Request so unreasonably broad that it encompasses documents evidencing the contact information for virtually *anyone* that has ever, or may in the future, work for, or on behalf of, Plaintiff, whether

employed by Plaintiff or not.  *See* Request No. 50; Dkt. 133 at p.6.  Moreover, in their Motion, Defendants inaccurately cite BLE's written response and objections to this specific Request. BLE properly objected to this Request as follows:

> Barn Light Electric and The Scotts object to Request No. 50 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and to the extent that it would invade or seeks to invade a right of privacy. Barn Light Electric and The Scotts further object on the basis that the term "Representative Documents" is not defined and is therefore vague and ambiguous. Barn Light Electric and The Scotts further object to the definition of the terms "You" and "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and The Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and The Scotts. Barn Light Electric and The Scotts further objects on the basis that the phrase "other person working for You, with You, or on Your behalf" is vague and ambiguous. Additionally, this Request is overly broad, unduly vague and ambiguous because it is written so broadly as to include documents not relevant to the Complaint or Counterclaims in this litigation. . . . Barn Light Electric and The Scotts further object to the extent the Request seeks documents subject to the attorney-client privilege, attorney work product, joint defense and/or common interest privileges. Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and The Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

BLE has identified employees in its Rule 26 Initial Disclosures responsible for the use of the BLE Marks and the sale, marketing and advertising of the BLE Marks.  <u>Plaintiff's And Third Party Defendants' Rule 26 Initial Disclosures</u>, (served Nov. 20, 2014) at p.2.  Additionally, Plaintiff has produced thousands of representative documents which include information identifying many of its vendors, sales representatives and the contact information for such employees at Barn Light Electric.  Defendants' erroneous citation to Plaintiff's written responses and objections is misleading to this Court and its claim that Plaintiff has not produced documents responsive to its Requests relating to its current and former employees, vendors and representatives is without any factual or evidentiary basis whatsoever and simply not true.

### 5. *Plaintiff Produced Documents Concerning Barn Light Originals.*

The Motion references several Requests that seek documents relating to Plaintiff and Defendant, Barn Light Originals. Plaintiff produced all existing responsive documents concerning Barn Light Originals in its custody, possession or control. In responding to Defendants' Requests, Plaintiff *inter alia* conducted keyword searches of all electronically stored information, including the names of all Defendants and key employees, including variations as to the spelling or abbreviation of the Defendants' entities, in order to capture and produce all such documents. Accordingly, to the extent they exist, all such documents have already been produced. Defendants claim that any such documents have been withheld is simply without merit.

### 6. *Plaintiff Produced Documents Concerning The Invention Claimed In The '477 Patent And Other Miscellaneous Requests.*

Finally, Defendants' Requests also seek documents in the custody, possession and control of Plaintiff relating to the invention claimed in the '477 Patent. To the extent any such documents exist, they were produced to Defendants prior to the filing of the instant motion. Moreover, Plaintiff provided a sample of Barn Light Electric's light fixture mounting post to Defendants when the parties appeared before this Court for a hearing relating to Dkt. 95. Plaintiff has, otherwise, produced all documents in its custody, possession or control responsive to all remaining Requests contained in Defendants' Motion.

### B. Defendants Motion Must Be Denied For Failure To Satisfy The Requirements Of Local Rule 3.01(g) And Disregarding This Court's Stern Directive to Speak to One Another Before Filing Motions.

As a threshold matter, Defendants' Motion to Compel [Dkt. 133] should be denied because Defendants have again ignored this Court's directive that, pursuant to Local Rule 3.01(g), the parties talk before seeking this Court's intervention. During the August 14, 2015

hearing, this Court warned that it would *not* consider discovery motions from the parties without a prior meet and confer:

> I'm going to direct that if there is a dispute . . . *the Court will not attend to it unless there's been a conversation, telephonically or in-person, between the parties* to see [if] under 3.01(g) there can be a resolution of those matters and a discussion in detail regarding those matters. So, if you have any further issues, make sure you talk to one another first **before** you bring them to the Court.

*See* Dkt. 114, Ex.B, *Transcript of Motion Hearing*, August 14, 2015 at p. 43 ln.14-24 (*emphasis added*).

Moreover, Local Rule 3.01(g) requires counsel to meet and confer in good faith "[b]efore filing any motion in a civil case." *See* M.D. Fla. L.R. 3.01(g). Courts in the Middle District of Florida have summarily denied motions failing to adhere to the strict requirements of Local Rule 3.01(g). *See American Registry, LLC v. Hanaw et. al.*, Case No. 2:13-cv-352-FtM-29CM, Doc. 58 at p.3 (M.D. Fla. May 19, 2014).

Here, for the third time, Defendants filed a motion without first satisfying the requirement to meet and confer with Plaintiff pursuant to M.D. Fla. L.R. 3.01(g). *See* Dkt. 99 (filed without a meet and confer and subsequently withdrawn under Dkt. 100); *see also* Dkt. 110 (also filed without a meet and confer); Dkt. 133. Given this Court's express mandate about the procedure for bringing discovery dispute motions, and the clear admonition that this "Court would not attend to such issues" if a movant failed to comply with its directive pursuant to Local Rule 3.01(g), Plaintiff respectfully requests that this Court deny Defendants' Motion to Compel (Dkt. 133).

