IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation; and
JEFFREY L. OHAI, an individual California Resident

    Defendant.
_____/    Case No. 8:14-CV-1955-T-35AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.
_____/

## DEFENDANTS HI-LITE MANUFACTURING COMPANY, INC. AND JEFFREY L. OHAI'S UNOPPOSED MOTION TO SEAL DOCUMENTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to L.R. 1.09(a), Defendants Hi-Lite Manufacturing Company, Inc. and Jeffrey L. Ohai ("Defendants"), respectfully move the Court for entry of an order permitting Defendants to file certain documents under seal in support of Defendants' Motion for Summary Judgment and Memorandum of Law in Support ("Motion for Summary Judgment") and state as follows:

### I.       MEMORANDUM IN SUPPORT OF THIS MOTION

Local Rule 1.09(a) states that a Motion To Seal shall include "(i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal." See L.R. 1.09(a).

The following documents are respectfully requested to be filed under seal:

- excerpts of the deposition transcripts of Bryan Scott;
- excerpts of the deposition transcripts and certain exhibits of Donna Scott;
- and excerpts of the deposition transcript of Michael Schultz.

The previous documents contain information that has been designated by the parties as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Agreed Protective Order [Dkt. 40]. Such documents cannot be publicly disclosed and must, instead, be filed under seal in order to preserve their confidentiality. In particular, these documents reflect the parties' highly confidential business information at issue in this lawsuit. Notwithstanding the sensitivity of the

documents, they are necessary for the Court's consideration of Defendants' Motion for Summary Judgment. Therefore, Defendants respectfully submit that filing these documents under seal is necessary.

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public's interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). In balancing these interests, courts consider whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).

Defendants propose that said documents remain under seal with the Court through the conclusion of this case or until such time as the parties agree in writing to, or this Court orders, the removal of the "Highly Confidential/Attorneys' Eyes Only" confidentiality designation assigned to said documents. Here, the documents Defendants seek to file under seal are not related to "public officials or public concerns" and there is no "less onerous" alternative to sealing the documents that would ensure their contents remain confidential.

## II. CONCLUSION

In light of the foregoing, Defendants Hi-Lite Manufacturing Company, Inc. and Jeffrey L. Ohai respectfully request that the Court enter an order permitting Defendants to the file above-referenced documents under seal.

### Certification Pursuant to Local Rule 3.01(g)

The undersigned counsel certifies that they have conferred with opposing counsel, and opposing counsel stated that Plaintiff does not oppose the relief sought herein.

-4-

| | |
|---|---|
| Date: November 23, 2015 | Respectfully submitted,<br><br>*/s/Michael J. Colitz*<br>Michael J. Colitz, III<br>Florida Bar No. 164348<br>Stephen G. Anderson<br>Florida Bar No. 0105697<br>GRAYROBINSON, P.A.<br>401 E. Jackson Street, Suite 2700<br>Tampa, FL 33602<br>(813) 273-5000<br>(813) 273-5145 (fax)<br>michael.colitz@gray-robinson.com<br>stephen.anderson@gray-robinson.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy to all counsel of record.

*/s/ Michael J. Colitz*
Michael J. Colitz

\5500060\1 - # 6232098 v2