UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC,

     Plaintiff,

v.                                       Case No. 8:14-cv-1955-T-35AEP

BARNLIGHT ORIGINALS, INC., *et al.*,

     Defendants.
_____/

**<u>ORDER</u>**

This cause came before the Court for a hearing upon Plaintiff's Expedited Third Motion to Compel Production of Documents and for Discovery Sanctions (Doc. 109), Defendant's response in opposition thereto (Doc. 113), and Plaintiff's reply (Doc. 124). By the motion, Plaintiff seeks to compel Defendants to provide documents and responses to interrogatories and requests sanctions be awarded against Defendants pursuant to Rules 26(g)(3) and 37(b)(2), Federal Rules of Civil Procedure. More specifically, Plaintiff contends that Defendants refuse to provide any financial information related to Defendant Hi-Lite Manufacturing Company, Inc. ("Hi-Lite"), failed to provide information relating to U.S. Patent No. 8,556,477 (the "'477 Patent"), overproduced documents improperly including pornography and Wingdings font, and mislabeled documents as "Highly Confidential/Attorney's Eyes Only" for all documents associated with any of Defendants' employees, distributors, and vendors. As a result, Plaintiff seeks to compel Defendants to supplement their discovery responses and for an award of sanctions, as well as the expenses, costs, and fees associated with the filing of its motions to

compel.

During the hearing on the motion, held on October 30, 2015, the parties presented oral argument on three main issues: (1) discovery related to the '477 Patent, (2) the production and disclosure of Hi-Lite's business and financial records, and (3) the imposition of sanctions. With regards to the '477 Patent, Defendants represented that they provided all relevant discovery to Plaintiff.[1] Indeed, Defendants' representation during the October hearing echoed representations made by Defendants during the August 14, 2015 hearing before the undersigned, in which Defendants asserted that their production was complete, they included everything they believed was responsive to the discovery requests, and they reviewed their production anew and removed items they determined to be totally irrelevant (Doc. 114, Ex. B, Transcript of August 14, 2015 Hearing, at 24-26). Accordingly, given Defendants' representations and efforts in this matter, and as articulated more fully at the hearing, the undersigned concludes that an award of sanctions under Rule 26(g)(3) is unwarranted. Accordingly, the motion is denied with respect to any outstanding discovery or imposition of sanctions relating to the '477 Patent.

As to Hi-Lite's business and financial records, Plaintiff's request for production of essentially all of Hi-Lite's records is overbroad and seeks irrelevant information. As Defendants contend, only a portion of Hi-Lite's sales relate to either Plaintiff or Defendant Barn Light Originals, Inc. ("BLO") (*see* Doc. 113, Ex. A, at 2), thus making the request for essentially all of Hi-Lite's business records exceedingly overbroad. Moreover, Plaintiff failed to demonstrate that

---

[1] Furthermore, Defendants are also aware of their continuing obligation to supplement disclosures and responses in a timely manner if they learn that, in some material respect, a disclosure or response is incomplete or incorrect. Fed. R. Civ. P. 26(e).

such information was relevant to any claims or defenses. Plaintiff contends that such information is relevant to (1) determine how to seek damages for trademark infringement; (2) determine if sales were diverted from BLO to Hi-Lite; (3) determine whether Hi-Lite or Jeffrey Ohai ("Ohai") are manipulating the profitability of BLO by siphoning profits or transferring costs to BLO; (4) determine the true relationship between Hi-Lite, Ohai, and BLO; (5) analyze Defendants' sales trends; (6) confirm the accuracy of Defendants' financial data; and (7) disprove the claim for damages or an offset (Doc. 124, at 3-4). None of those contentions establishes a basis for finding the requested documents relevant, especially in light of Hi-Lite's statement on the record that it will not pursue actual damages in this matter, Defendants' representation on the record that no hidden relationship exists between Hi-Lite and BLO, and the fact that discovery failed to produce any evidence of direct infringement by Hi-Lite. According to Hi-Lite, it has produced all financial documents relating to its business with BLO and Plaintiff. Plaintiff failed to demonstrate that any other information it seeks could not be obtained from those records or the records produced from BLO. As a result, the motion is denied as to the discovery requests related to Hi-Lite's business and financial records.

