UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.                         CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

    Defendants.

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION [DKT. 146] TO DEFENDANTS' MOTION TO COMPEL [DKT. 133] AND MEMORANDUM OF LAW IN SUPPORT

In its Opposition, counsel for Plaintiff Barn Light Electric contends Defendants' failed to comply with Local Rule 3.01(g). *See* [Dkt. 146] at *2. Counsel for Defendants, however, fully complied with Local Rule 3.01(g) and spoke with counsel for Plaintiff *in person* regarding the relief requested in its Motion to Compel ("Motion" or "[Dkt. 133]"). Plaintiff has outright refused to produce documents responsive to many of Defendants' Third and Fourth Requests for Production. Defendants' Motion should be granted.

**A.    DEFENDANTS COMPLIED WITH LOCAL RULE 3.01(G).**

"Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue." *United States v. Cary*, 2015 WL 6750791, at *2 (M.D. Fla. Nov. 5, 2015). On September 28, 2015, counsel for Defendants sent a letter to counsel for Plaintiff describing certain deficiencies in Plaintiff's document production. *See* Exhibit A. Plaintiff's response to this letter is attached as Exhibit B. On October 26, 2015, the last day of

discovery in this case, the undersigned spoke with opposing counsel, Mr. Fernandez, *in person* and asked whether Plaintiff would be producing documents responsive to Defendants' outstanding discovery requests before the close of discovery. Mr. Fernandez responded that Defendants would just have to wait and see. Given the vagueness of Mr. Fernandez' representation, and the fact that the discovery period was set to close on the very same day, Defendants had no choice but to file its Motion. *See* Amended Case Management and Scheduling Order, [Dkt. 106], Section I.D. ("The Court may deny as untimely all motions to compel filed after the discovery deadline.).

## B. PLAINTIFF HAS FAILED TO PRODUCE ALL RESPONSIVE DOCUMENTS.

### 1. Documents Relating to Barn Light Electric's Purchase Orders and Invoices.

In its opposition, Plaintiff contends it has produced all relevant financial information and tax returns. *See* [Dkt. 146] at *6. Plaintiff is mistaken. While some of its tax returns were produced at 9:02 p.m. on the last day of discovery[1], and after the undersigned filed its Motion, many documents responsive to Defendants' requests for production are still missing. In particular, Requests No. 117 and 118 seek all of Barn Light Electric's purchase orders and invoices from 2008 to date. *See* [Dkt. 133] at *10. Instead of producing the requested documents, Plaintiff produced a tabulated Vendor Purchases Report ("Report") (Bates No. BLE0115217). *See* [Dkt. 146] at *6. A sample page from the report is included as Exhibit C[2]. The report includes data such as vendor name, purchase order number, and an associated total dollar amount. The report appears to have been created specifically for use in this litigation, and is arguably an attempt to hide the contents of the actual purchase orders and shield Plaintiff from

---

[1] Plaintiff's remaining tax returns were produced on October 29, 2015, three days after the close of the discovery period in this case.
[2] Given the Report's "highly confidential" designation pursuant to the Protective Order in this case, Exhibit C will be filed under seal.

liability in this case. Support for this contention is based upon the content of the few purchase orders that *were* produced to Defendants. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[3] *See* Exhibit D[4]. Notably, many of the purchase orders listed in the Report were not produced by Plaintiff ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Exhibit C. Further, many of the emails associated with purchase orders sent to ▇▇▇▇▇▇▇▇▇▇▇▇ were not produced. These emails are responsive to Requests No. 164, 165, 183, 184, 185, and 186. *See* [Dkt. 133] at *16, 19-20. Information such as this is undoubtedly relevant to Hi-Lite's claims against Barn Light Electric and subject to discovery.

