UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.                                 CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

    Defendants.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MAGISTRATE JUDGE'S ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL [DKT. 175]**

On November 24, 2015 the Magistrate Judge in this matter issued an Order denying Plaintiff's Expedited Third Motion to Compel Production of Documents and for Discovery Sanctions (hereinafter the "Order"). [Dkt. 175.] Plaintiff thereafter filed Objections to the Magistrate's Order denying its Motion to Compel (hereinafter the "Objections"). [Dkt. 185.] Defendant Hi-Lite Manufacturing Co, Inc. hereby files its Memorandum in Support of the Magistrate Judge's Order and respectfully submits that such Order should be affirmed.

**I.    INTRODUCTION**

The Magistrate's Order is neither clearly erroneous nor contrary to law. Plaintiff's efforts to show otherwise are based on a series of misstatements of both fact and law. The only possible explanation for these misstatements is that consideration of the proper facts and law reveals that Plaintiff is not entitled to the irrelevant financial information it now seeks.

First, Plaintiff's Objection is based on the flawed premise that Hi-Lite refused to turn over any financial records. *See* Objection at Pg. 2. Contrary to this statement, Hi-Lite did produce numerous financial records. Hi-Lite produced all financial documents relating to its business dealings with Barnlight Originals as well as Barn Light Electric, including numerous purchase orders and invoices. This provided Plaintiff with a complete picture of all relevant financial transactions. Plaintiff's Objection also mischaracterizes the Order of the Magistrate Judge. The Magistrate Judge did not determine that "*all* of Barn Light Electric's discovery requests" were "exceedingly overbroad" or that they all sought "irrelevant information." *See* Objection at Pg. 2 (emphasis in original). Rather, the Magistrate Judge simply determined that the relevant financials pertained to Hi-Lite's sales "to either Plaintiff or Defendant Barn Light Originals, Inc." *See* Order at Pg. 2. And because the Magistrate Judge determined that Hi-Lite had "produced all financial documents relating to its business with [Barnlight Originals] and Plaintiff," the Motion to Compel was properly denied. *See* Order at Pg. 3. Plaintiff had ample opportunity to demonstrate the relevance of Hi-Lite's remaining financial documents. Plaintiff's Motion spanned 28 pages and referenced 12 different exhibits. [Dkt. 109.] Plaintiff also filed a seven page reply brief. [Dkt. 124.] The Magistrate Judge entertained 1 ½ hours of oral argument.[Dkt. 141.] At the conclusion of this the Magistrate Judge correctly determined that "Plaintiff failed to demonstrate that [Hi-Lite's remaining financial information] was relevant to any claims or defenses." *See* Order at Pgs. 2-3.

Second, Plaintiff contends that Hi-Lite waited nearly one year after the initiation of this lawsuit to inform Plaintiff of its position that all of Hi-Lite's financial information is irrelevant. *See* Objection at Pg. 2. This is simply not the case. Plaintiff's First Set of Interrogatories were served on November 13, 2014, a mere three months after its filing of the initial Complaint in this

matter. Defendants' response to Plaintiff's Interrogatory No. 2, served thirty days later, made clear that "*Barnlight Originals* will provide documents, to the extent any exist, at a mutually agreeable time and place from which the information can be gathered." *See* Objection at 4. (emphasis added). Plaintiff was on notice of Hi-Lite's position a mere four months after the filing of Plaintiff's first complaint. Later, in response to a specific request for Hi-Lite's income and profit and loss statements, Hi-Lite objected on grounds of relevance. *See* Objection at Pg. 5 (Response to Request No. 53). But even after being presented with this explicit objection, Plaintiff waited over a month before filing its *expedited* Motion to Compel. [Dkt. 109.] Hi-Lite has consistently maintained its position relating to its financial information throughout the course of this litigation.

Third, Plaintiff's Objection purposefully conflates issues of joint and several liability with the proper measure of recovery under the Lanham Act. In doing so, the Plaintiff attempts to extend a potential recovery under Lanham Act beyond the goods bearing the allegedly infringing mark and even beyond the parties accused of infringement. But there is simply no support for this position. Rather, it is axiomatic that a plaintiff is "not entitled to profits demonstrably not attributable to the unlawful use of his mark." *See Jackson V. Grupo Indus. Hotelero, S.A.*, 2009 WL 8634834, *13 (S.D. Fla.)(q*uoting Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206–07 (1942). Here, Plaintiff's request for the entirety of Hi-Lite's financials was irrelevant because "discovery failed to produce any evidence of direct infringement by Hi-Lite." *See* Order at Pg. 3. The Magistrate's Order is firmly grounded in a proper understanding of both fact and law, and should therefore be affirmed.

## II. THE MAGISTRATE JUDGE'S ORDER IS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW.

### A. The Magistrate's Order Is Not Clearly Erroneous.

Magistrate judges are granted broad discretion when ruling on non-dispositive discovery motions. *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. June 2, 1981).[1] Pretrial orders of a magistrate are only reviewable under the "clearly erroneous and contrary to law" standard. *See id.* "Clear error is a highly deferential standard of review." *Fed. Trade Comm'n v. Lanier Law, LLC*, 2015 WL 7272304, at *1 (M.D. Fla. Nov. 18, 2015) (*citing Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (*citing United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Id.* "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *Id.* at 574. (*citing United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949); *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982)).

