# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,
    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a Nevada corporation,
JEFFREY L. OHAI, an individual California resident,
    Defendants.
_____/

CASE NO.:
8:14-CV-1955-T-35AEP
Honorable Mary S. Scriven
Magistrate Anthony E. Porcelli

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a Nevada corporation,
JEFFREY L. OHAI, an individual California resident,
    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,
    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida residents,
    Third-Party Defendants.
_____/

**PLAINTIFF BARN LIGHT ELECTRIC COMPANY, LLC'S AND
THIRD PARTY DEFENDANTS BRYAN AND DONNA SCOTT'S
MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO DEFENDANTS'
SECOND AMENDED COUNTERCLAIMS, THIRD PARTY COMPLAINT AND
MEMORANDUM OF LAW**

Plaintiff and Counterclaim Defendant, Barn Light Electric Company, LLC ("Barn Light Electric") and Third-Party Defendants Bryan Scott and Donna Scott ("The Scotts") (collectively, "Plaintiff"), by and through their undersigned counsel, Feldman Gale, P.A., pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully request leave to file their First Amended Answer to Defendants and Counterclaim Plaintiffs' Barnlight Originals, Inc. ("Barnlight Originals"), Hi-Lite Manufacturing, Inc. ("Hi-Lite"), and Jeffrey Ohai ("Ohai") (collectively, "Defendants") Second Amended Counterclaims and Third Party Complaint (Dkt. 60).

## I. INTRODUCTION

Allowing Plaintiff to narrowly amend its answer to expressly recite the affirmative defense of license serves the interest of justice, and is not in any way prejudicial to Defendants. By contrast, denying the requested relief would deprive Plaintiff of an effectual, valid defense, thus frustrating justice and further enlarging this dispute. First, the defense of license is based upon operative facts that Defendants have repeatedly *admitted*. Second, the evidentiary record is fully developed as to the affirmative defense of license. The parties conducted extensive fact discovery and briefed all of the legal issues relating to the affirmative defense of license in their respective motions for summary judgment, so no additional discovery or briefing is necessary. Third, none of the factors that militate against amendment are present here. Fourth, denial of Plaintiff's motion would severely prejudice Plaintiff, and lead to waste of this Court's and the Parties' resources in unwarranted and unnecessary litigation.

Accordingly, consistent with the liberal standard that applies to motions for leave to amend pleadings pursuant to Rule 15(a)(2), Plaintiff respectfully requests that the Court grant leave to file its Amended Answer.

## II.	STANDARD OF LAW

A decision whether to grant or deny a motion for leave to file an amended pleading is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Federal Rule of Civil Procedure 15(a)(2) is permissive, and provides that leave to amend pleadings "shall be freely given when justice so requires." The permissive nature of Rule 15 is manifest. Indeed, under certain circumstances, it even allows for the amendment of pleadings during trial. *See* FED.R.CIV.P. 15(b)(1) ("If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. ***The court should freely permit an amendment when doing so will aid in presenting the merits*** and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.") (emphasis added).

As the Eleventh Circuit has recognized, Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir.2005). There must be a "justifying reason" for a court to deny leave to amend. *Foman*, 371 U.S. at 182; *see also Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir.2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial."). In deciding whether to grant leave to amend, the Court may consider the following factors: bad faith, undue delay or dilatory motive, repeated failure to cure deficiencies by previously permitted amendments, undue prejudice to the opposing party or futility of the amendment. *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1109 (11th Cir. 1996); *see also Maynard v. Md. Of Regents of the Div. of Univers. Of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

## III. ARGUMENT

Justice warrants permitting Plaintiff to amend its answer to expressly set forth the valid, effectual defense of license. Stated differently, depriving Plaintiff from asserting the defense of license would frustrate justice, especially under the circumstances in the instant matter.[1] That is, the factual bases establishing Plaintiff's affirmative defense of license have been repeatedly admitted by Defendants and fully developed in the record. Moreover, the legal issues relating to the affirmative defense of license have already been fully briefed by the parties.

Defendant, Hi-Lite, does not deny that it granted Plaintiff an implied license to use its copyrighted works. Hi-Lite openly and repeatedly admitted this fact in its briefing, responses to Plaintiff's written discovery requests and through sworn deposition testimony.[2] Moreover, the parties fully briefed the license defense in their respective motions for summary judgment now pending before this Court, so there is no question that Defendants were on notice of Plaintiff's defense.[3] *See* Dkts. 198, 213 & 227. Defendants cannot, therefore, claim surprise or an inability to defend against such an affirmative defense. At this point, the only issue left for this Court's determination of Plaintiff's affirmative defense of license, is the scope of the license granted, which is determined as a matter of law. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1235 (11th Cir.2010); *see also Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 595 n.7 (9th Cir. 1990). Because the salient facts establishing Plaintiff's license defense are undisputed and have been

---

[1] *See E.g., I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996) (the existence of a license is a full defense to copyright infringement); *see also Jacobsen v. Katzer,* 535 F.3d 1373, 1380 (Fed.Cir.2008) (accord).
[2] *See E.g.,* Dkts. 198 at p. 28-38 n.83-91 (citing repeated admissions in the record evidence, deposition testimony and discovery responses); *see also 227* at p. 9 n.38 & 39 (citing additional record evidence, sworn deposition testimony and Defendants admissions).
[3] In its Reply in Support of Plaintiff's Motion For Summary Judgment, Plaintiff expressly noted its intention to file the instant motion. *See Dkt*. 227, p.11 at n.51 ("In any case, to avoid severe prejudice to Plaintiff and because justice so requires, Plaintiff intends to file a Motion for leave to Amend Its Pleadings pursuant to FED.R.CIV.P. 15(a)(2).")

repeatedly admitted through Defendants' admissions and sworn deposition testimony, there is no bona fide argument that granting this motion will prejudice the Defendants.

