UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

       Plaintiff,                          CASE NO. 8:14-cv-01955-MSS-AEP

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

       Defendants.

_____/

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

       Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

       Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

       Third-Party Defendants.

_____/

## VALLEY FORGE INSURANCE COMPANY'S AND TRANSPORTATION INSURANCE COMPANY'S MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW

Valley Forge Insurance Company ("Valley Forge") and Transportation Insurance Company

("Transportation") move this Court, pursuant to Federal Rule of Civil Procedure Rule 24(a), and

alternatively 24(b), and Middle District Local Rules, for an order permitting it to intervene in this case for the limited purpose of submitting special interrogatories to the jury to determine the basis of its decision.  As grounds for this Motion, Valley Forge and Transportation state as follows:

## I.      Summary of Argument

1.      Valley Forge and Transportation seek to intervene in this action for the limited purpose of proposing special jury verdict interrogatories to the jury to assure protection for all parties by delineating the types of any damages that may be awarded against Barn Light Electric and/or the Scotts and to avoid the need for unnecessary duplicative litigation.  Valley Forge and Transportation meet the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a).  However, if this Court denies intervention as of right, Valley Forge and Transportation request the Court for leave to intervene under Federal Rule of Civil Procedure 24(b).  Valley Forge's and Transportation's intervention in this action is essential to effectively protect their interests and rights under the Valley Forge and Transportation insurance policies and the coverage defenses share questions of law and fact in common with this action.  To allow this intervention would not in any way delay this action, nor would it prejudice the adjudication of the rights of the original parties.

## II.      Valley Forge and Transportation Insurance Policies

2.      Valley Forge is an insurance company organized and existing under the laws of Pennsylvania with its principal place of business in Chicago, Illinois.  Valley Forge issued Policy No. C 5084457452 ("VFI Policy")to Barn Light Electric Company, LLC, with Commercial General Liability Coverage, effective from June 1, 2012 to June 1, 2013.

3.      Transportation is an insurance company organized and existing under the laws of Illinois with its principal place of business in Chicago, Illinois.  Transportation issued Commercial Umbrella Policy No. C 5084457466 (the "Transportation Umbrella Policy") to Barn Light Electric

Company, LLC, effective from June 1, 2012 to June 1, 2013.

**III.   Counterclaim**

4.      On or about August 14, 2014, Plaintiff Barn Light Electric Company, LLC ("Barn Light Electric") filed its Complaint against Barn Light Originals, Inc. ("Barn Light Originals"), Hi-Lite Manufacturing Company, Inc. ("Hi-Lite"), and Jeffrey L. Ohai ("Ohai") in this case.  In response to Barn Light Electric's Second Amended Complaint dated September 25, 2014 [DE# 21], Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Barn Light Originals and Hi-Lite (collectively "Counterclaim Plaintiffs") filed a Counterclaim against Barn Light Electric and Third-Party Complaint Bryan Scott and Donna Scott (collectively "the Scotts") [DE# 24].

5.      In the Second Amended Counterclaims, Third-Party Complaint, and Demand for Jury Trial dated April 2, 2015 [DE# 60] (the "Counterclaim"), Counterclaim Plaintiffs allege that Barn Light Electric infringed upon, and Third-Party Defendants the Scotts, contributorily and vicariously infringed upon, Counterclaim Plaintiffs' federally registered and common law trademarks and federally registered copyrights, engaged in acts of unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Florida common law, and committed false advertising and trade dress infringement pursuant to the Lanham Act.  Counterclaim Plaintiffs assert that Barn Light Electric and the Scotts were using Hi-Lite's product photographs, line drawings, installation sheets, descriptive artwork, product codes, part numbers, color codes, and color charts in Barn Light Electric's advertising to deceive their customers into purchasing Barn Light Electric products. Counterclaim Plaintiffs assert that Barn Light Electric's acts of infringement have been committed intentionally and willfully.

6.      As a result of these various alleged acts of infringement, Counterclaim Plaintiffs claim that they have suffered damages and seek an injunction, actual damages, statutory damage,

costs and attorneys' fees, an accounting for all gains, profits, and advantages by Barn Light Electric, treble damages, punitive damages, and any other relief the Court deems just and proper. Counterclaim Plaintiffs are seeking to recover damages from Barn Light Electric and the Scotts over a period of time from 2008 to 2015.

### IV.   Defense of the Counterclaim Subject to a Reservation of Rights

7.      Barn Light Electric and the Scotts requested a defense against the Counterclaim from Valley Forge under the VFI Policy in February 2015.   Thereafter, Valley Forge agreed to defend Barn Light and the Scotts against the Counterclaim, subject to a reservation of rights under the VFI Policy.

