UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

     Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

     Defendants.
_____/

CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation,

     Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

     Counterclaim Defendant,
and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

     Third-Party Defendants.
_____/

## DEFENDANTS' RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.04(a), Defendants Barnlight Originals, Inc. and Hi-Lite Manufacturing Company, Inc. (collectively "Defendants") hereby renew their previously

filed Motion to Compel Discovery Responses from Barn Light Electric Company, LLC and Bryan and Donna Scott (collectively "Plaintiff"). [Dkt. 133.] In support of this renewed motion, Defendants state as follows.

I. SUMMARY

Third-party document production has demonstrated that Plaintiff simply failed to produce a number of unquestionably responsive and highly relevant documents. The deposition of Plaintiff's designated document custodian provides a likely explanation: Plaintiff's collection efforts were seriously flawed and grossly inadequate. In particular, the document custodian deposition revealed that he (i) collected documents from just four individuals within Barn Light Electric; (ii) never saw any of Defendants' document production requests; (iii) was not aware that Defendants sent an ESI preservation letter at the outset of the litigation; (iv) was not provided with the keywords that attorneys for both sides agreed would be used in locating responsive documents; and (v) failed to search many of the computer servers at Barn Light Electric.

Plaintiff also failed to properly assess the responsiveness of certain documents, as revealed by its failure to produce clearly relevant purchase orders. Plaintiff's counsel even went so far as to obstruct the Court-ordered deposition of Barn Light Electric's Director of IT, Mr. Michael Koller, by improperly limiting the scope of Defendants' questioning and prohibiting the presentation of certain exhibits to the witness.

In sum, this amounts to a complete and systematic breakdown in discovery and calls into serious question the entirety of Plaintiff's collection and production efforts. In an effort to remedy this, Defendants respectfully seek entry of an order: (1) permitting Defendants to enlist a third-party vendor to undertake a forensic search of Plaintiff's computer systems for responsive

documents and to do so at Plaintiff's expense; and (2) permitting a jury instruction that an adverse inference may be taken from Plaintiff's failure to produce relevant documents in this litigation. Defendants further seek entry of an order directing Plaintiff to pay the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5), as well as any other relief this Court deems appropriate.

## II. BACKGROUND

Defendants filed their Motion to Compel on October 26, 2015 (the "Motion"). [Dkt. 133.] That Motion sought documents responsive to Defendants' Third and Fourth Requests for Production of Documents. On January 12, 2016, the Court granted in part Defendants' Motion. [Dkts. 133, 194, and 236.] The Order instructed Defendants to select 100 purchase orders to be produced by Plaintiff, and it also permitted Defendants' deposition of Barn Light Electric's Director of IT, Mr. Michael Koller. [Dkt. 236.] Upon review of the 98 purchase orders produced by Plaintiff, it is readily apparent that opposing counsel's representation to the Court that all relevant purchase orders have been produced is simply inaccurate. Nearly *all* of the 98 purchase orders were responsive, relevant, and/or inconsistent with Plaintiff's position; namely, that a series of spreadsheets summarizing information relating to Barn Light Electric's invoices and purchase orders are suitable substitutes for the underlying documents.

Further, as the deposition of Mr. Koller revealed, Plaintiff's collection of documents responsive to Defendants' requests for production was fundamentally flawed. Mr. Koller testified that Plaintiff collected documents from only four Barn Light Electric employees, thereby leaving documents relating to many key individuals undiscovered. Mr. Koller's testimony is thus inconsistent with many of Plaintiff's assertions in the hearing of January 12,

3

2016, in which it stated that all responsive documents have been produced. Under the circumstances described by Mr. Koller, this conclusion is simply impossible.

## III. GOVERNING LAW

Motions to compel under Fed. R. Civ. P. 37 are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See id.* Pursuant to Fed. R. Civ. P. 26(b), a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

Further, the withholding of relevant evidence gives rise to the adverse inference rule. *See, e.g., E. E. O. C. v. H. S. Camp & Sons, Inc.*, 542 F. Supp. 411, 444 (M.D. Fla. 1982). "The adverse inference rule provides that when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him." *Callahan v. Schultz*, 783 F.2d 1543, 1545 (11th Cir. 1986) (internal citation omitted).

## IV. DOCUMENT REQUESTS AT ISSUE

A complete listing of the requests for production at issue is presented in Defendants' Motion [Dkt. 133.] For the Court's convenience, certain requests for production are reproduced below.

