# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BARN LIGHT ELECTRIC COMPANY, LLC, a Florida limited liability company,**

     **Plaintiff,**

**v.**                              **CASE NO.: 8:14-cv-1955-MSS-AEP**

**BARNLIGHT ORIGINALS, INC., a Nevada Corporation; HI-LITE MANUFACTURING COMPANY, INC., a California corporation; and JEFFREY L. OHAI, an individual California Resident,**

     **Defendants.**

_____/

**BARNLIGHT ORIGINALS, INC., a Nevada Corporation; HI-LITE MANUFACTURING COMPANY, INC., a California corporation; and JEFFREY L. OHAI, an individual California Resident,**

     **Counterclaim Plaintiffs,**

**v.**

**BARN LIGHT ELECTRIC COMPANY, LLC, a Florida limited liability company,**

     **Counterclaim Defendants,**

**and**

**BRYAN AND DONNA SCOTT, individual Florida residents,**

     **Third-Party Defendants.**

_____/

## ORDER

On February 23, 2016, the Court held a status conference in this case and addressed various pending motions filed by the Parties.  For the reasons stated on the record at the hearing, it is hereby **ORDERED** that:

1.  Defendants/Counter-Plaintiffs, Jeffrey L. Ohai ("Ohai") and Hi-Lite Manufacturing Company, Inc. ("Hi-Lite") **shall file** their covenant not to sue on the '477 patent within **seven (7) days** of the date of this Order.  Ohai and Hi-Lite shall confer with Plaintiff/Counter-Defendant, Barn Light Electric Company, LLC ("BLE") prior to filing and certify that the covenant is satisfactory to BLE.

2.  The Motion to Exclude Expert Report of Michael Karaban or, in the Alternative, Motion for Enlargement of Time (Dkt. 130) filed by Defendant, Barnlight Originals, Inc. ("BLO") is **DENIED**.  Mr. Karaban shall be permitted to testify at trial regarding the content of his expert report subject to cross-examination.

3.  BLO's Motion to Exclude Expert Report of Jeffrey Stec, Ph.D. (Dkt. 161) is **DENIED**.  Dr. Stec shall be permitted to testify at trial regarding the content of his expert report subject to cross-examination.

4.  BLE's *Daubert* Motion to Exclude Testimony of Stanley Stephenson, Ph.D. (Dkt. 168) filed is **DENIED without prejudice**, subject to being reasserted prior to trial after *voir dire* of this witness.

5.  The Motion to Exclude Expert Testimony of Dr. Eli Seggev (Dkt. 166) filed by BLE and Third-Party Defendants Bryan and Donna Scott (the "Scotts")

is **DENIED**.  Dr. Seggev shall be permitted to testify at trial regarding the content of his expert report subject to cross-examination.

6.   BLE's Objection to Magistrate Judge Porcelli's Order Denying Motion to Compel (Dkt. 185) is **SUSTAINED** and Judge Porcelli's order (Dkt. 175) is **OVERRULED** to the extent that Hi-Lite **SHALL** produce to BLE, within **twenty-one (21) days** of this Order: 1) the underlying financial records of all sales and purchases between Hi-Lite and BLE, sufficient to disclose how much money was paid to Hi-Lite by BLE on which dates and, to the extent available, for which products, and 2) financial records for any sales made and fulfilled by Hi-Lite due to referrals from BLO or otherwise for BLO customers.  Additionally, within **twenty-one (21) days** of this Order, Hi-Lite **SHALL** also provide to Court, *in camera*, financial records of all profits made by Hi-Lite through sales to BLO (as Hi-Lite's client or customer or distributor—however designated).  Thereafter, the Court will determine whether this information should be produced to BLE.

7.   BLE and the Scotts' Motion for Leave to File First Amended Answer to Defendants' Second Amended Counterclaims and Third Party Complaint (Dkt. 254) is **GRANTED**.  The First Amended Answer to Defendants' Second Amended Counterclaims and Third Party Complaint (Dkt. 282) filed by BLE and the Scotts on February 24, 2016 is deemed timely filed.   Hi-Lite, BLO, and Ohai shall have **fourteen (14) days** to file a response, not to include breach of contract as a defense because Hi-Lite has

acknowledged that no oral or written contract existed concerning the scope of the license.

8.   The Motion to Intervene (Dkt. 256) filed by Valley Forge Insurance Company and Transportation Insurance Company is **DENIED**.

9.   BLE and the Scotts' Motion *in Limine* to Preclude Reference to a Purported "Handshake Agreement" concerning the inception of BLE's relationship with Hi-Lite (Dkt. 268) is **DENIED**.

10.  BLE and the Scotts' Motion *in Limine* to Exclude Testimony of Alleged Prior "Specific Instance of Conduct" (Dkt. 271) is **GRANTED**.

11.  BLE and the Scotts' Motion *in Limine* to Exclude Testimony of Michael Schultz Regarding Purported "Bad Acts" (Dkt. 272) is **DENIED as moot**.

12.  BLE and the Scotts' Motion *in Limine* to Exclude Certain Testimony of William Shawn Sanders and Photographs, Marked as Exhibit 4 to his Deposition (Dkt. 273) is **DENIED as moot**.

13.  BLE and the Scotts' Motion *in Limine* to Preclude Use of Millennium Email (Dkt. 274) is **DENIED**.

14.  The referral of the pending discovery motions (Dkt. 134, 260) to Magistrate Judge Porcelli is **WITHDRAWN only as to** the Motion to Compel the Deposition of Defendants Hi-Lite and BLO Pursuant to Federal Rule of Civil Procedure 30(b)(6) and the Production of Documents, to Preclude Designees' Deficient Testimony, and for Sanctions (Dkt. 134) filed by BLE and the Scotts.   On reflection, the Court has determined not to withdraw the reference as to the Renewed Motion to Compel Discovery Reponses

and for Sanctions (Dkt. 260) filed by BLO and Hi-Lite.  This motion will remain under review by Judge Porcelli.

15.  BLE and the Scotts' Motion to Continue Trial and Pretrial Deadlines (Dkt. 250) is **GRANTED**.    All final pretrial deadlines in this case are **TERMINATED** to allow additional discovery to occur.  The Court will reset the trial term and remaining pretrial deadlines in this case by separate order after the pending discovery motions are resolved.

16.  The Parties are **PROHIBITED** from filing any further motions in this case without leave of the Court.  To the extent that any party seeks to file a motion, it must first file a motion requesting leave to do so.  The Parties are required to meet and confer regarding any motion requesting leave. Additionally, any motion requesting leave shall not exceed **three (3) pages** and shall contain a brief enumerated list of the proposed contents of the motion (i.e., "1. BLE/BLO seeks leave to file a motion to compel production of discovery regarding a, b, & c").

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of February, 2016.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE