**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BARN LIGHT ELECTRIC COMPANY, LLC, a Florida limited liability company,**

**Plaintiff,**

**v.** **CASE NO.: 8:14-cv-1955-MSS-AEP**

**BARNLIGHT ORIGINALS, INC., a Nevada Corporation; HI-LITE MANUFACTURING COMPANY, INC., a California corporation; and JEFFREY L. OHAI, an individual California Resident,**

**Defendants.**
**_______________________________________/**

**BARNLIGHT ORIGINALS, INC., a Nevada Corporation; HI-LITE MANUFACTURING COMPANY, INC., a California corporation; and JEFFREY L. OHAI, an individual California Resident,**

**Counterclaim Plaintiffs,**

**v.**

**BARN LIGHT ELECTRIC COMPANY, LLC, a Florida limited liability company,**

**Counterclaim Defendants,**

**and**

**BRYAN AND DONNA SCOTT, individual Florida residents,**

**Third-Party Defendants.**
**_______________________________________/**

**ORDER**

**THIS CAUSE** comes before the Court for consideration of the Expedited Motion to Compel the Deposition of Defendants Hi-Lite and BLO Pursuant to Federal Rule of Civil

Procedure 30(b)(6) and the Production of Documents, to Preclude Designees' Deficient Testimony, and for Sanctions (Dkt. 134) filed by Plaintiff, Barn Light Electric Company, LLC ("BLE") and Third-Party Defendants Bryan and Donna Scott (the "Scotts"), and the Response in opposition thereto (Dkt. 156) filed by Defendants, Barnlight Originals, Inc. ("BLO") and Hi-Lite Manufacturing Company, Inc. ("Hi-Lite).

In their Motion, BLE and the Scotts assert that the corporate representatives produced at the Rule 30(b)(6) depositions on behalf of Defendants BLO and Hi-Lite were grossly unprepared, willfully ignorant, and failed to offer competent testimony on a number of subjects contained in BLE and the Scotts' Rule 30(b)(6) deposition notices. Furthermore, BLE and the Scotts also argue that opposing counsel improperly coached BLO's corporate designee, Jeffrey Ohai, to provide favorable answers. Accordingly, BLE and the Scotts request that the Court: impose sanctions against BLO and Hi-Lite, award BLE and the Scotts costs and fees, preclude BLO and Hi-Lite from offering testimony on the topics upon which their corporate designees offered deficient testimony, and compel BLO and Hi-Lite, at their own cost, to produce new Rule 30(b)(6) corporate designees for additional depositions and to produce certain outstanding discovery.

As a preliminary matter, the Motion does not comply with Local Rule 3.04(a) because it does not include a *quotation* of each of the deposition questions and responses which it contends were deficient. Instead BLE and the Scotts direct the Court to certain portions of the corporation designees' deposition transcripts that BLE and the Scotts contend demonstrate that the testimony given was so insufficient as to be "no testimony at all." The transcript citations do not necessarily correspond to the specific questions and answers being challenged in the Motion. For this reason, the Court struggled in

some instances to even locate questions corresponding to the topics upon which the designees allegedly failed to offer competent testimony. Avoidance of this struggle, of course, is the purpose for which the Rule was promulgated.

However, upon review of the cited portions of the designees' deposition transcripts, the Court does not find that the designees' testimony was so deficient as to warrant sanctions. The fact that the designees were unable to answer certain, specific questions does not mean that BLO and Hi-Lite failed to produce knowledgeable, prepared, and competent corporate designees. See QBE Ins. Corp. v. Jorda Enters., 277 F.R.D. 676, 690 (S.D. Fla. Jan. 30, 2012) ("Absolute perfection is not required of a 30(b)(6) witness. The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation.").

The only instance of a failure to offer testimony on a certain topic occurred during the Rule 30(b)(6) deposition of Dorothy Ohai when she was questioned about Hi-Lite's profits, both generally and as earned through BLO. However, the Court has now compelled Hi-Lite to produce certain financial information relevant to BLE's claims. (Dkt. 283 at ¶ 6) Therefore, to the extent that the instant Motion challenges the failure to provide financial information or seeks to compel production of the same, the Motion is **DENIED without prejudice.** If additional testimony is warranted in this area once the discovery is produced, the matter may be presented to the Court upon the filing of motion for leave to file a motion to obtain additional deposition discovery in this area. (See Dkt. 283 at ¶ 16) Of course, if the Parties stipulate to limited additional deposition discovery on this topic, no motion would be necessary.

In all other respects, the Motion to Compel the Deposition of Defendants Hi-Lite and BLO Pursuant to Federal Rule of Civil Procedure 30(b)(6) and the Production of Documents, to Preclude Designees' Deficient Testimony, and for Sanctions (Dkt. 134) is **DENIED**. Each Party shall bear its own fees and costs in bringing and defending the Motion.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of March, 2016.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person