UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARN LIGHT ELECTRIC COMPANY,**
**LLC, a Florida limited liability company,**

    **Plaintiff,**
**v.**                                                                 **CASE NO.: 8:14-cv-1955-MSS-AEP**

**BARNLIGHT ORIGINALS, INC., a**
**Nevada Corporation; HI-LITE**
**MANUFACTURING COMPANY, INC., a**
**California corporation; and JEFFREY L.**
**OHAI, an individual California Resident,**

    **Defendants.**
_____/

**BARNLIGHT ORIGINALS, INC., a**
**Nevada Corporation; HI-LITE**
**MANUFACTURING COMPANY, INC., a**
**California corporation; and JEFFREY L.**
**OHAI, an individual California Resident,**

    **Counterclaim Plaintiffs,**
**v.**

**BARN LIGHT ELECTRIC COMPANY, LLC,**
**a Florida limited liability company,**

    **Counterclaim Defendants,**

**and**

**BRYAN AND DONNA SCOTT, individual**
**Florida residents,**

    **Third-Party Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Unopposed Motion for Leave to File Motion to Redact the Transcript of the February 23, 2016 Hearing (Dkt. 317) filed by Defendants, Barnlight Originals, Inc., Hi-Lite Manufacturing Company, Inc., and Jeffrey Ohai. Defendants' proposed motion to redact the transcript is attached to their motion for leave to file. (Dkt. 317-1) Therein, Defendants request redaction of certain portions of the hearing transcript where the profits of Defendant, Hi-Lite Manufacturing Company, Inc., were discussed. Defendants contend that these financial figures should be redacted because they have been deemed "Highly Confidential" by the Parties under the Protective Order entered in this case.

As this case progresses to trial, financial information of the Parties will necessarily be discussed at public court proceedings. "There is no question that a common law right of access exists as to civil proceedings. 'What transpires in the courtroom is public property.'" Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985) (quoting Craig v. Harney, 331 U.S. 367, 374 (1947)). While the Parties may have deemed this particular information "Highly Confidential," the Parties' agreement to seal or redact portions of the Court's record "is immaterial" to the public's right of access. Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

Here, Defendants have not shown "good cause" sufficient to overcome the public's right of access and require redaction of the limited financial information discussed at the Court's public hearing held on February 23, 2016. See Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Defendants' request to redact the transcript is therefore **DENIED**. Accordingly, Defendants' Unopposed Motion for Leave to File

Motion to Redact the Transcript of the February 23, 2016 Hearing (Dkt. 317) is **DENIED as moot**.   No further motion shall be filed.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of April, 2016.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE