BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

      Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a California
corporation; and JEFFREY L.
OHAI, an individual California
Resident,

      Defendants.

_____/

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

      Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

      Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

      Third-Party Defendants.

_____/

**REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT [DKT. 309]**

Barn Light Electric Company, LLC and Third-Party Defendants Bryan Scott and Donna Scott (collectively, "Plaintiffs"), pursuant to this Court's Order [Dkt. 325] and Rules 15(a)(2) and 16 of the Fed. R. Civ. P., respectfully submit this Reply in support of Plaintiff's motion to amend the operative complaint [Dkt. 309] (the "Motion"), and state as follows:

## I.     INTRODUCTION

At the status conference of February 23, 2016, this Court charitably provided Defendants another chance to offer a *bona fide* covenant-not-to-sue that would end the patent dispute in this case.[1]  Several days later, Defendants—for the first time—inserted a clause into the proposed covenant that expressly carved out patents related to the patent-in-suit.  This prompted Plaintiffs' counsel to search and identify U.S. Pat. No. 9,234,651, which issued on January 12, 2016 (the "New Patent").  Defendants have admitted that the New Patent covers the same invention and products in-suit as U.S. Pat. No. 8,556,477 ("the '477 Patent").  Plaintiffs insisted Defendants add the New Patent to the covenant, or alternatively, consent to the addition of the New Patent to this action.  Defendants refused.

The requested amendment is timely and may be performed in parallel with other ongoing discovery.  It also preserves the Court's and the parties' resources by avoiding multiple patent infringement actions over the same invention and products.  Further, the amendment would result in more efficient disposition of the present dispute without any meaningful prejudice to Defendants.  In addition, eliminating unenforceable patents acquired through overt fraud on the United States Patent and Trademark Office (the "USPTO") is in the public's interest.

## II.    STANDARD OF LAW

Fed. R. Civ. P. 15(a)(2) is permissive, and provides that leave to amend pleadings "shall be freely given when justice so requires."

---

[1] The history of ineffectual covenants offered by Defendants is set forth in Dkt. 211, p. 31.

## III.  AN AMENDMENT IS TIMELY BECAUSE THE NEW PATENT RECENTLY ISSUED AND PLAINTIFFS FIRST LEARNED OF IT ON MARCH 3, 2016.

Plaintiffs first learned of the New Patent on March 3, 2016.[2]  Earlier that day, Defendants' counsel had presented Plaintiffs' counsel a revised covenant-not-to-sue that added the following carve-out: "This covenant shall not extend to any related patents or patent applications, including without limitation, continuations, continuations-in-part, or divisions of the '477 Patent."[3]  The unexpected carve-out led Plaintiffs' counsel to research USPTO records and discover the New Patent.[4]  Upon discovery of the New Patent, Plaintiffs' counsel immediately notified Plaintiffs, who were until then also unaware of the issuance of the New Patent.  Plaintiffs' counsel promptly requested that Defendants provide a covenant extinguishing the dispute for both patents.  *See* **Exhibit 4**.  Defendants refused.  *See* **Exhibit 5**.  The following week, Defendants filed their Notice of Filing Covenant [Dkt. 293].  Following an appropriate meet and confer, Plaintiffs filed the Motion on March 21, 2016.

## IV.  THE NEW PATENT COVERS THE SAME INVENTION AND PRODUCTS AS THE PATENT IN SUIT, SO LITTLE MORE IS NEEDED TO ESTABLISH THE NEW PATENT'S INVALIDITY AND UNENFORCEABILITY.

### A. Defendants Agree That The New Patent Covers The Same Invention And Products As The Patent In Suit.

Defendants threatened Barn Light Electric with the '477 Patent and the then-pending application that issued as the New Patent.[5]  Defendants' Cease and Desist Letter stated that the two patents do not merely concern two related inventions, but that they claim the *same* invention:

> It has come to our attention that you are selling goods which may infringe US Patent No. 8,556,477 and upon issuing, US Patent Application Serial No. 14/054,535. The '477 patent

---

[2] *See* the Declaration of Donna Scott, attached as **Exhibit 1**.

[3] *See* **Exhibit 2**, a true and correct copy of the executed version of the covenant proposed on March 3, 2016.

[4] Until Plaintiffs' discovery of the New Patent, Defendants had made no mention of it.  In fact, at the status conference, Defendants carefully avoided revealing the recent issuance of the New Patent by referring only to a single patent.  *See* **Exhibit 3**.

[5] *See* Cease and Desist Letter, attached as **Exhibit 6**.

and published '535 application are attached. The '535 application *shares the same patentable features* as the issued '477 patent and *merely claims a different embodiment of the invention.*

*Id.* (emphasis added). Thus, by limiting its scope to one of the two patents that purportedly claim the same invention, the executed covenant does not extinguish the full threat of infringement associated with Defendants' patent rights in the features that are common to both patents.

