UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,
Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation,
JEFFREY L. OHAI, an individual California resident,
Defendants.
_________________________________________/

CASE NO.:
8:14-CV-1955-T-35AEP
Honorable Mary S. Scriven
Magistrate Anthony E. Porcelli

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; and
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation,
JEFFREY L. OHAI, an individual California resident,
Counterclaim Plaintiffs,
v.
BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,
Counterclaim Defendants,
and
BRYAN AND DONNA SCOTT, individual
Florida residents,
Third-Party Defendants.
_________________________________________/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OPPOSED MOTION FOR LEAVE TO SERVE DISCOVERY RELATING TO PLAINTIFFS' AFFIRMATIVE DEFENSE OF IMPLIED LICENSE**

Pursuant to Local Rule 3.01(b), Plaintiff Barn Light Electric Company, LLC and Third-Party Defendants Bryan Scott and Donna Scott (collectively, "Plaintiffs"), respectfully submit this Opposition to Defendants' Opposed Motion for Leave to Serve Discovery Requests Relating to Plaintiff's Affirmative Defense of Implied License ("Motion"), and state as follows:

## I. DEFENDANTS' DISCOVERY REQUESTS VIOLATE PRACTICALLY EVERY COURT-IMPOSED LIMITATION ON FURTHER DISCOVERY

Defendants' discovery requests exceed the Court's strict limits on more discovery concerning the implied license defense. During the February 23, 2016 status conference, the Court granted Plaintiffs leave to add implied license as an affirmative defense because the issue was "fully litigated and discovered." Status Conf. Tr. ("Transcript") 83:23-24 (February 23, 2016); *see* Transcript 84:10-12 ("…it looks like everything was discovered in connection with this [implied license defense]."). Since the defense was already the subject of complete discovery, the Court substantially curtailed further discovery by issuing detailed directions/limits about additional discovery, to the extent any was even necessary. [1]

First, the Court required specificity in any further discovery requests, including interrogatories and a single request for production for a specific document. *See* Transcript 83: 24 – 84:14 ("If there's some *specific* interrogatory that you would like to propound….") (emphasis added); *see also* Transcript 84:3-5 ("*limited to a specific document… I want a specific document request*.") (emphasis added).

The present interrogatories are not specific. Rather, the interrogatories revisit the entirety of the Plaintiff's license defenses, which was already fully litigated and discovered. Regarding

[1] Defendants suggest that—although present at the status conference—they were unaware of the Court's express limitations on further discovery. Defendants, even if unaware of the Court's discovery limitations at the time they sought more discovery, were aware of the limitations prior to the Local Rule 3.01(g) meeting for the Motion. Nevertheless, as detailed *infra* at 3, Defendants refused Plaintiff's requests that they limit the scope of their requests to comply with the Court's directive.

the license defense, Defendants ask for: "identification of all documents;" description of "all the facts and circumstances;" and all materials subject to a license, including but not limited to on Plaintiffs' website. All the subject matter sought in the interrogatories was already the subject of extensive discovery, including numerous requests for production, interrogatories, depositions and requests for admissions from both parties. Likewise, the present request for production number 207 does not request or otherwise identify a "specific document." It is broadly directed to unspecified documents about the scope and/or limitations regarding the license defense.

Defendants offer a partial account about the basis for Plaintiffs' objections to the additional discovery requests. Plaintiffs objected to Defendants' requests for multiple reasons, not just the Defendants' failure to seek leave as required by the Court. *See* Plaintiffs Objections to Defendants 4th Set of Interrogatories, attaches as Ex. 1, 7-12; *see also*, Plaintiff's Responses to Defendants Sixth Request for Production of Documents (No. 207), attached as Ex. 2, 7. Beyond Defendants' failure to seek leave, Plaintiffs' objected to the broad scope of the discovery requests. *See* Ex. 1, 7-12; *see also*, Ex. 2, 7 (Plaintiffs "object to Request No. 207 on the basis of Defendants' and Counterclaim Plaintiffs' failure to adhere to the Court's directive that Defendants and Counterclaim Plaintiffs limit the scope of any such Request to a 'specific document.'"). That is, the requests did not comply with the limitations set by the Court. Further, before and during the Local Rule 3.01(g) meeting regarding the Motion, Plaintiffs repeatedly asked for Defendants to propose alternative requests tailored to finding *specific* information or documents rather than requests directed at general contentions. *See* Email Correspondence Dated April 21, 2016, Ex. 3. Defendants refused. When confronted with the Court's specific limitations, Defendants dismissively answered that they would *not* limit their discovery requests because they believe "the Court is wrong" in limiting their scope.

Further still, Defendants failed to explain that the "Request for Production No. 207," ("Proposed RFP 207") in Section 5.d of the Motion differs from the propounded Request for Production 207 ("Propounded RFP 207") that was referenced earlier in the Motion, objected to by Plaintiffs, and subject to the Local Rule 3.01(g) meeting. As shown in Ex. 2, the Propounded RFP 207 was even broader than the Proposed RFP 207, which was presented for the first time in the Motion. The Propounded RFP 207 included precisely the "including but not limited to" language expressly proscribed by the Court. The Court warned Defendants not to draft a request with language such as "not limited to, all documents that refer, reflect or relate to…. I want a specific document request." Transcript 84: 3-5.

In short, Defendants disagreed with the Court's order but nevertheless insisted on propounding needlessly broad discovery requests.

## II. CONCLUSION

Defendants should not be permitted to re-take discovery on subject matter that was fully litigated and discovered, and which was directly prohibited by the Court. Accordingly, the Motion should be denied.

Dated: May 12, 2016

Respectfully Submitted,

**FELDMAN GALE, P.A.**

By: */s/ Alejandro J. Fernandez*

Alejandro J. Fernandez, Esq.
Board Certified in Intellectual Property Law
FL. Bar No. 32221
E-mail: AFernandez@FeldmanGale.com
Gregory L. Hillyer, Esq
FL. Bar No. 682489
E-mail: GHillyer@FeldmanGale.com
Joseph R. Sozzani, Esq.
FL. Bar No. 120297

E-Mail: JSozzani@FeldmanGale.com
Stephen J. Leahu, Esq.
FL Bar No. 54037
E-mail: SLeahu@FeldmanGale.com
Matthew N. Horowitz, Esq.
FL. Bar No. 98564
E-mail: MHorowitz@FeldmanGale.com
**FELDMAN GALE, P.A.**
400 N. Tampa Street, Suite 2830
Tampa, FL 33602
Telephone No. (813) 374-8890
Telefacsimile No. (305) 358-3309
*Counsel for Plaintiff, Counterclaim-Defendants and Third Party Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive filings electronically.

/s/ *Alejandro J. Fernandez*
Alejandro J. Fernandez

**SERVICE LIST**
***Barn Light Electric Company, LLC v. Barnlight Originals, Inc., et al.***
Case No.: 8:14-CV-1955-T-35AEP
United States District Court, Middle District of Florida

Stefan Vaughn Stein
Email: stefan.stein@gray-robinson.com
Michael J. Colitz, III
Email: michael.colitz@gray-robinson.com
Stephen Gregory Anderson
Email: Stephen.anderson@gray-robinson.com
**GrayRobinson, P.A.**
401 E. Jackson Street, Suite 2700

Post Office Box 3324
Tampa, FL 33601
Telephone No. (813) 273-5000

*Attorneys for Defendants/Counterclaim Plaintiffs*