IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

  Plaintiff,

v.

              Case No. 8:14-CV-1955-T-35AEP

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation;
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation; and
JEFFREY L. OHAI, an individual
California Resident

  Defendants.
_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL [DKT. 327]

Pursuant to Local Rule 3.01(b), Defendants Barnlight Originals, Inc., Hi-Lite Manufacturing Company, Inc. and Jeffrey L. Ohai, (collectively "Defendants"), by and through their undersigned counsel, hereby file this Opposition to Plaintiff Barn Light Electric Company, LLC's and Third-Party Defendants Bryan and Donna Scott's Renewed Motion to Compel ("Motion") [Dkt. 327]. In support this Opposition, Defendants state as follows.

I.  **INTRODUCTION**

Dissatisfied with two prior Orders from this Court [Dkts. 175 and 283], Plaintiff again moves to compel Hi-Lite to respond to a laundry list of discovery requests seeking the production of irrelevant financial information. This third request for Hi-Lite's financials should be rejected for all the reasons previously advanced in the briefings, orders, and oral arguments on this topic. [Dkts. 113, 141, 175, 204, 281, and 283.] With regard to the documents this Court

directed Hi-Lite to produce via its Order of February 25, 2016 [Dkt. 283] ("Order"), Hi-Lite fully complied by: i) producing and making available for inspection financial records showing all sales and purchases between Hi-Lite and Barn Light Electric; ii) producing financial records of all profits Hi-Lite made from the sales of products to Barnlight Originals; and by iii) confirming, via a sworn declaration, that Hi-Lite never sold fixtures directly to end customers as a result of a referral from Barnlight Originals. Plaintiff's Motion should therefore be denied.

## II.     PLAINTIFF'S MOTION TO COMPEL HAS BEEN TWICE DENIED BY THIS COURT

Plaintiff's Motion seeks to compel responses to Interrogatories Nos. 2 and 15 and Request for Production Nos. 10, 16, 31, 53, 54, 55, 56, and 64. *See* Motion at Pgs. 3-5. This is Plaintiff's *third* motion with regard to these requests. [Dkt. 109 at Pgs. 13-21; Dkt. 185 at Pg. 4-6.] Indeed, much of the present Motion is a verbatim copy of the motion to compel Plaintiff filed nearly nine months ago. [*Compare* Pgs. 6-8 of Dkt. 327 to Pgs. 10-12 of Dkt. 109.] Plaintiff's first motion to compel was extensively briefed and was the subject of a one and a half hour long oral argument. [Dkts. 109, 113, 124, and 141.] After studying the briefing and listening to the oral arguments, the Court correctly concluded that "Plaintiff failed to demonstrate that [Hi-Lite's remaining financial information] was relevant to any claims or defenses." [Dkt. 175 at Pgs. 2-3.] As with the current motion, Plaintiff's prior motion alleged that Defendants "ignored" (or were in "violation of") Court orders, "willfully" withheld documents, and engaged in a "consistent pattern of obstruction." [Dkt. 109.] Ultimately, these exaggerated and unsubstantiated claims were rejected, with the Court concluding that the undersigned "at all times . . . conducted discovery with a spirit of cooperation and civility." [Dkt. 175 at Pg. 5.]

Unsatisfied with that Order, Plaintiff filed its objections to the Magistrate's Order on December 7, 2015. [Dkt. 185.] These objections were likewise exhaustively briefed and the

subject of an oral argument before this Court. [Dkts. 185, 204, 232, and 300.] This Court ultimately sustained the Magistrate's Order, with the exception of the three categories of documents discussed below. [Dkt. 283 at ¶6.] Notably, Plaintiff's current Motion is not limited to these three specific categories and instead impermissibly seeks a third bite at the apple regarding Request for Production Nos. 10, 16, 31, 53, 54, 55, 56, and 64 and Interrogatory Nos. 2 and 15. The inclusion of these requests is also contrary to the explicitly stated basis of Plaintiff's Motion for Leave to File its Renewed Motion to Compel. [Dkt. 318] (Citing "failure to comply with this Court's Order [Dkt. 283]" as the basis of its motion.) Plaintiff's motion likewise resurrects its unjustified accusations that Hi-Lite is "ignoring this Court's Order" and engaging in "unjustified withholding" of discoverable documents.

Defendants respectfully urge this Court to reject any attempt by Plaintiff to re-litigate any previously resolved discovery issues. Moreover, insomuch as Plaintiff's Motion is another attempt to find fault with the Magistrate Judge's Order [Dkt. 175], it does so without any reference whatsoever to the relevant standard. In particular, absent clear error or a ruling contrary to law, Magistrate Judges are granted broad discretion when ruling on non-dispositive discovery motions.[1] The present-day circumstances are the same as those in existence at the time Plaintiff's earlier motions were denied. The facts have not changed, and the documents Plaintiff seeks are still irrelevant to this litigation. Plaintiff's Motion should again be denied.

### III. HI-LITE HAS FULLY COMPLIED WITH THIS COURT'S ORDER

In its Order of February 25, this Court required Hi-Lite to produce the following three categories of documents: (1) the underlying financial records of all sales and purchases between Hi-Lite and Barn Light Electric sufficient to disclose how much money was paid to Hi-Lite by

---

[1] An extensive discussion of the relevant standard can be found in Defendants' prior Memorandum. [Dkt. 204 at Pgs. 4-7.]

