IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

Case No. 8:14-CV-1955-T-35AEP

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation;
HI-LITE MANUFACTURING COMPANY, INC.,
a California corporation; and
JEFFREY L. OHAI, an individual
California Resident,

    Defendants.
_____/

## DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION [DKT. 320] TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [DKT. 309]

Pursuant to this Court's Order [Dkt. 338], Defendants Barnlight Originals, Inc., Hi-Lite Manufacturing Company, Inc. and Jeffrey L. Ohai, (collectively "Defendants"), by and through their undersigned counsel, hereby file this Sur-Reply in Support of their Opposition ("Opposition") [Dkt. 320] to Plaintiff's Motion for Leave to File its Fourth Amended Complaint ("Motion") [Dkt. 309]. In support of this Opposition, Defendants state as follows.

I.    **INTRODUCTION**

Plaintiff's Reply [Dkt. 331] contains three misstatements that warrant a response. First, the inventions claimed in U.S. Patent No. 8,556,477 ("'477 Patent") and U.S. Patent No. 9,234,651 ("'651 Patent") are, in fact, different. Second, no substantive discovery related to patent infringement has been taken to date, and additional discovery and motion practice will undoubtedly be required if this Court grants Plaintiff's Motion. Third, Plaintiff's allegations of

"overt fraud" are entirely unsupported by any facts whatsoever. For these reasons, as well as the reasons advanced in Defendants' opposition [Dkt. 320], Plaintiff's Motion should be denied.

## II. ARGUMENT

### A. The '477 and '651 Patents Protect "Patentably Distinct" Inventions.

In its Reply, Plaintiff contends that the '477 and '651 Patents cover the same invention. Reply at Pg. 2-3. Plaintiff is incorrect. The relevant claims of the '477 Patent include, *inter alia*, "tapered threaded segments." *See* U.S. Patent No. 8,556,477. Conversely, certain claims of the '651 Patent do not include any such limitation. *See* U.S. Patent No. 9,234,651. This distinction, among others, is significant. Further, Plaintiff's position that the two patents cover the same invention is contradicted by the fact that Mr. Ohai was not required to file a terminal disclaimer with regard to the '651 Patent.[1] The fact that the Patent Office did not require a terminal disclaimer indicates that it views the inventions as being "patentably distinct." *See In re Berg*, 140 F.3d 1428, 1432 (Fed. Cir. 1998) (recognizing that "[i]f the application claim is not patentably distinct . . . the applicant must file a terminal disclaimer, foregoing that portion of the term of the second patent that extends beyond the term of the first") (internal citation omitted). Because a terminal disclaimer was not required, the invention claimed in the '651 Patent is patentably distinct from that of the '477 Patent.

Likewise, Plaintiff's reliance on certain statements made by the Examiner during prosecution of the '651 Patent are misleading. As indicated in the highlighted portion of Exhibit 7 to Plaintiff's Reply, the Examiner's Preliminary Note is not in *any* way related to whether or not the two patents cover the same invention. *See* Reply at Pg. 3; Exhibit 7. Instead, the Examiner's comments relate to the "effective filing date" of the subject matter claimed, which

---

[1] A terminal disclaimer is a statement filed by a patent applicant that causes a second patent to expire on the same date as a first patent. Terminal disclaimers are required where two patent applications have been found to cover substantially the same invention and are subject to a double patenting rejection. *See* 37 C.F.R. 1.321.

defines the critical date by which any pertinent prior art is measured under the 35 U.S.C § 102 and 35 U.S.C. § 103.

B.  **Substantial discovery will be required if Plaintiff is allowed to amend its complaint.**

Plaintiff's Reply also mischaracterizes the discovery taken in this case with regard to the '477 Patent. *See* Reply at Pg. 3 (stating "[t]he parties spent months in discovery pertaining to the '477 Patent and the products accused by Defendants"). Contrary to Plaintiff's representation, any discovery taken by Defendants pertaining to the '477 Patent was to define the scope of its covenant not to sue Plaintiff based on the '477 Patent. [*See* Dkt. 167 at pp. 31-33.] That discovery demonstrated that Plaintiff could not meet its burden of identifying additional products it believes may be infringing the '477 Patent. [*Id.*]

Defendants did not take substantive discovery pertaining to issues of patent infringement. Defendants avoided this discovery topic in view of Mr. Ohai's repeated covenants not to sue Plaintiff over the '477 Patent. Defendants respectfully submit that these covenants extinguished any case or controversy between the parties relating to the '477 Patent. [*See, e.g.* Dkt. 293.] Accordingly, any discovery pertaining to Plaintiff's declaratory judgment claims would have been irrelevant.[2]

The '651 Patent, however, is an entirely different patent directed to an entirely different invention. If Plaintiff is permitted to amend its complaint for the fourth time, Defendants will likely seek this Court's leave to take discovery relating to any declaratory judgment claims Plaintiff chooses to bring. Notably, Plaintiff has not indicated in its Motion for Leave what

---

[2] The absence of any substantive discovery taken by Defendants relating to the '477 Patent beyond that required to define the scope of its covenant not to sue further underscores the unreasonableness of Plaintiff's position that it has a reasonable apprehension of suit relating to the '477 and '651 Patents sufficient to support its declaratory judgment claims. Further, the fact that Plaintiff first learned of the issuance of the '651 Patent from Defendants' counsel several months after the fact begs the question: If Plaintiff is so concerned about a suit for infringement relating to the '651 Patent, why had it not undertaken any measures to track the status of the related application? The only logical answer to this question is that Plaintiff does not actually have *any* apprehension of suit whatsoever.

exactly those claims will be. At the very least, however, it will likely include declaratory judgment claims similar to those in its Third Amended Complaint [Dkt. 107], which will require substantial discovery and motion practice regarding issues of infringement and validity.

C. **Plaintiff's allegations of "overt fraud" are unsubstantiated.**

In its Reply, Plaintiff argues that this Court should grant its Motion for Leave to Amend because "eliminating unenforceable patents acquired through overt fraud on the United States Patent and Trademark Office (the "USPTO") is in the public's interest." Reply at Pg. 1. Yet Plaintiff fails to provide a single fact in support of this claim. This Court should not give any weight to Plaintiff's unfounded assertions.

III. **CONCLUSION**

As indicated in Defendants' Opposition to Plaintiff's Motion for Leave to File its Fourth Amended Complaint, [Dkt. 320], Defendants stand to be greatly prejudiced if this Court permits Plaintiff to amend its complaint. Substantial discovery and motion practice will be required, and new issues of patent validity and claim construction will be injected into the case. The deadline to amend the pleadings in this case passed long ago. Plaintiff's Motion should be denied.

Dated: May 23, 2016.

Respectfully submitted,

/s/ Michael J. Colitz, III
Michael J. Colitz, III
Florida Bar No. 164348
Stefan V. Stein
Florida Bar No. 300527
Stephen G. Anderson
Florida Bar No. 0105697
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com

stephen.anderson@gray-robinson.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy to all counsel of record.

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III

# 9633215 v2