**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

      Plaintiff,

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a
California corporation; and
JEFFREY L. OHAI, an
individual California Resident,

      Defendants.
_____/   CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

      Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

      Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

      Third-Party Defendants.
_____/

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO FILE FOURTH AMENDED COMPLAINT**

Pursuant to this Court's Order [Dkt. 345], Plaintiff Barn Light Electric, LLC and Third-Party Defendants Bryan and Donna Scott (collectively, "Plaintiffs") respectfully submit this supplemental brief in light of Defendant Jeffrey Ohai's filing of a request for supplemental examination with the USPTO, and in further support of its motion for leave to file a fourth amended complaint [Dkt. 309, the "Motion"], and state as follows:

I.   INTRODUCTION

Defendants' request[1] for a supplemental examination by the USPTO does not affect Plaintiffs' motion to amend the complaint to expressly reference U.S. Pat. No. 9,234,651 ("the '651 Patent") in Plaintiffs' request for declaratory relief.  Regarding supplemental reexamination proceedings, the Patent Act expressly states: "[t]he making of a request [for supplemental examination], or the absence thereof, *shall not be relevant to* enforceability of the patent under section 282."[2]  35 U.S.C. § 257(c)(1) (emphasis added).  Thus, Defendants' request for supplemental examination is—as a matter of law—not relevant to enforceability of the '651 Patent.  That is, the Request does not restrict Defendants from enforcing the '651 Patent, just as they threatened to, and thus it cannot be used to deprive Plaintiffs from seeking a declaratory judgment on that patent.

Further, *assuming arguendo* that a request for supplemental jurisdiction could be used to deprive a plaintiff from attacking the validity and enforceability of a patent that was used to threaten the plaintiff, in this case, the Defendants' Request for supplemental jurisdiction is flawed because it does not comply with the Patent Act requirements of 35 U.S.C. § 257(c).

---

[1] In response to a Notice of Noncompliant Supplemental Examination Request issued by the USPTO, Defendants submitted a Corrected Request for Supplemental Examination on June 30, 2016 (the "Request").  Defendants' counsel provided a copy of the Request, designated as Confidential, the afternoon that the present briefing was due.  Defendants should provide this Court with a copy of the Request, as corrected, for its review.

[2] Section 282 of the Patent Act establishes the presumption of validity and enforceability associated with all issued patents.  35 U.S.C. § 282.

## II. ARGUMENT

The Request's impact on the Motion must be analyzed in view of the totality of the circumstances. The Federal Circuit takes a holistic approach to declaratory judgment jurisdiction and courts consistently consider the relatedness of the patent at issue with the patent-in-suit, the scope of any covenants-not-to-sue, the prior litigation between the parties, and defendants' refusal to amend agreements to make clear that plaintiffs are immune from liability. *See, Icos Vision Sys. Corp. v. Scanner Techs. Corp.*, 699 F. Supp. 2d 664, 670-671 (S.D.N.Y. 2010); *Harris Corp. v. Fed. Express Corp.*, 670 F. Supp. 2d 1306, 1311-16 (M.D. Fla. 2009).

### A. DEFENDANTS' FILING OF A REQUEST FOR SUPPLEMENTAL EXAMINATION IS IRRELEVANT TO PLAINTIFFS' AMENDMENT

A supplemental examination is, under the plain language of the Patent Act, *not relevant* to validity and enforceability of the subject patent. 35 U.S.C. § 257(c)(1). Moreover, the Patent Act does not require that a patentee relinquish an issued patent upon filing of a request for supplemental examination. *See Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 (Fed. Cir. 2012) ("Unlike reissue, reexamination does not result in the surrender of the original patent."). Thus, a patent that is the subject of a request for supplemental examination can be asserted by the patentee. It follows that Defendants' Request for a supplemental examination is *not relevant* to the validity and enforceability of the '651 Patent. Defendants can assert the '651 Patent against Plaintiffs at any time before, during or after the requested supplemental examination. Avoiding such a continuing threat of litigation was the exact reason why Plaintiffs sought the amendment at issue.

