UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

    Defendants.

_____/

**DEFENDANT OHAI'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT [DKT. 346]**

Pursuant to the Court's Order of June 27, 2016 [Dkt. 345], Defendant Jeffrey Ohai hereby submits this Response to Plaintiff's Supplemental Brief in Support of its Motion for Leave to File Fourth Amended Complaint [Dkt. 346] ("Supplemental Brief").[1] In support of this Response, Mr. Ohai states as follows.

**I.    SUMMARY OF ARGUMENT**

Mr. Ohai's Request for Supplemental Examination (the "Request") moots Plaintiff's proposed Fourth Amended Complaint. The Request asks the United States Patent and Trademark Office (the "USPTO") to consider the validity of U.S. Patent No. 9,234,651 on the

---

[1] Plaintiff's Supplemental Brief makes a series of arguments concerning this Court's jurisdiction over its existing declaratory judgment claims relating to the '477 Patent. *See, e.g.*, [Dkt. 346 at Pg. 4-5]. Any arguments pertaining to the '477 Patent are irrelevant at this stage and contrary to the Court's directive that the parties advise "whether Ohai's filing of the request for supplemental examination impacts the Court's consideration of [the] previously filed Motion for Leave to File Fourth Amended Complaint." [Dkt. 345 at Pg. 2].

basis of the allegations expected to be raised in Plaintiff's Fourth Amended Complaint; namely, the USPTO has been asked to review the '651 Patent in view of Plaintiff's current invalidity contentions. To be clear, the only documents submitted with the Request were pleadings and briefings from this case. The Request is, therefore, unquestionably relevant to the Court's determination, as any issues to be raised in a Fourth Amended Complaint are now squarely before the USPTO. The Plaintiff is engaging in a rhetorical sleight of hand by arguing that the Request is not relevant to the *enforceability* of the '651 Patent. This argument is both misleading and irrelevant. It is misleading because the Request specifically asks the USPTO to weigh the validity -- and thus the enforceability -- of the '651 Patent. It is irrelevant because the real issue is whether the Request is relevant to the issues to be raised in the Fourth Amended Complaint. And the answer to this is a resounding yes as the Request addresses the identical issues that would be presented in a Fourth Amended Complaint. Plaintiff's requested leave should be denied.

**II.    INTRODUCTION**

On June 3, 2016, Mr. Ohai's patent prosecution counsel filed a Request for Supplemental Examination ("Request") of U.S. Patent No. 9,234,651 (the "'651 Patent"), asking the USPTO to consider the validity of the '651 Patent in view of Plaintiff's allegations in this case relating to U.S. Patent No. 8,556,477 (the "'477 Patent"). *See* [Dkt. 341].[2] As explained below, the Request gives this Court the opportunity to take advantage of the USPTO's expertise with regard to the question of the '651 Patent's validity, thereby obviating the need for trial on the issue and

---

[2] In response to the request, the USPTO issued a Notice of Noncompliant Request for Supplemental Examination based on a failure to comply with certain formalities required under 37 C.F.R. § 1.610. On June 30, 2016, Mr. Ohai filed a Corrected Request for Supplemental Examination ("Corrected Request") to address the deficiencies outlined in the Notice, which is currently before the USPTO for consideration. The Corrected Request was designated "Confidential" pursuant to the Protective Order in this case because the USPTO maintains Requests for Supplemental Examination in secret until a filing date is awarded. *See* Manual of Patent Examining Procedure § 2803.02 (November 2015 revision). A complete copy of the Corrected Request was provided to Plaintiff's counsel.

preserving party and judicial resources. In light of the following, Plaintiff's Motion for Leave to file its Fourth Amended Complaint should be denied.

