UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC, a Florida limited liability company,

Plaintiff,

CASE NO. 8:14-cv-01955-MSS-AEP

v.

BARNLIGHT ORIGINALS, INC., a Nevada corporation; HI-LITE MANUFACTURING COMPANY, INC., a California corporation; and JEFFREY L. OHAI, an individual California Resident,

Defendants.
_____________________________________/

**DEFENDANTS' NOTICE OF CONSENT TO STAY AND MEMORANDUM OF LAW IN SUPPORT**

Defendants Barnlight Originals, Inc., Hi-Lite Manufacturing Company, Inc., and Jeffrey L. Ohai, (collectively "Defendants") consent to the Court's proposed stay of this case [Dkt. 355] pending the outcome of the U.S. Patent and Trademark Office's ("USPTO") Supplemental Examination Serial No. 96/000,155 relating to U.S. Patent No. 9,235,651 (the "'651 Patent").[1] In support of a stay, Defendants state as follows.

## I. BACKGROUND

The parties were directed to advise the Court regarding the proposed stay by September 2, 2016. [Dkt. 355.] The night before this briefing was due, Plaintiff withdrew its Motion for Leave to File Fourth Amended Complaint and represented to the Court that, "Supplemental

[1] Defendant Ohai's Request for Supplemental Examination (the "Request") is currently pending before the USPTO. The Request was the subject of a Notice of Noncompliant Supplemental Examination Request. In response, Ohai filed a Corrected Request for Supplemental Examination. That Corrected Request is currently pending. The relevant portions of the Request are attached hereto as Exhibit A. Defendants will notify the Court once the reexamination proceeding is formally initiated.

Examination of the '651 Patent is of no moment and has no impact on this case." [Dkt. 356 at 2.] This statement is, of course, flatly contradicted by Plaintiff's prior arguments that: "the unenforceability of both patents is . . . related" [Dkt. 346 at 6]; "[t]he same set of facts concerning Defendants' invalidating prior sales, offers for sale and manufacture of products embodying the claimed invention renders both the '477 Patent and the '651 Patent unenforceable" [Dkt. 346 at 5]; and that "[the '651 Patent] . . . is invalid for the same reasons as the '477 Patent, e.g., commercial sales that violate the on-sale bar and public use." [Dkt. 331 at 3.] Thus, Plaintiff's opposition to a stay is completely undermined by its own prior statements that there is a "complete overlap" between the two patents. [Dkt. 331 at 4.]

Plaintiff argues the Supplemental Examination of the '651 Patent is directly relevant to the validity of U.S. Patent No. 8,556,477 (the "'477 Patent").[2] This is because the facts the USPTO has been asked to consider relative to the '651 Patent are the very same facts this Court has been asked to consider relative to the '477 Patent. Stated differently, the *only* items of information submitted with the Request for Supplemental Examination were the pleadings from this litigation. The Request included Plaintiff's Third Amended Complaint [Dkt. 107], Plaintiff's Motion for Partial Summary Judgment [Dkt. 198], Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment [Dkt. 215], Plaintiff's Reply to Defendants' Opposition to Motion for Partial Summary Judgment [Dkt. 227], and all relevant exhibits and declarations. *See* Exhibit A. To underscore the voluminous nature of the exhibits, they included, *inter alia*, Plaintiff's 25-page Invalidity Claim Charts. As this Court is no doubt aware, these pleadings exhaustively detail Plaintiff's allegations that in March 2009, a product embodying the invention was: (1) offered for commercial sale by Barn Light Electric; (2) purchased by Barn Light Electric from

[2] Plaintiff's Declaratory Judgement claims relative to the '477 Patent have not been withdrawn and are currently pending before this Court.

Hi-Lite; and (3) sold to and used in public by Jon and Terri Eberhart. Absent a stay, the Court will be addressing the merits of these allegations at the same time as the USPTO. Alternatively, by staying this litigation, the Court will get the benefit of the expertise of the USPTO on each of these issues. This will undoubtedly simplify the issues in the case, streamline this case for trial, and lessen the burden of litigation on the parties and this Court.

