UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CASE NO. 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO COMPEL

Defendants respectfully seek leave to file a motion to compel relating to Plaintiff's failure to comply with the Court's Discovery Orders of June 27, 2016 [Dkt. 344] and March 11, 2016 [Dkt. 303]. In support of this motion for leave, Defendants state as follows.

1. Plaintiff was ordered to respond to discovery requests relating to its newly-pled affirmative defense of implied license on June 27, 2016. [Dkt. 344.] Despite this Order, and multiple opportunities to comply, Plaintiff has yet to provide meaningful responses. Interrogatory No. 28, for example, simply asks Plaintiff to "[i]dentify all Materials You are currently using ...[that are] the subject of a license from Hi-Lite." Plaintiff's first response of July 11, 2016 raised over 30 individual objections before finally stating that "Barn Light Electric is not currently using any Hi-Lite Materials." Plaintiff thereafter provided First Amended Interrogatory Responses on September 6, 2016, again asserting that "Barn Light Electric is not currently using any Hi-Lite Materials." On September 28, 2016, the same day as this Court's Order on the parties' Motions for Partial Summary Judgment, Plaintiff served a Second

Amended Interrogatory Response. This response admitted, for the very first time and over three months after being ordered to respond, that Plaintiff's website "*may* have images provided by Hi-Lite" (emphasis added). Plaintiff's response of September 28 also noted, for the first time, that certain Hi-Lite materials were incorporated into "numerous Barn Light Electric catalogs" and "other marketing materials." However, other than a general reference to Plaintiff's website and catalogs, none of the supposedly licensed materials were identified with any specificity. Plaintiff's response concluded with the rather remarkable statement that it "does not represent that it is currently aware of the contents of every single page and image on its website."

2. On March 11, the Court ordered Plaintiff to (1) meet and confer with Defendants regarding additional custodians whose emails were to be searched and produced; (2) conduct a search of BLE's Solidworks server with keywords agreed upon by the parties; and (3) produce all purchase orders from January 1, 2008 through December 31, 2012 corresponding to instances in which a customer ordered a Hi-Lite product from BLE.[1] [*See* Dkt. 303.] Following a number of agreed extensions (totaling nearly 100 days), Plaintiff eventually produced documents pursuant to this Court's Order of March 11. Defendants' review of Plaintiff's production revealed several serious deficiencies, including missing purchase orders and other documents proven to exist through third-party production. Notably, documents relating to several highly-relevant custodians are glaringly absent from Plaintiff's production. Upon discovery of these serious deficiencies, Defendants have repeatedly conferred with Plaintiff over a period of several months in an effort to resolve its numerous failures to comply with the Order of March 11 and

---

[1] Magistrate Judge Porcelli subsequently confirmed in a telephonic hearing with both parties that the Order of March 11 directed Plaintiff to supplement its production with regard to *all* requests for production propounded by Defendants in this case. Thus, discovery was still proceeding with regard to all counts in this case when this Court issued its Order of September 28, 2016 [Dkt. 360].

avoid additional motion practice.[2]  These efforts resulted in the additional production of purchase orders by Plaintiff as recently as September 26, 2016, three days before the Court's Order on the Motions for Partial Summary Judgment. Plaintiff indicated in an email associated with this production that it was still investigating the absence of additional purchase orders. To date, however, no additional production has been provided.  The purchase orders are directly relevant to, *inter alia*, Plaintiff's assertion that it paid valid consideration for its alleged license.

3.   Defendants respectfully request that this Court grant this motion for leave to file a motion to compel relating to Plaintiff's failure to comply with the Orders of March 11 [Dkt. 303] and June 27 [Dkt. 344].

## CERTIFICATE OF CONFERENCE AND SERVICE

Pursuant to Local Rule 3.01(g), I hereby certify that I conferred with counsel for Plaintiff, but that no resolution was achieved.  I hereby certify that on October 5, 2016, I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

Date: October 5, 2016

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III
Florida Bar No. 164348
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com
*Attorneys for Defendants*

# 9883947 v5

---

[2] Defendants notified the Court of these ongoing discovery disputes in its Opposition to Plaintiff's Motion for Leave to Request Status Conference [Dkt. 354].  As of September 26, 2016, the parties were still actively working to resolve Plaintiff's discovery failures.