UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC
COMPANY, LLC, a Florida limited
liability company,

    Plaintiff,                              CASE NO. 8:14-cv-01955-MSS-AEP

v.

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; HI-LITE
MANUFACTURING COMPANY, INC.,
a California corporation; and JEFFREY
L. OHAI, an individual California
Resident,

    Defendants.
_____/

## BARN LIGHT ELECTRIC'S OPPOSITION TO MOTION FOR LEAVE AND REQUEST FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 3.01(J)

Pursuant to Local Rule 3.01(b), Barn Light Electric Company, LLC, and Bryan and Donna Scott (collectively, the "Plaintiffs"), by and through their counsel, hereby file this Opposition to Defendants Barn Light Originals ("BLO"), Hi-Lite Manufacturing Co., Inc. and Jeffrey L. Ohai's (collectively, the "Defendants") Motion for Leave to File Motion to Compel [Dkt. 364] ("Motion"). Further, Plaintiffs request oral argument in connection with this Opposition pursuant to Local Rule 3.01(j). In support of this opposition, Plaintiffs state as follows:

Defendants' allegations of "serious deficiencies" and "glaring" absences are empty hyperbole. Plaintiffs' discovery responses about the implied license defense roundly satisfy the requirements of the Federal Rules of Civil Procedure. Additionally, Plaintiffs' production of documents in connection with all other discovery requests in this case is complete and certified

1

pursuant to Fed. R. Civ. P. 26(g). Moreover, the vast majority of Plaintiffs' production is moot given the Order of Sept. 28, 2016 [Dkt. 360] ("Order"). Accordingly, the Motion should be denied without another protracted discovery briefing.

## I. PLAINTIFFS FULLY RESPONDED TO DEFENDANTS' DISCOVERY REQUESTS ABOUT THE IMPLIED LICENSE DEFENSE

Plaintiffs' responses to Defendants' implied license discovery requests were timely served on Defendants on July 11, 2016. Further, while Plaintiffs' initial responses to the implied license discovery were complete and timely, Plaintiffs *repeatedly* supplemented their discovery responses in a sustained good faith effort to address all complaints from Defendants. However, with each attempt to satisfy Defendants' complaints, Defendants responded by adding perceived inadequacies in Plaintiffs' responses. Plaintiffs' Second Supplemental Responses evidence comprehensive and direct answers to the greatest degree possible, and provide extensive citations to the record. *See* Plaintiffs' Supplemented Implied License Discovery Responses, Exhibit 1.[1]

## II. PLAINTIFFS TIMELY COMPLETED AND CERTIFIED PRODUCTION OF ALL RESPONSIVE DOCUMENTS TO ALL OF OTHER DEFENDANTS DISCOVERY REQUESTS

Plaintiffs' production is complete and fully compliant with all of this Court's discovery orders and the Federal Rules of Civil Procedure. Plaintiffs certified the completeness of their production pursuant to Fed. R. Civ. P. 26(g) and Defendants offer no valid reason to question the integrity and completeness of Plaintiffs' production.

Defendants speculate that there are purchase orders ("PO's") missing from Plaintiffs' production. In correspondence to Plaintiffs, Defendants identified *80* PO's that were purportedly

---

[1] For unclear reasons, Defendants suggest that Plaintiffs waited until receiving this Court's Order of Sept. 28, 2016 to send its last Supplemental Discovery Responses. In reality, Plaintiff's Supplemental Discovery Responses were served on Defendants *before* the time when the Order was issued.

not produced by Plaintiffs.[2] Upon investigation, out of the 80 PO's, 70 were produced on May 27, 2015—more than 16 months ago. Another four PO's were produced on July 15, 2016. The remaining six were produced on September 26, 2016.[3] Far from some amorphous investigation of missing PO's as Defendants allege in their Motion, there was only a handful of PO's that Plaintiffs still had not confirmed were produced at the time Defendants filed the Motion. Since then, Plaintiffs' counsel confirmed that those too were produced. Accordingly, *all* of the 80 PO's Defendants claimed were missing were in fact produced to Defendants. Importantly, none of the 80 PO's showed anything regarding valid consideration that was not already shown in the *13,000+* other PO's produced by Plaintiffs.[4] On multiple occasions, Plaintiffs asked Defendants to identify any other PO's they maintained were missing. Defendants refused, and instead filed the Motion promptly after the Order was issued.

Defendants also complain about as "glaringly absent" custodians. The absence of emails from certain custodians was addressed exhaustively in multiple prior discovery hearings. For example, the issue was squarely addressed at the discovery hearing of March 31, 2016:

> COURT: Can you, Mr. Anderson, respond to the argument that there are some custodians that are not even employees….

Hr'g Tr. 11:9-11 [Dkt. 333].

The issue of custodians was also explained in high definition in multiple correspondences from Plaintiffs' counsel to Defendants' counsel. *See, e.g.,* Correspondence from Plaintiffs' Counsel, Exhibit 2. Given the extensive treatment and explanations, there is no basis for

---

[2] The PO's identified by Defendants account for less than 1% of the 13,000+ purchase orders Plaintiffs produced.

[3] In investigating the whereabouts of the last six of the 80 PO's, Plaintiff's counsel discovered that those six POs were part of a small batch of 46 POs that a discovery vendor failed to include in a larger batch of production. Plaintiffs promptly produced all of those PO's on September 26, 2016.

[4] Defendants' initially sought the PO's to support their counterclaims of reverse passing off. Given this Court's summary judgment of the reverse passing off counterclaims, Defendants' Motion reforms their request for PO's as pertaining to Plaintiffs' assertion of paying valid consideration for an implied license. Among other things, Plaintiffs' production of some 13,000+ PO's undeniably establishes valid consideration.

Defendants' feigned surprise that certain custodian records yielded few or no responsive documents.

In sum, Plaintiffs have gone far beyond the requirements of the Fed. R. Civ. P. in meeting their discovery obligations. Because the Motion is no more than an attempt to protract discovery even further, Defendants Motion for Leave should be denied without more.

### III. PLAINTIFFS REQUEST A HEARING PURSANT TO LOCAL RULE 3.01(j)

Plaintiffs hereby move for oral argument in connection with the Motion. Plaintiffs anticipate that thirty minutes will be required for argument.

Date: October 19, 2016

> */s/Alejandro J. Fernandez*
> Alejandro J. Fernandez
> Florida Bar No. 32221
> BRINKS GILSON & LIONE, P.C.
> 401 E. Jackson Street, Suite 3500
> Tampa, FL 33602
> (312) 321-4200
> (312) 331-2499 (fax)
> afernandez@brinksgilson.com
> sleahu@brinksgilson.com
> jsozzani@brinksgilson.com
> *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2016, I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

> */s/ Alejandro J. Fernandez*
> Alejandro J. Fernandez