**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BARN LIGHT ELECTRIC COMPANY,
LLC**, a Florida limited liability company,

    Plaintiff,

v.                                            **CASE NO.: 8:14-cv-1955-MSS-AEP**

**BARNLIGHT ORIGINALS, INC.**, a
Nevada Corporation; **HI-LITE
MANUFACTURING COMPANY, INC.**, a
California corporation; and **JEFFREY L.
OHAI**, an individual California Resident,

    Defendants.
_____/

**BARNLIGHT ORIGINALS, INC.**, a
Nevada Corporation; **HI-LITE
MANUFACTURING COMPANY, INC.**, a
California corporation; and **JEFFREY L.
OHAI**, an individual California Resident,

    Counterclaim Plaintiffs,

v.

**BARN LIGHT ELECTRIC COMPANY, LLC**,
a Florida limited liability company,

    Counterclaim Defendants,

**and**

**BRYAN AND DONNA SCOTT**, individual
Florida residents,

    Third-Party Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court for consideration of the Renewed Motion to Compel (Dkt. 327) filed by Plaintiff and Counter-Defendant, Barn Light Electric, LLC ("BLE") and Third-Party Defendants, Bryan and Donna Scott (the "Scotts"), and the Response in opposition thereto filed by Defendants and Counterclaim Plaintiffs, Hi-Lite Manufacturing Company, Inc. ("Hi-Lite"), Barnlight Originals, Inc. ("BLO") and Jeffrey L. Ohai ("Ohai"). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS in part** and **DENIES in part** BLE and the Scotts' Renewed Motion to Compel. (Dkt. 327)

At a previously-held status conference in this case, the Court addressed an objection filed by BLE to the Order Denying Motion to Compel (Dkt. 185) entered by United States Magistrate Judge Anthony E. Porcelli. (Dkt. 281) The Court sustained the objection except to the extent that Hi-Lite was ordered to produce to BLE:

> 1) the underlying financial records of all sales and purchases between Hi-Lite and BLE, sufficient to disclose how much money was paid to Hi-Lite by BLE on which dates and, to the extent available, for which products, and 2) financial records for any sales made and fulfilled by Hi-Lite due to referrals from BLO or otherwise for BLO customers. Additionally, within **twenty-one (21) days** of this Order, Hi-Lite **SHALL** also provide to Court, *in camera*, financial records of all profits made by Hi-Lite through sales to BLO (as Hi-Lite's client or customer or distributor—however designated).

(Dkt. 283 at ¶ 6) Subsequently, Hi-Lite has produced to BLE a letter referencing previously-produced purchase orders representing orders placed by BLE to Hi-Lite and a spreadsheet created by Hi-Lite employee David McAdam listing all payments received by Hi-Lite from BLE, broken down by month from 2008 to 2012. (Dkt. 330-1 at P. 2-4; Dkt. 336-1) Hi-Lite has also produced an affidavit of Mr. McAdam attesting that he has searched the records of Hi-Lite and was unable to find any evidence of sales by Hi-Lite

of lighting fixtures directly to end customers as a result of a referral from BLO. (Dkt. 330-1 at P. 5-6) Additionally, Hi-Lite has filed, *ex parte* and under seal, a summary of payments made by BLO to Hi-Lite for the purchase of Hi-Lite products. (Dkt. 307 at P. 5) Included at the bottom of this summary is Hi-Lite's estimated profit margin on those sales. (Id.) It appears that BLE has produced this summary of payments to BLE with the profit margin figures redacted, along with Mr. McAdams' accompanying affidavit. (See Dkt. 330-1 at P. 5-7)

BLE and the Scotts have now filed the instant Motion arguing that Hi-Lite's production is deficient and not in compliance with the Court's previous order. (Dkt. 327) The Court agrees. At the status conference, the Court specified that a mere summary of profits or financial figures was insufficient to comply with discovery obligations. (Dkt. 300) The Court unambiguously directed Hi-Lite to produce the underlying financial documents related to the transactions that establish sales of Hi-Lite to BLE to allow BLE to verify its summation. (Id. at P. 111) When Hi-Lite argued that the underlying purchase orders had been produced and that the same information could be gathered from those purchase orders, the Court responded: "You didn't gather them from the underlying purchase orders, you gathered them from your financial documents. That's how I assume you made your summations." (Id. at P. 112) Hi-Lite responded, "I believe so." (Id.) Indeed, Mr. McAdams attests that the summation of payments from BLE to Hi-Lite "was generated from computer records detailing payments received from Hi-Lite's customers." (Dkt. 339-1)

