UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARN LIGHT ELECTRIC COMPANY, LLC**, a Florida limited liability company,

    Plaintiff,

v.

**BARNLIGHT ORIGINALS, INC.**, a Nevada corporation; **HI-LITE MANUFACTURING COMPANY, INC.**, a California corporation; and **JEFFREY L. OHAI**, an individual California Resident,

    Defendants.
_____/

CASE NO. 8:14-cv-01955-MSS-AEP

### PARTIALLY UNOPPOSED[1] MOTION FOR LEAVE TO FILE MOTION FOR CONTEMPT, RENEWED MOTION TO COMPEL DEPOSITIONS AND MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS

Pursuant to this Court's Orders [Dkt. 369 at 5; Dkt. 288; Dkt. 283, ¶16; Dkt. 40], Plaintiff Barn Light Electric, LLC and Third-Party Defendants Bryan and Donna Scott (collectively, "Plaintiffs"), by and through their counsel, respectfully move the Court for leave to submit: (i) a motion for contempt against Defendants Hi-Lite Manufacturing Co., Inc., Barnlight Originals, Inc. and Jeffrey Ohai (collectively, "Defendants") for their failure to comply with this Court's Orders [Dkts. 369, 40]; (ii) a renewed motion to compel Defendants and their accountant Jeff Powell to answer to questions posed at depositions; and, (iii) a motion to maintain confidentiality designations, and in support states as follows:

Defendants' persist in their hide-and-seek discovery tactics. "[D]espite being advised prior to the issuance of the order that mere summations of financial data would be insufficient"

---

[1] Pursuant to L.R. 3.01(g), undersigned certifies that parties' counsel have conferred and Defendants object to the confidentiality designations and motion for contempt but they "are not necessarily opposed to further depositions."

1

[Order, Dkt. 369 at 5], Defendants yet again "substantially failed to comply with the Court's discovery order" [*id*.] directing Defendants "to produce product-specific information *to the extent available*." [*Id*. at 4 (no emphasis added)]. These were the words of the Court in its most recent Order regarding Defendants' failure to produce financial documents. Rather, than heeding this Court's directives [Dkt. 369], on December 19, 2016, Defendants produced few financial documents, many of which were illegible scans of documents that should have been produced in native form. Among other things, Defendants failed to produce *all* existing underlying internal financial records, in compliance with the Court's numerous warnings, such as: "Hi-Lite's internal computer records" [Order, Dkt. 369 at 4]; the general ledgers and cost of goods sold records necessary for calculating profit [*see* Order, Dkt. 369 at 3 ("The Court unambiguously directed Hi-Lite to produce the underlying financial documents related to the transactions that establish sales of Hi-Lite to BLE to allow BLE to verify its summation") (citing Status Conference Transcript, Dkt. 300 at 111-112)]; and, underlying data to support the jury's calculation of Plaintiffs' damages [*see* Dkt. 300 at 111 ("COURT: … we've got to get the financial documents if there's going to be litigation over money.")].

Defendants attempted to justify their deficient production by relying on a disingenuously narrow reading of this Court's Order [Dkt. 369]. That is, they subjectively claimed that they were only ordered to produce certain documents used by the Defendant's CPA, while knowingly omitting underlying documents crucial to verifying damage-related costs and deductions. Finally, approximately two months after the Court-imposed deadline—and after falsely representing that their production was complete—Defendants produced more than a thousand pages of additional financials. Defendants' latest production is grossly out of time, is *still* incomplete and suffers glaring deficiencies and inconsistencies. Defendants' tactics have

obstructed Plaintiffs from properly discovering Defendants' revenues, as well as costs and deductions Defendants argue should be deduced from Defendants' revenues.

Regarding further depositions, this Court held that "the [failure to provide financial information] matter may be presented to the Court upon the filing of motion for leave to file a motion to obtain additional deposition discovery in this area." [Order, Dkt. 288, at 3]; *see also* Order, Dkt. 369, at 5 ("If further deposition is needed following the production of the documents, the Court will entertain a subsequent request at that time."). To avoid the need for further Court intervention, and after identifying significant remaining gaps and inconsistencies in Defendants' production, Plaintiffs asked Defendants whether they would agree to depositions regarding financial topics. Defendants evasively stated they are "not necessarily opposed" to such depositions, but repeatedly refused any commitment to or scheduling of depositions until after they believed Plaintiffs reviewed Defendants' latest production.

Plaintiffs also seek leave to file a motion addressing Defendants' contempt for failing to comply with the Protective Order [Dkt. 40] by disclosing confidential information in a 23-page "surprise" presentation at the Jan. 19, 2017 Hearing. Defendants have indicated that they intend to file a notice[2] to submit the same presentation to this Court, rather than filing it under seal.

1. In light of the foregoing, Plaintiffs seek leave to file a motion requesting an Order:
a) Limiting Defendants from presenting evidence of their costs or deductions in connection with Plaintiffs' claims;
b) Deposing Defendant Hi-Lite Manufacturing Co., Inc.'s corporate representative;
c) Deposing Defendant Barnlight Originals, Inc.'s corporate representative;
d) Deposing Defendant Hi-Lite Manufacturing Co., Inc.'s accountant, Jeff Powell; and,
e) Maintaining the designations of confidential documents, pursuant to Dkt. 40, ¶ 3(f).

---

[2] Defendants' prior motion for leave to file a reply to the motion heard at the same Hearing was denied. Dkt. 380.

Dated:  February 9, 2017  Respectfully submitted,

   */s/ Stephen J. Leahu*
Alejandro J. Fernandez (FBN: 32221)
Board Certified in Intellectual Property Law
afernandez@brinksgilson.com
Stephen J. Leahu (FBN: 54037)
Board Certified in Intellectual Property Law
sleahu@brinksgilson.com
Joseph R. Sozzani (FBN: 120297)
jsozzani@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
SunTrust Financial Centre
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Gregory L. Hillyer (FBN: 682489)
Board Certified in Intellectual Property Law
ghillyer@brinksgilson.com
Evi T. Katsantonis
ekatsantonis@brinksgilson.com
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
Telephone No. (202) 296-6911
Telefacsimile No. (202) 296-8701

*Counsel for Plaintiff, Counterclaim-Defendants and Third Party Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

   */s/ Stephen J. Leahu*
   Stephen J. Leahu