UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.                                        CASE NO: 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada Corporation, et al.,

    Defendants.
_____/

## HI-LITE'S OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION FOR CONTEMPT, RENEWED MOTION TO COMPEL DEPOSITIONS AND MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS

Hi-Lite opposes Plaintiff's Motion for Leave to File Motion for Contempt, Renewed Motion to Compel Depositions and Motion to Maintain Confidentiality Designations.[1] [Dkt. 388.] In support of this opposition, Hi-Lite states as follows:

In its Order of November 28, 2016 the Court clearly set forth three sets of financial records to be produced by Hi-Lite. [Dkt. 369, Pg. 6.] These were: No. 2(a), Hi-Lite's underlying internal financial records for sales and purchases between Hi-Lite and Barn Light Electric; No. 2(b), Hi-Lite's internal financial records of all sales and purchases between Hi-Lite and Barnlight Originals; and No. 2(c), Hi-Lite's underlying internal financial records that were used by Hi-Lite's accountant, Jeff Powell, in calculating the estimated profit margins of Hi-Lite. All of these documents have been provided to Plaintiff in accordance with the Court's Order. These financial records included Commission Statements detailing the amounts paid to Hi-Lite by both Barn Light Electric and Barnlight Originals. These statements are broken down by month and

---

[1] Despite Plaintiff's motion being captioned as "partially unopposed," Hi-Lite opposes all the requested relief per MD Fla. LR 3.01(g).

1

year and are itemized by invoice number and date. Hi-Lite also provided copies of check registers for payments it received from Barnlight Originals. These are the records that it used to generate the previously produced payment summaries. Hi-Lite further produced all of the financial records relied upon by Mr. Powell in preforming his calculations, including Hi-Lite's financial statements. Hi-Lite has, therefore, fully complied with the Court's Order.

Following this production, Plaintiff for the first time identified nine additional categories of documents that it maintained were required by the Court's Order. These categories included: 1) all documents related to the cost of goods sold by Barnlight Originals; 2) all tax records of Barnlight Originals and Hi-Lite; 3) the financial statement of Hi-Lite for the year ending June 2015; 4) all of Mr. Powell's working papers for the financial statements of June 30, 2014 through June 30, 2016; 5) a general ledger of Hi-Lite detailing expenses incurred from sales to Barnlight Originals; 6) data and documents for overhead expenses and the method of allocation relating to Barnlight Originals; 7) documents evidencing that any checks were debited by Barnlight Originals and credited to Hi-Lite; 8) all documents relating to how prices are set for the purchase of products from Hi-Lite to Barnlight Originals; and 9) all documents showing sales from Hi-Lite to Barnlight Originals and that they were at an arm's length.

This laundry list of previously unrequested documents is found nowhere in the Court's Order. Plaintiff's request appears to be nothing more than an effort to reassert previously denied requests. [Dkt. 369, Pg. 5.] Nonetheless, given Plaintiff's threatened contempt proceedings, and in an effort to avoid any further Court intervention, Hi-Lite voluntarily agreed to search for and produce the additional documents. Other than category 5 (Hi-Lite does not maintain a general ledger broken down by individual accounts), the additional documents were voluntarily produced between February 3 and 9, 2017. Unsatisfied with Hi-Lite's voluntary production, and anxiously

seeking contempt proceedings, Plaintiff now moves to compel the production of two *additional* document categories: "*all* existing underlying internal financial records," and "internal computer records" (which it seeks in native format). Notably, these documents were not sought in Plaintiff's underlying Motion to Compel [Dkt. 327], were not discussed during the parties' meet and confer on January 12, 2017, and are not in any way contemplated by the Court's Order [Dkt. 369]. Accordingly, the Court should deny Plaintiff's request for leave.

Regarding the need for further depositions, the undersigned indicated that the additional document production should first be reviewed and Plaintiff should then articulate a reason *why* further depositions are needed. This is entirely consistent with the Court's Order. [Dkt. 369 at Pg. 5.] Instead, Plaintiff filed the present motion less than two hours after receiving the last group of Hi-Lite's documents. More importantly, Plaintiff has still not articulated a specific reason why further depositions are needed. Therefore, Hi-Lite respectfully opposes any request for additional depositions.

Finally, regarding Hi-Lite's "surprise presentation," the presentation in question did not divulge any confidential information whatsoever. The presentation consisted of little more than a timeline with email header information (to, from, date, and re lines) and email signature blocks. The presentation, which was presented in open Court, was necessary to demonstrate that the email accounts of two highly relevant custodians had been deleted by Barn Light Electric *after* the filing of its Complaint. An evidentiary hearing regarding the spoliation of this evidence is currently being scheduled. [Dkt. 389.] Therefore, Plaintiff's Motion for Contempt regarding a violation of the Protective Order should likewise be denied.

Dated: February 23, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael J. Colitz, III*
　　　　　　　　　　　　　　　　　　　　　　　Michael J. Colitz, III
　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 164348
　　　　　　　　　　　　　　　　　　　　　　　Stefan V. Stein
　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 300527
　　　　　　　　　　　　　　　　　　　　　　　Stephen G. Anderson
　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0105697
　　　　　　　　　　　　　　　　　　　　　　　GRAYROBINSON, P.A.
　　　　　　　　　　　　　　　　　　　　　　　401 E. Jackson Street, Suite 2700
　　　　　　　　　　　　　　　　　　　　　　　Tampa, FL 33602
　　　　　　　　　　　　　　　　　　　　　　　(813) 273-5000
　　　　　　　　　　　　　　　　　　　　　　　(813) 273-5145 (fax)
　　　　　　　　　　　　　　　　　　　　　　　michael.colitz@gray-robinson.com
　　　　　　　　　　　　　　　　　　　　　　　stefan.stein@gray-robinson.com
　　　　　　　　　　　　　　　　　　　　　　　stephen.anderson@gray-robinson.com
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2017 I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of Record.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael J. Colitz, III*
　　　　　　　　　　　　　　　　　　　　　　　Michael J. Colitz, III

# 10186616 v4