**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:14-cv-01955-MSS-AEP

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a California
corporation; and JEFFREY L.
OHAI, an individual California
Resident,

    Defendants.
_____/

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.
_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE MOTION TO DISQUALIFY MICHAEL J. COLITZ III FROM SERVING AS COUNSEL AT MARCH 24, 2017 EVIDENTIARY HEARING**

During the telephonic hearing held on February 16, 2017, this Court ruled that there exists sufficient basis to warrant further investigation into the behavior of Defendants' counsel, Michael J. Colitz III, including his intent to mislead the Court. Therefore, at the upcoming March 24th evidentiary hearing, Mr. Colitz will be called as a necessary witness concerning his misrepresentations and intent in connection with such misrepresentations.

Florida Rule of Professional Responsibility 4-3.7 prohibits an attorney from simultaneously acting as both a witness and an advocate. Disqualification is appropriate to avoid violations of Rule 4-3.7. *See Freight Drivers v. Kingsway Transp.*, 1991 U.S. Dist. LEXIS 15801, at *12-14 (W.D.N.Y. 1991) (granting the motion to disqualify trial counsel with respect to his appearance at an evidentiary hearing because he would have to assume the dual roles of advocate and witness); *see also Gonzalez v .U.S. Bureau of Immigration Customs*, 2013 U.S. Dist. LEXIS 197099, at *5-6 (S.D. Fla. 2013) (noting an attorney likely violated Rule 4-3.7 by offering into evidence a declaration signed by the attorney at an evidentiary hearing). Notwithstanding the clear prohibition on attorneys serving simultaneously as both witness and advocate, Mr. Colitz insists on acting as lead counsel at a hearing in which he will testify as a fact witness.

To determine whether disqualification of an attorney is proper, it is proper to conduct a balancing of interests. *See Foster-Thompson, LLC v. Thompson*, 2006 U.S. Dist. LEXIS 6602, at *13 (M.D. Fla. 2006). Here, limited disqualification is proper, and will not harm Defendants. On one hand, Mr. Colitz alone can testify about his factual misrepresentations and intent to mislead the Court. The importance of Mr. Colitz's testimony

is manifest. He knowingly advanced the factual misrepresentations made in the pending motion [Dkt. 388] and during the January 19th Hearing. These misrepresentations included, to name but a few, repeated misattribution of the sources of emails; distortion of deposition testimony; alleging the withholding of information that was actually produced; unsupported allegations that Plaintiffs failed to conduct searches; and improper truncation of an email from opposing counsel. Mr. Colitz did so largely relying on a 23-page presentation withheld from opposing counsel until long after the hearing where it was used, thus failing to provide notice and preventing opposing counsel from scrutinizing and objecting to the content of Defendants' presentation. Further, Mr. Colitz's disqualification is particularly appropriate given that Mr. Colitz's misrepresentations directly concern witnesses Defendants intend to call at the same hearing.

On the other hand, disqualifying Mr. Colitz for a single hearing will not harm Defendants in any way. Plaintiffs do not object to other attorneys of record serving as lead counsel in lieu of Mr. Colitz. Defendants have numerous equally capable attorneys of record that can serve as lead counsel and that are closely familiar with the facts and legal arguments in dispute. Further still, Defendants' counsel has more than a month of notice and opportunity to prepare for the evidentiary hearing. Thus, this Court should disqualify Mr. Colitz from serving as Defendants' counsel during the hearing.

Plaintiffs seek leave to file a motion requesting an Order:

(a) Disqualifying Mr. Colitz from serving as Defendants' counsel during the March 24th hearing.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to L.R. 3.01(g), the undersigned certifies that the parties' counsel conferred,

and that Defendants indicated that they do not oppose this request for leave to file a motion.[1]

Dated:  February 28, 2017                           Respectfully submitted,

                                                  */s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Board Certified in Intellectual Property Law
afernandez@brinksgilson.com
Stephen J. Leahu (FBN: 54037)
Board Certified in Intellectual Property Law
sleahu@brinksgilson.com
Joseph R. Sozzani (FBN: 120297)
jsozzani@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
SunTrust Financial Centre
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Gregory L. Hillyer (FBN: 682489)
Board Certified in Intellectual Property Law
ghillyer@brinksgilson.com
Evi T. Katsantonis
ekatsantonis@brinksgilson.com
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
Telephone No. (202) 296-6911
Telefacsimile No. (202) 296-8701

*Counsel for Plaintiff, Counterclaim-Defendants and Third Party Defendants*

## CERTIFICATE OF SERVICE

    I CERTIFY that on February 28, 2017, I filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of filing to all counsel of record.

                                                 */s/ Alejandro J. Fernandez*
                                                 Alejandro J. Fernandez

---

[1] While Mr. Colitz objects to the relief of his disqualification at the evidentiary hearing, he provided no explanation why his serving as both lawyer and witness would not violate the rules governing attorney ethics.