UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY,
LLC, a Florida limited liability company,

    Plaintiff,

v.                                         CASE NO: 8:14-cv-01955-MSS-AEP

BARNLIGHT ORIGINALS, INC., a
Nevada Corporation; HI-LITE
MANUFACTURING COMPANY, INC., a
California corporation; and JEFFREY L.
OHAI, an individual California Resident,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION TO POSTPONE THE MARCH 24, 2017 EVIDENTIARY HEARING AND MOTION FOR LEAVE TO TAKE DEPOSITIONS[1]

Defendants respectfully seek leave to postpone the March 24, 2017 Evidentiary Hearing [Dkt. 393] by thirty (30) days and further request leave to take the depositions of three critical witnesses.

A postponement is unfortunately necessary in view of recent developments. Two of the key witnesses needed for the hearing are actively evading service of a Subpoena to Appear and Testify, and a third witness, despite being properly served, has suggested that she is unwilling to attend. As exhaustively discussed over multiple hearings, these key witnesses are: Katie Schilling, Mark Leathlean, and Lauren Mitchell. Ms. Schilling and Mr. Leathlean are current employees of Barn Light Electric Co. ("BLE"). Although BLE's counsel has agreed to accept service on behalf of BLE employee Michael Koller, he has nonetheless refused to accept service

---

[1] Pursuant to the Court's Standing Order against filing any further motions without leave, this Motion is styled as a request for leave to file a motion.

1

on behalf of Ms. Schilling or Mr. Leathlean. The refusal to accept service for Ms. Schilling was particularly unexpected given opposing counsel's argument at the last hearing that Ms. Schilling had somehow preserved some of the spoliated emails in question. Due to the refusal to accept service, a process server was engaged to serve Ms. Schilling and Mr. Leathlean. The process server has been actively, but unsuccessfully, attempting service since February 20, 2017.[2] The process server has documented multiple efforts by Ms. Schilling and Mr. Leathlean to evade service, often with the assistance of other BLE employees. This culminated when the process server was recently threatened with trespass and escorted off BLE's campus by a sergeant in the Titusville Police Department (Mr. Scott's former employer).

Opposing counsel is characterizing the efforts to serve Ms. Schilling and Mr. Leathlean as "abusive" and has indicated that the individuals are beyond the subpoena power of the Court. The BLE campus is 109 miles "as the crow flies" from the Tampa Courthouse. Although Fed. R. Civ. P. 45 sets a 100 mile limit for subpoenas, the Committee Notes to the 2013 amendments indicate that a nonparty witnesses "can be required to travel more than 100 miles within the state where they reside, are employed, or regularly transact business in person only if they would not, as a result, incur 'substantial expense.'" Both Ms. Schilling and Mr. Leathlean will be compensated for any travel consistent with 28 U.S.C. §1821. Moreover, both witnesses are currently listed on BLE's trial witness list, with the added notation that both "will" be attending via "live" testimony and are only to be contacted through counsel. As such, there can be no argument that the additional 9 miles of travel would constitute an undue burden or a substantial expense. Furthermore, BLE and its employees regularly conduct business in Tampa. Nonetheless, given BLE's unwillingness to accept service, its position that the witnesses are 9

---

[2] In order to provide a reasonable time to comply, the initial subpoenas noticed the hearing for March 10. The subpoenas were later amended to reflect the March 24, 2017 hearing date following the Court's February 24, 2017 Order. [Dkt. 393.]

2

miles outside of the Court's subpoena power, and the inability of Defendants to effect service, Defendants now respectfully seek leave to depose Ms. Schilling and Mr. Leathlean in Titusville for a period of three hours within the next thirty (30) days.

Defendants similarly seek to take the deposition of Lauren Mitchell. Ms. Mitchell is a former BLE employee and has been served with a subpoena for the March 24 hearing. Ms. Mitchell resides 108 miles "as the crow flies" from the Tampa Courthouse. Opposing counsel has likewise suggested that Ms. Mitchell is outside the subpoena power of the Court. The undersigned has spoken to Ms. Mitchell regarding the hearing. Ms. Mitchell indicated that she had been contacted by Donna Scott who suggested that she need not attend the hearing. In view of this, Defendants are uncertain whether Ms. Mitchell will be attending the hearing. Defendants, therefore, also respectfully seek leave to depose Ms. Mitchell in Titusville for a period of three hours within the next thirty (30) days.

**WHEREFORE**, Defendants respectfully seek leave to postpone the March 24, 2017 hearing for thirty days and further request leave to depose Ms. Schilling, Mr. Leathlean, and Ms. Mitchell in Titusville, Florida, with each deposition being limited to three hours.

## CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 3.01(G)

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with counsel for Plaintiff regarding the relief requested herein who opposes the requested relief.

Dated: March 7, 2017

Respectfully submitted,

/s/ Michael J. Colitz, III
Michael J. Colitz, III
Florida Bar No. 164348
Stefan V. Stein
Florida Bar No. 300527
Stephen G. Anderson
Florida Bar No. 0105697
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (fax)
michael.colitz@gray-robinson.com
stefan.stein@gray-robinson.com
stephen.anderson@gray-robinson.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2017 I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of Record.

/s/ Michael J. Colitz, III
Michael J. Colitz, III

# 10203322 v1

4