# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,
a Nevada corporation; HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation; and
JEFFREY L. OHAI, an individual
California Resident,

    Defendants.

CASE NO. 8:14-cv-01955-MSS-AEP

_____/

BARNLIGHT ORIGINALS, INC., a
Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.

_____/

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OR ARGUMENT,
AT THE EVIDENTIARY HEARING AND AT TRIAL,
REGARDING COPYRIGHT INFRINGEMENT BASED ON
THE PREEXISITNG MATERIAL LISTED IN DEFENDANTS'
APPLICATIONS FOR SUPPLEMENTARY REGISTRATION [DKT. 404]**

Pursuant to Federal Rule of Civil Procedure 26 and Federal Rules of Evidence 401, 402 and 403, Plaintiffs move for leave to file a motion *in limine* to preclude Defendants from presenting any evidence or argument—at the evidentiary hearing and at trial—regarding copyright infringement based on the preexisting material listed in the applications for supplementary registrations that Defendants filed with this Court [Dkt. 404, the "Notice"]. Binding authority precludes Defendants from relying on the belated applications for supplementary registrations in order to permit an infringement action based on the preexisting[1] photographs and drawings.[2]

Defendants filed their Notice six hours after the undersigned noted to the Court that Defendants had knowledge—since at least February 2, 2016—that the Eleventh Circuit limits the "effective registration doctrine" to circumstances where the registration expressly identifies preexisting materials.[3] While Defendants' Notice attached applications [Dkts. 401-1, 401-2 and 401-3] (collectively, the "Applications") that were purportedly signed by Michael J. Colitz III three days earlier, the ill-timed Applications are of no moment given that they are outside the scope of Defendants' pleadings. Any motion for leave to amend should not be granted because the notice of supplemental authority was filed over a year ago and the trial is just weeks away.

Although Defendants' Notice refers to the Applications as copyright *registrations* (*see* Defs.' Notice), an amendment to add the Applications to the counterclaims would be futile because binding authority holds that pending applications do not satisfy the Copyright Act's

---

[1] For the sake of clarity, these are the preexisting photographs that were later recast in Defendants' three catalogs. The catalogs are the works at issue in this action that are covered by the asserted copyright registrations [Dkt. 54-1].

[2] *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231-32 (11th Cir. 2008) (holding that "[t]o allege infringement of the latter [registration], Oravec was required to amend his complaint," and affirming district court's denial of plaintiff's motion to amend complaint after belated copyright registration); *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 n.7 (11th Cir. 2012) (noting the district court's conclusion that the failure to register prior to filing suit doomed its infringement claim, and affirming that Kernel failed to comply with statutory prerequisites prior to filing the action).

[3] *See* Dkt. 403 at 3, *citing* Supp. Authority, Dkt. 251 (providing notice of binding authority, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218 (11th Cir. 2008), which effectively prevents infringement suits that initially asserted registrations for compilations or derivative works from being expanded to protect preexisting works).

registration requirement.[4] Defendants' Notice suggests that registration numbers were assigned to the Applications. In fact, the Notice suggests that the registration numbers for the asserted registrations [Dkt. 54-1, the "Registrations"] were assigned to the Applications.[5] If supplementary registrations effectively replace initial registrations, then Defendants would be in a position to argue that infringement of the Applications was pled in the claims. Such a result, however, is not supported by the nature and effect of supplementary registrations:

> (1) When a supplementary registration is completed, the Copyright Office will assign it a new registration number in the appropriate class, and issue a certificate of supplementary registration under that number.
> (2) As provided in section 408(d) of title 17, the information contained in a supplementary registration augments but does not supersede that contained in the basic registration. The basic registration will not be expunged or cancelled.

37 C.F.R. § 201.5(d); *see also* 17 U.S.C. § 408(d).[6] Here, the Copyright Office has not issued any certificate of supplementary registration. Further, while Defendants may anticipate the issuance of such registrations,[7] nothing will change the fact that the current pleadings fail to assert such belated supplementary registrations. Having had over a year to address the limited scope of their Registrations, Defendants should not be allowed to amend their counterclaims to include any supplementary registrations that may result from the Applications.[8]

A comparison of Defendants' Registrations with their newly filed Applications confirms

---

[4] *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1302 n.8 (11th Cir. 2012) (noting that Eleventh Circuit precedent applies the "registration" approach while other circuits permit applications to satisfy the statutory prerequisite).

