**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Plaintiff,

v.

BARNLIGHT ORIGINALS, INC.,                      CASE NO. 8:14-cv-01955-MSS-AEP
a Nevada corporation; HI-LITE
MANUFACTURING
COMPANY, INC., a California
corporation; and JEFFREY L.
OHAI, an individual California
Resident,

    Defendants.
_____/

BARNLIGHT ORIGINALS, INC., a
a Nevada corporation; and HI-LITE
MANUFACTURING COMPANY,
INC., a California corporation,

    Counterclaim Plaintiffs,

v.

BARN LIGHT ELECTRIC COMPANY, LLC,
a Florida limited liability company,

    Counterclaim Defendants,

and

BRYAN AND DONNA SCOTT, individual
Florida Residents,

    Third-Party Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE
MOTION TO RECONVENE THE DEPOSITION OF MARK LEATHLEAN**

Pursuant to Local Rule 3.01(b), Barn Light Electric Company, LLC, and Bryan and Donna Scott (collectively, the "Plaintiffs"), by and through their counsel, hereby file this Opposition to Defendants' Motion for Leave to File Motion to Reconvene the Deposition of Mark Leathlean [Dkt. 443] ("Motion"), and state as follows:

I. **This Court Provided Specific Limitations for the Deposition of Mr. Leathlean**

"The court … may limit [a deposition's] scope and manner." Federal Rule of Civil Procedure 30(d)(3)(B). Here, the Court permitted Defendants to depose Mark Leathlean for a *maximum* of two hours on very limited topics. Indeed, the Court ordered that "Mr. Leathlean may be deposed for *no more than two hours* focusing primarily on the… the Dodson email and the relevancy of the email." Transcript of Hearing held on March 9, 2017 (Dkt. 414) ("Hr'g Tr.") 60:12-14 (emphasis added).[1]

II. **Defendants Completed Their Two-Hour Deposition, and the Deposition Concluded in Compliance with this Court's Orders**

Mr. Stein deposed Mark Leathlean for a full two hours on a variety of topics, including topics beyond the scope permitted by this Court. Indeed, Defendants do not dispute that Mr. Stein deposed Mr. Leathlean for the full measure of the allotted two hours. After Mr. Stein exceeded two hours on the record with Mr. Leathlean, the undersigned instructed Mr. Leathlean not to answer any more of Defendants' questions. This was in accord with the limits imposed by the Court.[2] Under the circumstances, such an instruction is permitted by the

---

[1] The Court also permitted Defendants to ask Mr. Leathlean the following question: "why there's no 2012 emails and also why we would have gotten I think a grand total of nine Bay Area Innovation emails from Barn Light Electric and 5,000 from Bay Area Innovations, the larger question of why there is such a disparity in the two productions." Hr'g Tr. 60:18-61:2.

[2] *See* Hr'g Tr. 60:12-14.

1

Federal Rules of Civil Procedure. "A person may instruct a deponent not to answer only when necessary … to enforce a limitation ordered by the court." Federal Rule of Civil Procedure 30(c)(2).

### III. Defendants Did Not Reserve Time for a Redirect

Defendants exceeded their two hours during their direct examination, and failed to reserve any of the two-hours permitted by this Court. That was Defendants' strategic decision, and should not be counted against Plaintiff.[3]

### IV. Over the Course of More than Two Hours of Direct Examination, Defendants Had Ample Time to Fully Investigate the Limited Subject Matter Permitted by This Court

Defendants had *more* than sufficient opportunity to obtain testimony from Mr. Leathlean. As discussed above, Defendants were permitted to ask questions only about a certain email and a difference in the quantity of documents between two productions. Notwithstanding the Court's order to *focus primarily* on the email Defendants claimed was crucial, Defendants' counsel spent the majority of the limited time asking about other matters. This included questions about co-pending litigations with third-party Mike Schultz; the witness' understanding of the present litigation; multiple questions and gratuitous soliloquy about the meaning Bates numbers, Highly Confidential and AEO designations on documents produced during litigation; Barn Light Electric processes associated with product installation instructions; Barn Light Electric's present handling of engineering changes; employee responsibilities; management structure and a number of other topics.

---

[3] At Mr. Leathlean's deposition, the undersigned repeatedly reminded Defendants' counsel of the Court's time limitation, cautioning counsel not to waste time asking questions far outside the scope of the deposition.

At this point, having the answers to their questions about the Dodson email at issue, Defendants are simply asking the Court for a license to prolong Defendants' fishing expedition into new areas.

## V. Defendants Rely on Inapposite Case Law

In *Bobroff v. Univ. of Miami*, No. 15-22695-CIV, 2016 U.S. Dist. LEXIS 150486, at *1 (S.D. Fla. Oct. 31, 2016), the court *denied* a motion to compel and for sanctions. Indeed, the depositions at issue in *Bobroff* were not previously limited by specific instructions from the court. Accordingly, Defendants' reliance on that case is misplaced.

Because Rule 30(c)(2) provides for the enforcement of a court-ordered limitation, a re-direct was improper—especially considering that Mr. Stein reserved no time for redirect. In sum, termination of the deposition was justified after Mr. Stein exhausted his time and questions about the Dodson email at issue, and the undersigned had completed his direct examination of the witness.

## VI. Conclusion

For the reasons stated above, Defendants' Motion should be denied.

Dated: April 7, 2017                           Respectfully submitted,

 */s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Board Certified in Intellectual Property Law
afernandez@brinksgilson.com
Stephen J. Leahu (FBN: 54037)
Board Certified in Intellectual Property Law
sleahu@brinksgilson.com
Joseph R. Sozzani (FBN: 120297)
jsozzani@brinksgilson.com
**BRINKS GILSON & LIONE**
SunTrust Financial Centre
401 E. Jackson Street, Suite 3500

Tampa, FL 33602
Telephone No. (813) 275-5020
Telefacsimile No. (813) 275-5021

Gregory L. Hillyer (FBN: 682489)
Board Certified in Intellectual Property Law
ghillyer@brinksgilson.com
Evi T. Katsantonis
ekatsantonis@brinksgilson.com
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
1775 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
Telephone No. (202) 296-6911
Telefacsimile No. (202) 296-8701

*Counsel for Plaintiff, Counterclaim-Defendants and Third Party Defendants*

## CERTIFICATE OF SERVICE

I CERTIFY that on April 7, 2017, I filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of filing to all counsel of record.

    */s/ Alejandro J. Fernandez*
    Alejandro J. Fernandez