UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARN LIGHT ELECTRIC COMPANY,**
**LLC, a Florida limited liability company,**

    **Plaintiff,**

**v.**                                                     **CASE NO.: 8:14-cv-1955-MSS-AEP**

**BARNLIGHT ORIGINALS, INC., a**
**Nevada Corporation; HI-LITE**
**MANUFACTURING COMPANY, INC., a**
**California corporation; and JEFFREY L.**
**OHAI, an individual California Resident,**

    **Defendants.**
_____/

**BARNLIGHT ORIGINALS, INC., a**
**Nevada Corporation; HI-LITE**
**MANUFACTURING COMPANY, INC., a**
**California corporation; and JEFFREY L.**
**OHAI, an individual California Resident,**

    **Counterclaim Plaintiffs,**

**v.**

**BARN LIGHT ELECTRIC COMPANY, LLC,**
**a Florida limited liability company,**

    **Counterclaim Defendants,**

**and**

**BRYAN AND DONNA SCOTT, individual**
**Florida residents,**

    **Third-Party Defendants.**
_____/

**ORDER**

**THIS CAUSE** comes before the Court for consideration of numerous pending motions and responses thereto filed by the Parties. Upon consideration, the Court **ORDERS** as follows:

1. Plaintiffs' Unopposed Motion for Leave to File Motion *In Limine* to Preclude Any Evidence or Argument, At the Evidentiary Hearing and at Trial, Regarding Copyright Infringement Based on the Design, Manufacture or Sale of Light Fixtures (Dkt. 403) is **GRANTED**. Because the motion for leave already includes the substance of Plaintiffs' arguments requesting the exclusion of evidence and arguments regarding the design, manufacture, or sale of light fixtures, and in light of the April 3, 2017, deadline for motions in *limine* in this case (Dkt. 370), the motion for leave is **deemed filed** as the underlying motion *in limine*. Defendants **shall file**, within **seven (7) days** of the date of this Order, a response to the underlying motion *in limine* not exceeding five (5) pages.

2. Plaintiffs' Motion for Leave to File Motion *In Limine* to Preclude Any Evidence or Argument, at the Evidentiary Hearing and at Trial, Regarding Copyright Infringement Based on the Preexisitng [sic] Material Listed in Defendants' Applications for Supplementary Registration (Dkt. 411) is **GRANTED**. Because the motion for leave already includes the substance of Plaintiffs' arguments requesting the exclusion of evidence and argument regarding Defendants' applications for supplementary copyright registrations, and in light of the April 3, 2017, deadline for motions *in limine*

in this case, the motion for leave is **deemed filed** as the underlying motion *in limine*. Likewise, because Defendants' Opposition to the motion for leave (Dkt. 427) already addresses the substance of Plaintiffs' arguments regarding the exclusion of evidence and argument, the Opposition is **deemed filed** as the response to the motion *in limine*. Further, upon consideration of the Plaintiffs' arguments in support of their motion *in limine* and the Defendants' arguments in response, the motion *in limine* is **DENIED**. Plaintiffs' arguments that the photographs in question are not covered by Defendants' existing copyright registrations are more properly construed as arguments for summary judgment. The Court finds that such arguments are untimely in light of the summary judgment deadline in this case, which was November 23, 2015 (Dkt. 106), and the Court rejects Plaintiffs' belated attempt to raise these arguments in the form of a motion *in limine*. However, this ruling is without prejudice to Plaintiffs' right to raise their arguments concerning the scope of Defendants' copyright registrations at trial, as appropriate.
3. Plaintiffs' Motion for Leave to File a Reply (Dkt. 435) in support of their motion in *limine* regarding Defendants' applications for supplementary copyright registrations (Dkt. 411) is **DENIED as moot**.
4. Defendant Hi-Lite Manufacturing Company, Inc.'s Motion for Leave to File Motion in Limine to Preclude Any Evidence or Argument at Trial Regarding Hi-Lite's Revenues or Certain Content of Hi-Lite's Website (Dkt. 431) is **GRANTED**. Because the motion for leave already includes the substance

