# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BARN LIGHT ELECTRIC COMPANY,**
**LLC, a Florida limited liability company,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CASE NO.: 8:14-cv-1955-MSS-AEP**

**BARNLIGHT ORIGINALS, INC., a**
**Nevada Corporation; HI-LITE**
**MANUFACTURING COMPANY, INC., a**
**California corporation; and JEFFREY L.**
**OHAI, an individual California Resident,**

    **Defendants.**
_____/

**BARNLIGHT ORIGINALS, INC., a**
**Nevada Corporation; HI-LITE**
**MANUFACTURING COMPANY, INC., a**
**California corporation; and JEFFREY L.**
**OHAI, an individual California Resident,**

    **Counterclaim Plaintiffs,**

**v.**

**BARN LIGHT ELECTRIC COMPANY, LLC,**
**a Florida limited liability company,**

    **Counterclaim Defendants,**

**and**

**BRYAN AND DONNA SCOTT, individual**
**Florida residents,**

    **Third-Party Defendants.**
_____/

**ORDER**

On July 13, 2017, the Court held a hearing in this matter, at which Defendants and Counterclaim Plaintiffs, Hi-Lite Manufacturing Company, Inc. ("Hi-Lite"), Barnlight Originals, Inc., ("BLO") and Jeffrey L. Ohai (collectively "Defendants") sought leave to file a motion for reconsideration of the Court's July 10, 2017 Order granting in part and denying in part the Motion *in Limine* to Exclude Evidence Not Timely Produced (Dkt. 508) filed by Plaintiff and Counter-Defendant, Barn Light Electric, LLC ("BLE") and Third-Party Defendants, Bryan and Donna Scott (collectively "Plaintiffs"). (Dkt. 513)

Defendants' request to file a motion for reconsideration is **GRANTED**. The Court considers the argument raised by counsel at the hearing as Defendants' *ore tenus* motion for reconsideration of the Order.

Defendants' primary argument supporting reconsideration is that Plaintiffs misled the Court in their Motion *in Limine* to Exclude Evidence Not Timely Produced by misquoting and misrepresenting the deposition testimony of Dorothy Ohai, who was produced as Defendant Hi-Lite's Rule 30(b)(6) corporate representative. Ms. Ohai is the President and Secretary of Hi-Lite and the Treasurer of BLO. (Dkt. 510-4 at P. 21:25-22:3; 22:19-24) Plaintiffs contended that Ms. Ohai described voluminous financial documents not produced in this litigation as "enough to go and fill up this room." (Dkt. 510 at P. 5, n. 4) Defendants contend Ms. Ohai's testimony was actually that the documents were ***not*** "enough to go and fill up this room." Specifically, Ms. Ohai's deposition testimony is transcribed as: "Oh, you couldn't—you couldn't even have enough to go and fill up this room." (Dkt. 510-3 at P. 132:23-133:4)

The Court has now reviewed the video recording of Ms. Ohai's deposition, along with the deposition transcript. First, the statement itself is halting and jumbled on review

2

of the video, but it was clearly meant to convey that the withheld discovery was substantial, *i.e.* enough to fill up a room. Upon review of the entire testimony and the tenor of Ms. Ohai's statement, Plaintiffs' representation of her testimony was accurate. Read in context, Ms. Ohai intended to, and did, say that the documents withheld were voluminous. She repeatedly stated that all of the financial documents had not been produced because there were just "too many," and stated that if her accountant were to produce the documents, "he would need a trailer." (Id. at 117:3-7; 118:16-24) Ms. Ohai also admitted that voluminous financial documents were kept in Hi-Lite's offices, at one point contending that they were too moldy to be useful. (Id. at 118:13-15; 119:5-6) She also admitted, although reluctantly, that the only way to verify the financials that had been produced was to review the underlying financial documents that had not been produced. (Id. at 132:23-133:4) The Court finds, once again, that Ms. Ohai ultimately concluded not to produce the underlying documents because she is upset with Plaintiffs. Accordingly, the Court finds that the deposition was not misquoted, and the request for reconsideration is **DENIED** as to this issue.

Defendants also argued that the sanctions ordered should only be issued as against Hi-Lite, rather than all Defendants. Upon review, this portion of the request for reconsideration is **GRANTED**. The Court's first two Orders on this issue directed production of certain documents by Hi-Lite, not BLO. (Dkt. 283, 369) Upon Hi-Lite's noncompliance with those Orders, the Court ordered that Plaintiffs could conduct supplemental depositions of Hi-Lite, BLO, and Jeffrey Powell on topics related to the financial documents that the Court ordered Hi-Lite to produce. (Dkt. 392) Thereafter, the Court permitted Plaintiffs to file a motion *in limine* to preclude evidence not timely

produced. (Dkt. 503)

Therefore, as a matter of sanctions, the Court's preclusion Order (Dkt. 513), even if directed only to Hi-Lite, as a practical matter, also applies to BLO because as admitted by both Hi-Lite and BLO's officers, without Hi-Lite's full financial discovery, there is no way to verify BLO's costs that were allegedly paid as reimbursements to Hi-Lite. Accordingly, the Court finds that both Hi-Lite and BLO are effectively precluded from offering testimony, evidence, or argument at trial regarding their costs and deductions and/or its profit margins in connection with any attempt to reduce Plaintiffs' entitlement to their profits. However, the award of costs and fees shall only issue against Hi-Lite. Should counsel wish to be heard further on this matter, the Court will address it at the final pretrial conference scheduled to occur on Monday, July 31, 2017.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of July, 2017.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4