C. **Defendants' Motion Should Be Denied Because Defendants Have Come Before This Court with Unclean Hands.**

Defendants' Motion should be denied because Defendants have come before this Court with unclean hands. It is a fundamental principle of law that "he who seeks equity must do

- 12 -

equity" and must "come into a court of equity with clean hands." *DO Haynes & Co. v. Druggists' Circular*, 32 F.2d 215, 217 (2d Cir. 1929). "The 'unclean hands' doctrine 'closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief. . . .'" *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 329–30 (1994). A court may invoke the doctrine of unclean hands "when [as here] there is a close nexus between a party's unethical conduct and the [matters] on which that party seeks relief." *In re Uwimana*, 274 F.3d 806, 810 (4th Cir. 2001) abrogated by *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013).

Defendants, without legal justification, withheld documents responsive to Plaintiff's discovery requests. Yet, Defendants come before this Court seeking the very same types of documents they themselves refuse to produce to Plaintiff.[1] Indeed, even after receiving numerous Requests for the Production of Documents and Interrogatories specifically requesting corresponding financial information, Defendants obstreperously refused to produce *any* of Hi-Lite's or Jeffrey Ohai's financial and business records, including Defendants' tax returns. Defendants forestalled Plaintiff's discovery efforts by relying on their unilateral determination that such documents are irrelevant to this litigation. However, pursuant to the clear language of Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Plaintiff's complaint expressly alleges Federal, State and Common Law claims of direct trademark infringement, unfair competition and Cybersquatting against **all** the Defendants, including Hi-Lite and Ohai.

---

1 Plaintiff, as detailed in §III(A)(1), above, already produced comprehensive financial discovery, including income tax returns, financial statements, S,G&A Reports and supporting documents from the company's formation, through present. Moreover, Plaintiff also provided complete interrogatory responses and deposition testimony responsive to all of Defendants' financial related discovery requests. Defendants, by contrast, refused to provide responses to Plaintiff's discovery requests and have not produced any financial documents for Hi-Lite or Ohai other than a one page, three line, table created for purposes of this litigation.

Likewise, 14 of 19 of Defendants' counterclaims expressly allege actual damages against Plaintiff. Thus, Hi-Lite's and Ohai's financial information and business records are relevant and necessary for Plaintiff to develop its claims and defenses in this matter, most significantly, its damages analyses.

Simply put, Defendants' disregard of their discovery obligations under the Fed. R. Civ. P. is an impediment to coming before this Court, and without more, warrants dismissal of the Motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, Barn Light Electric Company, LLC and The Scotts, respectfully request that this Court enter an order denying Defendants' Motion to Compel (Dkt. 133). Moreover, this Court should deny Defendants' motion for sanctions because: (i) Plaintiff has produced all existing documents in its possession, custody or control which are responsive to Defendants' Requests, and (ii) Defendants failed to comply with the requirements of Local Rule 3.01(g) and this Court's direct instruction to meet and confer with Plaintiff in good faith *prior* to filing a discovery motion; (iii) Defendants come before this Court with unclean hands, having themselves intentionally failed to produce documents responsive to Plaintiff's many Requests for the Production of Documents, and (iv) the circumstances surrounding the filing of Defendants' motion would otherwise make an award of expenses unjust.

Finally, pursuant to Federal Rule of Civil Procedure 37 and this Court's inherent authority, Plaintiff respectfully requests that this Court give meaning to M.D. Fla. L.R. 3.01(g), and grant to Plaintiff its attorney's fees and costs associated with the filing of this Response. Defendants improperly and prematurely filed its Motion [Dkt. 133] without satisfying the strict requirements of M.D. Fla. L.R. 3.01(g). Further, Defendants' Motion fails to properly plead any

factual or evidentiary basis whatsoever in support of its claim that Plaintiff has not produced documents responsive to its Requests. Defendants' failures are not substantially justified. The circumstances surrounding the filing of the Motion and the fact that such filing has unnecessarily burdened the resources of this Court and caused additional expense to Plaintiff properly invoke this Court's inherent power to award sanctions to make Plaintiff whole. Accordingly, Plaintiff respectfully moves this Court to issue an order denying Defendants' Motion [Dkt. 133] and awarding Plaintiff its reasonable costs and expenses, including attorney's fees.

Dated: November 12, 2015

By: *s/ Joseph R. Sozzani, Esq.*
Joseph R. Sozzani, Esq.
*Admitted Pro Hac Vice*
E-Mail: JSozzani@FeldmanGale.com
Alejandro J. Fernandez, Esq.
FL. Bar No.: 32221
E-mail: AFernandez@FeldmanGale.com
Gregory L. Hillyer, Esq
Fla. Bar No. 682489
E-mail: GHillyer@FeldmanGale.com
Matthew N. Horowitz, Esq.
Fla. Bar No. 98564
E-mail: MHorowitz@FeldmanGale.com
David M. Stahl, Esq.
Fla. Bar No. 84713
E-mail: DStahl@FeldmanGale.com
Stephen J. Leahu, Esq.
FL Bar No. 54037
E-mail: SLeahu@FeldmanGale.com
**FELDMAN GALE, P.A.**
400 N. Tampa Street, Suite 2830
Tampa, FL 33602
Telephone No. (813) 374-8890
Telefacsimile No. (305) 358-3309

*Counsel for Plaintiff, Counterclaim-Defendants and Third Party Defendants*
BARN LIGHT ELECTRIC COMPANY, LLC AND
BRYAN AND DONNA SCOTT

_____
Michael J. Colitz, III
Florida Bar No. 164348
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants, Counterclaim-Plaintiffs and Third Party Plaintiff*
BARN LIGHT ORIGINALS, INC., HI-LITE MANUFACTURING COMPANY, INC.
and JEFFREY L OHAI.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Joseph R. Sozzani*
Joseph R. Sozzani