Finally, with respect to the imposition of sanctions for purported discovery abuses and obstructive practices, the undersigned concludes that no sanctions are warranted in this matter under either Rule 26(g)(3) or 37(b)(2). As the record makes clear, the parties engaged in contentious discovery. Though Plaintiff contends that Defendants engaged in egregious conduct throughout discovery, the record belies such assertion. As noted above, Plaintiff asserts that Defendants effectively engaged in a data dump full of pornography and Wingdings and

3

improperly labeled documents. The record indicates, however, that Defendants consistently tried to resolve the issues identified by Plaintiff and provided reasonable explanations and solutions at every turn.

Initially, on July 28, 2015, Defendants sent a letter (Doc. 109, Ex. E) to Plaintiff in response to a July 27, 2015 e-mail from Plaintiff, in which Plaintiff alleged that Defendants produced unresponsive and improperly classified documents and omitted certain classes of documents. In that letter, Defendants explained that, as to any unresponsive documents, such documents were produced in response to suggested search terms provided by Plaintiff at the outset of discovery. Although such documents were in fact responsive to Plaintiff's suggested search terms, Defendants offered to remove any documents from production that were not responsive to the document production requests. With respect to improperly classified documents, Defendants explained their process for classifying documents and noted that they did not believe any documents were misclassified. Notwithstanding, Defendants offered to re-designate documents that Plaintiff asserted were misclassified if Plaintiff provided the Bates numbers or category descriptions for such documents. With regard to any missing documents, Defendants reiterated their willingness to work with Plaintiff to resolve the issue but requested that Plaintiff specify the categories of documents that Plaintiff argued were missing. As Defendants noted, Plaintiff admittedly had not yet completed its review of all of the documents produced by Defendants so prematurely asserted that a dispute existed.

Following that, and prior to the August 14, 2015 hearing, Defendants again attempted to resolve the deficiencies identified in Plaintiff's July 27, 2015 e-mail (Doc. 113, Ex. E). To that

end, Defendants stated that, with the agreement of Plaintiff, Defendants undertook efforts to identify any unresponsive documents or documents that were improperly classified as previously produced and offered to withdraw such documents from production. As of August 11, 2015, therefore, Defendants re-reviewed their production and withdrew a number of documents from production, even though such documents were responsive to Plaintiff's discovery requests. Defendants also repeated their offer to consider a different designation for documents Plaintiff identified as improperly classified.

On August 24, 2015, the parties conducted a meeting, wherein they discussed the production of purportedly irrelevant documents by Defendants. As detailed in Defendants' August 26, 2015 letter (Doc. 113, Ex. D), Plaintiff argued that Defendants produced approximately 40,000 pages of irrelevant production. In an effort to resolve the issue, Defendants conducted another review and located a single document consisting of an e-mail containing logfile attachments, or IP address activity for a website, which totaled approximately 37,664 pages and included the Wingdings. Defendants properly produced the document in response to Request No. 10 of Plaintiff's Third Set of Request for Production. Defendants requested that Plaintiff inform Defendants whether the e-mail with the logfile contained the material complained about during the August 14, 2015 hearing. If not, Defendants requested that Plaintiff provide them with specific examples of any irrelevant production.

The foregoing demonstrates that, at all times, Defendants conducted discovery with a spirit of cooperation and civility. *See* Middle District Discovery (2015) at I.A.1 ("Discovery in this district should be practiced with a spirit of cooperation and civility."). Defendants

consistently and expeditiously attempted to resolve Plaintiff's disputes and sought collaboration and compromise from Plaintiff in their efforts to do so. Such conduct does not warrant sanctions. Plaintiff's attempts to cast Defendants' conduct in any other light lack merit. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Expedited Third Motion to Compel Production of Documents and for Discovery Sanctions (Doc. 109) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 24th day of November, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record