2. **Documents Relating to Barn Light Electric's Former Employees.**

In defense of Hi-Lite's Lanham Act claims in this case, Barn Light Electric and the Scotts contend that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. However, no documentation supporting the Scotts' contention has been produced, which would have been responsive to Requests No. 127, 162, and 174. *See* [Dkt. 133] at *12, 15, 18. Thus, the only way to determine whether ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is to question Barn Light Electric's former employees about the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

In its Opposition, Plaintiff refers to certain discovery requests relating to "other miscellaneous subjects." *See* Dkt. 146 at *5. The entirety of Plaintiff's response in opposition to these requests is limited to a statement that "[p]laintiff has . . . produced all documents in its

---

[3] Certain portions of this reply are redacted to conceal information designated "highly confidential" by Plaintiff pursuant to the protective order in this case. An un-redacted version of this reply will be filed under seal.
[4] To be filed under seal.

custody, possession or control responsive to all remaining Requests contained in Defendants' Motion." *See* [Dkt. 146] at *11. Notably absent from Plaintiff's Opposition, however, is a *single* Bates number reference supporting its position. Barn Light Electric's failure to produce responsive documents is subject to one of only two plausible explanations. Either Plaintiff has at some point deleted or otherwise destroyed the responsive documents, or it is withholding said documents in an effort to shield itself from liability in this case on the basis of some unfounded objection.

For example, Request No. 123 seeks all documents relating to Mr. Trey Solms, a former employee of Barn Light Electric. *See* [Dkt. 133] at *11. Similarly, Request No. 175 seeks all documents relating to any agreement between Barn Light Electric and Mr. Solms. *See id.* at *18. ███████████████████████████████████████████████████████████████████████████

███████████████████████████████████. *See* Exhibit E at 41:9-11.[5] ███████████

███████████████████████████████. *See* Exhibit F at 106:20-107:2.[6] Plaintiff, however, has failed to produce ███████████████████████████████████████. The existence of the document is confirmed by its production to the undersigned by Mr. Solms. *See* Exhibit G.[7] Plaintiff may argue that the agreement is irrelevant to this case. However, in view of the Scotts' questionable assertions relating to █████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████, it is undoubtedly relevant to the credibility and veracity of counterclaim-defendants Bryan and Donna Scott.

Likewise, Barn Light Electric has failed to produce all documents responsive to Requests No. 122, 176, and 188 relating to its former employee Mr. Michael Schultz. *See* [Dkt. 133] at

---
[5] To be filed under seal.
[6] To be filed under seal.
[7] To be filed under seal.

*11, 18, 20. The existence of unproduced documents is apparent from a review of documents produced by Bay Area Innovations, ███████████████████████████████ ███████████████████████████. *See* Exhibit H.[8] This document was not produced by Barn Light Electric, and is just one example of Barn Light Electric's failure to comply with its discovery obligations in this case. In fact, many documents produced by Bay Area Innovations support the contention that Barn Light Electric has failed to produce documents responsive to Request No. 193, which seeks "[a]ll documents relating to Bay Area Innovations." *See* [Dkt. 133] at *21. Bay Area Innovations produced a total of 1913 documents responsive to Defendants' requests for documents relating to Plaintiff Barn Light Electric. On the other hand, Barn Light Electric produced a grand total of *three* documents relating to Bay Area Innovations.

In response to Defendants' Request No. 50 seeking contact information for the Barn Light Electric employees responsible for the sales and/or marketing of products sold under the Barn Light Electric marks, *see* Dkt. [133] at *6, Plaintiff contends the requested information can be derived from the "thousands of representative documents which include . . . the contact information for such employees at Barn Light Electric." *See* [Dkt. 146] at *10. What cannot be derived from the documents, however, are the names and addresses of any former Barn Light Electric employees responsible for fulfilling orders for Hi-Lite products during the course of the business relationship between the parties. Barn Light Electric must produce any such documents so that Defendants' may investigate ███████████████████████████████ ████

## C. CONCLUSION

In light of the foregoing, Defendants' Motion to Compel [Dkt. 133] should be GRANTED.

---

[8] To be filed under seal.

Date: December 11, 2015

Respectfully submitted,

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III
Florida Bar No. 164348
Stefan V. Stein
Florida Bar No. 300527
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy to all counsel of record.

*/s/Michael J. Colitz, III*
Michael J. Colitz, III