Here, the Magistrate properly determined that "discovery failed to produce any evidence of direct infringement by Hi-Lite." *See* Order at Pg. 3 When given the opportunity to provide even a scintilla of support for its contention that it was entitled to discovery of all of Hi-Lite's financials based on a claim of direct infringement, Plaintiff could not. *See id.* In support of its

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

claim to an entitlement to all of Hi-Lite's confidential financial information, Plaintiff itself recognized that the claims against Hi-Lite are actually limited to contributory and vicarious trademark infringement and not direct infringement. *See* [Dkt. 109] at Pg. 23 ("[n]ot withstanding the fact that Plaintiff has claimed contributory and vicarious trademark infringement by Hi-Lite . . . Defendants have continued to willfully withhold from its production, the financial records of Defendant, Hi-Lite."). This is because, as the Magistrate Judge pointed out, there is no factual basis for alleging direct infringement against Hi-Lite. *See* Order at Pg. 3. Further, it was not until Defendants pointed out this flaw that Plaintiff desperately tried to backtrack and instead claim that Hi-Lite was a direct infringer. More specifically, Defendant charged Hi-Lite with direct infringement for the very first time in the reply brief associated with its motion to compel. [Dkt. 124.] In doing so, it relied upon an ill-drafted Complaint ambiguously referring to "Defendants" without any factual allegation to support a claim of direct infringement against Hi-Lite. Plaintiff's requests for all of Hi-Lite's financial information amount to nothing more than a fishing expedition. As the Magistrate Judge properly concluded, Plaintiff has received all the responsive documents it is entitled to. Anything else is irrelevant to this litigation.

**B.    The Magistrate's Order Is Not Contrary to Law.**

A Magistrate's order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (internal citation omitted). As Hi-Lite pointed out in its Opposition, it was substantially justified in withholding financial information irrelevant to this litigation. [Dkt. 109.] Here, Plaintiff's entitlement to Hi-Lite's broader financial information arises in only two circumstances, either offensively in support of a claim for damages against Hi-

Lite for direct trademark infringement, or defensively to assess any actual damages suffered by Hi-Lite as a result of Barn Light Electric's infringement of Hi-Lite's intellectual property. Neither of these circumstances are present here.

Regarding Plaintiff's alleged claim against Hi-Lite for direct trademark infringement, the Magistrate properly determined that discovery failed to uncover a single factual basis for such an assertion. *See* Order at Pg. 3. Accordingly, Hi-Lite's withholding of its financial information irrelevant to this litigation is substantially justified. Regarding a claim by Hi-Lite for actual damages suffered as a result of Barn Light Electric's infringing activities, Hi-Lite has stated on the record that "it will not be pursuing actual damages in this matter," thereby rendering its withholding of its financial information substantially justified. *See id.* These factors combined, along with the fact that Hi-Lite has produced all responsive documents relevant to this litigation, were enough for the Magistrate to deny Plaintiff's Motion to Compel.

Lastly, Plaintiff's reliance on inapposite case law in support of its proposition that it is entitled to recover any profits received by Hi-Lite as a result of its sales to Barnlight Originals falls short. Hi-Lite is a manufacturer of a wide variety of decorative lighting fixtures, including certain fixtures known as "barn lights." Barnlight Originals is an online retailer that purchases barn lights from Hi-Lite and sells them to consumers. Thus, any liability by Hi-Lite in this action resulting from a successful claim against Barnlight Originals for a violation under the Lanham Act would be limited to either contributory or vicarious infringement. As the U.S. Supreme Court made abundantly clear in *Inwood Labs*, "if a manufacturer . . . intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer . . . is contributorily responsible for any harm done as a result of the deceit." *Inwood Labs., Inc. v. Ives*

*Labs., Inc.*, 456 U.S. 844, 854 (1982). Plaintiff properly points out that the doctrine of joint and several liability applies to claims arising under the Lanham Act. *See* [Dkt. 185] at Pg. 16. In its Objections, however, Plaintiff attempts to stretch the concept of joint and several liability to one in which the profits of a manufacturer are recoverable. In support of its proposition, Plaintiff relies on *Belford, Clarke & Co. v. Scribner*, 144 U.S. 488 (1892) and *Harris v. Miller*, 50 U.S.P.Q. 625 (S.D.N.Y. 1941), both copyright cases, not Lanham Act cases.

In *Belford*, the plaintiff brought a suit in equity against a printer and a publisher for copyright infringement. In holding both the printer and publisher liable for copyright infringement, the Court agreed that

> [U]nder the *copyright law* (Rev. St. § 4964,) both the printer and the publisher are equally liable to the owner of the copyright for an infringement. . . . and that all parties concerned ought to be held to an account to the owner of the copyright in respect to the profits derived from the printing, publishing, and selling, without all of which combined there could have been no infringement.

144 U.S. at 507-08 (emphasis added).

*Belford* is entirely inapplicable to the present matter. Here, Plaintiff has alleged violations of the present day Lanham Act, not the version of the Copyright Act that was in effect in 1892. The same holds true for Plaintiff's reliance on *Harris*, a 1941 copyright infringement case from the Southern District of New York, not a Lanham Act case.

As the Magistrate properly determined, there is absolutely no support for a claim against Hi-Lite for a direct violation of the Lanham Act, thereby making the vast majority of Hi-Lite's financial information irrelevant. Further, under the concept of joint and several liability, Hi-Lite could only be equally liable as a contributory infringer for a damage award measured by Barnlight Originals' profits. This theory, however, does not subject Hi-Lite to any obligation to disclose its confidential financial information.

## III. CONCLUSION

In light of the foregoing, the Magistrate's Order [Dkt. 175] is neither clearly erroneous nor contrary to law. Defendant respectfully requests this Court AFFIRM the Magistrate's Order.

Date: December 21, 2015

Respectfully submitted,

/s/ Stephen G. Anderson
Michael J. Colitz, III
Florida Bar No. 164348
Stefan V. Stein
Florida Bar No. 300527
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a copy to all counsel of record.

/s/Stephen G. Anderson
Stephen G. Anderson

# 6274211 v2