In addition, there is no evidence whatsoever of bad faith or dilatory motive by Plaintiff. As noted above, the requested amendment will not prejudice Defendants or otherwise delay this action in any way. Since the Defendants have fully briefed the affirmative defense of license, allowing the requested amendment will not deprive the Defendants of asserting any of their own claims and defenses. Nor was there any prior failure to cure deficiencies by Plaintiff in its answer in prior amendments. While Defendants twice amended their Counterclaims and Third Party Complaint, the instant motion is Plaintiff's only request for leave to amend its answer. Thus, Plaintiff cannot be held to have failed to cure any deficiencies in prior amendments to its pleading.

To the extent there was any delay in seeking leave, it was harmless and unintended. First, as noted above, the issues are fully briefed and pending before the Court, and therefore the requested leave will not delay resolution of this case. Second, Plaintiff's have strained to diligently manage the long line of issues raised by Defendant's numerous meritless claims, unilateral refusal to provide discovery and litigation tactics. Given that Defendants have had ample notice of Plaintiff's affirmative defense, that any delay is harmless and unintended, and Plaintiff has acted diligently throughout the course of this litigation, its motion for leave to amend should not be considered undue in any way. Instead, in the interest of equity, justice and in presenting the merits in this matter, Plaintiff respectfully requests this Court grant its narrowly drawn motion for leave to file its amended answer.

Additionally, as Defendants concede, this case is not yet ready for trial. *See* Dkt. 253. The parties filed a Joint Motion for Extension of Time to File Joint Pretrial Statement. *Id.*

Plaintiff filed a Motion to Continue Trial and Pretrial Deadlines.  *See* Dkt. 250.  Further, as noted herein, numerous discovery related motions are still pending before this Court.  *See* Dkts. 134, 156, 176, 185, 204, 232.  Thus, there will likely be additional time for Defendants to prepare for trial further supporting Plaintiff's assertion that Defendants cannot claim any prejudice in granting its motion for leave to file its amended answer.

Finally, Plaintiff seeks leave to amend its answer in good faith and for good cause shown to avoid the prejudice of being deprived from asserting its affirmative defense of license, which is fatal to multiple counts asserted by Defendants.  Accordingly, Plaintiff's amended answer will narrow the issues for trial and preserve the resources of this Court and the Parties.

### III. CONCLUSION

For the reasons stated herein and because justice so requires, Plaintiff respectfully requests that the Court grant its Motion for Leave to Amend its Answer.

Dated: February 5, 2016     Respectfully Submitted,

By:  /s/Joseph R. Sozzani
Alejandro J. Fernandez
Board Certified in Intellectual Property Law
FL. Bar No.: 32221
E-mail: AFernandez@FeldmanGale.com
Joseph R. Sozzani, Esq.
FL Bar No. 120297
E-Mail: JSozzani@FeldmanGale.com
Gregory L. Hillyer, Esq
Fla. Bar No. 682489
E-mail: GHillyer@FeldmanGale.com
Stephen J. Leahu, Esq.
FL Bar No. 54037
E-mail: SLeahu@FeldmanGale.com
Matthew N. Horowitz, Esq.
Fla. Bar No. 98564
E-mail: MHorowitz@FeldmanGale.com

**FELDMAN GALE, P.A.**
400 N. Tampa Street, Suite 2830
Tampa, FL 33602
Telephone No. (813) 374-8890
Telefacsimile No. (305) 358-3309
*Counsel for Plaintiff, Counterclaim-Defendants*
*and Third Party Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive filings electronically.

/s/Joseph R. Sozzani
Joseph R. Sozzani

**Certification Pursuant to Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), I hereby certify that I conferred with counsel for Defendants regarding the relief requested and Defendants object to the requested relief.

/s/Joseph R. Sozzani
Joseph R. Sozzani

**SERVICE LIST**
Case No. 8:14-CV-1955-T-35AEP
United States District Court, Middle District of Florida

Stefan Vaughn Stein
Email: stefan.stein@gray-robinson.com
Michael J. Colitz, III
Email: michael.colitz@gray-robinson.com
Stephen Gregory Anderson
Email: Stephen.anderson@gray-robinson.com

**GrayRobinson, P.A.**
401 E. Jackson Street, Suite 2700
Post Office Box 3324
Tampa, FL 33602
Telephone No. (813) 273-5000

*Attorneys for Defendants/Counterclaim-Plaintiffs*