8.      The VFI Policy and Transportation Umbrella Policy may not afford coverage for any damages awarded against Barn Light Electric and the Scotts based on the policies' policy language. Any covered damages must first occur during the June 1, 2012 to June 1, 2013 policy period of the VFI Policy and Transportation Umbrella Policy.  The term "damages" generally refers to actual and compensatory damages arising from (1) "bodily injury" or "property damage" caused by an "occurrence" during the policy period or (2) "personal and advertising injury" caused by an offense during the policy period to which the insurance applies.  Thus, any injunctive relief, disgorgement of profits, treble damages, punitive, and statutory remedies sought by Counterclaimants are not considered damages under the policies.  Moreover, numerous exclusions identified in Valley Forge's and Transportation's reservation of rights letter may preclude coverage under the VFI Policy and Transportation Umbrella Policy.   For instance, Counterclaimants allege causes of action for trademark infringement, and the VFI Policy and Transportation Umbrella Policy do not afford coverage for damages arising out of trademark infringement based on the "Infringement of Copyright, Patent, Trademark or Trade Secret" exclusion.  Counterclaimants allege that Defendants'

actions have been willful and deliberate, and the "Knowing Violation of Rights of Another" and "Material Published With Knowledge of Falsity" exclusions may bar coverage for such claims.

9.      In addition to the VFI Policy and Transportation Umbrella Policy, various insurance companies issued primary and excess insurance policies to Barn Light Electric during the time frame involving Barn Light Electric's alleged infringement.  National Trust Insurance Company ("NTIC") issued to the following policies to Barn Light Electric:  Policy No. GL 0010334 2 ("NTIC CGL Policy") and Umbrella Policy No. UMB0010717 2 ("NTIC Umbrella Policy"), effective from June 1, 2011 to June 1, 2012.  NTIC has denied coverage to Barn Light under the NTIC Policies in connection with this matter.  Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America (collectively "Travelers") issued primary and excess insurance policies to Barn Light Electric Company, Inc., effective from June 1, 2013 to April 2, 2014 and April 2, 2014 to April 2, 2015.   Travelers has been jointly defending Barn Light Electric and the Scotts subject to a reservation of rights under the primary and excess Travelers policies.

**V.      Special Jury Verdict Form to Allocate Damages**

10.      In the event that one or more of the categories of damages in the Counterclaim qualify for coverage and are awarded against Barn Light Electric and/or the Scotts, covered and non-covered damages will be critical for purposes of determining the availability of insurance coverage under the insurance policies.

11.       Pursuant to the court's Amended Case Management and Scheduling Order dated August 8, 2015 [DE #106], this action is set for trial on the trial docket starting on April 4, 2016. The parties to this action have not yet proposed jury verdict forms.  Valley Forge and Transportation seek to intervene for the limited purpose of proposing special jury verdict interrogatories to the jury to assure protection for all parties by delineating the types of any damages that may be awarded

against Barn Light Electric and/or the Scotts and to avoid the need for unnecessary duplicative litigation.

12.     Under Florida law, the insured ordinarily bears the burden of allocating a verdict between covered and non-covered claims.  *See Duke v. Hoch*, 468 F.2d 973, 977 (5th Cir. 1972) ("[T]he burden of apportioning these damages is on the party seeking to recover from the insurer).  If a judgment includes elements for which an insurer is liable and also elements beyond the coverage of the policy, the burden of apportioning or allocating these damages is on the party seeking to recover from the insurer. *U.S. Concrete Pipe Co. v. Bould,* 437 So.2d 1061, 1065 (Fla. 1983).  On the other hand, if the evidence raises a question as to whether the entire claim is beyond the coverage of the policy, the burden is upon the insurer to show that there is no coverage.  *Id.*  The parties cannot adequately represent Valley Forge and Transportation's interests, and the insurers' interests are adverse to those of Barn Light Electric and the Scotts in connection with non-covered damages. Therefore, submission of special jury verdict interrogatories will allow all parties to have a clear understanding of potentially covered and non-covered damages under the insurance policies.

**VI.     Rule 24 Intervention**

13.     Pursuant to Federal Rule of Civil Procedure 24(a), Intervention of Right, a court must permit anyone to intervene who:

> (1)     is given an unconditional right to intervene by a federal statute; or

> (2)     claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

14.     Pursuant to Federal Rule of Civil Procedure 24(b)(1), Permissive Intervention, a court may permit anyone to intervene who:

(A)    is given a conditional right to intervene by a federal statute; or

(B)    has a claim or defense that shares with the main action a common question of law or fact.

15.    When reviewing a Motion to Intervene, a district court must consider four factors in assessing timeliness, namely (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.  *U.S. v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).

**VII.    Valley Forge and Transportation's Intervention Meets the Requirements of Rule 24(a) and 24(b)**

16.    Valley Forge and Transportation's Motion to Intervene is timely based on the case deadlines [DE #106] and for the limited purpose of proposing a special jury verdict form at trial. The parties to this action have not yet proposed jury verdict forms. The intervention would not in any way delay this action, nor would it prejudice the adjudication of the rights of the original parties. Rather, Valley Forge's and Transportation's rights would be prejudiced to the extent intervention were denied.