### Counterclaim Plaintiffs' Request for Production No. 117

All of Barn Light Electric's invoices for all Products sold from 2008 to date.

### Counterclaim Defendants' Response to Request for Production No. 117

Barn Light Electric and the Scotts object to Request No. 117 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the definition of the term "Barn Light Electric" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object on the basis that the term "Products" is overly broad in that the terms "light fixtures" and "light fixture components" are not defined and are therefore vague and ambiguous. Furthermore, Barn Light Electric and the Scotts object to this Request as overly broad in that it is not limited to activities within the United States. Barn Light Electric and the Scotts further objects to the extent the Request seeks the identity of the purchaser of the Barn Light Electric's products, which constitutes a trade secret and is not relevant to the subject matter of this action. Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 118

All of Barn Light Electric's purchase orders for Products sold from 2008 to date.

### Counterclaim Defendants' Response to Request for Production No. 118

[Same response as No. 117]

### Counterclaim Plaintiffs' Request for Production No. 122

All documents relating to former Barn Light Electric employee Michael Schultz.

### Counterclaim Defendants' Response to Request for Production No. 122

[Same response as No. 117 with the following objection:]

Barn Light Electric and the Scotts also objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents relating to former Barn Light Electric employee Michael Schultz" without any attempt to limit the scope of this Request to the subject matter of this action.

### Counterclaim Plaintiffs' Request for Production No. 123

All documents relating to former Barn Light Electric employee Walter "Trey" Solms.

### Counterclaim Defendants' Response to Request for Production No. 123

[Same response as No. 117 with the following objection:]

Barn Light Electric and the Scotts also objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents relating to former Barn Light Electric employee Walter 'Trey' Solms" without any attempt to limit the scope of this Request to the subject matter of this action.

### Counterclaim Plaintiffs' Request for Production No. 126

All documents showing both a Hi-Lite part number and a Barn Light Electric part number.

### Counterclaim Defendants' Response to Request for Production No. 126

[Same response as No. 117 with the following objection:]

Barn Light Electric and the Scotts also object to this Request as vague and ambiguous on the basis that the terms "Hi-Lite part number" and "Barn Light Electric part number" are not defined and are indeterminable in scope.

### Counterclaim Plaintiffs' Request for Production No. 164

All Documents showing any communication between You and Baselite regarding Jeffrey Ohai, Hi-Lite, or any Hi-Lite products.

### Counterclaim Defendants' Response to Request for Production No. 164

Barn Light Electric and the Scotts object to Request No. 164 to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Barn Light Electric and the Scotts further object to the definition of the term "You" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the term "Baselite" as it is undefined and therefore vague and ambiguous.
Subject to these and the General Objections, and without waiver thereof, Barn Light Electric and the Scotts will produce responsive, non-privileged documents in their possession, custody, or control, to the extent any exist.

### Counterclaim Plaintiffs' Request for Production No. 191

All Documents showing any renderings of a Hi-Lite product You prepared or had prepared on Your behalf.

### Counterclaim Defendants' Response to Request for Production No. 191

[Same response as No. 117 with the following objection:]

6

Barn Light Electric and the Scotts further objects to the definition of the terms "You" and "Your" to the extent that Counterclaim Plaintiffs seek to impose discovery obligations on any individual or entity other than Barn Light Electric and the Scotts, and also to the extent such definitions encompass persons and entities not in the employment of, or otherwise under the control of, Barn Light Electric and the Scotts. Barn Light Electric and the Scotts further object to the term "renderings" as vague and ambiguous as the term is not defined and not limited in scope.

### Counterclaim Plaintiffs' Request for Production No. 193

All Documents relating to Bay Area Innovations.

### Counterclaim Defendants' Response to Request for Production No. 193

[Same response as No. 117 with the following objection:]

Barn Light Electric and the Scotts object to the term "Bay Area Innovations" as vague and ambiguous as it is undefined and indeterminable in scope. Barn Light Electric and the Scotts further object to the term "relating to" as vague and ambiguous as the term is not defined and not limited in scope. Further, the Request is overbroad and unduly burdensome as it uses the term "relating to" in connection with "Bay Area Innovations." Barn Light Electric further objects to this Request as it is not limited in temporal scope.