## B. Defendants Accepted The USPTO's Position That The New Patent Covers The Same Features Disclosed In The '477 Patent

During the prosecution of the New Patent, the examiner noted that only the claims reciting subject matter disclosed in the '477 Patent should be allowed.[6] Defendants did not dispute this. The patent examiner's reasoning was simple: the New Patent's claims that consist of no new subject matter were afforded the same filing date as the '477 Patent; and because they share the same filing date, the '477 Patent does not bar the New Patent.

## C. Because The New Patent Covers The Same Invention And Products As The '477 Patent, The Record Together With Minimal Discovery Is Sufficient To Establish The New Patent Is Invalid And Unenforceable.

The parties spent months in discovery pertaining to the '477 Patent and the products accused by Defendants. As a result, only minimal discovery is necessary in connection with the New Patent to show it is invalid for the same reasons as the '477 Patent, *e.g.*, commercial sales that violate the on-sale bar and public use. Similarly, as with the '477 Patent, Defendants' deliberate withholding of such material information that relates to patentability from the USPTO renders the New Patent unenforceable for inequitable conduct. Plaintiffs believe that—within thirty days—expedited discovery and a single deposition of the inventor could be used to resolve questions regarding invalidity and unenforceability of the New Patent.

---

[6] *See* the Office Action issued by the USPTO, attached as **Exhibit 7**.

## V.  GRANTING LEAVE TO AMEND DOES NOT PREJUDICE DEFENDANTS.

Adding the New Patent to the action will not prejudice Defendants.  Defendants had full opportunity to take discovery regarding the '477 Patent.  According to Defendants, the New Patent shares the "same patentable features" as the '477 Patent and is directed to the same accused products in-suit.  *See supra*, Section IV.A.  Considering the complete overlap in subject matter and accused products that were already the subject of extensive discovery, additional discovery can be readily limited and streamlined to avoid duplication of work.

Defendants exaggerate the need for additional motions practice.  The parties previously agreed that there was no need for a *Markman* briefing/hearing on the '477 Patent because of the uncomplicated subject matter at issue.  Defendants offer no reason why *Markman* briefing/hearing would be required on the New Patent, which covers the same patentable features.  Defendants likewise overstate the need for *Daubert* motions and motions *in limine*.  No such motions were brought in connection with the '477 Patent, and Defendants offer no indication why such briefing would be necessary regarding the New Patent.

Lastly, Defendants' protests about costs of adding the New Patent are insincere.  The reason amending the complaint is necessary is because Defendants expressly accused Plaintiffs of infringement and are now withholding a covenant on the New Patent, which involves the same products-in-suit.  The Defendants' preferred alternative—allowing them to assert a patent infringement action at a time and venue of their choosing—is *far more* costly than addressing the issue now.  A separate action would reset the clock and add a greater administrative burden on the Court compared to amending the complaint in this case.

## VI.  CONCLUSION

Plaintiffs respectfully request leave to file a Fourth Amended Complaint to include U.S. Pat. No. 9,234,651 to its action for Declaratory Judgment.

Dated: May 4, 2016

Respectfully submitted,

/s/ Stephen J. Leahu

By: Alejandro J. Fernandez, Esq.
    Board Certified in Intellectual Property Law
    FL. Bar No.: 32221
    E-mail: AFernandez@FeldmanGale.com
    Gregory L. Hillyer, Esq
    FL. Bar No. 682489
    E-mail: GHillyer@FeldmanGale.com
    Stephen J. Leahu, Esq.
    FL Bar No. 54037
    E-mail: SLeahu@FeldmanGale.com
    Joseph R. Sozzani, Esq.
    FL Bar No. 120297
    E-Mail: JSozzani@FeldmanGale.com
    Matthew N. Horowitz, Esq.
    FL. Bar No. 98564
    E-mail: MHorowitz@FeldmanGale.com
    **FELDMAN GALE, P.A.**
    400 N. Tampa Street, Suite 2830
    Tampa, FL 33602
    Telephone No. (813) 374-8890
    Telefacsimile No. (305) 358-3309

    *Counsel for Plaintiff, Counterclaim-*
    *Defendants and Third Party Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of May 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive filings electronically.

/s/ Stephen J. Leahu
Stephen J. Leahu

<u>**SERVICE LIST**</u>
***Barn Light Electric Company, LLC v. Barnlight Originals, Inc., et al.***
Case No.: 8:14-CV-1955-T-35AEP
United States District Court, Middle District of Florida

Stefan Vaughn Stein
Email: stefan.stein@gray-robinson.com
Michael J. Colitz, III
Email:  michael.colitz@gray-robinson.com
Stephen Gregory Anderson
Email:  Stephen.anderson@gray-robinson.com
**GrayRobinson, P.A.**
401 E. Jackson Street, Suite 2700
Post Office Box 3324
Tampa, FL 33602
Telephone No. (813) 273-5000

*Attorneys for Defendant/Counter-Plaintiffs*