Barn Light Electric, on which dates, and to the extent available, for which products; (2) financial records for any sales made and fulfilled by Hi-Lite due to referrals from Barnlight Originals or otherwise for customers of Barnlight Originals; and (3) financial records of all profits made by Hi-Lite through sales to Barnlight Originals. [Dkt. 283 at ¶6.] As noted below, Hi-Lite has fully complied with each of these requirements.

### A. Hi-Lite has produced the underlying financial records of all sales and purchases between Hi-Lite and Barn Light Electric.

With regard to the first category, Hi-Lite has made all such records in its possession available to Barn Light Electric. Defendants have confirmed that the only records that disclose the information sought in the first category are Barn Light Electric's purchase orders and Hi-Lite's corresponding invoices. *See* Ex. A, McAdam Declaration at ¶4. All of these records have either been produced or made available for inspection. Defendants sent a letter to Plaintiff identifying the Bates numbers of relevant documents and offering an inspection of any remaining documents at Hi-Lite's facility. *See* Ex. B, Ltr. from M. Colitz to A. Fernandez of March 17, 2016.[2] The undersigned offered the inspection at Hi-Lite's facilities in California with the understanding that opposing counsel maintains an office in Los Angeles. Opposing counsel declined this invitation and the parties cooperatively worked towards a mutually agreeable place and time for the inspection. *See* Ex. C, Ltr. from J. Sozzani to M. Colitz of March 21, 2016 at ¶¶6, 8. Ultimately, Hi-Lite shipped these documents to Tampa and proposed a number of dates for inspection. Despite this offer, as of this filing, opposing counsel has not responded and the documents in question have yet to be reviewed. It is respectfully submitted that Plaintiff's Motion is premature without these financial records first being inspected. By contrast, on March 3, 2016, the Court similarly ordered Plaintiff to produce relevant purchase orders in its

---

[2] The exhibit to this letter was designated as "Highly Confidential" and is, therefore, not included with this filing.

possession. [Dkt. 303.] Despite promising to allow an inspection of these documents by April 20, 2016, no inspection has been offered by opposing counsel. *See* Ex. C at ¶2.

In addition to the foregoing, Defendants also produced a summary of all payments made to Hi-Lite by Barn Light Electric. This was generated from a computer system that keeps track of payments received from Hi-Lite's distributors. *See* Ex. A at ¶3. However, the only financial records in Hi-Lite's possession that disclose monies paid to Hi-Lite by Barn Light Electric, on which dates, and for which products, are the underlying purchase orders (and associated invoices) between the two companies. *See id.* This information is held in no other format. Lastly, it is worth noting that the purchase orders in question were created by Barn Light Electric during its business relationship with Hi-Lite and are presumably already in Barn Light Electric's possession. Nonetheless, Hi-Lite has now shipped these documents to Tampa so that they may be inspected. Unfortunately, Plaintiff has yet avail itself of this inspection.

**B. Hi-Lite produced financial records relating to sales to Barnlight Originals.**

With regard to item (2) of the Court's Order, and as previously stated in [Dkt. 319], Hi-Lite searched its records and confirmed that it never sold lighting fixtures directly to end consumers as a result of a referral from Barnlight Originals. This was confirmed in a declaration signed by Mr. David McAdam and filed as part of Hi-Lite's *in camera* inspection. [Dkt. 306 at ¶5.] Further, on March 17, 2016, Barnlight Originals supplemented its production of all purchase orders sent to Hi-Lite, thereby updating its prior production of documents relating to sales by Barnlight Originals. Likewise, Hi-Lite provided to Plaintiff an accounting of all payments received from Barnlight Originals. Hi-Lite and Barnlight Originals have thus fulfilled their obligations under item (2) of the Court's Order.

**C. Hi-Lite produced, *in camera*, financial records of all profits made by Hi-Lite through sales to Barnlight Originals.**

In item (3) of the Court's Order, Hi-Lite was to provide, *in camera*, financial records of all profits made by Hi-Lite through sales to Barnlight Originals. [Dkt. 283.] These financial records were provided to the Court on March 17, 2016. [Dkt. 306.] These records included a declaration detailing Hi-Lite's profit margin over the relevant time period as calculated by Hi-Lite's Certified Public Accountant. [Dkt. 306 at ¶3.] Again, Defendants respectfully submit that they have satisfied the Court's Order as to this item.

## IV. CONCLUSION

Plaintiff's Motion is a misguided attempt to have this Court review for a *third* time its previously rejected Motion to Compel with respect to Hi-Lite's financials. With regard to the three types of documents this Court did order discovery on, Hi-Lite has fully complied as evidenced by the concurrently filed Declaration of David McAdam. Simply put, Hi-Lite is not in possession or control of any additional responsive documents. Plaintiff's Motion should be denied.

Dated: May 20, 2016.

Respectfully submitted,

/s/ Michael J. Colitz, III
Michael J. Colitz, III
Florida Bar No. 164348
Stefan V. Stein
Florida Bar No. 300527
Stephen G. Anderson
Florida Bar No. 0105697
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy to all counsel of record.

                                          */s/ Michael J. Colitz, III*
                                          Michael J. Colitz, III

# 9621613 v5