### B. THE REQUEST FAILS TO RAISE ALL FACTS PERTAINING TO THE INVALIDITY AND UNENFORCEABILITY OF THE '651 PATENT, AND THUS ANY USPTO DETERMINATION WOULD FAIL TO INSULATE THE PATENT FROM A FINDING OF UNENFORCEABILTY

The USPTO will only consider the item of information specified by the Request. 37 CFR 1.605. The present Request fails to identify the allegations of an invalidating prior use and Plaintiffs' inequitable conduct claims, Counts XI and XII. In the Request, Defendants draw the patent examiners' attention to only specific pages of the TAC and only limited grounds.[3] While the patents at issue may be invalidated based on grounds of a prior "sale or use or offer for sale" [Dkt. 107, at 35], the Request fails to raise the issue of the prior *use* under 35 U.S.C. § 102. The Request emphasizes that all of the items of information to be considered by the USPTO relate to an allegation of an *invalidating commercial sale* greater than one year before the priority date of the '651 Patent. Corrected Request, at 4. The grounds for invalidity are critical because the elements and case law are different. Indeed, the USPTO recognizes the important distinction between an invalidating prior use and an invalidating prior sale: "There may be a public use of an invention absent any sales activity." MPEP § 2133.03.

Further, the Request never raises the fact that the TAC asserted that Defendants' patents should be declared *unenforceable* due to Defendants' inequitable conduct. *See* TAC, at 31-33. As such, the USPTO has not been fully apprised of Plaintiffs' claim for unenforceability, and any subsequent determination by the USPTO based on the Request would have no impact on this Court's determination of the '651 Patent's unenforceability.

---

[3] *See* Request for Supplemental Examination [Dkt. 341-1] at 5, Item No. 1 ("discussing allegation of invalidating prior sale, pages 18-22"); *see also* Corrected Request, at 4 (including a chart prepared by Defendants that highlights select pages and references the allegation of an *invalidating prior sale* under 35 U.S.C. § 102).

### C. A REQUEST FOR SUPPLEMENTAL EXAMINATION CANNOT BE USED TO DIVEST THIS COURT OF JURISDICTION OVER THE AWARDING OF ATTORNEY'S FEES FOR INEQUITTABLE CONDUCT

Defendants agreed to offer a covenant-not-to-sue to avoid litigating the *validity* of the '477 Patent. *See* Transcript for the Status Conference of February 23, 2016, at 38:7-10 [Dkt. 331-3]. Even if this Court dismisses the declaratory judgment counts pertaining to validity, the Court retains jurisdiction over the issue of unenforceability and the award of attorney's fees.

This Court held that, pursuant to Federal Circuit precedent, jurisdiction over inequitable conduct claims must be retained in order to determine the awarding of attorney's fees. *Harris Corp.*, 670 F. Supp. 2d at 1313, citing *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008). The *Harris* Court explained:

> [In *Monsanto*,] the Federal Circuit found that jurisdiction over a request for attorney fees prevents a covenant not to sue from stripping a district court of jurisdiction over counterclaims of inequitable conduct. The *Monsanto* court began by noting that while filing a covenant not to sue "may divest the court of jurisdiction over a declaratory judgment action . . . the district court retain[s] independent jurisdiction over [a counterclaimant's] request for attorney fees under 35 U.S.C. § 285." *Id*. The Federal Circuit further recognized that determining the question of attorney's fees includes jurisdiction to inquire about inequitable conduct and that a finding of inequitable conduct automatically renders a patent unenforceable. *Id*. at 1242-43. That Court reasoned, therefore, that "a district court's jurisdiction under § 285 to determine whether there was inequitable conduct in the prosecution of patents that are otherwise no longer in suit confers on that court the jurisdiction to hold such patents unenforceable for inequitable conduct." *Id*. at 1243.

*Id*. at 1312-1313. Here, the operable complaint [Dkt. 107, the "TAC"] includes a request for attorneys' fees and expenses associated with the declaratory judgment counts. TAC at 35, ¶ L. Thus, this Court has the jurisdiction to render the '477 Patent unenforceable and award attorney's fees regardless of any covenant-not-to-sue. Further, as detailed below, jurisdiction over the '477 Patent is an important factor in determining the Court's jurisdiction over the '651 Patent due to their relatedness.