## III. ARGUMENT

### A. The '651 Patent is not presently before this Court.

Inexplicably, Plaintiff's Supplemental Brief presumes that the '651 Patent is already before this Court. *See, e.g.*, [Dkt. 346 at Pg. 5] (stating that "[w]hile the TAC expressly references the '477 Patent, this Court *retains* jurisdiction as to both patents due to the relatedness of the two patents.") (emphasis added). Plaintiff is incorrect. "[A] threat is not sufficient to create a case or controversy unless it is made with respect to a patent *that has issued before a complaint is filed.*" *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) (emphasis added). Indeed, the absence of this Court's jurisdiction over the '651 Patent is evidenced by the fact Plaintiff is seeking this Court's leave to bring the '651 Patent into the case.

In *GAF*, the Federal Circuit recognized that "the complaint alleged a dispute over the validity and infringement of a possible *future* patent not then in existence." *Id.* (emphasis in original). Because the patent had not yet issued when the complaint was filed, the court held that "the dispute was purely hypothetical and called for an impermissible advisory opinion." *Id.*

The present situation is nearly identical to that in *GAF*. In its Supplemental Brief, Plaintiff alleges that "Count XII of the TAC states that *all patents threatened by Defendants* are at issue." [Dkt. 346 at Pg. 7] (emphasis in original).[3] However, the '651 Patent did not issue

---

[3] The vagueness of Plaintiff's allegation with regard to an unissued patent underscores the fact that it has not pled with any particularity whatsoever any cause of action with regard to the '651 Patent sufficient to invoke the provisions of 35 U.S.C. § 257(c)(2)(A). *See* [Dkt. 346 at Pg. 6].

3

until four and a half months after Plaintiff filed its Third Amended Complaint.[4] Accordingly, any dispute raised with regard to the patent application that subsequently issued into the '651 Patent was purely hypothetical and fails to establish a justiciable case or controversy.

Plaintiff's position is that it is merely seeking this Court's leave to "expressly reference U.S. Patent No. 9,234,651." This is an attempt to persuade the Court that it filed its Motion for Leave to Amend simply to correct a mere technicality by expressly referencing the '651 Patent. This glosses over Plaintiff's efforts to bring an entirely new patent into this litigation nearly two years after the initial complaint and nearly nine months after the close of discovery. For these reasons, and those that follow, Plaintiff's Motion for Leave should be denied.

### B. The Request for Supplemental Examination enables the USPTO to determine the validity of the '651 Patent.

"A patent owner may request supplemental examination of a patent in the [USPTO] to consider, reconsider, or correct information believed to be relevant to the patent." 35 U.S.C. § 257(a). "Within 3 months after the date a request for supplemental examination . . . is received, the Director shall conduct the supplemental examination and shall conclude such examination by issuing a certificate indicating whether the information presented in the request raises a substantial new question of patentability." *Id.* If the USPTO determines that a substantial new question of patentability is raised by the items presented in the request, the Office "shall order reexamination of the patent." 35 U.S.C. § 257(b).

Reexamination allows the USPTO to reconsider the validity of an existing patent. 35 U.S.C. §§ 301, et seq. Upon reexamination, the patent may be upheld, amended, or invalidated. *Id.* at § 307. The statute authorizing ex parte reexamination of issued patents "gives any person

---

[4] Plaintiff's Third Amended Complaint [Dkt. 107] was filed on August 21, 2015. The '651 Patent issued on January 12, 2016.

at any time the right to file a request for reexamination." *Cuozzo Speed Techs., LLC v. Lee*, No. 15-446, 2016 WL 3369425, at *4 (U.S. June 20, 2016) (citing 35 U.S.C. §§ 301(a)(1), 302) (internal citation omitted). This Court has stated that "[o]ne purpose of the reexamination procedure is to eliminate trial of the patent validity issue ... or to facilitate trial of that issue by providing the district court with the expert view of the Patent and Trademark Office . . . ." *Alps S., LLC v. Ohio Willow Wood Co.*, 2011 WL 899627, at *1 (M.D. Fla. Mar. 15, 2011) (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Initiation of an ex parte reexamination "reopens prosecution to determine whether the claimed subject matter should have been allowed in the first place." *Dome Patent L.P. v. Lee*, 799 F.3d 1372, 1379 (Fed. Cir. 2015). Any presumption that the USPTO had "done its job" in the previous examination is eliminated, and therefore "the presumption of validity is no longer applicable."[5] *Id.* Further, there is a "liberal policy" in this District of staying proceedings pending the outcome of the PTO reexamination proceedings." *Freedom Sci., Inc. v. GW Micro, Inc.*, 2009 WL 2423095, at *1 (M.D. Fla. July 29, 2009). As indicated above, however, the '651 Patent is not yet before this Court.