Any delay associated with a stay is of Plaintiff's own creation. Plaintiff made the decision to file a Fourth Amended Complaint over a year and a half into the present litigation. It did so well after the deadline to amend, six months after the close of discovery, and after the parties filed their dispositive motions. Plaintiff subsequently requested leave to conduct further discovery in this case. [Dkt. 331 at 3.] Plaintiff's belated efforts to amend its complaint and conduct further discovery severely undermines its new found sense of urgency. Plaintiff's purported withdrawal of its motion also highlights its dilatory tactics. Plaintiff's motion to amend was the subject of at least thirteen separate briefs and Court Orders. [Dkts. 309; 313; 320; 321 325; 331; 335; 338; 340; 345; 346; 347; and 355.] Apparently unsatisfied with the Court's intended resolution, Plaintiff now abruptly announces that the issues raised by its motion "are no longer before the Court." [Dkt. 356 at 2.] As noted, Defendants vigorously disagree that these issues are no longer relevant. Equally as important, Plaintiff should not now be heard to complain of any prejudice resulting from its own delay. Accordingly, Defendants respectfully request that this Court stay the present action pending the outcome of the USPTO's reexamination of the '651 Patent.

## II. MEMORANDUM OF LAW

It is within this Court's discretion to order a stay pending conclusion of a reexamination by the USPTO. *Freedom Scientific, Inc. v. GW Micro, Inc.*, 2009 WL 2423095, at *1 (M.D. Fla.

July 29, 2009); *Lifewatch Servs., Inc. v. Medicomp, Inc.*, 2010 WL 963202, at *1 (M.D. Fla. Mar.16, 2010). "One purpose of the reexamination procedure is to eliminate trial of the patent validity issue . . . or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Southeast Metals Mfg. Co. v. Millennium Metals, Inc.*, 2012 WL 983767, at *1 (M.D. Fla. Mar. 21, 2012) (citing *Alps South, LLC v. Ohio Willow Wood Co.*, 2011 WL 899627, at *1 (M.D. Fla. Mar. 15, 2011)). Accordingly, there is a liberal policy in favor of granting such stays. *Id*. (citing *Baxa Corp. v. Forhealth Techs., Inc.*, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006)).

Further, this Court has recognized numerous benefits to staying litigation pending the outcome of proceedings before the USPTO, such as "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties." *Andersons, Inc. v. Enviro Granulation, LLC*, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014) (citing *Capriola Corp. v. Larose Indus.*, 2013 WL 1868344, at *1 (M.D. Fla. March 11, 2013)). "Even in the absence of these salutary effects, [this] Court notes that delay in litigation, without more, generally does not demonstrate undue prejudice." *Id*. (internal citation omitted).

When determining whether to stay an action pending outcome of a reexamination proceeding before the USPTO, courts in this District consider three factors. First, "[t]he Court must . . . consider whether a stay would unduly prejudice or tactically disadvantage the opposing party." *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, 2015 WL 6501131, at *1 (M.D. Fla. Oct. 20, 2015) (internal citation omitted). Second, "[t]he Court must consider whether waiting for the results of the reexamination proceedings would simplify the issues and streamline the

trial." *Id*. Third, "[t]he Court must consider whether a stay would lessen the burden of litigation on itself and the parties." *Id*. Here, all three of these considerations support the Court's proposed stay of this matter pending the resolution of the USPTO's reexamination of the '651 Patent.

## III. ARGUMENT

### A. A Stay Will Not Unduly Prejudice or Tactically Disadvantage Plaintiff.

Plaintiff cannot contend that it now stands to be unduly prejudiced or tactically disadvantaged by a stay of this matter when its own actions have undoubtedly contemplated or caused a substantial delay in the resolution of this litigation.

First, the Court's granting of Plaintiff's Motion for Leave to File Fourth Amended Complaint [Dkt. 309] would have resulted in substantial delay, regardless of whether this matter is now stayed by the Court. Amending the complaint as this late stage would have ultimately entitled the parties to engage in additional discovery and motion practice, a fact that was undeniably apparent to Plaintiff when it requested leave to amend. Plaintiff's additional declaratory judgment counts relating to the '651 Patent could have also required Defendant Ohai to file a counterclaim for patent infringement, which would have significantly complicated an already complex and contentious case.[3]

Second, Plaintiff's repeated rejection of Defendant Ohai's multiple covenants not to sue for infringement of the '477 Patent has also drawn this matter out much longer than necessary. Instead of accepting Mr. Ohai's covenants and dismissing its declaratory judgment counts, Plaintiff demanded this Court's validity determination. Plaintiff now complains that this Court intends to take advantage of the USPTO's expertise on questions of validity.