Accordingly, Hi-Lite has admitted that it has additional internal financial records—aside from just purchase orders and/or invoices—that disclose how much money was

paid to Hi-Lite by BLE on which dates for the purchase of Hi-Lite products. Hi-Lite contends that the purchase orders are the only records in its possession that disclose *all* of the information listed in the Court's directive, including product-specific information. However, the Court directed Hi-Lite to produce product-specific information *to the extent available*. The fact that Hi-Lite's internal computer records might not reflect product-specific detail does not excuse Hi-Lite's failure to produce them in accordance with the Court's order, when Hi-Lite had been previously put on notice that a summation and the already-produced purchase orders were insufficient. The same follows for the summary provided of the payments made to Hi-Lite by BLO for the purchase of Hi-Lite products. Hi-Lite likewise should be able to produce its underlying internal financial records for these payments.

Upon further review, the Court finds that information regarding Hi-Lite's profit margins realized on the sale of its products through BLO should be produced to BLE. However, the mere estimated figures provided to the Court *in camera* are also insufficient for the same reasons that Hi-Lite's summation of payments are insufficient. Although the figures were purportedly calculated by Hi-Lite's certified public accountant, Jeff Powell, none of the underlying information supporting his calculations was provided. Hi-Lite therefore must also produce the underlying financial documentation and records, in whatever form available, supporting the calculations so that BLE may verify them. Although BLE has requested leave to serve a *subpoena duces tecum* on Mr. Powell and to depose him, such a request is unnecessary at this time. Although Mr. Powell may possess the relevant documents, the documents belong to Hi-Lite and he is acting as Hi-Lite's agent. Therefore, the documents are under the control of Hi-Lite and Hi-Lite shall

produce them.  If further deposition is needed following the production of the documents, the Court will entertain a subsequent request at that time.

BLE's Motion also appears to reassert requests to compel other items that were previously included in the underlying motion to compel ruled upon by Judge Porcelli.  (See Dkt. 327 at P. 3-5)  In this regard, any requests to compel discovery beyond what the Court ordered to be produced when it ruled on BLE's objection to Judge Porcelli's order at the status conference are **DENIED**.

BLE also requests that the Court issue an award of its costs and attorneys' fees incurred in connection with the filing of the underlying motion to compel (Dkt. 109), the objection to Judge Porcelli's order (Dkt. 185), and the instant Motion.  (Dkt. 327)  As discussed above, the Court finds that Hi-Lite has substantially failed to comply with the Court's discovery order despite being advised prior to the issuance of the order that mere summations of financial data would be insufficient.  Under these circumstances, Federal Rule of Civil Procedure 37(b)(2)(C) permits "the court [to] order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  A finding of bad faith or willfulness is not required to support a Rule 37(b)(2) sanction of reasonable expenses caused by the failure to comply with a discovery order.  See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir. 1994) ("only in a case where the court imposes the most severe sanction—default or dismissal—is a finding of willfulness or bad faith failure to comply necessary."); Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993).

The Court is inclined to award the reasonable costs and attorneys' fees incurred as a result of Hi-Lite's failure to comply with the Court's order in favor of BLE and against Hi-Lite. However, the Court will make its determination as to the amount of the award at the close of the case as either an addition or offset to any other fee or damages awards made at that time.

In accordance with the foregoing, it is hereby **ORDERED** that:

1. BLE and the Scotts' Renewed Motion to Compel (Dkt. 327) is **GRANTED in part** and **DENIED in part**.

2. Within **twenty-one (21) days** of this Order, Hi-Lite **SHALL** produce to BLE:

    a. Hi-Lite's underlying *internal* financial records of all sales and purchases between Hi-Lite and BLE, sufficient to disclose how much money was paid to Hi-Lite by BLE on which dates;

    b. Hi-Lite's underlying *internal* financial records of all sales and purchases between Hi-Lite and BLO, sufficient to disclose how much money was paid to Hi-Lite by BLO on which dates;

    c. Hi-Lite's underlying *internal* financial records that were utilized by Mr. Powell to calculate the estimated profit margins and associated dollar amounts realized from Hi-Lite's sales of its products through BLO.

3. Any other requests raised in the Motion are **DENIED**.

4. BLE and the Scotts' request for an award of costs and fees in their favor and against Hi-Lite is **GRANTED**. The Court **DEFERS** making a determination of the amount of such award until after a final judgment is entered in this case.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of November, 2016.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person