[5] *See* Notice ("Form CA for Supplementary Copyright Registration VA 1-931-193 (attached hereto as Exhibit A)").

[6] *See generally* https://www.copyright.gov/circs/circ08.pdf (linking a short publication, entitled Circular #8, issued by the U.S. Copyright Office that generally explains supplementary registrations).

[7] It is noted that the U.S. Copyright Office may reject the Applications. For example, the Applications indicate that the photograph conveyed his rights via assignment but the Registrations claim ownership via the work-made-for-hire doctrine. While the Applications do not request correction for the claim of ownership, the U.S. Copyright Office may scrutinize these Applications.

[8] *Cf. Olem Shoe Corp. v. Wash. Shoe Co.*, No. 09-23494-civ-HUCK, 2015 U.S. Dist. LEXIS 186041, at *8 (S.D. Fla. Oct. 5, 2015) (noting that defendant amended its counterclaim after the Copyright Office granted a supplementary registration during the time period when that court had stayed the case while waiting for an advisory opinion from the Register of Copyrights).

that the scope of Defendants' copyright claims is limited to only their catalogs—as opposed to the original photographs which were published years before the catalogs were created and published. The following chart sets forth the relevant dates:

| Registration No. VA 1-931-193 [Dkt. 54-1, at 2]:<br>"Year of Completion: 2004"<br>"Date of 1st Publication: August 9, 2004" | Application for supplementary registration, corresponding to Registration No. VA 1-931-193:<br>"Some of the photographs in the work were previously published. The approximate dates of prior publication are January 1, 1994, September 1, 1996, February 1, 2002, and January 1, 2003." [Dkt. 404-1] |
|---|---|
| Registration No. VA 1-931-982 [Dkt. 54-1, at 3]:<br>"Year of Completion: 2003"<br>"Date of 1st Publication: January 13, 2003" | Application for supplementary registration, corresponding to Registration No. VA 1-931-982:<br>"Some of the photographs in the work were previously published. The approximate dates of prior publication are January 1, 1994, September 1, 1996, and February 1, 2002." [Dkt. 404-3] |
| Registration No. VA 1-931-001 [Dkt. 54-1, at 4]:<br>"Year of Completion: 2008"<br>"Date of 1st Publication: May 14, 2008" | Application for supplementary registration, corresponding to Registration No. VA 1-931-001:<br>"Some of the photographs in the work were previously published. The approximate dates of prior publication are January 1, 1994, March 1, 1994, September 1, 1996, February 1, 2002, January 1, 2003, and August 1, 2004." [Dkt. 404-2] |

Notably, the "Year of Completion" date corresponds to the "the year in which the author completed the particular version for which registration is now being sought, even if other versions exist."[9] Thus, Defendants did not intend to seek protection for any preexisting works. While the preexisting photographs were freely distributed by Defendants without any restrictions, Defendants have now attempted to register rights in the preexisting materials by filing the recent Applications. This marks the first time Defendants provided any notice of their intention to protect preexisting works via a copyright registration.

   1. Plaintiffs seek leave to file a motion *in limine* to preclude evidence (testimonial or documentary) or argument regarding copyright infringement based on preexisting materials listed in Defendants' applications for supplementary registrations [Dkt. 404].[10]

---

[9] Dkt. 211-1 (instructing applicants on how to complete an application for a basic copyright registration).

[10] Pursuant to L.R. 3.01(g), the undersigned certifies that parties' counsel conferred and Defendants oppose this motion.

Dated: March 15, 2017  Respectfully submitted,

 */s/ Stephen J. Leahu*
Alejandro J. Fernandez (FBN: 32221)
Board Certified in Intellectual Property Law
afernandez@brinksgilson.com
Stephen J. Leahu (FBN: 54037)
Board Certified in Intellectual Property Law
sleahu@brinksgilson.com
Joseph R. Sozzani (FBN: 120297)
jsozzani@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
SunTrust Financial Centre
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Gregory L. Hillyer (FBN: 682489)
Board Certified in Intellectual Property Law
ghillyer@brinksgilson.com
Evi T. Katsantonis
ekatsantonis@brinksgilson.com
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
Telephone No. (202) 296-6911
Telefacsimile No. (202) 296-8701

*Counsel for Plaintiff, Counterclaim-Defendants and Third Party Defendants*

## CERTIFICATE OF SERVICE

I CERTIFY that on March 15, 2017, I filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of filing to all counsel of record.

 */s/ Stephen J. Leahu*
 Stephen J. Leahu