of Defendant Hi-Lite's arguments requesting the exclusion of evidence and argument regarding Hi-Lite's revenues and website, and in light of the April 3, 2017, deadline for motions *in limine* in this case, the motion for leave is **deemed filed** as the underlying motion in *limine*. Likewise, because Plaintiffs' Response in opposition to the motion for leave (Dkt. 460) already addresses the substance of Defendant Hi-Lite's arguments regarding the exclusion of evidence and argument, the Response is **deemed filed** as the response to the motion *in limine*. Further, upon consideration of the Defendant's arguments in support of its motion *in limine* and the Plaintiffs' arguments in response, the motion *in limine* is **DENIED**. The Court finds that Hi-Lite's reported revenues for sales to Barnlight Originals are relevant to the issue of how many lights were sold by Barnlight Originals and the degree of its alleged trademark infringement, and the content of Hi-Lite's website is relevant to the extent and nature of the alleged infringement by Barnlight Originals, either directly or through its principals.

5. Plaintiffs' Motion for Leave to File Motion for Judgment on the Pleadings Regarding Defendants' Copyright Counterclaims (Dkt. 436) is **DENIED**. Any such motion would be untimely in light of the November 23, 2015, deadline in this case for filing dispositive motions, which has long since expired, and Plaintiffs do not argue that good cause exists for modification of this deadline. (Dkt. 106); Fed. R. Civ. P. 16(b)(4). This ruling is without prejudice to Plaintiffs' right to raise their arguments concerning the scope of Defendants' copyright registrations at trial, as appropriate.

6. The Parties' Joint Motion for Leave to File a Motion to Bring Laptops, Audio/Visual Equipment, and Demonstrative Exhibits into Courtroom for Trial (Dkt. 432) is **DENIED as moot**. Counsel are permitted to bring electronic devices into the courthouse by presenting to courthouse security a valid Florida Bar identification or *pro hac vice* order in accordance with the procedures set forth in the standing Order of this Court: 6:13-mc-00094-ACC. In addition, leave of the Court is typically not required for counsel to bring anticipated exhibits into the courtroom, subject to any limitations set forth in the Local Rules of the Middle District of Florida. The Court specifically **DENIES** the Motion to the extent each Party requests leave to bring a "work table" into the courtroom (Dkts. 432-1, 432-2), as the courtroom is adequately equipped with the necessary furniture and conference rooms are available for counsel's use. Counsel or their support personnel are encouraged to visit the courthouse in advance of trial in order to plan for trial logistics using the available furniture.

7. Plaintiffs' Motion for Leave to File Motion to Renew *Daubert* Motion of Stanley Stephenson (Dkt. 433) is **GRANTED**. Plaintiff **shall file** within **seven (7) days** of the date of this Order a motion not exceeding ten (10) pages requesting (a) that a *Daubert* hearing be held prior to trial at which Plaintiffs will have an opportunity to *voir dire* Dr. Stephenson, and (b) leave to renew Plaintiff's motion to exclude Dr. Stephenson's expert testimony (Dkt. 168) following the *voir dire* examination. Defendants **shall file** within

**seven (7) days** of the filing of Plaintiff's motion a response not exceeding ten (10) pages.

8. Defendants' Motion for Leave to File Motion to De-Designate Confidential Deposition Transcripts (Dkt. 446) is **DENIED**. Disputes concerning the designation of transcripts shall be addressed by the Court according to the procedures set forth in the Court's Amended Case Management and Scheduling Order. (Dkt. 106 at ¶ III.B.3.) Moreover, the Parties are free to remove their own confidentiality designations as necessary to present this case. To the extent any challenges to confidentiality require resolution by the Court, they shall be resolved at trial.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of April, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person