17.    Valley Forge's and Transportation's intervention in this action is essential to effectively protect their interests and rights under the VFI and Transportation insurance policies.  If Valley Forge and Transportation are not allowed to intervene and a general verdict with unallocated damages results, it may be impossible to determine how the damages should be allocated among the various counts, type of damages, attorneys' fees and costs, and policy periods, and it may therefore

be impossible to determine whether the VFI and/or Transportation policies will afford coverage for any damages or judgment rendered against Barn Light Electric and/or the Scotts.  Valley Forge has an undeniable, substantial and tangible interest in the pending action to enforce a right related to or connected with the suit.  Further, Barn Light Electric's and the insurers' coverage issues share common questions of law and fact among the various counts against Barn Light Electric and the Scotts in this action.   Courts have permitted insurers to intervene for submitting a special verdict form or interrogatories to the jury for these reasons.  *See, .e.g., Thomas v. Henderson,* 297 F.Supp.2d 1311, 1326 (S.D. Ala. 2003) (allowing the carrier to permissively intervene in underlying tort action, easily dismissing concerns of timeliness and prejudice, stating "to the contrary, the timetable for trial will be unaffected, and no party would appear to suffer adverse effects from an order allowing [the carrier] to request that a special verdict form or interrogatories be presented to the jury at trial. Once [the carrier] files its proposed special verdict form or interrogatories, all parties will be given a reasonable opportunity to be heard before the Court rules on whether such documents will be used.").

18.     Valley Forge's and Transportation's intervention in this action will not complicate the case by excessively multiplying the issues or prejudice the parties.  Furthermore, the appropriate interrogatories can be drafted to avoid any confusion on the part of the jury.  The special interrogatories could be posed after Barn Light Electric and/or the Scotts' liability, if any, has been adjudicated in connection with the Counterclaim—after trial in this matter, a jury charge conference, and then a finding of liability, if any.   The Court will have ultimate say as to what will be submitted to the jury thereby eliminating any possible jury confusion.  Further, the jury will not be informed of the intervention or the existence of the Policies; the intervention will require no additional discovery; and intervention will not delay the trial of this action.

19.     Valley Forge and Transportation meet the requirements for intervention as of right under Rule 24(a). However, if this Court denies intervention as of right, Valley Forge and Transportation request the Court for leave to intervene under Rule 24(b).  Valley Forge's and Transportation's intervention in this action is essential to effectively protect their interests and rights under the VFI and Transportation insurance policies and the coverage defenses share questions of law and fact in common with this action.  To allow this intervention would not in any way delay this action, nor would it prejudice the adjudication of the rights of the original parties.

WHEREFORE, Valley Forge and Transportation respectfully move this Court, pursuant to Federal Rules of Civil Procedure 24(a), and alternatively 24(b), and Middle District Local Rules, for an order permitting them to intervene in this case for the limited purpose of proposing special jury verdict interrogatories.

Dated: February 11, 2016.

Respectfully submitted,

COLLIAU CARLUCCIO KEENER
MORROW PETERSON & PARSONS

/s Julie K. Linhart
**JULIE K. LINHART, ESQ.**
Fla. Bar No. 0571601
Primary Email: ColliauLawOffices-
Tampa@CNA.Com
Secondary Email: Julie.Linhart@cna.com
**COLLIAU CARLUCCIO KEENER**
**MORROW PETERSON & PARSONS**
4631 Woodland Corporate Blvd., Suite 315
Tampa, Florida 33614
Direct Line: (813) 880-5168
Facsimile: (312) 260-6859
**Attorneys for Proposed Intervenors**
**Valley Forge Insurance Company and**
**Transportation Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY certify that on this February 11, 2016, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s  Julie K. Linhart

Attorney

## SERVICE LIST
## CASE NO. 8:14-cv-01955-MSS-AEP

| | |
|---|---|
| Alejandro J. Fernandez, Esq.<br>FL. Bar No.: 32221<br>E-mail: AFernandez@FeldmanGale.com<br>Gregory L. Hillyer, Esq<br>Fla. Bar No. 682489<br>E-mail: GHillyer@FeldmanGale.com<br>Stephen J. Leahu, Esq.<br>FL Bar No. 54037<br>E-mail: SLeahu@FeldmanGale.com<br>Joseph R. Sozzani, Esq.<br>Admitted Pro Hac Vice<br>E-Mail: JSozzani@FeldmanGale.com<br>Matthew N. Horowitz, Esq.<br>Fla. Bar No. 98564<br>E-mail: MHorowitz@FeldmanGale.com<br>FELDMAN GALE, P.A.<br>400 N. Tampa Street, Suite 2830<br>Tampa, FL 33602<br>Telephone No. (813) 374-8890<br>Fax No. (305) 358-3309<br>**Counsel for Plaintiff, Counterclaim-Defendants and Third Party Defendants** | Michael J. Colitz, III, Esq.<br>Trial Counsel<br>FL Bar No. 164348<br>Email: michael.colitz@gray-robinson.com<br>Stephen Gregory Anderson, Esq.<br>FL Bar No. 0105697<br>Email: Stephen.anderson@gray-robinson.com<br>GrayRobinson, P.A.<br>401 E. Jackson Street, Suite 2700<br>Post Office Box 3324<br>Tampa, FL 33601<br>Telephone No. (813) 273-5000<br>Fax No.: (813) 273-5145<br>**Attorneys for Defendant/Counter-Plaintiffs** |