## V. ARGUMENT

Plaintiff has failed to produce all documents responsive to Defendants' Third and Fourth Requests for Production. Its failure stems, in large part, from a flawed document collection process and an inadequate subjective determination of what constitutes a relevant, responsive document. First, Plaintiff's collection of documents was limited to only four Barn Light Electric employees. A cursory review of the documents produced by Plaintiff, however, reveals that many more of its employees were involved in its scheme to systematically defraud Hi-Lite and its customers. Further, the systemic discovery failures by Plaintiff are revealed by the fact that Mr. Koller, the sole individual responsible for maintaining Barn Light Electric's complex network of computer servers, and the only person with total access to the system, never saw any of Defendants' document production requests, was not aware of Defendants' ESI preservation

letter, and was never given the key words that attorneys for both parties agreed would assist Barn Light Electric in its search for responsive documents.

Second, Plaintiff's production of Barn Light Electric's purchase orders, which are responsive to Defendants' Request for Production No. 118, was overly limited. For example, its alleged production of all purchase orders referencing Hi-Lite (1) failed to isolate purchase orders sent to one of Hi-Lite's competitors with an instruction to either replace, replicate, or substitute a Hi-Lite product referenced by a Hi-Lite product designation; (2) failed to account for instances in which an order for a Hi-Lite product was fulfilled directly by Barn Light Electric; and (3) failed to actually identify all purchase orders referencing Hi-Lite.

Further, Plaintiff's contention during the hearing of January 12, 2016 that two seemingly inaccurate and incomplete spreadsheets summarizing its invoices and purchases orders serves as an alternative to the actual underlying documents is unpersuasive. Many of the entries on the spreadsheets are inconsistent with the information contained on the actual purchase orders, and also lack critical information relating to, for example, the identity of the employee at Barn Light Electric responsible for instructing a competitor to replicate a Hi-Lite product and customer contact information. The withholding of this information deprived Defendants of the ability to fully develop its numerous claims against Barn Light Electric and, therefore, amounts to nothing less than severe prejudice to Defendants.

Lastly, Plaintiff's continued obstruction of discovery in this case was readily apparent during the Court-ordered deposition of Mr. Koller, in which Plaintiff's counsel improperly limited the scope of any questioning to how documents were collected in this litigation. This was directly contrary to the Court's Order, which in no uncertain terms permitted Defendants to "discuss the issues raised during the hearing, *including but not limited to* how Plaintiff maintains

its information and records and how documents were produced in this action." [Dkt. 236.] (emphasis added) Plaintiff's counsel also prevented Defendants from presenting certain exhibits to Mr. Koller during his deposition under the guise of violation of the protective order in this case, even when Mr. Koller was the author of the very document to be placed in front of him.

In light of Plaintiff's complete failure to properly participate in discovery in this case, as well as its continued obstruction of the discovery process, Defendants' Renewed Motion to Compel should be granted.

A.  **Plaintiff's Document Collection Efforts Were Inadequate.**

    1.  **Plaintiff improperly limited its collection of documents to four individuals.**

Defendants' deposition of Mr. Koller revealed that documents collected by Plaintiff in this case were limited to those of only four individuals involved in Barn Light Electric's infringing activities. *See* Exhibit A[1], M. Koller Depo. at 36:25-37:12; 38:14 – 39:12. The four individuals included Barn Light Electric's two owners and two members of its marketing department. *Id.* Even a cursory review of the documents produced in this case demonstrates that many more people at Barn Light Electric were involved in its activities, yet documents relating to these individuals were never collected or reviewed for their responsiveness to Defendants' Requests for Production.

For example, Exhibit B depicts an email from a Barn Light Electric employee to one of Hi-Lite's direct competitors with an instruction to "produce the following Hi-Lite fixtures." *See* Exhibit B. According to Mr. Koller, however, this employee's data was not collected by Plaintiff, thereby rendering this document unproduced. This email is undeniably responsive to

---

[1] Given Plaintiff's designation of Mr. Koller's deposition testimony as "Highly Confidential" pursuant to the protective order in this case, Exhibit A will subsequently be filed under seal.

Defendants' Request for Production Nos. 164 and 165. [Dkt. 133.] Nonetheless, this document was not produced by Plaintiff.