### D. THE REQUEST DOES NOT AFFECT THE RETENTION OF JURISDICTION OVER ENFORCEABILITY OF RELATED PATENTS

The same set of facts concerning Defendants' invalidating prior sales, offers for sale and manufacture of products embodying the claimed invention renders both the '477 Patent and the '651 Patent unenforceable. While the TAC expressly references the '477 Patent, this Court retains jurisdiction as to both patents due to the relatedness of the two patents.[4] This Court recognized that "the relation between the Unasserted Patents and the patents-in-suit is an additional factor that weighs in favor of retaining jurisdiction." *Harris*, 670 F. Supp. 2d at 1315. In *Harris*, the Court permitted plaintiff to file a second amended complaint in which it added three newly-issued patents and removed five patents listed in prior complaints. *Id*. at 1307; *see also Harris Corp. v. Fed. Express Corp.*, Case No. 6:07-cv-01819-JA-KRS, Order, Dkt. 72 (J. Antoon II, M.D. Fla. March 26, 2009) (noting that if the amendment to add the newly-issued patents is not allowed, "then duplication will certainly exist in a subsequently filed lawsuit, wasting the resources of all involved."). Accordingly, this Court should grant the Motion and permit Plaintiffs to file an amended complaint to expressly include the newly-issued '651 Patent.[5]

In the Request, Defendants acknowledge the relatedness of the two patents at issue and relevancy of the same prior art with regard to both patents:

---

[4] *See Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) ("[R]elated litigation involving the same technology and the same parties is relevant in determining whether a justiciable declaratory judgment controversy exists on other related patents."); *Petter Invs., Inc. v. Hydro Eng'g, Inc.*, 828 F. Supp. 2d 924, 933-34 (W.D. Mich. 2011) ("courts have held that the relatedness of two patents is at least a factor in a declaratory judgment jurisdiction analysis"); *Icos Vision Sys. Corp. v. Scanner Techs. Corp.*, 699 F. Supp. 2d 664, 667-671 (S.D.N.Y. 2010) ("the relatedness of the [patents] … provides additional grounds for this Court to retain declaratory judgment jurisdiction"); *Tesco Corp. v. Weatherford Int'l, Inc.*, No. H-08-2531, 2009 U.S. Dist. LEXIS 15061, 2009 WL 497134 (S.D. Tex. Feb. 26, 2009); *Dow Jones & Co. v. Ablaise Ltd.*, 583 F. Supp. 2d 41, 44 (D.D.C. 2008) ("The relationship between the two patents in these related cases is so close that the validity or invalidity of one may be said to form 'part of same case or controversy' as the other").

[5] It is also noted that the *Harris* Court denied a motion to stay the case pending the conclusion of an USPTO reexamination. *See Harris Corp.*, Case No. 6:07-cv-01819-JA-KRS, Order, Dkt. 24 (M.D. Fla. Feb. 25, 2008).

> Barn Light Electric will likely rely upon the same alleged prior sale in an effort to invalidate the '651 Patent. Thus, the allegations regarding the '477 Patent are *arguably relevant* to the '651 Patent. Nonetheless, as noted from the highlighted portions of the pleadings filed concurrently with this Request (i.e. items of information 1-7), Mr. Ohai disagrees that any alleged sale invalidates *either patent*.

*Id*., at 5 (emphasis added). Accordingly, the unenforceability of both patents is also related and this Court should retain jurisdiction over the ongoing case and controversy between the parties.

### E. THE REQUEST IS INEFFECTUAL BECAUSE THE '651 PATENT WAS IMPLICITEDLY REFERENCED IN THE THIRD AMENDED COMPLAINT BEFORE DEFENDANTS FILED THE REQUEST

The purpose of supplemental examinations at the USPTO is to rehabilitate patents by allowing patent examiners to consider information not considered in their prior examination. *See* 35 U.S.C. § 257(c)(1). The Patent Act excepts from such rehabilitation any patent that was the subject of specific allegations pled in a civil action before the date of a supplemental examination request. 35 U.S.C. § 257(c)(2)(A).