Here, Mr. Ohai's Request seeks the USPTO's determination of the validity of the '651 Patent based on documents filed in this case pertaining to Plaintiff's allegation of an invalidating prior sale of the patented invention greater that one year before the priority date of the '651

---

[5] The elimination of the '651 Patent's presumption of validity directly impact's Plaintiff's declaratory judgment counts by further rebutting any contention by Plaintiff that it has a reasonable apprehension of suit sufficient to support this Court's subject matter jurisdiction over any declaratory judgment claims. *See Akzona Inc. v. E.I. du Pont de Nemours & Co.*, 662 F. Supp. 603, 609-10 (D. Del. 1987) (stating that "[d]eclaratory judgment actions in patent cases serve [an] important interest[] . . . [by] prevent[ing] patentees from threatening would-be competitors with legal action while hiding behind the presumption of patent validity and refusing to actually litigate the validity of the patent or the legitimacy of the claim of infringement.") (internal citation omitted).

Patent.[6] *See* [Dkt. 341]. First, the USPTO must determine whether Plaintiff's allegations raise a substantial new question of patentability. If so, an ex parte reexamination of the patent must be instituted to determine the '651 Patent's validity, thereby eliminating the need for this Court to consider the issue. Accordingly, Plaintiff's Motion to amend its complaint for the fourth time to add declaratory judgment counts relating to the '651 Patent should be denied.

### C. Reexamination of the '651 Patent affects its enforceability.

In its Supplemental Brief, Plaintiff contends that "Defendants' request for supplemental examination is – as a matter of law – not relevant to enforceability of the '651 Patent." [Dkt. 346 at Pg. 1]. This is misleading. While "[t]he making of a *request* [for supplemental examination] . . . shall not be relevant to enforceability of the patent under section 282," 35 U.S.C. § 257(c)(1) (emphasis added), any reexamination ordered as a result of a request for supplemental examination has a direct effect on the patent's enforceability.

"[The Federal Circuit has] many times held that the reexamination statute restricts a patentee's ability to enforce the patent's original claims to those claims that survive reexamination in 'identical' form." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013); *see also Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) (stating that "[u]nless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate."); *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417 (Fed. Cir. 1989); *Fortel Corp. v. Phone–Mate, Inc.*, 825 F.2d 1577, 1581 (Fed. Cir. 1987).

---

[6] Contrary to Plaintiff's contention in its Supplemental Brief, the Request presents all of Plaintiff's allegations relating to any prior sale or public use relevant to the invention claimed in the '651 Patent. The court documents identified in the Request were submitted in their entirety, with the exception of certain exhibits relating to Plaintiff's unrelated causes of action. *See* [Dkt. 341].

Accordingly, the present uncertainty with regard to the validity, enforceability, and scope of the '651 Patent further supports Mr. Ohai's position that this Court should deny Plaintiff's Motion for Leave to Amend its complaint, thereby deferring any question with regard to the '651 Patent's validity to the USPTO.

## IV. CONCLUSION

This Court has discretion to deny Plaintiff's Motion for leave to amend. *See E-Ventures Worldwide, LLC v. Google, Inc.*, 2015 WL 6154481, at *1 (M.D. Fla. Oct. 19, 2015). In light of the foregoing, Defendant respectfully requests that this Court deny Plaintiff's Motion.

Date: July 12, 2016

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III
Florida Bar No. 164348
Stefan V. Stein
Florida Bar No. 300527
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2016, I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of Record.

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III

# 9722903 v2