---

[3] As indicated in Defendants Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint [Dkt. 320 at Pg. 2], a counterclaim for patent infringement, if any, would have been compulsory.

Third, Plaintiff's contention that it now stands to be prejudiced by any delay in this Court's resolution of its trademark infringement claims against Defendant Barnlight Originals falls flat. Plaintiff's claim that Barnlight Originals' continued existence in the marketplace ultimately serves to further harm its business is undermined by its failure to seek injunctive relief at the outset of this litigation. *See Andersons, Inc.*, 2014 WL 4059886, at *3 (M.D. Fla. Aug. 14, 2014) (declining to find undue prejudice from delay when the party opposing a stay "has not sought a preliminary injunction" and recognizing "that any damages [plaintiff] incurs may be remediated with money damages); *Tomco Equip. Co. v. SE Agri–Sys., Inc.*, 542 F.Supp.2d 1303, 1308 (N.D. Ga. 2008) (rejecting the argument that plaintiff's damages "will intensify during a stay" because "the availability of money damages is sufficient to protect plaintiff from prejudice"). Therefore, because Plaintiff's claims appear to primarily seek money damages stemming from any alleged trademark infringement, any delay in the case is compensated for by Plaintiff's ability to seek any damages that may accrue between the stay of this matter and its ultimate resolution. *See Id*. Accordingly, consideration of this first factor weighs in favor of the Court's proposed stay.

**B. Reexamination of the '651 Patent Will Simplify the Issues in this Case and Streamline the Trial.**

Here, Defendant Ohai's initiation of the '651 Patent's reexamination enables both parties and this Court to benefit from the USPTO's expertise on the question of patent validity. *See, e.g. Alps S., LLC v. Ohio Willow Wood Co.*, 2011 WL 899627, at *2 (M.D. Fla. Mar. 15, 2011); *Direct Imaging Sys., Inc. v. U.S. Graphic Arts, Inc.*, 2007 WL 778633, at *3 (M.D. Fla. Mar. 12, 2007) (recognizing the benefit to *both* parties and the Court of deferring to the expertise of the USPTO). As mentioned above, the USPTO's determination of whether an invalidating prior sale occurred with regard to the '651 Patent is directly relevant to the validity or invalidity of the '477

Patent. Therefore, this Court now has the opportunity to defer questions of patent validity to the USPTO, thereby minimizing any need for judicial resources or trial testimony with regard to the issue.

Moreover, staying this case until the USPTO opines on the validity of the '651 Patent is also consistent with Congress' intent when it enacted patent reexamination legislation. *See, e.g. Alps S., LLC v. Ohio Willow Wood Co.*, 2011 WL 2784172, at *1 (M.D. Fla. July 15, 2011) (stating "the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office") (internal citation omitted). Further, permitting this matter to proceed in parallel with a reexamination of the '651 Patent runs the risk of establishing conflicting conclusions regarding Plaintiff's allegation of an invalidating prior sale, thereby further complicating the issues Mr. Ohai's Request is intended to alleviate.

**C. A Stay Will Lessen the Burden of Litigation on this Court and the Parties.**

Reexamination of the '651 Patent by the USPTO reduces the issues in this case that must be decided by the Court, thereby lessening the cumulative litigation burden of this Court and all parties. As mentioned above, the only items of information presently before the USPTO for its consideration are pleadings and declarations filed in this case pertaining to Plaintiff's allegation of a prior sale and disclosure under 35 U.S.C. §102. If the USPTO determines that an invalidating prior sale occurred, the '651 Patent will be declared invalid. This Court will then be able to apply the relevant findings to the '477 Patent, because the evidence considered by the USPTO is identical to that which is before this Court. If the USPTO determines these activities occurred, that determination will apply equally to the '651 and '477 Patents in view of the

"overlap" between them. These determinations would be helpful to the Court. Indeed, it is this reliance of the USPTO's expertise that was envisioned by Congress in establishing the reexamination proceeding.

WHEREFORE, Defendants respectfully request that this matter be stayed pending a determination by the USPTO on the Request for Supplemental Examination of U.S. Patent No. 9,234,651.

Date: September 2, 2016

*/s/ Michael J. Colitz, III*

Michael J. Colitz, III
Florida Bar No. 164348
Stefan V. Stein
Florida Bar No. 300527
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2016, I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III

# 9803190 v1