Similarly, Exhibit C depicts several emails between Mr. Koller and Shawn Best, the President of Bay Area Innovations. *See* Exhibit C[2]. Mr. Koller, however, was not one of four individuals whose documents were collected. Further, Exhibit D depicts an email produced in response to a request for production sent to Bay Area Innovations, which recognizes the existence of what Plaintiff refers to as "the Vault." *See* Exhibit D[3]. The Vault is a file server containing renderings of various products. Hi-Lite maintains that these were renderings of its light fixtures. Plaintiff, however, failed to produce either the email depicted in Exhibit D, nor the contents of the Vault. In fact, the deposition of Mr. Koller revealed that the contents of the Vault were never searched. These documents are undoubtedly responsive to Defendants' Request for Production Nos. 191 and 193, which seek "[a]ll Documents showing any renderings of a Hi-Lite product You prepared or had prepared on Your behalf" and "[a]ll Documents relating to Bay Area Innovations," respectively.

Given Plaintiff's elaborate and systematic effort to trade on the reputation and goodwill of Hi-Lite, these unproduced emails undoubtedly scratch the surface of undiscovered cache of responsive and relevant documents. It is readily apparent that Plaintiff's collection of documents from a mere four employees has severely prejudiced Defendants in this case by greatly limiting the number of responsive and relevant documents produced.

2. **Plaintiff failed to present Defendants' Requests for Production, document preservation letter, or keywords to Mr. Koller.**

Indicative of Plaintiff's failure to properly participate in the discovery process in this case is Mr. Koller's testimony that he never saw any of Defendants' requests for production

---

[2] To be filed under seal.
[3] To be filed under seal.

propounded in this case. *See* Exhibit A, M. Koller Depo. at 27:18-28:1. Mr. Koller also confirmed that he was the only employee at Barn Light Electric capable of performing a global search for responsive documents, making any contention by Plaintiff that additional responsive documents could have been collected by another individual at the company impossible. *See id.* at 21:11-22.

Further, Mr. Koller testified that he had never seen Defendants' letter to Plaintiff instructing it to preserve all electronically stored information, nor was he aware of the list of key words that the attorneys for both sides agreed would assist Plaintiff in identifying responsive documents. *See id.* at 6:8-7:9; 47:17-48:24. The email including the keywords is attached hereto as Exhibit E[4]. Notably, the proposed keywords related to Defendants' First Request for Production, which calls into doubt Plaintiff's production of documents relating to *all* of Defendants' 198 requests, not just those that are the subject of this Renewed Motion.

### 3. Plaintiff failed to search many of its computers and servers.

Despite Plaintiff's statements to the contrary[5], Barn Light Electric maintains a complex and sophisticated network of computer servers, root access to which rests solely with Mr. Koller. *See id.* at 17:19 - 26:8. Many of Plaintiff's servers and individual computers, however, remain unsearched for responsive documents to this day. For example, Mr. Koller confirmed that the server housing the aforementioned Vault, and a server Barn Light Electric refers to as "the sandbox," were never searched. *See id.* at 39:17 – 40:1. A proper search of Plaintiff's entire computer network would likely reveal many documents responsive to Defendants' numerous requests for production.

---

[4] To be filed under seal.
[5] *See* Jan. 12, 2016 Hearing Transcript at 42:12-16 (Mr. Fernandez: "[W]e produced the documents that we had, but it's a small company, it wasn't, you know, a very sophisticated company in terms of how its IT was kept . . . .").

### B. Plaintiff Withheld Large Volumes of Responsive and Relevant Purchase Orders.

Despite its contention to the contrary[6], Plaintiff has not produced all relevant documents responsive to Defendants' Request for Production No. 118, which seeks "[a]ll of Barn Light Electric's purchase orders for Products sold from 2008 to date." As noted hereinabove, and as revealed by Defendants' review of the 98 purchase orders produced per the Court's Order, Plaintiff's flawed determination of which purchase orders Defendants were entitled to receive likely left many relevant documents unproduced. For example, Plaintiff failed to produce purchase orders sent to one of Hi-Lite's competitors with an instruction to either replace, replicate, or substitute a Hi-Lite product referenced by a Hi-Lite product designation. *See* Exhibit F[7] (composite exhibit including previously unproduced purchase orders sent to competitor with an instruction to copy a Hi-Lite product). Plaintiff also failed to produce purchase orders revealing when an order for a Hi-Lite product was fulfilled directly by Barn Light Electric. *See* Exhibit G[8] (composite exhibit including previously unproduced purchase orders Barn Light Electric sent to itself, many of which serve to fulfill a corresponding invoice for a Hi-Lite product). Notably, Plaintiff failed to actually identify all purchase orders referencing Hi-Lite. *See* Exhibit H[9] (composite exhibit including previously unproduced purchase orders explicitly referencing Hi-Lite).