Because the TAC sets forth with specificity the details concerning Defendants' invalidating prior sales, uses and manufacture of products embodying the claimed invention in *all patents threatened by Defendants*, this Court should proceed with its determination of the '651 Patent's unenforceability. Indeed, the Request should not even be considered because it was improperly filed with the USPTO. With regard to the effectiveness of any supplemental examination on pending litigation, the USPTO warns the patent owner "to consider the provisions of 35 U.S.C. 257(c)(1) and 35 U.S.C. 257(c)(2) on the effectiveness of any supplemental examination on already pending litigation when determining whether and when to file a request for supplemental examination." *See* USPTO's Manual of Patent Examiner Procedure ("MPEP"), § 2816(II) (Ninth Edition) ("The [USPTO] takes no position on this issue.").

Although the '651 Patent could not be expressly referenced in the TAC because it had not yet issued and a patent number was not assigned, Count XII of the TAC states that *all patents threatened by Defendants* are at issue.  *See* TAC, ¶ 190  (emphasis added) ("Barn Light Electric seeks, and is entitled to, a judgment that Barnlight Electric is not infringing any valid and enforceable claim of *any patents* owned or controlled by Hi-Lite or Ohai, individually or collectively.").  This Court has jurisdiction over all asserted patents because "an actual, live and justiciable controversy exists concerning Barn Light Electric's freedom to operate free of *all infringement claims* by Hi-Lite and/or Ohai."  TAC, ¶ 189 (emphasis added).  Thus, in light of the specific allegations of the invalidating manufacture, use and sale with regard to all patents threatened by Defendants, the Request fails to comply with the Patent Act requirements of 35 U.S.C. § 257(c).

### F. THE REQUEST IS IRRELEVANT IN LIGHT OF THE COURT'S JURISDICTION OVER THE UNENFORCEABILITY OF THE ENTIRE FAMILY OF RELATED PATENTS

"[T]he taint of a finding of inequitable conduct can spread from a single patent to render unenforceable other related patents and applications in the same technology family." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288 (Fed. Cir. 2011).  Here, the patents are related and the inequitable conduct is also related.  Upon a finding that inequitable conduct contributed to the procurement of the '477 Patent, this Court should hold that both patents are unenforceable.

### III. CONCLUSION

For the reasons stated above, the Request for supplemental examination should not impact the Court's decision to grant Plaintiffs leave to file a Fourth Amended Complaint to expressly reference U.S. Pat. No. 9,234,651 in all of the Declaratory Judgment Counts [Counts IX-XII of Third Amended Complaint, Dkt. 107].

Dated:  July 5, 2016				Respectfully submitted,

				_/s/ Stephen J. Leahu_____

				By:  Alejandro J. Fernandez  (FBN: 32221)
				      Board Certified in Intellectual Property Law
				      afernandez@brinksgilson.com
				      Stephen J. Leahu (FBN 54037)
				      sleahu@brinksgilson.com
				      Joseph R. Sozzani (FBN: 120297)
				      jsozzani@brinksgilson.com
				      **BRINKS GILSON & LIONE, P.C.**
				      NBC Tower
				      455 N. Cityfront Plaza Drive, Suite 3600
				      Chicago, IL 60611
				      Telephone No. (312) 321-4200
				      Telefacsimile No. (312) 331-2499

				      Gregory L. Hillyer (FBN: 682489)
				      ghillyer@brinksgilson.com
				      **BRINKS GILSON & LIONE, P.C.**
				      1775 Pennsylvania Ave. NW, Suite 900
				      Washington, DC 20006
				      Telephone No. (202) 296-6911
				      Telefacsimile No. (202) 296-8701

				      *Counsel for Plaintiff, Counterclaim-*
				      *Defendants and Third Party Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

				_/s/ Stephen J. Leahu_____
				 Stephen J. Leahu