Additionally, Plaintiff's spreadsheets regarding its invoices and purchase orders are also deficient. In response to Defendants' Requests for Production No. 117 and 118, Plaintiff produced two spreadsheets, created by Plaintiffs for this litigation, which included isolated information from its actual invoices and purchase orders. At the hearing before this Court on

---

[6] *See* Jan 12, 2016 Hearing Transcript at 15:17-21 (Mr. Fernandez: "Whenever there is a purchase order, if it referenced in any way Hi-Lite, that was produced to the defendants.").
[7] To be filed under seal.
[8] To be filed under seal.
[9] To be filed under seal.

January 12, 2016, Plaintiff argued that it was unnecessary to produce the actual purchase orders since Defendants already had the necessary information in the spreadsheet. Plaintiff's argument fails, however, because the spreadsheets are both inaccurate and incomplete.

For example, a typical responsive purchase order includes the name, address, and telephone number of the purchaser. A typical responsive purchase order may also include certain notes from the person who filled the purchase order. Such information was omitted from Plaintiff's spreadsheet. Further, many of the entries in Plaintiff's invoice summary spreadsheet lack a corresponding entry on Plaintiff's purchase order spreadsheet. Based on Defendants' sampling of certain purchase orders, the most glaring absence on the purchase order spreadsheet is any reference to a purchase order Barn Light Electric sent to itself. The only possible explanation for Barn Light Electric's failure to include its own purchase orders in its summary spreadsheet is that it is attempting to limit its liability in this case by hiding evidence of its infringing activity. Because of the deficiencies in Plaintiff's two summary spreadsheets, Plaintiffs must produce the actual purchase orders in response to Defendants' requests, and should not substitute such response with carefully crafted, yet deficient, spreadsheets.

C.      **Plaintiff's counsel obstructed the Court-ordered deposition of Mr. Koller.**

Despite this Court's clear directive to the contrary, Plaintiff's counsel repeatedly and improperly limited Defendants' questioning during Mr. Koller's deposition. *See* Exhibit A, M. Koller Depo. at 9:6-23; 32:25 - 33:7; 58:19 – 59:21; 71:13-15. Further, Plaintiff's counsel repeatedly refused to permit Mr. Koller to view Defendants' deposition exhibits, relying on a prior agreement between the parties that all documents produced by a third party in this litigation will be treated as "highly confidential" pursuant to the protective order in this case. Plaintiff's counsel went so far as to preclude Defendants from presenting to Mr. Koller emails that he

actually authored, thereby ignoring a prior stipulation that a witness may view documents that he or she was either the author or recipient of. *See id.* at 50:3-9; 70:9 – 71:24. These tactics by Plaintiff's counsel have further prejudiced Defendants by preventing the thorough and complete deposition of Mr. Koller in direct contradiction to this Court's Order.

## VI.  CONCLUSION

Plaintiff has continuously failed to comply with its discovery obligations in this case. Under the broad right of discovery in Fed. R. Civ. P. 26, Plaintiffs are required produce all relevant documents responsive to Defendants' requests for production. Plaintiff's complete failure to properly participate in the discovery process is particularly egregious. Accordingly, Defendant's respectfully ask this Court entry of an Order (1) permitting Defendants to enlist a third-party vendor to undertake a forensic search of Plaintiff's computer systems for responsive documents and to do so at Plaintiff's expense; and (2) permitting a jury instruction that an adverse inference may be taken from Plaintiffs' failure to produce relevant documents in this litigation. Defendants further seek entry of an Order directing Plaintiff to pay the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5), as well as any other relief this Court deems appropriate.

Date: February 17, 2016					Respectfully submitted,


					*/s/ Stephen G. Anderson*
					Michael J. Colitz, III
					Florida Bar No. 164348
					Stefan V. Stein
					Florida Bar No. 300527
					Stephen G. Anderson
					Florida Bar No. 0105697
					GRAYROBINSON, P.A.
					401 E. Jackson Street, Suite 2700
					Tampa, FL 33602

14

(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Defendants attempted to confer with opposing counsel regarding the relief requested herein. Plaintiff's counsel neither agreed to nor opposed the relief sought herein. An updated Certificate of Conference will be provided once Plaintiff's position is ascertained.

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy to all counsel of record.

/s/ *Stephen G. Anderson*
Stephen G. Anderson

# 9421978 v4